Verified Correct Copy of Original 10/9/2018

STATE OF OREGON
CLACKAMAS COUNTY
FILED/ENTERED

2018 OCT -8   OCT 2- 8 2018

By: EHK

IN THE CIRCUIT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

18CV45257

| | |
|---|---|
| TIMOTHY C. ROTE, | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) COMPLAINT FOR: |
| LINDA L. MARSHALL, | ) (1) DEFAMATION; |
| JOEL CHRISTIANSEN, | ) (2) MALPRACTICE; |
| ANDREW BRANDSNESS, | ) (3) BREACH OF CONTRACT; |
| CAROL BERNICK, | ) (4) BREACH OF IMPLIED COVENANT OF GOOF FAITH; |
| OREGON STATE BAR (PROFESSIONAL | ) (5) RACKETEERING; AND |
| LIABILITY FUND), | ) (6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. |
| JOHN DOES (1-5) | ) |
| Defendants | ) |

Prayer Amount = $600,000

Jury Trial

18CV45257
CM
Complaint
9976424

Plaintiff Timothy C. Rote ("Rote") alleges as follows:

1.

Plaintiff is an individual residing in West Linn, Oregon.

2.

Defendant Linda L. Marshall (Marshall) practices law in Lake Oswego, Oregon.

3.

Defendant Joel Christiansen (CHRISTIANSEN) practices law in Portland, Oregon.

- 1 -
PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

_Verified Correct Copy of Original 10/9/2018_

4.

Defendant Oregon State Bar (OSB) resides in Tigard, Oregon.

5.

Defendant Andrew Brandsness resides in Klamath Falls, Oregon

6.

Defendant Carol Bernick is CEO of the PLF and resides in Portland, Oregon

7.

John Doe 1-5 identities and addresses are undisclosed.

8.

**FIRST CLAIM FOR RELIEF**

(Defamation against Marshall, CHRISTIANSEN & John Does 1-5)

9.

Plaintiff alleges paragraphs 1-7.

10.

Plaintiff has been the subject of defamatory statements intended to influence litigation pending in Federal Court where Rote is a Defendant, to defame Rote which falsely and maliciously attribute characteristics to Rote that are intended to demean and embarrass him and hold him in a false light.

11.

Rote is the author and owner of a blog and other intellectual property addressing issues of bias and fraud arising during the course of litigation adjudicated in an arbitration lasting seven years. In particular Rote has asserted that a substantial and prior partner relationship between Marshall and the arbitrator (which was undisclosed by the arbitrator and concealed by Marshall) influenced the arbitrator and resulted in arbitrator bias.

12.

In writing about the arbitration and subsequent litigation Rote exposed the testimony evidence, forensic reports, and other supporting evidence making his case for the extreme dangers of arbitration. Some of the forensic reports shine a poor light on the Plaintiff in that arbitration and by

- 2 -
PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

Verified Correct Copy of Original 10/9/2018

association raises questions on whether Marshall knowingly advanced false evidence. CHRISTIANSEN, Marshall and John Does took action to discredit Rote because of the information disclosed in the blog.  Subsequently, Rote met with the arbitrator and confirmed that he had referred the opposing party to his former partner (Marshall) and had adopted her draft opinion because he did not have the stamina to dive into the evidence.

13.

On November 12, 2015 Rote published a post (Chapter 19) about the relative lack of appeal in arbitration. Marshall and Christiansen used that blog to justify publishing highly defamatory statements about Rote and refused to be honest about what they had said.

14.

Later that day Rote's attorney was contacted by the U.S. Marshals service inquiring as to the meaning of the post. The U.S. Marshal Service had been contacted by someone (U.S. Marshal will not disclose who) from Judge Robert Jones chamber conveying that they received a tip from someone about Rote's blog post and that it was a veiled threat of physical violence Rote intended to execute on Judge Jones at the Awards Dinner that very night. Marshall has consistently engaged in this type of innuendo during and after the arbitration, accusing Rote of fraud in Pleadings whenever possible, as Rote has accused her.

15.

Rote was contacted by the U.S. Marshals by phone while in the presence of his attorney. Said attorney represented Rote on the matter involving the ongoing litigation with Marshall and CHRISTIANSEN's client. Rote's attorney on this matter, Jeff Hasson, is not the only attorney Rote uses. However, the U.S. Marshals service did contact Hasson and then Rote while they were at their Country Club at approximately 5:00 pm on November 12, 2015.

16.

Rote had immediately reached out to Judge Robert Jones, but the U.S. Marshal Service has asked Rote to no longer contact them. Rote has asked CHRISTIANSEN and Marshall to disclose who among them engaged in this horrible act, but they refuse to admit or even engage on this topic. A defamation claim has been filed against Marshall and CHRISTIANSEN's client, as a counterclaim in

Verified Correct Copy of Original 10/9/2018

an existing law suit in U.S. District Court of Oregon, but the court has not permitted Rote to join Marshall and Christiansen for diversity reasons. The defamatory actions were intended to influence two lawsuits now decided in the U.S. District Court of Oregon.

17.

In a Declaration subject to the penalty of perjury, including disbarment, Christiansen maintained only that he and Marshall conveyed the text of a blog post celebrating Judge Jones and spun it into something to the contrary. In fact they did much more.

18.

Rote was forced to file a Freedom of Information Act request to the U.S. Marshal's Service, the results of which were produced to Rote on October 15, 2016. The documents show that Marshall and Christiansen conveyed that Rote was unstable, that he had threatened their client, that he had been arrested and prosecuted on a weapons charge, that he has engaged in fraudulent transfers to avoid a judgment against one of his companies and is a threat to Judge Jones.

19.

Recently, Rote met with Judge Jones at his home, spending some time talking to Judge Jones and showcasing that he is not a threat to the Judge and his family. Rote has written elsewhere in his blog about how much he likes Judge Robert Jones and how much he looks forward to a friendship.

20.

The Oregon State Bar Professional Liability Fund (PLF), Carol Bernick (PLF CEO) and counsel hired by the PLF were well aware that Christiansen and Marshall were lying about the extent and nature of the communication to Judge Jones chamber staff, the U.S. Marshal's Service and others, concealing the truth from this court in a prior case 16CV07564. That case was dismissed without prejudice, the U.S. Marshals evidence being unavailable until after the dismissal.

21.

As a result of these actions, Rote is often asked to defend himself in a business context on the allegations of these threats which are a part of the public record.

— 4 —
PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

_Verified Correct Copy of Original 10/9/2018_

**SECOND CLAIM FOR RELIEF**

(Malpractice against Defendant Andrew Brandsness)

22.

Plaintiff incorporates the allegations of paragraph 1-21.

23.

Defendant Brandsness was hired to represent corporate entities in two cases pending in the U.S. District Court of Oregon, at the time of hire, February 2016, involving opposing counsel Christiansen (3:15-CV-2401) and Marshall (3:14-CV-0406). Both cases went to trial.

24.

Case 3:14-CV-0406 was a bench trial and the court found in favor of Rote (a defendant in that case) and the corporate defendant's wherein the plaintiff (Zweizig) sought to recover a judgment against one of those corporate defendants alleging fraudulent transfers by Rote to avoid the judgment.

25.

Case 3:15-CV-2401 was a jury trial in which the plaintiff Zweizig sought damages against Rote and corporate defendants for retaliation based on the sum of the content of the blog written by Rote. Christiansen represented the plaintiff in that case. The jury found in favor of the plaintiff.

26.

The malpractice arose when Brandsness failed to file a Motion to Compel arbitration as the contract with Zweizig demanded and to file a Motion to Dismiss corporate defendants not Zweizig's employer. Instead Brandsness filed an Answer not addressing these issues.

27.

Rote discovered this failure in Mid October 2016, notifying Brandsness of this malpractice. Rote filed his Motion to Dismiss alleging the contract requires arbitration, that this question has already been decided in a court proceeding confirming the application of arbitration. Rote had not yet discovered that the conditions precedent to this litigation should have resulted in the action being dismissed for failing to bring the action timely.

28.

The U.S. District Court rejected Rote's Motion to Dismiss based on a Motion to Compel

- 5 -

PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

Verified Correct Copy of Original 10/9/2018

arbitration and attendant lack of jurisdiction because both Rote and the corporate defendants had answered and engaged in litigation for close to eight months. The court denied Rote's Motion to Dismiss on January 5, 2017 and the potential damage to the corporate defendants did not mature until that time.

29.

Brandsness withdrew from representation under a cloud of Rote raising this issue of malpractice on approximately October 15, 2016. The malpractice impact could have been mitigated had Brandsness filed a Motion to Compel and Dismiss, recognizing that the court did not deny this same claim by Rote until 2017.

30.

While the jury trial result will be appealed, the PLF has refused to enter into a tolling agreement forcing the filing of this action.

**THIRD CLAIM FOR RELIEF**

(Breach of Contract against Defendants Brandsness and Oregon State Bar PLF)

31.

Plaintiff incorporates the allegations of paragraph 1-30.

32.

Plaintiff tendered the very clear failure of Brandsness to file a Motion to Compel and Motion to Dismiss.

33.

The Oregon State Bar PLF refused to repair and refused cover the malpractice by Brandsness and that coverage has a direct impact on whether there should have been a jury trial involving Rote as a defendant. Both Brandsness and the PLF refused to refund legal fees paid by Rote and the corporate defendants. Both Brandsness and the PLF refused to cover the jury award, if any.

34.

Rote files a Motion For Summary Judgment on the Arbitration Agreement in the Zweizig contract and the court has refused to follow the precedent that this issue was resolved in a court

- 6 -

PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

_Verified Correct Copy of Original 10/9/2018_

proceeding in New Jersey in 2005. The contract with Zweizig was upheld in its entirety.

## FOURTH CLAIM FOR RELIEF

(Breach of Implied Covenant of Good Faith against Defendants Brandsness, Bernick and Oregon State Bar PLF)

35.

Plaintiff incorporates the allegations of paragraph 1-34.

36.

The Oregon State Bar PLF (PLF) serves a dual purpose, to protect the public from malpractice and to protect attorneys from malpractice costs (cost sharing) under a standard insurance coverage theory.

37.

The PLF had adopted a sue us position in submitting claims, daring the public claimant to file a lawsuit, forcing them to find counsel and pay even more legal fees. As citizens we would not tolerate this behavior of an insurance company under the jurisdiction of the Oregon Insurance Commission.

38.

The PLF is not subject to the jurisdiction of the Oregon Insurance Commission. The PLF is in fact a captive insurance company that has not been forced to pay out a minimum number of claims and in fact pays 5 times more for defense than it does in claims.

39.

The PLF no longer has an annual audit done. The PLF no longer publishes its annual financial statements. As of this date, based on the financial information the plaintiff has been able to acquire, the PLF generates annually $25 Million in gross premiums, pay about $2.5 Million in claims, $10 Million in defense through outside counsel, $7.5 Million in administration and makes $5 Million in net income. The PLF pays no tax on its net income and now has a war chest of over $60 Million.

40.

- 7 -
PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

Verified Correct Copy of Original 10/9/2018

Carol Bernick, CEO, was scheduled to be a witness in the 3:15-CV-2401 case. Instead of communicating with defendant Rote, she conspired with Christiansen to avoid having to testify. Through that series of communications it was clear that the PLF was assisting Christiansen with his case against Rote, crossing the line to advocate for a party.

41.

Bernick, in representing the PLF and advocating for a party in which the PLF had no interest showcases the unrestrained abuses of the PLF. Rote has long advocated through his blog and publicly that the PLF is denying claims not based on the merits of the malpractice, but in retaliation against parties like plaintiff Rote who raise community awareness of the PLF's failures to perform, to disclose and to pay out on claims. Rote has also argued publicly that the PLF has engaged the Chief Judges of the TRI-County area to assign cases against attorneys to protem Judges with conflicts.

42.

Protem Judges have undisclosed conflicts that arise from their firms representation of attorneys accused of malpractice. Case in point, Skip Winters served as a judge protem on 16CV07564 wherein the PLF represented parties Christiansen and Marshall. Winters firm, Body Feltmount performs a lot of work with the PLF. Winters did not step down. The PLF counsel did not disclose this conflict to me. Bernick knew of the conflict.

43.

The PLF staff attorney adjudicating the claim against Brandsness is Pam Stengahl, a former partner at BodyFelt Mount. Pam has denied the malpractice claim. Bernick has not reversed Stengahl's decision.

FIFTH CLAIM FOR RELIEF

Oregon Civil Racketeer Influenced and Corrupt Organizations Act

(Against All Defendants)

44.

Plaintiff incorporates the allegations of paragraph 1-43.

Count 1 – Violation of ORS 166.720(2)

- 8 -

PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

_Verified Correct Copy of Original 10/9/2018_

45.

Plaintiff alleges that the Defendants individually and collectively engaged in racketeering activity by means to commit, to attempt to commit, to conspire to commit, or to solicit, coerce or intimidate another person to commit bribery, perjury, obstructing judicial administration, presenting false evidence, spoliation of evidence, unsworn falsification & perverting the course of justice.

46.

The PLF indirectly and directly acquired and maintained control of the enterprise through a pattern of racketeering activity by committing or attempting to commit the crimes of bribery (ORS 162.015 & 162.025), perjury (ORS 162.065), unsworn falsification (ORS 162.085), obstructing judicial administration (ORS 162.235) (to include witness tampering, spoliation, false evidence and perverting the course of justice) and Coercion (ORS 163.275). The incidents alleged are not isolated.

47.

Defendants' actions were willful, wanton, malicious, oppressive and fraudulent, and a conscious disregard of Oregon law resulting in injury to Rote and entitling Rote to punitive and exemplary damages. These acts were committed with the knowledge and consent of Defendants' or were ratified by Defendants after the fact.

48.

The organization and PLF enjoys unfettered opportunity. They do not publish financial statements, do not engage an outside auditor, engage firms where partners serve as judges protem, pay out little in claims and pay no income tax on the spoils.

Count 2 – Violation of ORS 166.720(3)

49.

Bernick, the PLF & John Doess have operated continuously as an associated-in-fact enterprise since before 2010 to present, as described above. The common purpose of this enterprise is to subvert the civil litigation process, extracting judgments and sharing the spoils. This enterprise is organized and executed through the PLF, the Oregon State Bar and employ others to also participate in the enterprise. Christiansen, Marshall and Brandsness have joined the enterprises and are co-conspirators. Christiansen was specifically induced or voluntarily engaged in preparing a false

_Verified Correct Copy of Original 10/9/2018_

declaration.

50.

The Defendants, John Does and their employees participated in the enterprise through a pattern of racketeering activity by committing or attempting to commit the crimes of bribery (ORS 162.015 & 162.025), perjury (ORS 162.065), unsworn falsification (ORS 162.085), obstructing judicial administration (ORS 162.235, to include witness tampering, spoliation, false evidence and perverting the course of justice) and Coercion (ORS 163.275).

51.

Defendants' actions were willful, wanton, malicious, oppressive and fraudulent, and a conscious disregard of Oregon law resulting in injury to Rote and entitling Rote to punitive and exemplary damages. These acts were committed with the knowledge and consent of Defendants or were ratified by Defendants after the fact.

52.

For the violations of ORS 166.720(3) by Defendants, Rote is requesting three fold the special damages sustained in an amount to be determined at trial for the costs and time associated with the last 15 years of this litigation or in the alternative three fold the damages pursuant to ORS 166.725(7), an amount to be determined at trial, plus punitive damages.

SIXTH CLAIM FOR RELIEF

Intentional Infliction of Emotional Distress

(Against All Defendants)

53.

Plaintiff incorporates the allegations of paragraph 1-52.

54.

As a further proximate result of Defendants' wrongful conduct, Rote has suffered, and will continue to suffer, emotional distress, pain and suffering, mental anguish, and embarrassment, all in an amount not yet calculated, but reasonably believed to exceed the jurisdictional minimum of this

court. Rote will seek leave of the court to plead the true amount of his damages once they are fully
ascertained.

55.

Defendants' actions were willful, wanton, malicious, oppressive and fraudulent, and a
conscious disregard of Oregon law resulting in injury to Rote and entitling Rote to punitive and
exemplary damages. These acts were committed with the knowledge and consent of Defendants' or
were ratified by Defendants after the fact.

WHEREFORE, Rote prays for relief as follows:

1. For General and Economic damages in an amount not yet ascertained but to be established at trial,
but not less than $600,000;

2. For Special damages in an amount not yet ascertained but to be established at trial;

3. For Noneconomic Damages to be established at Trial

3. For Treble damages on the racketeering cause of action;

4. For Punitive damages on the all causes of action;

5. For Costs and attorneys' fees as permitted by law;

6. For Prejudgment interest as otherwise authorized by law; and

For such other and further relief as the Court may deem just and proper.

DATED: October 5, 2018

/s/ Timothy C. Rote
Timothy C. Rote
ProSe
24790 SW Big Fir Rd.
West Linn, OR 97068
(503) 702-7225

- 11 -
PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

Verified Correct Copy of Original 10/9/2018

11/25/2018 2:43 PM
18CV45257

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF __Clackamas__

Case No: 18CV45257

TIMOTHY C. ROTE
_____
                          Plaintiff
        v.

CAROL BERNICK
_____
                          Defendant

**CERTIFICATE OF SERVICE**
(ORCP 7D(2))
☐ (a) Personal Service
☐ (b) Substitute Service
☐ (c) Office Service
☐ (d) Service by Mail

I, (name) __Robert Raddle__, declare that I am a resident of the state of __Oregon__. I am a competent person 18 years of age or older and not a party to or lawyer in this case. I certify that the person served is the person named below.

I served true copies of the original *Petition, Claim,* or *Complaint* and *Summons* (with attached notices of mediation and other information provided by the court clerk) and: *(name any additional forms served)* __Complaint__

*by (check a, b, c, or d and complete all information):*

(a) ☐ **Personal Service** on *(date)*_____, at _____ a.m./p.m., to {☐ Plaintiff ☐ Defendant } _____ *(name)* in person at the following address _____ in the County of ____ _____, State of _____.

(b) ☒ **Substitute Service** on *(date)* __October 11, 2018__, at __1:45__ a.m./☒p.m., by delivering them to the following address __16037 SW Upper Boones Ferry Rd.__ in the County of __Washington__, State of __Oregon__. Delivered to *(name)*__Dan Atkinson__, who is a person age 14 or older and who lives there. *(Complete the section below only if the server also did the follow-up mailing required by ORCP 7D(2)(b). If a person other than the server did the follow-up mailing, that person must complete a separate Certificate of Service Mailing.)*

☒ On *(date)* __10/11/18__, I personally deposited a true copy of the same documents served with the U.S. Postal Service, via first class mail, in a sealed envelope, postage paid, addressed to the party to be served: ☒ Plaintiff ☐ Defendant __Carol Bernick__ _____*(name)*, at the party's home address listed above, together with a statement of the date, time and place that the documents were hand-delivered to the party's dwelling (residence).

(c) ☐ **Office Service** on *(date)*_____, at _____ a.m./p.m., by delivering them to the office of the party to be served, located at: _____ _____ *(address)*, during normal working hours for that office, where I left the documents with _____*(name)*, who is a person apparently in charge, to give the documents to the party to be served.

Certificate of Service
Page **1** of **2**

Case No.: _____

*(Complete the section below only if the server also did the follow-up mailing required by ORCP 7D(2)(c). If a person other than the server did the follow-up mailing, that person must complete a separate Certificate of Service Mailing.)*

☐ On *(date)*_____, I personally deposited a true copy of the same documents served with the U.S. Postal Service, via first class mail, in a sealed envelope, postage paid, addressed to the party to be served: ☐ Plaintiff ☐ Defendant *(name)* _____ _____, at the party's: ☐ home address at: _____ _____, **OR** ☐ business address above, together with a statement of the date, time and place that the documents were hand-delivered to the party's office.

(d) ☐ **Service by Mail, Return Receipt Requested** on *(date)*_____, I personally deposited **two** true copies with the U.S. Postal Service. **One** by first class mail, and the **other** by certified or registered mail, Return Receipt Requested, or by express mail, postage paid, addressed to the party to be served: ☐ Plaintiff ☐ Defendant _____ *(name)*, at the party's home address located at:_____ _____*(address)*. *(NOTE: If mailed Return Receipt Requested, the return receipt must be attached to this Certificate of Service.)*

**Certificate of Document Preparation**. Check all that apply:
☒ I chose this form for myself and completed it without paid help.
☐ A legal help organization helped me choose or complete this form, but I did not pay money to anyone.
☐ I paid (or will pay) _____ for help choosing, completing, or reviewing this form.
☐ TurboCourt selected and completed this form and I did not pay anyone to review the completed form

**I hereby declare that the above statements are true to the best of my knowledge and belief, and that I understand they are made for use as evidence in court and I am subject to penalty for perjury.**

_October 11, 2018_
Date

_R Rell_
Signature of Server

_ROBERT RADDLE_
Print Name

*If person serving is NOT a sheriff or sheriff's deputy, address and phone number of server:*

_712 Main St. Oregon City, OR 97045_
_503-756-0402_

Certificate of Service
Page **2** of **2**

Case No.: _____

11/27/2018 1:00 PM
18CV45257

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF ___Clackamas___

**Case No:** 18CV45257

TIMOTHY C. ROTE
_____
                          Plaintiff

         v.

ANDREW BRANDSNESS
_____
                          Defendant

**CERTIFICATE OF SERVICE**
(ORCP 7D(2))

☒ (a) Personal Service
☐ (b) Substitute Service
☐ (c) Office Service
☐ (d) Service by Mail

I, *(name)* ___Greg Rote___, declare that I am a resident of the state of
___OREGON___. I am a competent person 18 years of age or older and not a party
to or lawyer in this case. I certify that the person served is the person named below.

I served true copies of the original *Petition, Claim,* or *Complaint* and *Summons* (with attached
notices of mediation and other information provided by the court clerk) and: *(name any
additional forms served)* _____

*by (check a, b, c, or d and complete all information):*
   (a) ☒ **Personal Service** on *(date)* ___11-13-2018___, at ___1:58___ a.m./p.m. to
{☐ Plaintiff ☒ Defendant } ___Andrew Brandsness___ *(name)* in person at the following
address ___411 Pine Street   Klamath Falls.___ in the County of ____
___Klamath___, State of ___OREGON___.

   (b) ☐ **Substitute Service** on *(date)*_____, at _____ a.m./p.m., by
delivering them to the following address _____
in the County of _____, State of _____. Delivered to *(name)*_____
_____, who is a person age 14 or older and who lives there.
*(Complete the section below only if the server also did the follow-up mailing required by ORCP
7D(2)(b). If a person other than the server did the follow-up mailing, that person must
complete a separate Certificate of Service Mailing.)*

         ☐ On *(date)*_____, I personally deposited a true copy of the same
documents served with the U.S. Postal Service, via first class mail, in a sealed envelope, postage
paid, addressed to the party to be served: ☐ Plaintiff ☐ Defendant _____
_____*(name)*, at the party's home address listed above, together with a statement of
the date, time and place that the documents were hand-delivered to the party's dwelling
(residence).

   (c) ☐ **Office Service** on *(date)*_____, at _____ a.m./p.m., by
delivering them to the office of the party to be served, located at: _____
_____ *(address)*, during normal working hours for that office,
where I left the documents with _____*(name)*, who is a
person apparently in charge, to give the documents to the party to be served.

Certificate of Service
Page **1** of 2

Case No.: _____

*(Complete the section below only if the server also did the follow-up mailing required by ORCP 7D(2)(c). If a person other than the server did the follow-up mailing, that person must complete a separate Certificate of Service Mailing.)*

☐ On *(date)*_____, I personally deposited a true copy of the same documents served with the U.S. Postal Service, via first class mail, in a sealed envelope, postage paid, addressed to the party to be served: ☐ Plaintiff ☐ Defendant *(name)* _____
_____, at the party's: ☐ home address at: _____
_____, **OR** ☐ business address above, together with a statement of the date, time and place that the documents were hand-delivered to the party's office.

(d) ☐ **Service by Mail, Return Receipt Requested** on *(date)*_____, I personally deposited **two** true copies with the U.S. Postal Service. **One** by first class mail, and the **other** by certified or registered mail, Return Receipt Requested, or by express mail, postage paid, addressed to the party to be served: ☐ Plaintiff ☐ Defendant
_____ *(name)*, at the party's home address located at:_____
_____*(address)*. *(NOTE: If mailed Return Receipt Requested, the return receipt must be attached to this Certificate of Service.)*

**Certificate of Document Preparation.** Check all that apply:
☐ I chose this form for myself and completed it without paid help.
☐ A legal help organization helped me choose or complete this form, but I did not pay money to anyone.
☐ I paid (or will pay) _____ for help choosing, completing, or reviewing this form.
☐ TurboCourt selected and completed this form and I did not pay anyone to review the completed form

**I hereby declare that the above statements are true to the best of my knowledge and belief, and that I understand they are made for use as evidence in court and I am subject to penalty for perjury.**

_11-13-2018_
Date

_Greg Rote_
Signature of Server

_Greg Rote_
Print Name

*If person serving is NOT a sheriff or sheriff's deputy, address and phone number of server:*

_525 Main St. Klamath falls. OREGON 97601_
_541-8840333_

Certificate of Service
Page **2** of **2**

Case No.: _____

11/27/2018 1:29 PM
18CV45257

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF ___Clackamas___

Case No: _18CV45257_____

TIMOTHY C. ROTE
_____
                              Plaintiff
        v.

JOEL CHRISTIANSEN
_____
                              Defendant

**CERTIFICATE OF SERVICE**
(ORCP 7D(2))
☐ (a) Personal Service
☐ (b) Substitute Service
☒ (c) Office Service
☐ (d) Service by Mail

I, (name) _Chris Fender_____, declare that I am a resident of the state of
_Oregon_____. I am a competent person 18 years of age or older and not a party
to or lawyer in this case. I certify that the person served is the person named below.

I served true copies of the original *Petition, Claim,* or *Complaint* and *Summons* (with attached
notices of mediation and other information provided by the court clerk) and: *(name any
additional forms served)* _____
_____

*by (check a, b, c, or d and complete all information):*
        (a) ☐  **Personal Service** on *(date)*_____, at _____a.m./p.m., to
{☐ Plaintiff ☐ Defendant } _____ *(name)* in person at the following
address _____ in the County of _____
_____, State of _____.

        (b) ☐  **Substitute Service** on *(date)*_____, at _____a.m./p.m., by
delivering them to the following address _____
in the County of _____, State of _____. Delivered to *(name)*_____
_____, who is a person age 14 or older and who lives there.
*(Complete the section below only if the server also did the follow-up mailing required by ORCP
7D(2)(b). If a person other than the server did the follow-up mailing, that person must
complete a separate Certificate of Service Mailing.)*

        ☐ On *(date)*_____, I personally deposited a true copy of the same
documents served with the U.S. Postal Service, via first class mail, in a sealed envelope, postage
paid, addressed to the party to be served: ☐ Plaintiff ☐ Defendant _____
_____*(name)*, at the party's home address listed above, together with a statement of
the date, time and place that the documents were hand-delivered to the party's dwelling
(residence).

        (c) ☒ **Office Service** on *(date)* _October 25, 2018_, at _1:15_ a.m./p.m., by
delivering them to the office of the party to be served, located at: _1000 SW Broadway #2000_
_Portland OR 97205_____ *(address)*, during normal working hours for that office,
where I left the documents with _Matthew Kalmanson_____ *(name)*, who is a
person apparently in charge, to give the documents to the party to be served.

Certificate of Service
Page 1 of 2

Case No.: _____

*(Complete the section below only if the server also did the follow-up mailing required by ORCP 7D(2)(c). If a person other than the server did the follow-up mailing, that person must complete a separate Certificate of Service Mailing.)*

☑ On *(date)* _10/25/18_ , I personally deposited a true copy of the same documents served with the U.S. Postal Service, via first class mail, in a sealed envelope, postage paid, addressed to the party to be served: ☐ Plaintiff ☑ Defendant *(name)* _JOEL CHRISTIANSEN_ , at the party's: ☐ home address at: _____ _____ , *OR* ☑ business address above, together with a statement of the date, time and place that the documents were hand-delivered to the party's office.

(d) ☐ **Service by Mail, Return Receipt Requested** on *(date)* _____ , I personally deposited **two** true copies with the U.S. Postal Service. **One** by first class mail, and the **other** by certified or registered mail, Return Receipt Requested, or by express mail, postage paid, addressed to the party to be served: ☐ Plaintiff ☐ Defendant _____ *(name)*, at the party's home address located at:_____ _____(address). *(NOTE: If mailed Return Receipt Requested, the return receipt must be attached to this Certificate of Service.)*

**Certificate of Document Preparation.** Check all that apply:
☑ I chose this form for myself and completed it without paid help.
☐ A legal help organization helped me choose or complete this form, but I did not pay money to anyone.
☐ I paid (or will pay) _____ for help choosing, completing, or reviewing this form.
☐ TurboCourt selected and completed this form and I did not pay anyone to review the completed form

**I hereby declare that the above statements are true to the best of my knowledge and belief, and that I understand they are made for use as evidence in court and I am subject to penalty for perjury.**

_10/25/2018_
Date

_____
Signature of Server

_Chris Fender_
Print Name

*If person serving is NOT a sheriff or sheriff's deputy, address and phone number of server:*

_PO Box 4282_          _503-713-3808_
_Wilsonville, OR 97040_

Certificate of Service
Page 2 of 2

Case No.: _____

11/27/2018 1:27 PM
18CV45257

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF ___Clackamas___

**Case No:** 18CV45257 _____

TIMOTHY C. ROTE _____
                                    Plaintiff

v.

LINDA L. MARSHALL _____
                                    Defendant

**CERTIFICATE OF SERVICE**
(ORCP 7D(2))
☐ (a) Personal Service
☐ (b) Substitute Service
☒ (c) Office Service
☐ (d) Service by Mail

I, (name) *Chris Fender* _____, declare that I am a resident of the state of
*Oregon* _____. I am a competent person 18 years of age or older and not a party
to or lawyer in this case. I certify that the person served is the person named below.

I served true copies of the original *Petition, Claim, or Complaint* and *Summons* (with attached
notices of mediation and other information provided by the court clerk) and: *(name any
additional forms served)* _____
_____

*by (check a, b, c, or d and complete all information):*
        (a) ☐  **Personal Service** on *(date)* _____, at _____ a.m./p.m., to
{☐ Plaintiff ☐ Defendant } _____ *(name)* in person at the following
address _____ in the County of _____
_____, State of _____.

        (b) ☐  **Substitute Service** on *(date)* _____, at _____ a.m./p.m., by
delivering them to the following address _____
in the County of _____, State of _____. Delivered to *(name)* _____
_____, who is a person age 14 or older and who lives there.
*(Complete the section below only if the server also did the follow-up mailing required by ORCP
7D(2)(b). If a person other than the server did the follow-up mailing, that person must
complete a separate Certificate of Service Mailing.)*

        ☐ On *(date)* *10/25/18*, I personally deposited a true copy of the same
documents served with the U.S. Postal Service, via first class mail, in a sealed envelope, postage
paid, addressed to the party to be served: ☐ Plaintiff ☐ Defendant _____
_____ *(name)*, at the party's home address listed above, together with a statement of
the date, time and place that the documents were hand-delivered to the party's dwelling
(residence).

        (c) ☒  **Office Service** on *(date)* *October 25 2018*, at *1:15* a.m/p.m., by
delivering them to the office of the party to be served, located at: *1000 SW Broadway #2000*
*Portland, OR 97205* *(address)*, during normal working hours for that office,
where I left the documents with *Matthew Kilmonson* _____ *(name)*, who is a
person apparently in charge, to give the documents to the party to be served.

Certificate of Service
Page 1 of 2

Case No.: _____

*(Complete the section below only if the server also did the follow-up mailing required by ORCP 7D(2)(c). If a person other than the server did the follow-up mailing, that person must complete a separate Certificate of Service Mailing.)*

☐ On *(date)* _10/25/18_ , I personally deposited a true copy of the same documents served with the U.S. Postal Service, via first class mail, in a sealed envelope, postage paid, addressed to the party to be served: ☐ Plaintiff ☒ Defendant *(name)* _Linda_ _Marshall_ , at the party's: ☐ home address at: _____ _____, *OR* ☒ business address above, together with a statement of the date, time and place that the documents were hand-delivered to the party's office.

(d) ☐ **Service by Mail, Return Receipt Requested** on *(date)*_____, I personally deposited **two** true copies with the U.S. Postal Service. **One** by first class mail, and the **other** by certified or registered mail, Return Receipt Requested, or by express mail, postage paid, addressed to the party to be served: ☐ Plaintiff ☐ Defendant _____ *(name)*, at the party's home address located at:_____ _____*(address)*. *(NOTE: If mailed Return Receipt Requested, the return receipt must be attached to this Certificate of Service.)*

**Certificate of Document Preparation.** Check all that apply:
☒ I chose this form for myself and completed it without paid help.
☐ A legal help organization helped me choose or complete this form, but I did not pay money to anyone.
☐ I paid (or will pay) _____ for help choosing, completing, or reviewing this form.
☐ TurboCourt selected and completed this form and I did not pay anyone to review the completed form.

**I hereby declare that the above statements are true to the best of my knowledge and belief, and that I understand they are made for use as evidence in court and I am subject to penalty for perjury.**

_10/25/2018_
Date

_Chris Fender_
Signature of Server

_Chris Fender_
Print Name

*If person serving is NOT a sheriff or sheriff's deputy, address and phone number of server:*

_PO Box 4282_          _503-713-3808_
_Wilsonville OR 97040_

Certificate of Service
Page 2 of 2

Case No.: _____

11/27/2018 1:24 PM
18CV45257

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF  Clackamas

Case No: 18CV45257

TIMOTHY C. ROTE

_____
                                    Plaintiff

v.

OREGON STATE BAR PROFESSIONAL LIABILITY FUND
_____
                                    Defendant

**CERTIFICATE OF SERVICE**
(ORCP 7D(2))
☐ (a) Personal Service
☐ (b) Substitute Service
☐ (c) Office Service
☐ (d) Service by Mail

I, (name) _Robert Raddl_____, declare that I am a resident of the state of _Clackamas_____. I am a competent person 18 years of age or older and not a party to or lawyer in this case. I certify that the person served is the person named below.

I served true copies of the original *Petition, Claim,* or *Complaint* and *Summons* (with attached notices of mediation and other information provided by the court clerk) and: *(name any additional forms served)* _Complaint_____

by (check a, b, c, or d and complete all information):
   (a) ☒ **Personal Service** on *(date)* _10/12/18___ ~~at~~ _3:45_ a.m/p.m., to
{☐ Plaintiff ☒ Defendant } ~~Steve Voorhees~~ *(name)* in person at the following
address _732 NW 19th Ave_ _____ in the County of _____
_Multnomah_, State of _Oregon_

   (b) ☒ **Substitute Service** on *(date)* _10/12/18_, at _3:45_ a.m/p.m. by
delivering them to the following address _732 NW 19th Ave_
in the County of _Multnomah_, State of _Oreg_. Delivered to *(name)* _Steve Voorhees_
_____, who is a person age 14 or older and who lives there.
*(Complete the section below only if the server also did the follow-up mailing required by ORCP 7D(2)(b). If a person other than the server did the follow-up mailing, that person must complete a separate Certificate of Service Mailing.)*

   ☒ On *(date)* _10/12/18___, I personally deposited a true copy of the same documents served with the U.S. Postal Service, via first class mail, in a sealed envelope, postage paid, addressed to the party to be served: ☐ Plaintiff ☒ Defendant _OSB Professional Liability Fund_____ *(name)*, at the party's home address listed above, together with a statement of the date, time and place that the documents were hand-delivered to the party's dwelling (residence).

   (c) ☐ **Office Service** on *(date)*_____, at _____ a.m./p.m., by
delivering them to the office of the party to be served, located at: _____
_____ *(address)*, during normal working hours for that office,
where I left the documents with _____ *(name)*, who is a
person apparently in charge, to give the documents to the party to be served.

Certificate of Service
Page 1 of 2

Case No.: _____

*(Complete the section below only if the server also did the follow-up mailing required by ORCP 7D(2)(c). If a person other than the server did the follow-up mailing, that person must complete a separate Certificate of Service Mailing.)*

    ☐ On *(date)*_____, I personally deposited a true copy of the same documents served with the U.S. Postal Service, via first class mail, in a sealed envelope, postage paid, addressed to the party to be served: ☐ Plaintiff ☐ Defendant *(name)* _____ _____, at the party's: ☐ home address at: _____ _____, *OR* ☐ business address above, together with a statement of the date, time and place that the documents were hand-delivered to the party's office.

    (d) ☐ **Service by Mail, Return Receipt Requested** on *(date)*_____, I personally deposited **two** true copies with the U.S. Postal Service. **One** by first class mail, and the **other** by certified or registered mail, Return Receipt Requested, or by express mail, postage paid, addressed to the party to be served: ☐ Plaintiff ☐ Defendant _____ *(name)*, at the party's home address located at: _____ _____*(address). (NOTE: If mailed Return Receipt Requested, the return receipt must be attached to this Certificate of Service.)*

**Certificate of Document Preparation.** Check all that apply:
☐ I chose this form for myself and completed it without paid help.
☐ A legal help organization helped me choose or complete this form, but I did not pay money to anyone.
☐ I paid (or will pay) _____ for help choosing, completing, or reviewing this form.
☐ TurboCourt selected and completed this form and I did not pay anyone to review the completed form

**I hereby declare that the above statements are true to the best of my knowledge and belief, and that I understand they are made for use as evidence in court and I am subject to penalty for perjury.**

_10/12/18_____
Date

_____
Signature of Server

R. Raddle
Print Name

*If person serving is NOT a sheriff or sheriff's deputy, address and phone number of server:*

712 Main Street, Oregon City, OR 97045

503-756-0402.

Certificate of Service
Page **2** of **2**

Case No.: _____

12/6/2018 5:30 PM
18CV45257

IN THE CIRCUIT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| TIMOTHY C. ROTE, | Case No.: 18CV45257 |
| Plaintiff, | |
| vs. | FIRST AMENDED COMPLAINT FOR: |
| | (1) DEFAMATION; |
| LINDA L. MARSHALL, | (2) MALPRACTICE; |
| JOEL CHRISTIANSEN, | (3) BREACH OF CONTRACT; |
| ANDREW BRANDSNESS, | (4) BREACH OF IMPLIED COVENANT OF GOOF FAITH; |
| CAROL BERNICK, | (5) RACKETEERING; |
| OREGON STATE BAR (PROFESSIONAL | (6) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; AND |
| LIABILITY FUND), | (7) FRAUD. |
| MATT KALMANSON, | |
| JANE DOE, | JURY TRIAL REQUESTED |
| PAM STENDAHL, | |
| JOHN DOES (4-5) | |
| Defendants | |

Plaintiff Timothy C. Rote ("Rote") alleges as follows:

1.

Plaintiff is an individual residing in West Linn, Oregon.

- 1 -
PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

2.

Defendant Linda L. Marshall (Marshall) practices law in Lake Oswego, Oregon.

3.

Defendant Joel Christiansen (CHRISTIANSEN) practices law in Portland, Oregon.

4.

Defendant Oregon State Bar (OSB) resides in Tigard, Oregon.

5.

Defendant Andrew Brandsness resides in Klamath Falls, Oregon

6.

Defendant Carol Bernick is CEO of the PLF and resides in Portland, Oregon

7.

Defendant Jane Doe is a court reporter licensed in Oregon and resides in Portland, Oregon

8.

Defendant Matt Kalmanson is an attorney practicing in Oregon and resides in Portland, Oregon

9.

Defendant Pam Stendahl is an attorney practicing in Oregon and resides in Tigard, Oregon

10.

John Doe 4-5 identities and addresses are undisclosed.


## FIRST CLAIM FOR RELIEF

(Defamation against Marshall, CHRISTIANSEN & John Does 4-5)

11.

Plaintiff alleges paragraphs 1-7.

12.

Plaintiff has been the subject of defamatory statements intended to influence litigation pending in Federal Court where Rote is a Defendant, to defame Rote which falsely and maliciously attribute characteristics to Rote that are intended to demean and embarrass him and hold him in a

false light.

13.

Rote is the author and owner of a blog and other intellectual property addressing issues of bias and fraud arising during the course of litigation adjudicated in an arbitration lasting seven years. In particular Rote has asserted that a substantial and prior partner relationship between Marshall and the arbitrator (which was undisclosed by the arbitrator and concealed by Marshall) influenced the arbitrator and resulted in arbitrator bias.

14.

In writing about the arbitration and subsequent litigation Rote exposed the testimony evidence, forensic reports, and other supporting evidence making his case for the extreme dangers of arbitration. Some of the forensic reports shine a poor light on the Plaintiff in that arbitration and by association raises questions on whether Marshall knowingly advanced false evidence. CHRISTIANSEN, Marshall and John Does took action to discredit Rote because of the information disclosed in the blog. Subsequently, Rote met with the arbitrator and confirmed that he had referred the opposing party to his former partner (Marshall) and had adopted her draft opinion because he did not have the stamina to dive into the evidence.

15.

On November 12, 2015 Rote published a post (Chapter 19) about the relative lack of appeal in arbitration. Marshall and Christiansen used that blog to justify publishing highly defamatory statements about Rote and refused to be honest about what they had said.

16.

Later that day Rote's attorney was contacted by the U.S. Marshals service inquiring as to the meaning of the post. The U.S. Marshal Service had been contacted by someone (U.S. Marshal will not disclose who) from Judge Robert Jones chamber conveying that they received a tip from someone about Rote's blog post and that it was a veiled threat of physical violence Rote intended to execute on Judge Jones at the Awards Dinner that very night. Marshall has consistently engaged in this type of innuendo during and after the arbitration, accusing Rote of fraud in Pleadings whenever possible, as Rote has accused her.

- 3 -
PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

17.

Rote was contacted by the U.S. Marshals by phone while in the presence of his attorney. Said attorney represented Rote on the matter involving the ongoing litigation with Marshall and CHRISTIANSEN's client. Rote's attorney on this matter, Jeff Hasson, is not the only attorney Rote uses. However, the U.S. Marshals service did contact Hasson and then Rote while they were at their Country Club at approximately 5:00 pm on November 12, 2015.

18.

Rote had immediately reached out to Judge Robert Jones, but the U.S. Marshal Service has asked Rote to no longer contact them. Rote has asked CHRISTIANSEN and Marshall to disclose who among them engaged in this horrible act, but they refuse to admit or even engage on this topic. A defamation claim has been filed against Marshall and CHRISTIANSEN's client, as a counterclaim in an existing law suit in U.S. District Court of Oregon, but the court has not permitted Rote to join Marshall and Christiansen for diversity reasons. The defamatory actions were intended to influence two lawsuits now decided in the U.S. District Court of Oregon.

19.

In a Declaration subject to the penalty of perjury, including disbarment, Christiansen maintained only that he and Marshall conveyed the text of a blog post celebrating Judge Jones and spun it into something to the contrary. In fact they did much more.

20.

Rote was forced to file a Freedom of Information Act request to the U.S. Marshal's Service, the results of which were produced to Rote on October 15, 2016. The documents show that Marshall and Christiansen conveyed that Rote was unstable, that he had threatened their client, that he had been arrested and prosecuted on a weapons charge, that he has engaged in fraudulent transfers to avoid a judgment against one of his companies and is a threat to Judge Jones.

21.

Recently, Rote met with Judge Jones at his home, spending some time talking to Judge Jones and showcasing that he is not a threat to the Judge and his family. Rote has written elsewhere in his blog about how much he likes Judge Robert Jones and how much he looks forward to a

- 4 -
PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 25 of 351

friendship.

22.

The Oregon State Bar Professional Liability Fund (PLF), Carol Bernick (PLF CEO) and counsel hired by the PLF (Kalmanson) were well aware that Christiansen and Marshall were lying about the extent and nature of the communication to Judge Jones chamber staff, the U.S. Marshal's Service and others, concealing the truth from this court in a prior case 16CV07564. That case was dismissed without prejudice, the U.S. Marshals evidence being unavailable until after the dismissal.

23.

As a result of these actions, Rote is often asked to defend himself in a business context on the allegations of these threats which are a part of the public record.

### SECOND CLAIM FOR RELIEF

(Malpractice against Defendant Andrew Brandsness)

24.

Plaintiff incorporates the allegations of paragraph 1-21.

25.

Defendant Brandsness was hired to represent corporate entities in two cases pending in the U.S. District Court of Oregon, at the time of hire, February 2016, involving opposing counsel Christiansen (3:15-CV-2401) and Marshall (3:14-CV-0406). Both cases went to trial.

26.

Case 3:14-CV-0406 was a bench trial and the court found in favor of Rote (a defendant in that case) and the corporate defendant's wherein the plaintiff (Zweizig) sought to recover a judgment against one of those corporate defendants alleging fraudulent transfers by Rote to avoid the judgment.

27.

Case 3:15-CV-2401 was a jury trial in which the plaintiff Zweizig sought damages against Rote and corporate defendants for retaliation based on the sum of the content of the blog written by Rote. Christiansen represented the plaintiff in that case. The jury found in favor of the plaintiff.

28.

---

- 5 -
PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

The malpractice arose when Brandsness failed to file a Motion to Compel arbitration as the contract with Zweizig demanded and to file a Motion to Dismiss corporate defendants not Zweizig's employer. Instead Brandsness filed an Answer not addressing these issues.

29.

Rote discovered this failure in Mid October 2016, notifying Brandsness of this malpractice. Rote filed his Motion to Dismiss alleging the contract requires arbitration, that this question has already been decided in a court proceeding confirming the application of arbitration. Rote had not yet discovered that the conditions precedent to this litigation should have resulted in the action being dismissed for failing to bring the action timely.

30.

The U.S. District Court rejected Rote's Motion to Dismiss based on a Motion to Compel arbitration and attendant lack of jurisdiction because both Rote and the corporate defendants had answered and engaged in litigation for close to eight months. The court denied Rote's Motion to Dismiss on January 5, 2017 and the potential damage to the corporate defendants did not mature until that time.

31.

Brandsness withdrew from representation under a cloud of Rote raising this issue of malpractice on approximately October 15, 2016. The malpractice impact could have been mitigated had Brandsness filed a Motion to Compel and Dismiss, recognizing that the court did not deny this same claim by Rote until 2017.

32.

While the jury trial result will be appealed, the PLF has refused to enter into a tolling agreement forcing the filing of this action. A general judgment was issued on November 20, 2018 for $500,000, plus interest at 2.7% per annum. The Claim is for this amount.

**THIRD CLAIM FOR RELIEF**

(Breach of Contract against Defendants Brandsness, Bernick, Stendahl and Oregon State Bar PLF)

33.

---

Plaintiff incorporates the allegations of paragraph 1-33.

34.

Plaintiff tendered the very clear failure of Brandsness to file a Motion to Compel and Motion to Dismiss.

35.

The Oregon State Bar PLF refused to repair and refused cover the malpractice by Brandsness and that coverage has a direct impact on whether there should have been a jury trial involving Rote as a defendant. Both Brandsness and the PLF refused to refund legal fees paid by Rote and the corporate defendants. Both Brandsness and the PLF refused to cover the jury award, if any.

36.

Rote files a Motion For Summary Judgment on the Arbitration Agreement in the Zweizig contract and the court has refused to follow the precedent that this issue was resolved in a court proceeding in New Jersey in 2005. The contract with Zweizig was upheld in its entirety.

**FOURTH CLAIM FOR RELIEF**

(Breach of Implied Covenant of Good Faith against Defendants Brandsness, Bernick, Stendahl and Oregon State Bar PLF)

37.

Plaintiff incorporates the allegations of paragraph 1-36.

38.

The Oregon State Bar PLF (PLF) serves a dual purpose, to protect the public from malpractice and to protect attorneys from malpractice costs (cost sharing) under a standard insurance coverage theory.

39.

The PLF had adopted a sue us position in submitting claims, daring the public claimant to file a lawsuit, forcing them to find counsel and pay even more legal fees. As citizens we would not tolerate this behavior of an insurance company under the jurisdiction of the Oregon Insurance

- 7 -
PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

Commission.

40.

The PLF is not subject to the jurisdiction of the Oregon Insurance Commission. The PLF is in fact a captive insurance company that has not been forced to pay out a minimum number of claims and in fact pays 5 times more for defense than it does in claims.

41.

The PLF no longer has an annual audit done. The PLF no longer publishes its annual financial statements. As of this date, based on the financial information the plaintiff has been able to acquire, the PLF generates annually $25 Million in gross premiums, pay about $2.5 Million in claims, $10 Million in defense through outside counsel, $7.5 Million in administration and makes $5 Million in net income. The PLF pays no tax on its net income and now has a war chest of over $60 Million.

42.

Carol Bernick, CEO, was scheduled to be a witness in the 3:15-CV-2401 case. Instead of communicating with defendant Rote, she conspired with Christiansen to avoid having to testify. Through that series of communications it was clear that the PLF was assisting Christiansen with his case against Rote, crossing the line to advocate for a party.

43.

Bernick, in representing the PLF and advocating for a party in which the PLF had no interest showcases the unrestrained abuses of the PLF. Rote has long advocated through his blog and publicly that the PLF is denying claims not based on the merits of the malpractice, but in retaliation against parties like plaintiff Rote who raise community awareness of the PLF's failures to perform, to disclose and to pay out on claims. Rote has also argued publicly that the PLF has engaged the Chief Judges of the TRI-County area to assign cases against attorneys to protem Judges with conflicts.

44.

Protem Judges have undisclosed conflicts that arise from their firms representation of attorneys accused of malpractice. Case in point, Skip Winters served as a judge protem on 16CV07564 wherein the PLF represented parties Christiansen and Marshall. Winters firm, Body

- 8 -
PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

Feltmount performs a lot of work with the PLF. Winters did not step down. The PLF counsel did not disclose this conflict to me. Bernick knew of the conflict.

45.

The PLF staff attorney adjudicating the claim against Brandsness is Pam Stengahl, a former partner at BodyFelt Mount. Pam has denied the malpractice claim without justiication. Bernick has not reversed Stengahl's decision.


FIFTH CLAIM FOR RELIEF

Oregon Civil Racketeer Influenced and Corrupt Organizations Act

(Against All Defendants)

46.

Plaintiff incorporates the allegations of paragraph 1-45.

Count 1 – Violation of ORS 166.720(2)

47.

Plaintiff alleges that the Defendants individually and collectively engaged in racketeering activity by means to commit, to attempt to commit, to conspire to commit, or to solicit, coerce or intimidate another person to commit bribery, perjury, obstructing judicial administration, presenting false evidence, spoliation of evidence, unsworn falsification & perverting the course of justice.

48.

The PLF indirectly and directly acquired and maintained control of the enterprise through a pattern of racketeering activity by committing or attempting to commit the crimes of bribery (ORS 162.015 & 162.025), perjury (ORS 162.065), unsworn falsification (ORS 162.085), obstructing judicial administration (ORS 162.235) (to include witness tampering, spoliation, false evidence and perverting the course of justice) and Coercion (ORS 163.275). The incidents alleged are not isolated.

49.

Defendants' actions were willful, wanton, malicious, oppressive and fraudulent, and a conscious disregard of Oregon law resulting in injury to Rote and entitling Rote to punitive and exemplary damages. These acts were committed with the knowledge and consent of Defendants' or

were ratified by Defendants after the fact.

50.

The organization and PLF enjoys unfettered opportunity. They do not publish financial statements, do not engage an outside auditor, engage firms where partners serve as judges protem, pay out little in claims and pay no income tax on the spoils.

Count 2 – Violation of ORS 166.720(3)

51.

Bernick, the PLF & John Doess have operated continuously as an associated-in-fact enterprise since before 2010 to present, as described above. The common purpose of this enterprise is to subvert the civil litigation process, extracting judgments and sharing the spoils. This enterprise is organized and executed through the PLF, the Oregon State Bar and employ others to also participate in the enterprise. Christiansen, Marshall and Brandsness have joined the enterprises and are co-conspirators. Christiansen was specifically induced or voluntarily engaged in preparing a false declaration.

52.

The Defendants, John Does and their employees participated in the enterprise through a pattern of racketeering activity by committing or attempting to commit the crimes of bribery (ORS 162.015 & 162.025), perjury (ORS 162.065), unsworn falsification (ORS 162.085), obstructing judicial administration (ORS 162.235, to include witness tampering, spoliation, false evidence and perverting the course of justice) and Coercion (ORS 163.275).

53.

Defendants' actions were willful, wanton, malicious, oppressive and fraudulent, and a conscious disregard of Oregon law resulting in injury to Rote and entitling Rote to punitive and exemplary damages. These acts were committed with the knowledge and consent of Defendants or were ratified by Defendants after the fact.

54.

For the violations of ORS 166.720(3) by Defendants, Rote is requesting three fold the special damages sustained in an amount to be determined at trial for the costs and time associated

with the last 15 years of this litigation or in the alternative three fold the damages pursuant to ORS 166.725(7), an amount to be determined at trial, plus punitive damages.

## SIXTH CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

### (Against All Defendants)

55.

Plaintiff incorporates the allegations of paragraph 1-54.

56.

As a further proximate result of Defendants' wrongful conduct, Rote has suffered, and will continue to suffer, emotional distress, pain and suffering, mental anguish, and embarrassment, all in an amount not yet calculated, but reasonably believed to exceed the jurisdictional minimum of this court. Rote will seek leave of the court to plead the true amount of his damages once they are fully ascertained.

57.

Defendants' actions were willful, wanton, malicious, oppressive and fraudulent, and a conscious disregard of Oregon law resulting in injury to Rote and entitling Rote to punitive and exemplary damages. These acts were committed with the knowledge and consent of Defendants' or were ratified by Defendants after the fact.

## SEVENTH CLAIM FOR RELIEF

### FRAUD

### (Against Marshall, Christiansen, Bernick, Kalmanson and Jane Doe)

58.

Plaintiff incorporates the allegations of paragraph 1-57.

59.

Defendants Marshall, Christiansen, Kalmanson and Bernick were well aware that the assertions made by these parties in case 16CV07564 to secure an anti-SLAPP Motion to Strike dismissal of the case

were untruth and constituted perjury before the court.

60.

Anti-SLAPP Motions are dismissed without prejudice. Plaintiff is reasserting the defamation claim, adding claims and seeking to recover those fees, non-economic and punitive damages.

61.

Jane Doe was the court reporter in Federal Case 3:15CV2401. This case is under appeal. Jane Doe prepared a partial transcript of the jury trial. She has knowingly removed and modified statements made by opposing counsel Christiansen during open statements and closing statements that are material to the appeal such as the annual income of the defendant in that case (Rote) asserted by Christiansen, those statements prejudicial when seeking non-economic damages. The false and inappropriate assertions by Christiansen poisoned the jury. Jane Doe has refused to turn over copies of the tapes of the hearing to another court reporter for review even with the purchase of the transcript. A criminal complaint has been filed.

62.

Christiansen has admitted to influencing defendant Jane Doe and has intimated that Jane Doe and Christiansen have a personal relationship of some form. Plaintiff seeks discovery of the relationship, the tapes and third party transcripts to compare to those prepared by Jane Doe. Damages to be asserted at trial.

63.

Co-conspirator Christiansen has, more than 5 times, with the publishing of Motions and documents to the U.S. District Court of Oregon asked for prejudicial treatment and criminal misuse of office. Christiansen can be prosecuted under 18 USC 201, 18 USC 1951, 18 USC 1343, 18 USC 1962 and State and Local Criminal Statutes for asking the court to set the facts aside and reward him and the court with some benefit.

- 12 -
PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

1  WHEREFORE, Rote prays for relief as follows:

2  1. For General and Economic damages in an amount not yet ascertained but to be established at trial,

3  but not less than $6,600,000;

4  2. For Special damages in an amount not yet ascertained, to be established at trial, but not less than

5  $45,000 for prior legal fee judgments procured by fraud;

6  3. For Noneconomic Damages to be established at Trial but not less than $2,000,000.

7  3. For Treble damages on the racketeering cause of action;

8  4. For Punitive damages on all causes of action;

9  5. For Costs and attorneys' fees as permitted by law;

10  6. For Prejudgment interest as otherwise authorized by law; and

11  For such other and further relief as the Court may deem just and proper.

12

13

14  DATED: December 5, 2018

15                                              */s/ Timothy C. Rote*
                                                Timothy C. Rote
16                                              *Pro Se*
                                                24790 SW Big Fir Rd.
17                                              West Linn, OR 97068
                                                (503) 702-7225
18

19

20

21

22

23

24

25

26

27

28

- 13 -
PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

# CERTIFICATE OF SERVICE

I hereby certify that I served the Plaintiff's Amended Complaint on:

STEPHEN VOORHEES
(BERNICK, PLF, STENDAHL)
732 NW 19TH AVE.
PORTLAND, OR 97209
503-224-0055
Email to: SVOORHEES@KILMERLAW.COM

MATT KALMANSON
(Christiansen, Marshall, Kalmanson)
HART WAGNER
PORTLAND, OR 97205
503-222-4499
Email to: MJK@HARTWAGNER.COM

[X] Via First Class Mail

[X] Via Email

[ ] Via Hand Delivery

[ ] Via ECF Notification (Federal)

[X] Via OECF Notification

DATED: December 4, 2018

/s/ Timothy C. Rote

**Timothy C. Rote**

tim@rote-enterprises.com
*Pro se*

- 14 -
PLAINTIFF ACTION FOR DEFAMATION, MALPRACTICE AND BREACH

12/17/2018 2:22 PM
18CV45257

Timothy C. Rote
24790 SW Big Fir Rd.
West Linn, OR 97068
503.702.7225
Timothy.rote@gmail.com

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF CLACKAMAS

| | |
|---|---|
| TIMOTHY C. ROTE,<br><br>       Plaintiff,<br><br>vs.<br><br>LINDA MARSHALL, ET. AL.<br><br>       Defendants | Case No.: 18CV45257<br><br>DECLARATION AND SUPPORTING EXHIBITS |

     I, TIMOTHY ROTE, do hereby declare:

     1.     I represent myself in the above-captioned case. I make this declaration on personal knowledge and am competent to testify to the matters stated herein.

     2.     Attached hereto as Ex 1 is Joel Christiansen's Declaration in Federal Court wherein he commits perjury by omission. The omissions were the statements actually made as evidenced in Ex 3. Christiansen used that Declaration to secure an anti-SLAPP Motion to Strike in Clackamas County and the U.S. District Court of Oregon. Defendants Marshall, Christiansen, Kalmanson, Bernick and the PLF all knew the declaration omitted material statements that each had a duty to disclose to the court, but did not intervene or correct the knowingly false declaration.

     3.     Attached hereto as Ex 2 is a Declaration by Matt Kalmanson, then counsel to

DECLARATION AND SUPPORTING EXHIBITS - 1

Marshall and Christiansen. Kalmanson was hired by the PLF. The Declaration is a transparent request for the abuse of a public office in favor of defendants Christiansen and Marshall. Soliciting the abuse of office is a felony.  Specifically, Kalmanson asks the court to grant an anti-SLAPP motion to strike because of several unrelated hearings involving plaintiff Rote.

4.    Attached hereto as Ex 3 is evidence of the statements made by Christiansen and Marshall to a deputy clerk of the U.S. District Court of Oregon, to the U.S. Marshals Service and to others not yet identified. This evidence was acquired and discovered on October 14, 2106, via Subpoena and Freedom of Information Act requests to the U.S. Marshals Service.  A portion of those statements claim that Rote engaged in (1) fraudulent transfers; (2) is unstable; (3) intimated that Rote was arrested and convicted for domestic violence; and (4) claimed that plaintiff was going to attack Judge Robert E. Jones at his lifetime achievement award dinner.

5.    Attached hereto as Ex 4 is a transcript of a hearing in the U.S. District Court of Oregon in 2001 wherein Robert E. Jones recused himself after a jury trial. Marshall and Christiansen have repeatedly filed this transcript asking the court to set aside the facts of the case and find in their favor, as an act of retribution. Kalmanson also filed the transcript in case 16CV07564 and in so doing asked the Clackamas County court to set the facts aside and find for his clients. This transcript was first submitted to the New Jersey Federal Court (nefariously) in a meeting between Kugler's law clerk and Sandra Ware (Zweizig's girlfriend and New Jersey attorney). Plaintiff's position is that Ex 4 and Ex 5 were filed in Clackamas County to seek criminal abuse of office and to deflect the courts attention away from the fact that defendants' client Zweizig downloaded porn on rape, sodomy, brother to brother sex, sister to sister sex and other child pornography. See Ex 6.

6.    Attached hereto as Ex 5 is an order to show cause in 2005 in the United States District Court, District of New Jersey Case Max Zweizig v. Timothy C. Rote, et al, Case No. 04-2025. Kalmanson filed this in case 16CV07564 and in so doing asked the court to ignore the facts and act prejudicially. The show cause hearing arose because Rote notified Judge

DECLARATION AND SUPPORTING EXHIBITS - 2

Kugler that his law clerk had met privately with the girlfriend of the opposing party (Zweizig) in that action. Zweizig's girlfriend, Sandra Ware, went to Rutgers Law with the law clerk and provided to him a copy of Ex 4 asking of Judge Kugler that he engage in felony abuse of office. And Kugler did by rejecting the Zweizig case transfer to Federal Court, with prejudice, and sending the case back to New Jersey State Court. The U.S. Attorneys office was in attendance at the show cause hearing and opened an investigation on the clerk immediately thereafter. After the hearing Kugler met with Rote's counsel in Chambers and agreed to no longer abuse his office in this manner and plaintiff Rote agreed to not press his complaint to the 3rd Circuit. The clerk was removed shortly thereafter. Plaintiff was not held in contempt and the U.S. Attorneys office categorically refused to press any charge against Rote for notifying Kugler that Kugler's clerk met nefariously with Sandra Ware and may be engaged in a relationship with her. The forensic report filed as Ex 6 shows that Zweizig downloaded porn using a peer to peer program, subjecting his employer to malware and ransomware. The porn saved on the hard drive by Zweizig references rape, young teens, brother to brother sex, sister to sister sex and a range of other interests. The law clerk has never denied meeting with Sandra Ware. Sandra Ware has never denied meeting with the law clerk.

      7.      Attached hereto as Ex 6 is a Forensics Report provided to Judge Kugler as an attachment to a letter delivered to him detailing the ex-parte contact between his clerk and Sandra Ware (a New Jersey Attorney). The forensic report shows that Sandra Ware's house partner, Max Zweizig, downloaded Movies and Music (which were copyright violations), downloaded porn, stole confidential customer information owned by his employer's clients (to sell), compiled and ultimately destroyed software programs owned by his employer, all of this to a business hard drive Zweizig maintained had crashed and was permanently destroyed. The porn found appeared to be child porn and a criminal complaint was filed against Zweizig in New Jersey.  Marshall and Christiansen knowingly made the defamation per se statements regarding plaintiff in retaliation for Rote publishing the forensic reports. Three forensic

DECLARATION AND SUPPORTING EXHIBITS - 3

experts evaluated the Zweizig hard drive and all three found that Zweizig had downloaded the

material previously referenced and he was the only person to ever use that hard drive. All

three forensic experts concluded Zweizig reformatted this hard drive to destroy evidence. Ex 6

is but one of ten Computer Forensic Reports generated for an arbitration hearing. Ex 6 was

turned over to law enforcement in Woodbury New Jersey.

    8.     Examples of Ex 6 named files are:

        A.  "Older Muscle Guy Fucks Young Twink";

        B.  "older sisters get lesbian with little sister";

        C.  "Older teen kisses, sucks and fucks hairless brother"; and

        D.  "Let daddy do it".

        And the list goes on. This is a matter of public concern as Zweizig teaches guitar

        lesson to children in his home.

    9.     Attached hereto as Ex 7 is a Statement provided by Greg Rote confirming that

the emails he wrote to Zweizig and provided by Kalmanson were rash and stupid lies sent in

retaliation for a separate legal action involving Greg Rote and plaintiff Rote. Marshall and

Christiansen knew the emails had been retracted before Kalmanson filed the exhibit

requesting felony abuse of office. Plaintiff does not know if Kalmanson was informed and

knowingly filed the emails or was duped by Christiansen and Marshall.

    10.    Attached hereto as Ex 8 is an email provided by Jeffrey Hasson, confirming that

his conversation with the U.S. Marshals service was about the safety of Judge Jones and

whether plaintiff was a threat to the Judge. The U.S. Marshals Service did not convey who

filed the complaint.

    11.    Plaintiff has subsequently met with Judge Jones to address the false statements

made by Christiansen, Marshall and Kalmanson and to assure Judge Jones that he was not

threatened. Judge Jones was very pleasant and invited the plaintiff into his home.

    12.    Attached hereto as Ex 9 are emails to Carol Bernick wherein plaintiff Rote

DECLARATION AND SUPPORTING EXHIBITS - 4

repeatedly asked Bernick and the PLF to intervene and stop the perjury committed by Christiansen, Marshall and Kalmanson in the 16CV07564 case. She refused to do so.

13.    Attached hereto as Ex 10 are emails to Pam Stendahl and John Berge, Claims attorneys for the PLF, requesting coverage for malpractice. The PLF requires a Form be filled out and those documents will be provided in discovery. There are multiple malpractice claims and Motion failures.

14.    Attached hereto as Ex 11 are denial letters from the PLF, refusing to cover the malpractice by Brandsness. The court in case 3:15-CV-2401 specifically found that the defendants had engaged in this case too long before filing a Motion to Compel arbitration. The question of whether the U.S. District Court had jurisdiction to proceed with this case is under appeal. Brandsness refused to continue representation once Plaintiff discovered and informed him of failure to file a motion to compel. The PLF specifically refused to hire counsel to repair in this matter, to hire counsel for the appeal or pay for the appeal. The minimum amount of the judgment is $500,000 plus interest. Christiansen's many acts of perjury also represent an appealable issue on prejudice.

15.    Attached hereto as Ex 12 are emails to Carol Bernick from plaintiff attempting to arrange testimony in case 3:15-CV-2401. In response, Bernick sent opposing counsel Christiansen a confidential email in an effort to not testify. The court did not permit Bernick to testify.

16.    Attached hereto as Ex 13 is a list of Body Feltmount's clients directly from that firm's Website showing the OSB Professional Liability Fund as a client. Pro-tem Judge Skip Winters, a partner with Body Feltmount considered the anti-SLAPP Motion to Strike by Kalmanson. Winters, Kalmanson, Bernick, OSB PLF, Marshall and Christiansen did not disclose their knowledge that Winters had a conflict and should have recused himself from considering this matter.

17.    Attached hereto as Ex 14 is a Motion For Sanctions against Christiansen.

DECLARATION AND SUPPORTING EXHIBITS - 5

Specific Defendants CLIENT MAX ZWEIZIG first conspired to benefit from the felony of abuse of a public office in 2005 with the filing of Ex 4 with JUDGE ROBERT KUGLER. Defendants have continued to file Ex 4 and Ex 5 since that time, the latest just weeks ago in U.S. District Court Case 3:15-CV-2401, Doc #243-12 and #243-13. Defendants have collectively filed Ex 4 and Ex 5 in litigation involving the plaintiff, or a company he owned, in New Jersey Federal Court (nefarious), New Jersey State Court (ex-parte), Denver State Court (nefarious), Oregon Federal Court, Oregon Arbitration, Clackamas County Circuit Court and the Oregon Court of Appeals. Christianssen filing Ex 4 and Ex 5 after the trial as well as a blog posts published by Rote is an admission by defendant that he received preferential treatment during the trial and is seeking it again on post-trial motions.

18.    Defendants have been effective in calling on the court to engage in criminal misconduct. Defendant's request of the courts to commit a felony is also a felony. Kugler dismissed the diversity transfer with prejudice and concealed the nefarious meeting with his clerk and Ware. Kugler used the show cause hearing as an attempt to restrain Rote from publishing the meeting between the clerk and Sandra Ware. Arbitrator Crow concealed his referral of Zweizig to his former partner (Marshall) and refused to consider 2000 documents, the testimony of ten witnesses and three computer forensic experts. Crow specifically acknowledged receiving and considering Ex 4 and Ex 5. Judge Papak confirmed the award in spite of Crow recusing himself from the arbitration and returning to the case only to refuse to consider plaintiff Rote's aforementioned evidence, also receiving a copy of Ex 4 and Ex 5. Judge Hernandez did not allow the forensic reports in as evidence for a jury to consider under a re-litigation ruling but did allow an uncorroborated letter Kugler (which was subject to the same re-litigation theory) to be presented to a jury. Judge Hernandez allowed Christiansen to tell the jury, without instruction to ignore, that Rote should be punished (on a non-economic damage claim) claiming that Rote makes $4 Million a year, that his client should be compensated for Rote challenging Kugler concealment of his clerks nefarious contact with

DECLARATION AND SUPPORTING EXHIBITS - 6

1    Ware, publishing the forensic report to Kugler (Crow specifically refused to award damages)

2    and filing a complaint with the third circuit. Christiansen told five other lies to the jury

3    without specific instruction by the court to ignore. The trial was a sham. A juror accosted Rote

4    after the trial referencing the jury's punishment based on Christiansen's knowingly inaccurate

5    and prejudicial misrepresentation of Rote's income.

6         19.    Marshall and Christiansen represented Max Zweizig in various fake retaliation

7    claims. Kalmanson represented Marshall and Christiansen in a prior defamation lawsuit in

8    Clackamas County. Why the PLF decided to represent Marshall and Christiansen is unknown

9    and is a question that will be answered at some point in this litigation. Bernick, Stendahl and

10   the PLF have engaged in several acts of retaliation against plaintiff for filing the 16CV07564

11   lawsuit and for publishing articles about the PLF, including articles on financial irregularities

12   identified in the PLF's annual financial statements. The refusal to cover malpractice is one of

13   those acts of retaliation.

14        20.    There are numerous investigations underway by major news organizations

15   stemming from a core base of evidence discovered by plaintiff. That evidence includes

16   insurance and tax fraud. The Oregon State Bar Professional Liability Fund is a captive

17   insurance company. As such it should not be a tax-exempt organization under the Oregon

18   Department of Justice via the Oregon State Bar. In the past the PLF produced annual financial

19   statements, published as an agency under the Oregon Department of Justice. However, that

20   practice stopped more than six years ago and the ODJ no longer even reviews the PLF

21   financials to ensure compliance with Oregon Law. Moreover, the PLF no longer engages an

22   outside CPA firm to audit and opine on its financial statements. The fox is in charge of the

23   henhouse as it were. Plaintiff has published these concerns and the PLF has retaliated by not

24   covering the malpractice claims, assisting counsel in an unrelated case and hiring counsel to

25   represent Marshall and Christiansen on a defamation defense clearly not covered under the

26   attorneys' malpractice policy.

DECLARATION AND SUPPORTING EXHIBITS - 7

21.     The PLF pays less than 10% of its annual gross revenue of $25 Million on claims. Evaluated as an insurance provider, it would be in violation of the law for paying too little out in claims if it was under the jurisdiction of the Oregon Insurance Commission. Plaintiff 's operating theory is that some of the PLF's substantial resources is making its way into the pockets of our Judiciary and some of the money is being used to promote the political agenda of the Democratic Party of Oregon. Some of the money goes to recruiting and supporting judicial candidates. This fraud ensures the PLF's extraordinary success in court on malpractice claims.

22.     The PLF also appears to have some connection to the Oregon Cannabis Industry, as a promoter and investor. Both activities violate Oregon Law and should result in the PLF being shutdown, the $50 Million in assets secured by the Oregon Department of Justice and managed over a liquidation period of no more than six years.  In the event the ODJ is complicit and implicated in the crimes being committed by the PLF, the U.S. Department of Justice should intervene and take control of this independently managed organization of the Oregon State Bar.

**I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

Dated this 17th day of December, 2018

/s/ Timothy C. Rote
Timothy C. Rote, *Pro Se*

DECLARATION AND SUPPORTING EXHIBITS - 8

1

## CERTIFICATE OF SERVICE

2

I hereby certify that I served the Plaintiff's Declaration on:

3

4      HART WAGNER LLP
       ATTN: MATT KALMANSON
       COUNSEL FOR MARSHALL, CHRISTIANSEN,
5      1000 SW BROADWAY, 20TH FLOOR
       PORTLAND, OR 97205
6      T: (503) 222-4499

7
       KILMER VOORHEES & LAURICK
8      ATTN: STEPHEN VOORHEES
       COUNSEL FOR BERNICK, PLF, STENDAHL
9      732 NW 19TH AVENUE
       PORTLAND, OR 97209
10     T: (503) 244-0055

11
       MERSEREAU AND SHANNON
12     ATTN: PETER MERSEREAU
       COUNSEL FOR BRANDSNESS
13     111 SW COLUMBIA STREET, SUITE 1100
       PORTLAND, OR 97201
14     T: (503) 226-6400

15
       DAVIS ROTHWELL
16     ATTN: PAUL XOCHIHUA
       COUNSEL FOR KALMANSON
17     200 SOUTHWEST MARKET STREET, SUITE 1800
       PORTLAND, OR 97201
18     T: (503) 222-4422

19

20     [X] Via First Class Mail

21     [X] Via Email

22      [X] Via OECF Notification

23          DATED:  December 17, 2018

24

25                                        /s/ *Timothy C. Rote*_____

26                                        **Timothy C. Rote**
                                          *Pro Se*

DECLARATION AND SUPPORTING EXHIBITS - 9

Joel Christiansen, OSB #080561
VOGELE & CHRISTIANSEN
812 NW 17th Avenue
Portland, OR 97209
T: (503) 841-6722
E: joel@oremploymentlawyer.com


Attorney for Plaintiff


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


| | |
|---|---|
| **MAX ZWEIZIG**, | Case No. 3:15-cv-02401-HZ |
| Plaintiff, | **DECLARATION OF JOEL CHRISTIANSEN IN SUPPORT OF PLAINTIFF'S SPECIAL MOTION TO STRIKE** |
| v. | |
| **TIMOTHY C. ROTE**, a citizen of the state of Oregon, **NORTHWEST DIRECT TELESERVICES, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT MARKETING OF OREGON, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT MARKETING, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT OF IOWA, INC.**, an Iowa for-profit corporation, **ROTE ENTERPRISES, LLC**, an Oregon limited liability company, **NORTHWEST DIRECT MARKETING, INC.**, aka Northwest Direct Marketing (Delaware), Inc., a Delaware Corporation, and **DOES 1 through 5**, | |
| Defendants. | |


I, Joel Christiansen, hereby declare:

1.      I represent the plaintiff in the above-captioned case. I make this declaration on

personal knowledge and am competent to testify to the matters stated herein.


Page 1 of 3 - DECLARATION OF JOEL CHRISTIANSEN IN SUPPORT OF PLAINTIFF'S
SPECIAL MOTION TO STRIKE

2.      I attempted to confer with Defendant Timothy C. Rote ("Rote") before filing this motion. As of filing, the parties have not been able to resolve their dispute.

3.      Attached hereto as EXHIBIT 1 is a true and accurate copy of a web page titled "About" from Rote's Sitting Duck Portland website, https://sittingduckportland.wordpress.com/about/.

4.      Attached hereto as EXHIBIT 2 is a true and accurate copy of Chapter 1 of Rote's Sitting Duck Portland website, https://sittingduckportland.wordpress.com/2015/02/.

5.      Attached hereto as EXHIBIT 3 is a true and accurate copy of Chapter 19 of Rote's Sitting Duck Portland website, https://sittingduckportland.wordpress.com/2015/11/12/chapter-19-are-arbitrators-above-the-law/. After reviewing Rote's comments contained in Chapter 19, Linda Marshall (Plaintiff's counsel in another matter) and I contacted Judge Jones' courtroom deputy and informed the court of Rote's publication concerning Judge Jones, which: (1) identified Judge Jones' physical location at a specific time and location to receive a lifetime achievement award, (2) evidenced Rote's belief that there would be media presence at the event, and (3) commented that "[p]erhaps more often than not our legacies are not what we wanted them to be."

6.      Attached hereto as EXHIBIT 4 is a true and accurate copy of the transcript from the March 18, 2001 Status Conference in the United States District Court, District of Oregon Case *Jones v. North West Telemarketing, Inc.*, Case No. CV 99-990.

7.      Attached hereto as EXHIBIT 5 is a true and accurate copy of the Order to Show Cause in the United States District Court, District of New Jersey Case *Max Zweizig v. Timothy C. Rote*, et al, Case No. 04-2025.

8.      Attached hereto as EXHIBIT 6 is a true and accurate copy of January and October 2008 email messages from Greg Rote to Max Zweizig.

Dated: May 9, 2016

/s/ Joel Christiansen
Joel Christiansen, OSB #080561
Of Attorneys for Plaintiff

Page 2 of 3 - DECLARATION OF JOEL CHRISTIANSEN IN SUPPORT OF PLAINTIFF'S SPECIAL MOTION TO STRIKE

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing DECLARATION OF JOEL CHRISTIANSEN IN SUPPORT OF PLAINTIFF'S SPECIAL MOTION TO STRIKE on:

>Timothy Rote
>24790 SW Big Fir Rd.
>West Linn, OR 97068
>*Pro Se Defendant*

>Andrew C. Brandsness
>BRANDSNESS, BRANDSNESS & RUDD, P.C.
>411 Pine Street
>Klamath Falls, OR 97601
>*Of Attorneys for Defendants Northwest Direct Teleservices, Inc.; Northwest Direct Marketing of Oregon, Inc.; Northwest Direct Marketing, Inc.; Northwest Direct of Iowa, Inc.; Rote Enterprises, LLC; Northwest Direct Marketing, Inc. aka Northwest Direct Marketing (Delaware), Inc.*

through the Court's electronic filing system on May 9, 2016.

>*/s/ Joel Christiansen*
>Joel Christiansen, OSB #080561
>Of Attorneys for Plaintiff

Page 3 of 3 - DECLARATION OF JOEL CHRISTIANSEN IN SUPPORT OF PLAINTIFF'S SPECIAL MOTION TO STRIKE

18CV45257

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON
                          FOR THE COUNTY OF CLACKAMAS
5

6    TIMOTHY C. ROTE,                       )    Case No. 16CV07564
                                            )
7         Plaintiff,                        )
                                            )    **DECLARATION OF MATTHEW**
8         v.                                )    **KAMLANSON IN SUPPORT OF**
                                            )    **DEFENDANTS LINDA L. MARSHALL**
9    LINDA MARSHALL, JOEL CHRISTIANSEN,     )    **AND JOEL CHRISTIANSEN'S ANTI-**
     OREGON STATE BAR, JOHN DOES (1-5),     )    **SLAPP MOTION**
10                                          )
          Defendants.                       )
11                                          )

12   I, Matthew Kalmanson, being first duly sworn, depose and say:

13        1.     I make this declaration based on my personal knowledge and am competent to

14               testify to the matters herein.

15        2.     I am one of the attorneys for defendants.

16        3.     Attached hereto as Exhibit 1 is the Complaint in the United States District Court,

17               District of Oregon Case *Max Zweizig v. Timothy C. Rote, et al*, Case No. 3:15-cv-

18               2401.

19        4.     Attached hereto as Exhibit 2 is a true and accurate copy of the April 5, 2011

20               Arbitration Order and Award in *Northwest Direct Teleservices, Inc. v. Max*

21               *Zweizig*, ASP No. 050511-1.

22        5.     Attached hereto as Exhibit 3 is the Complaint in the United States District Court,

23               District of Oregon Case *Max Zweizig v. Timothy C. Rote, et al*, Case No. 3:2014-

24               cv-00406.

25        6.     Attached hereto as Exhibit 4 is a true and accurate copy of "About" from

26               Plaintiff's Blog, https://sittingduckportland.wordpress.com/about/.

Page 1 – **DECLARATION OF MATTHEW KALMANSON IN**
         **SUPPORT OF DEFENDANTS LINDA L.**
         **MARSHALL AND JOEL CHRISTIANSEN'S ANTI-**
         **SLAPP MOTION**

**HART WAGNER LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax:(503) 222-2301**

Ex.2 page1

18CV45257

7.    Attached hereto as Exhibit 5 is a true and accurate copy of Chapter 1 of Plaintiff's

Blog, https://sittingduckportland.wordpress.com/2015/02/.

8.    Attached hereto as Exhibit 6 is a true and accurate copy of Chapter 19 of

Plaintiff's Blog, https://sittingduckportland.wordpress.com/2015/11/12/chapter-

19-are-arbitrators-above-the-law/.

9.    Attached hereto as Exhibit 7 is a true and accurate copy of the transcript from the

March 18, 2001 Status Conference in the United States District Court, District of

Oregon Case *Jones v. North West Telemarketing, Inc.*, Case No. CV 99-990.

10.    Attached hereto as Exhibit 8 is a true and accurate copy of the Order to Show

Cause in the United States District Court, District of New Jersey Case *Max*

*Zweizig v. Timothy C. Rote, et al*, Case No. 04-2025.

11.    Attached hereto as Exhibit 9 is a true and accurate copy of a January and October

2008 e-mail from Greg Rote to Max Zweizig.

**I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE**

**BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE**

**FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR**

**PERJURY.**

DATED this 26th day of April, 2016.

HART WAGNER LLP

By:  */s/ Matthew Kalmanson*

Matthew Kalmanson, OSB #041280
mjk@hartwagner.com
Carey Caldwell, OSB #093032
cpc@hartwagner.com
Of Attorneys for Defendants

Trial Attorney:  Matt Kalmanson , OSB #041280

Page 2 – **DECLARATION OF MATTHEW KALMANSON IN**
**SUPPORT OF DEFENDANTS LINDA L.**
**MARSHALL AND JOEL CHRISTIANSEN'S ANTI-**
**SLAPP MOTION**

**HART WAGNER LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax:(503) 222-2301**

Ex.2 page2

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 49 of 351

18CV45257

1           <u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that on the 26th day of April, 2016, I served the foregoing

3   **DECLARATION OF MATTHEW KALMANSON IN SUPPORT OF DEFENDANTS**

4   **LINDA L. MARSHALL AND JOEL CHRISTIANSEN'S ANTI-SLAPP MOTION**, on the

5   following party at the following address:

6
      Timothy Rote
7       24790 SW Big Fir Rd.
      West Linn, OR 97068
8           Defendant Pro Se

9       Mark Johnson Roberts
      16037 SW Upper Boones Ferry Rd.
10      Tigard, OR 97281
         Attorney for Defendant OSB

11

12 by e-mailing and mailing to him a true and correct copy thereof, certified by me as such, placed

13 in sealed envelope, addressed to him at the address set forth above, and deposited in the U.S.

14 Post Office at Portland, Oregon on said day with postage prepaid.

15                 <u>*/s/ Matther Kalmanson*</u>
16                Matthew Kalmanson, OSB #041280

17

18

19

20

21

22

23

24

25

26

Page 1 – CERTIFICATE OF SERVICE

                                **HART WAGNER LLP**
                                  **Trial Attorneys**
                 **1000 S.W. Broadway, Twentieth Floor**
                     **Portland, Oregon 97205**
                   **Telephone: (503) 222-4499**
                     **Fax:(503) 222-2301**

18CV45257

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE DISTRICT OF OREGON

 3    SEAN JONES,                    )
                                     )
 4              Plaintiff,           )   CV 99-990 JO
                                     )
 5       vs.                         )   March 18, 2001
                                     )
 6    NORTH WEST TELEMARKETING,      )   Portland. Oregon
      INC.,                          )
 7                                   )
              Defendant.             )
 8

 9            TRANSCRIPT OF STATUS CONFERENCE

10         BEFORE THE HONORABLE ROBERT E. JONES

11         UNITED STATES DISTRICT COURT JUDGE

12                    APPEARANCES

13    FOR THE PLAINTIFF:  A.E. BUD BAILEY
                          Bailey Pinney & Associates LLP
14                        4100 S.W. Nyberg Road, Suite 201
                          Tualatin, Or   97062-6438
15                        503 691-6267

16    FOR THE DEFENDANT:  JOHN W. WEIL
      Northwest           Hooper Englund & Weil LLP
17                        1100 S.W. 6th Ave., Suite 1507
                          Portland, Or 97201
18                        503 221-0309

19    FOR THE DEFENDANT:  KEVIN BRUCE CHAMES
      Rote               Chames & Chames
20                        29781 S.W. Town Center Loop W
                          Wilsonville, Or  97070
21                        503 682-8840

22
      COURT REPORTER:    Katherine Rismann, CSR, CRR, RDR
23                        1000 S.W. Third Ave., Room 301
                          Portland, OR  97205  (503) 326-8186
24
                         Proceedings recorded stenographically,
25                        computer-aided transcription.

                                                          2

 1         (Wednesday, March 18, 2001, 9:00 a.m.)

 2               P R O C E E D I N G S

 3

 4         THE COURT:  All right.  We are here, so what do

 5    you want the court to do?

 6         MR. BAILEY:  Well, your Honor, I think the

 7    court -- pursuant to your order, we need to set the date for
```

EXHIBIT 7
PAGE 1 of 5

Ex.2 page4

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 51 of 351

18CV45257

8   a show cause hearing, and then kind of work back from that,

9   maybe, in terms of the discovery that is necessary before we

10   do the show cause hearing.

11        And Mr. Weil and I talked about that earlier, and

12   I think that's kind of what we thought we might do.

13        MR. WEIL:  I think that's correct.  And your

14   Honor, for the record, again, I represent the defendant

15   Northwest Telemarketing from the original case.  And then I

16   have been asked to represent the two corporate defendants,

17   Northwest Direct of Sisters and Northwest Direct

18   Teleservices, so I would represent all three corporate

19   defendants, and Mr. Chames, the individual defendant,

20   Mr. Rote.

21        I believe that there are some issues regarding

22   service of process in this case.  We probably ought to have

23   an opportunity to respond to the creditors bill and maybe

24   file some motions to get the pleadings tested, and have a

25   discovery schedule, with set-off, and then schedule a trial

                                                    3

1   date on the underlying claim.

2        MR. CHAMES:  I concur with that, your Honor.  I

3   had been asked by Mr. Rote to -- when Mr. Weil identified a

4   potential conflict between him personally and the companies

5   that he's involved in -- to represent him here.  To date,

6   all I have seen is request for discovery by Mr. Bailey,

7   which came through Mr. Weil's office, as a matter of fact,

8   and put a time line on the discovery request that he had

9   sent, which I think would be three days hence.  And, so, I

10   haven't had an opportunity to look at that.

11        I think a lot of the things that Mr. Bailey has

12   requested, pursuant to this discovery, probably would be

13   objectionable or exceed the scope which he would be required

14   to delve into, given the rules that you have previously



EXHIBIT          7
PAGE       2 of 5

Rote v. Marshall                              Exhibit 2 - Part 1, Page 52 of 351
3:19-cv-00082

18CV45257

15    made.

16          So, I need some time to get in and look at the

17    pleadings and be able to kind of make some objections and

18    make some reasoned arguments as to why I think some of the

19    things that he's requesting may or may not be applicable.

20          MR. BAILEY:  I don't know that there's any -- I

21    don't know what their issues are.  As the court knows, the

22    order in this matter came out some time ago.  Today is the

23    first day I have known Mr. Chames was going to represent

24    Mr. Rote personally in this matter.

25          I think -- I don't recall, I mean, whether or not
                                                    4

1    you responded to my motion in this case earlier, on behalf

2    of all the individuals or not.  I don't recall what the

3    response was even was.

4          MR. WEIL:  I responded on behalf of the defendant

5    against whom the judgment has been entered, your Honor.  I

6    didn't enter an appearance for the others.  I only appeared

7    on behalf of Northwest Telemarketing.

8          MR. BAILEY:  It's likely then that what I need to

9    have from the court is an order for a show cause hearing

10   with a date, so I can serve them -- serve each of the

11   grantee defendants with the date, so that they know when the

12   show cause hearing would be.  And then, at that point, it

13   seems like we work backwards in terms of discovery dates and

14   anything else that may be necessary.

15          THE COURT:  One of the reasons I wanted you to

16   come in here, has Mr. Rote shared with you the letter he

17   wrote to the court?

18          MR. WEIL:  I have not seen the letter, your Honor.

19          MR. CHAMES:  I have not seen the letter, no.

20          THE COURT:  Did you give them the courtesy of the

21   letter?

22          MR. ROTE:  I don't recall that I did.  I don't



EXHIBIT  7

PAGE  3 of 5

Ex.2 page6

Rote v. Marshall                          Exhibit 2 - Part 1, Page 53 of 351
3:19-cv-00082

18CV45257

23   think so.

24          THE COURT:  Anyway, I don't want anything to do

25   with this case.  I have utter contempt for this person.  He

                                                    5

1    wrote the court a very personal, very nasty letter.  A

2    hypocrite.  So, get out of here.  I am not going to have

3    anything to do with this.  I will recuse myself.  I will

4    reassign it to another judge.

5          (Mr. Rote left the room.)

6          MR. CHAMES:  Okay.

7          MR. BAILEY:  Do I need to do anything?

8          THE COURT:  You can't.  I am just -- I am not --

9          MR. CHAMES:  Did you want to say anything else to

10   us, your Honor?

11          THE COURT:  I am just saying to you that this guy

12   wrote a letter where I couldn't possibly be impartial.

13   Thank you.

14          MR. WEIL:  I am very sorry, your Honor.  And I

15   apologize and understand.  I haven't seen it, but --

16          THE COURT:  He's a member of our church and said

17   what kind of a Christian could I be to make such decisions

18   and all that sort of stuff.  And it wouldn't go to Judge

19   Marsh either, who is also a member of the church.

20          Okay.  Thank you.

21          MR. WEIL:  Thank you, Judge.

22                 (Recess 9:03 a.m.)

23

24

25
                                                    6

1                     --o0o--

2

3          I certify, by signing below, that the foregoing is

EXHIBIT  7
PAGE  4 of 5

Ex.2 page7

Rote v. Marshall                              Exhibit 2 - Part 1, Page 54 of 351
3:19-cv-00082

18CV45257

JUL 11 2005 9:16AM    LEVOW AND COSTELLO        · 856  4297726        P.5
    FEB-02-2004  09:15        BLUMBERG AND LINDNER LLC                    P.15/15
                                                                         Page 3 of 3

    4    a correct transcript of the record of proceedings in the

    5    above-entitled cause.

    6

    7    _____    _____

    8    KATHERINE EISMANN, CSR, CRR, RDR        DATE
         Official Court Reporter

    9

    10

    11

    12

    13

    14

    15

    16

    17

    18

    19

    20

    21

    22

    23

    24

    25

EXHIBIT  7
PAGE  5 of 5

Ex.2 page8

Rote v. Marshall            Exhibit 2 - Part 1, Page 55 of 351
3:19-cv-00082

18CV45257

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE ROBERT B. KUGLER

MAX ZWEIZIG,

    Plaintiff(s),    :

      v.      :   Civil No. 04-2025(RBK)

TIMOTHY ROTE, INDIVIDUALLY AND :
D/B/A NORTHWEST DIRECT
TELESERVICES, INC., JOHN DOES 1-5, :
AND JOHN DOES 6-10,     :

    Defendant(s).    :

### ORDER TO SHOW CAUSE

  **THIS MATTER HAVING** come before the Court upon its own Motion, and it appearing that Timothy C. Rote, on May 22, 2005, faxed to the undersigned, a letter of the same date which purports to seek "reconsideration" of an Order of this Court, and it further appearing that in this letter, Mr. Rote implies that a law clerk employed in this Court had improper contact with plaintiff through plaintiff's girlfriend, and it further appearing that Mr. Rote implies that a law clerk employed in this Court had improper contact with plaintiff through a pedophile web site, and that these comments, and the conduct in contacting the Court, may constitute contempt,

  **IT IS ON THIS**  27th  day of May, 2005, **ORDERED** that Timothy C. Rote, **SHOW CAUSE** before this Court on **June 21, 2005, at 4:00 P.M.**, in Courtroom 4D, Mitchell H. Cohen United States Courthouse, 1 John F. Gerry Plaza, Camden, New Jersey, why he should not be subject to **CRIMINAL CONTEMPT PROCEEDINGS**, pursuant to F.R.Crim.P. 42(a). Rote is cautioned that failure to appear in Court on that date in response to this Order to Show Cause may result in an arrest warrant being issued to take him into custody.

            s/Robert B. Kugler
            ROBERT B. KUGLER
            United States District Judge

EXHIBIT 8
PAGE 1 of 2

Ex.2 page9

18CV45257

EXHIBIT 8
PAGE 2 of 2

Ex.2 page10

18CV45257

**From:** grote8503@charter.net **To:** maxz@erols.com **Subject:** Tim Rote **Date:** 1/16/2008 12:12:59 AM

Max,

I am writing this email to see how your legal actions came out against Tim Rote.  He has filed a law suit against me, even though I am his brother.  I know that you are probably reluctant to speak to me, but I was curious if you know about any other law suits that Tim has filed.

Greg Rote
/www.adw


**From:** grote@fireserve.net **To:** maxz@erols.com **Subject:** Tim Rote **Date:** 10/9/2008 4:52:56 PM

Max, you to not know me but my brother is **Tim Rote**.  Tim explained to me an incident he had with you, where he claimed you were suing him for 50K, he also said your wife was an attorney.  Tim is now suing me, for monies not owed to him as he violated a contract we had.

I am writing you because approximately 1.5 - 2 years ago, Tim wanted me to fly to New Jersey and send you a message.  He wanted me to commit a criminal act.  I obviously would not comply with him demands, so I was biting the hand that fed me.

I am wanting to know how many other bullshit law suits tim has filed on people, as he was going to court in Klamath County Oregon very soon.  Please have your wife check with the courts I am not lying to you.

If you would like to talk please email back.

Greg Rote


EXHIBIT 9
PAGE 1 of 1





Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 59 of 351

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| Max Zweizig | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 3:15cv02401-HZ |
| Timothy Rote, et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          U.S. Marshal for the District of Oregon

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All information pertaining to Timothy C. Rote being placed on the watch list for the U.S. District Court of Oregon, including orders, interviews, emails, correspondence, notes, files in supports, etc.

| Place: 7427 Coho Court, Tualatin, Oregon 97062 | Date and Time: 09/26/2016 10:25 am |
|---|---|

☑ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: U.S. Marshals Office, 1000 SW 3rd Avenue, #401, Portland, Oregon | Date and Time: 09/27/2016 10:25 am |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

| CLERK OF COURT | | OR | |
|---|---|---|---|
| _Signature of Clerk or Deputy Clerk_ | | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Timothy C. Rote, 24790 Sw Big Fir Rd, West Linn, timothy.rote@gmail.com, 5037027225    , who issues or requests this subpoena, are: Timothy C. Rote

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Exhibit 1 page 1

Civil Action No. 3:15cv02401-HZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☒ I served the subpoena by delivering a copy to the named person as follows: U.S. MARSHALL'S
OFFICE : 1000 SW 3RD AVENUE #401 IN PORTLAND TO
ADMINISTRATIVE PERSONNEL    on *(date)* 9/15/16 @ 10:29AM.

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: 9/15/16                          _____
                                              *Server's signature*

                                         JOHN JAYNE - INVESTIGATOR
                                              *Printed name and title*

                                    PO BOX 4282 WILSONVILLE, OR 97070
                                              *Server's address*

Additional information regarding attempted service, etc.:

Exhibit 1 page 2

Ex 3 page 4
18CV43257



Exhibit 1 page 3



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

<hr>

*Bldg. CS-4, 10th Floor*
*Washington, D.C. 20530-1001*

September 19, 2016

VIA E-MAIL timothy.rote@gmail.com

Timothy C. Rote
24790 SW Big Fir Rd.
West Linn, OR 97068

Re: Subpoena - *Max Zweizig v. Timothy Rote, et al.*, Civil Action No. 3:15CV02401-HZ
U.S.D.C. D.Or

Dear Mr. Rote:

This is in regard to the above captioned subpoena issued to the United States Marshals Service (USMS) for the production of "all information pertaining to Timothy C. Rote being placed on the watch list for the U.S. District Court of Oregon, including orders, interviews, email, correspondence, notes, files in supports, etc."

The production of documents or the giving of testimony in this action by the USMS is governed by Title 28, Code of Federal Regulations (CFR), Section 16.21 et.seq. In this regard, see also, Touhy v. Regan, 340 U.S. 462 (1951). The procedural requirements set forth in that Section of Title 28 must be met before authorization for testimony or document production will be given to a Department of Justice employee. This procedure is not discretionary on the part of the USMS and must be complied with before this office can consider your request.

In sum, the CFR requires the party seeking testimony or production of documents to provide an affidavit or a written assertion to the responsible United States Attorney as to the relevance of documentary information being sought. The assertions need to state with detailed particularity the information sought in order to both comply with the CFR and to speed the processing of your request.

The affidavit or written assertion should be directed to Assistant United States Attorney Janice Hebert, at Mark O. Hatfield U.S. Courthouse, 1000 SW Third Avenue, Suite 600, Portland, OR 97204 and a courtesy copy sent to this office in order to facilitate the authorization process.

Accordingly, absent compliance with the governing provisions of the CFR and consideration of the disclosure requested pursuant thereto, the USMS is without authority to provide any documentary evidence or testimony with regard thereto.

Ex 3 page 5
18CV43257

Exhibit 1 page 4

Sincerely,

Gerald M. Auerbach
**General Counsel**

BY:    *WM E Bordley*

William E. Bordley
Associate General Counsel/FOIPA Officer


cc: Janice Hebert, Civil Chief
    United States Attorney's Office
    for the District of Oregon
    (via e-mail Janice.Hebert@usdoj.gov)

Ex 3 page 6
18CV43257

Exhibit 1  page 5

September 20, 2016

Ms. Janice Hebert
Assistant U.S. Attorney
Mark O. Hatfield US Courthouse
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204

Ms. Hebert:

I have enclosed herewith a copy of a letter from The US Marshals Service regarding a subpoena I served on them last week. The letter conveys that I need to provide a written assertion to you as to the relevance of documentary information being sought.

In response, and believing this is the written assertion required, I am seeking evidence that is responsive to claims I have in several lawsuits arising from actions taken by two opposing attorneys. Those attorneys allege in a declaration filed by Joel Christiansen that on around November 12, 2015 they together contacted the deputy clerk of The Honorable Robert Jones chamber and alleged that I presented a threat to Judge Jones the night of his lifetime achievement award dinner. In response, the clerk contacted the U.S. Marshals service and asked them to investigate. Politely, one of the agents for Marshals Service in Portland contacted my attorney and in turn I contacted him about his inquiry. That inquiry was specific and referenced a blog post I published the day before congratulating Judge Jones. My attorney and I separately affirmed that I represented no threat to Judge Jones.

The two attorneys have on two occasions attempted to enlist the help of Judge Jones to assist in their lawsuits against me and companies I own. I was surprised though that as a result of their assertions, I was put on a watch list for the U.S. District Court of Oregon. My threat apparently was writing about the attorney behavior and that of an arbitrator.

The information I seek is the evidence of the attorneys contact to the clerk, notes and other evidence acquired by the U.S. Marshals service leading to the U.S. Marshals decision to place me on the watch list. I had previously asked the FBI and U.S. Attorneys office to investigate the contact by these attorneys and any response by Judge Jones to influence litigation. I have absolutely no evidence that Judge Jones has interfered with my life in any manner. Judge Jones adjudicated litigation I was involved in some 15 years ago and while he did a wonderful job in the trial (even though I lost), new evidence like the attorneys contact continues to surface.

Nonetheless, these two attorneys seem to believe that Judge Jones will influence my litigation behind closed doors and/or incite some concern based on what I believe is highly defamatory allegations by these attorneys. The subpoena seeks that information leading to a decision by the Marshals Service to place me on the watch list. I have asked the U.S. Marshals to contact me further on this matter and they have refused.

Very truly yours,


*/s Timothy C. Rote*
Timothy C. Rote

Ex 3 page 7
18CV45257

Exhibit 1 page 6



**U.S. Department of Justice**

United States Marshals Service

*Office of General Counsel*

_____

*Bldg. CS-4, 10th Floor*
*Washington, D.C. 20530-1001*

October 13, 2016

VIA E-MAIL timothy.rote@gmail.com

Timothy C. Rote
24790 SW Big Fir Rd.
West Linn, OR 97068

     Re: Subpoena - *Max Zweizig v. Timothy Rote, et al.*, Civil Action No. 3:15CV02401-HZ
U.S.D.C. D.Or

Dear Mr. Rote:

     In accordance with your subpoena and response to my letter regarding the Department of Justice Touhy regulations on September 20, 2016, attached are the responsive records maintained by the United States Marshals Service.

     Sincerely,

     William E. Bordley
     Associate General Counsel/FOIPA Officer

Attachments

Ex 3 page 8
18CV45257

Exhibit 1  page 7

## Kelly, Brian (USMS)

| | |
|---|---|
| **From:** | Joel Christiansen <joel@oremploymentlawyer.com> |
| **Sent:** | Thursday, November 12, 2015 2:30 PM |
| **To:** | Kelly, Brian (USMS) |
| **Cc:** | Linda Marshall |
| **Subject:** | Timothy Rote/Sitting Duck Portland |

Brian,

Thanks for the call a few minutes ago. Per your request, Mr. Rote's address is 24790 SW Big Fir Road, West Linn, OR 97068.

Mr. Rote's ex-wife's name was Catherine Rote. My co-counsel, Linda Marshall, and I will let you know if we can track down her maiden name.

Please feel free to call my cell if you need anything further: 503-915-1094.

Joel


Joel Christiansen | VOGELE & CHRISTIANSEN
812 NW 17th Avenue, Portland, OR 97209
(p) 503-841-6722 (e) joel@oremploymentlawyer.com

1

Rote v. Marshall                    Exhibit 2 - Part 1, Page 66 of 351
3:19-cv-00082

Ex 3 page 9
18CV45257

Exhibit 1 page 8

Telephone call 11/12/15

Linda Marshal (attorney)
Mr. Joel Christiansen  503-915-1094  (attorney)

2001 Judge Jones handled a simple wage case with Tim Rote
Tim Fraudulently transferred money
Defendant wrote a letter to the judge and the judge they don't know what it contained
Recently in the last year Rote is writing a blog
**Sitting duck blog** within the last couple of days he posted information about Judge Jones
Congratulations Judge Jones our legacy is not always what we want it to be.  (on post)
This fellow is following Judge Jones career and to make the statement is disturbing to the attorneys
TIM ROTE
~~Def~~ arrested in 2004 sitting in his car sitting outside his former wife's house with latex gloves and a gun
with the serial number rubbed off.  He also a concealed carry permit.  ?

Following the blog because he is harassing their client.

Not sure he is stable.

Current case with Judge Stewart.

Brown, Papak and Hernandez have all ruled against Mr. Rote.

url  sittingduckportland.wordpress.com

He writes about  Arbitrator corruption

Ex 3 page 10
18CV43257

Exhibit 1 page 9

## *Kelly, Brian (USMS)*

**From:**            ▮▮▮▮▮@ord.uscourts.gov
**Sent:**            Friday, January 15, 2016 7:39 AM
**To:**              Kelly, Brian (USMS)
**Subject:**         RE: Nov 12th Life Time Achievement Award Dinner


I don't think I saved any of that information.  I typed it up and gave it to you.

▮▮▮▮▮
Judicial Assistant/Courtroom Deputy to the Honorable Judge Robert E. Jones
▮▮▮▮▮Chambers
▮▮▮▮▮ Fax

Ability is what you are capable of doing.
Motivation determines what you do.
Attitude determines how well you do it.
Lou Holtz
S.
T
9

From:  "Kelly, Brian (USMS)" <Brian.Kelly2@usdoj.gov>
To:    ▮▮▮▮▮r@ord.uscourts.gov" <▮▮▮▮▮@ord.uscourts.gov>
Date:  01/14/2016 03:46 PM
Subject:RE: Nov 12th Life Time Achievement Award Dinner



Ok, can you send me his attorneys name and contact info again.
Thanks,
N
Brian C. Kelly
PII, USMS
Portland, OR
▮▮▮▮▮ - Desk
▮▮▮▮▮ - Cell

-----Original Message-----
From: ▮▮▮▮▮@ord.uscourts.gov [mailto▮▮▮▮▮@ord.uscourts.gov]
Sent: Thursday, January 14, 2016 3:31 PM
To: Kelly, Brian (USMS)
Subject: Fw: Nov 12th Life Time Achievement Award Dinner


I do not want to respond to this email.  I truthfully don't even know who called.  I gave the information to you.
3
▮▮  ▮▮
Judicial Assistant/Courtroom Deputy to the Honorable Judge Robert E. Jones
▮▮▮▮▮Chambers
P
4
L
9

1

Ex 3 page 11
18CV43257

Exhibit 1  page 10

███████ Fax

Ability is what you are capable of doing.
Motivation determines what you do.
Attitude determines how well you do it.
Lou Holtz

---- Forwarded by ███████/ORD/09/USCOURTS on 01/14/2016 03:29 PM -----

From:        <tim@rote-enterprises.com>
To:          ████████r@ord.uscourts.gov
Date:        01/14/2016 03:24 PM
Subject:     Nov 12th Life Time Achievement Award Dinner


Hi ████:

Apparently, in the afternoon of this big event someone from your office received a call about a blog post of mine, inferring that I intended to do some harm to The Honorable Robert E. Jones. The Marshals Service called me and I assured them that was not the case then and is not the case now, nor will it ever be.

But I would like to find out who made the call. Would you share that with me please.


Tim Rote

2

Ex 3 page 12
18CV43257

Exhibit 1  page 11

## Kelly, Brian (USMS)

| | |
|---|---|
| **From:** | ██████████ (USMS) |
| **Sent:** | Friday, August 12, 2016 9:20 AM |
| **To:** | ██████████ (USMS); ██████████ (USMS) |
| **Cc:** | Kelly, Brian (USMS)██████████ (USMS) |
| **Subject:** | FW: Inquiry |
| **Attachments:** | ██████████.doc |

Brian,

Pursuant to our conversation, I am forwarding you the letter that was sent to the USMS Wanted tip email inbox. IOD CIB monitors that and sends leads. This, of course, is not a lead but a request to be removed from the district list maintained at the screening station.

As you are also named in it, I am sending to the ACDUSM and JSI in the event the district determines they need to handle this subject using different personnel.

IOD has not contacted the sender beyond the automated response every email gets that the message was received and they may be further contacted if necessary. That should come locally as IOD would not get involved in a local judicial security matter.

I also did not forward to JSD OPI as any interaction with them can be done via your district if you wish to do that.

If the sender contacts the tipline again, we'll continue to send to Oregon.

██ please file this received email in the closed archive. Thanks!!!!

████████
Chief
U.S. Marshals Service
IOD Criminal Intelligence Branch
████████

---

**From:** ████████ (USMS)
**Sent:** Friday, August 12, 2016 9:52 AM
**To:** ████████ (USMS)
**Subject:** FW: Inquiry

Good morning Chief,

I am monitoring the tip-line this week.  This email was filed on the USMS wanted tip-line in care of the AD.

Thanks-██

---

**From:** tim@rote-enterprises.com [mailto:tim@rote-enterprises.com]
**Sent:** Thursday, August 11, 2016 6:02 PM

1

Ex 3 page 13
18CV45257

E
**To:** USMS Wanted (USMS)
**Subject:** Inquiry

Exhibit 1  page 12

2

Ex 3 page 14
18CV45257

Exhibit 1 page 13

August 11, 2016

Mr. ███████████
Assistant Director
Investigative Operations

Mr. ███████

I am writing you about an issue of some import to me. A few weeks ago I went to the U.S. District Court in Oregon to file a Judges copy of a motion. I was detained after going through security. I was detained because I'm on a watch list. My photo and information is on a dedicated page in a three ring binder at the security station.

While I don't know for sure why I am on the watch list, I suspect it is because of action taken by two attorneys representing an opposing party in litigation pending in Federal Court. I called your agents once my business was done and inquired as to why I was on the list and was told it would be investigated and I would be called. I am more than happy to meet with the U.S. Marshal's service.

I suspect I am on the watch list because Judge Jones asked that I be put on it. In 2001 Judge Jones and I had a bit of disagreement on a matter over him presiding in a trial, possibly involving a family member. The issue passes and arose again in 2010 in an unrelated arbitration. In that arbitration opposing counsel, Linda Marshall, implored the arbitrator to contact Judge Jones about his opinion of me. While the behavior was outrageous there is some evidence that Judge Jones influenced the outcome. I had refuted that conclusion until recently. In 2015 I published a blog on the arbitration including the evidence of arbitrator failures and corruption.

One of the blog post, Chapter 19, concluded that arbitrators are effectively above the law because they are so seldom reversed and take great liberty with evidence, either accepting or dismissing it. At the end of that blog I noted that Judge Jones was receiving a lifetime achievement award at a dinner in his honor and wished him well. I also noted that our legacies are not always what we wanted them to be. I know mine is not.

The opposing attorneys then contacted Judge Jones deputy and intimated that my blog post was a veiled threat to come to Judge Jones' dinner to do him so kind of harm. Brian Kelley from your office contacted me early that evening to determine if I intended to come to the dinner and if I further had some intention to do Judge Jones harm. I assured him I did not. My attorney was with me and assured him also in a separate call. Brian was very professional.

In response I sued the attorneys for defamation, civil conspiracy and a few other claims. In preparing for the case I contacted Judge Jones deputy and received another call from Brian Kelley telling me not to call or email them. Now I hope you understand that the conversation between the deputy clerk and the opposing attorneys is potentially material to my case. I should point out that there is no doubt in my mind that the attorneys contacted Judge Jones to influence other litigation pending and painted a threatening picture to advance their interests. I did not and do not advocate violence. Moreover until that contact it seemed unlikely that Judge Jones

Timothy C. Rote        24790 SW Big Fir Rd., West Linn, OR 97068        503.702.7225

had influenced any of my litigation. But since that time, following the lead by these attorneys, they appear to know something I do not. Moreover they have claimed they reached out to Judge Jones because of information I had recently acquired regarding Judge Jones' influence. That of course was not true.

But now as a result of their spurious behavior I am on a watch list and I can only surmised that this is because of the intimation to the deputy clerk. And so I want to know when and why I was put on the watch list. If this needs to follow a protocol request as in a Freedom of Information request, let me know.

I'd like to be taken off the list. I can imagine that the attorneys did not envision that the deputy would publish their misleading and defamatory statements to the U.S. Marshals service, but they were published and were discovered.

My blog on this 7 year arbitration and now 5 year post arbitration litigation speaks to issues of some concern to the public and as a blogger I am a member of the media. It would be contrary to public policy to be put on a watch list for publishing my findings on arbitration and judicial corruption. I know Judges hate being examined in such a forum as a blog, but that is the price of free speech and that speech cannot be silenced through punitive actions when focused on a judge and especially not on a Senior U.S. Federal Judge who can still influence the outcome of pending litigation.

Thank you for your consideration.

Very truly yours,

*s/ Timothy C. Rote*
Timothy C. Rote

Timothy C. Rote        24790 SW Big Fir Rd., West Linn, OR 97068        503.702.7225

BackupJudge:Hernandez, LawClerk:Anderson, LawClerk:Witt, PROTECTIVE ORD,

# U.S. District Court
## District of Oregon (Portland (3))
## CIVIL DOCKET FOR CASE # 3:14-cv-00406-ST
## Internal Use Only

| | |
|---|---|
| Zweizig v. Rote et al | Date Filed: 03/11/2014 |
| Assigned to: Magistrate Judge Janice M. Stewart | Jury Demand: Plaintiff |
| Demand: $600,000 | Nature of Suit: 370 Other Fraud |
| Cause: 28:1332 Diversity-Fraud | Jurisdiction: Diversity |

**Plaintiff**

**Max Zweizig**                                   represented by   **Linda L. Marshall**
                                                                  PMB 408
                                                                  3 Monroe Parkway
                                                                  Suite P
                                                                  Lake Oswego, OR 97035
                                                                  (503) 699-2082
                                                                  Fax: (503) 697-8477
                                                                  Email:
                                                                  linda.marshall.attorneyatlaw@gmail.com
                                                                  *LEAD ATTORNEY*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Joel W. Christiansen**
                                                                  812 NW 17th Avenue
                                                                  Portland, OR 97209
                                                                  503-841-6722
                                                                  Fax: 503-928-5580
                                                                  Email: joel@oremploymentlawyer.com
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Shawn M. Sornson**
                                                                  Shawn M. Sornson, PC
                                                                  3415 Commercial Street, SE
                                                                  Suite 106
                                                                  Salem, OR 97302
                                                                  (503) 585-3224
                                                                  Fax: (503) 585-3755
                                                                  Email: smsattorney@hotmail.com
                                                                  *TERMINATED: 04/13/2015*

V.

**Defendant**

**Timothy Rote**                                    represented by **Jeffrey I. Hasson** (503) 784-2220
*a citizen of the State of Oregon*                                Davenport & Hasson, LLP
                                                                12707 NE Halsey Street
                                                                Portland, OR 97230
                                                                503-255-5352
                                                                Fax: 503-255-6124
                                                                Email: hasson@dhlaw.biz
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Northwest Direct Teleservices, Inc.**          represented by **Jeffrey I. Hasson**
*an Oregon for-profit corporation*                              (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Northwest Direct Marketing of**               represented by **Jeffrey I. Hasson**
**Oregon, Inc.**                                                (See above for address)
*an Oregon for-profit corporation*                              *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1-10**

**Defendant**

**Northwest Direct Marketing, Inc.**            represented by **Jeffrey I. Hasson**
*an Oregon for-profit corporation*                              (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2014 | 1 | Complaint. Filing fee in the amount of $400 collected. Agency Tracking ID: 0979-3607994 Jury Trial Requested: Yes. Filed by Max Zweizig against All Defendants (Attachments: # 1 Civil Cover Sheet). (Marshall, Linda) (Entered: 03/11/2014) |
| 03/11/2014 | 2 | Notice of Case Assignment to Magistrate Judge Janice M. Stewart and Discovery and Pretrial Scheduling Order. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the** |

| | | |
|---|---|---|
| | | Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5. Discovery is to be completed by 7/9/2014. Joint Alternate Dispute Resolution Report is due by 8/8/2014. Pretrial Order is due by 8/8/2014. Ordered by Magistrate Judge Janice M. Stewart. (cib) (Entered: 03/12/2014) |
| 03/12/2014 | 🖳 | (Court only) ***NON-PUBLIC****** Case Flags Edited. Law Clerk Mary Anne Anderson flag set. (jlr) (Entered: 03/12/2014) |
| 03/12/2014 | 🖳 | (Court only) ***NON-PUBLIC***Clerk's Office review of new civil case opened by an attorney. **The following statistical or other clerical errors were observed:** Party Text Missing Incorrect Demand Amount **The following corrective action was taken:** Added party text. Corrected money demand.**(Related cases were indicated.)** (cib) (Entered: 03/12/2014) |
| 03/13/2014 | 3 | Proposed Summons *of Timothy C. Rote* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/13/2014 | 4 | Proposed Summons *to Northwest Direct Teleservices, Inc.* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/13/2014 | 5 | Proposed Summons *to Northwest Direct Marketing of Oregon, Inc.* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/13/2014 | 6 | Proposed Summons *to Northwest Direct Marketing, Inc.* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/13/2014 | 7 | Amended Proposed Summons *to Northwest Direct Teleservices, Inc.* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/13/2014 | 8 | Amended Proposed Summons *to Northwest Direct Marketing of Oregon, Inc.* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/13/2014 | 9 | Amended Proposed Summons *to Timothy C. Rote* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/13/2014 | 10 | Amended Proposed Summons *to Northwest Direct Teleservices, Inc.* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/14/2014 | 11 | Summons Issued Electronically as to Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5.** (Attachments: # 1 NW Direct Teleservices, Inc., # 2 NW Direct Marketing of Oregon, # 3 issued summons Timothy Rote) (cib) |

| | | |
|---|---|---|
| | | (Entered: 03/14/2014) |
| 05/23/2014 | 12 | Waiver of Service of Summons Returned Executed by Timothy Rote waiver sent on 4/16/2014. Filed by Max Zweizig. (Marshall, Linda) (Entered: 05/23/2014) |
| 05/23/2014 | 13 | Waiver of Service of Summons Returned Executed by Northwest Direct Marketing, Inc. waiver sent on 4/16/2014. Filed by Max Zweizig. (Marshall, Linda) (Entered: 05/23/2014) |
| 05/23/2014 | 14 | Waiver of Service of Summons Returned Executed Filed by Max Zweizig. (Marshall, Linda) (Entered: 05/23/2014) |
| 05/23/2014 | 15 | Waiver of Service of Summons Returned Executed by Northwest Direct Marketing of Oregon, Inc. waiver sent on 4/16/2014. Filed by Max Zweizig. (Marshall, Linda) (Entered: 05/23/2014) |
| 05/23/2014 | 16 | Waiver of Service of Summons Returned Executed by Northwest Direct Teleservices, Inc. waiver sent on 4/16/2014. Filed by Max Zweizig. (Marshall, Linda) (Entered: 05/23/2014) |
| 06/03/2014 | 17 | Amended Complaint . Filed by Max Zweizig against All Defendants. (Marshall, Linda) (Entered: 06/03/2014) |
| 06/04/2014 | 18 | Notice of Appearance of Jeffrey I. Hasson appearing on behalf of Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote Filed by on behalf of Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote (Hasson, Jeffrey) (Entered: 06/04/2014) |
| 06/16/2014 | 19 | Motion to Dismiss for Lack of Jurisdiction . Oral Argument requested. Filed by Northwest Direct Marketing, Inc., Northwest Direct Marketing of Oregon, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 06/16/2014) |
| 06/16/2014 | 20 | Corporate Disclosure Statement . Filed by Northwest Direct Teleservices, Inc.. (Hasson, Jeffrey) (Entered: 06/16/2014) |
| 06/16/2014 | 21 | Corporate Disclosure Statement . Filed by Northwest Direct Marketing of Oregon, Inc.. (Hasson, Jeffrey) (Entered: 06/16/2014) |
| 06/16/2014 | 22 | Corporate Disclosure Statement . Filed by Northwest Direct Marketing, Inc.. (Hasson, Jeffrey) (Entered: 06/16/2014) |
| 06/16/2014 | 23 | Unopposed Motion for Stay *Discovery and Pretrial Order Deadlines*. Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 06/16/2014) |

Rote v. Marshall                                         Exhibit 2 - Part 1, Page 77 of 351
3:19-cv-00082

| 06/17/2014 | 24 | **ORDER:** Granting Defendants' Unopposed Motion To Stay Discovery and Pretrial Order Deadlines 23 pending outcome of Motion to Dismiss 19 . Ordered by Magistrate Judge Janice M. Stewart. (jlr) (Entered: 06/17/2014) |
| 06/17/2014 | 🔒 | (Court only) ***NON-PUBLIC******Deadlines/Documents /Schedules Terminated. Termed the Discovery, ADR and PTO deadlines as they are stayed. (jlr) (Entered: 06/17/2014) |
| 06/20/2014 | 25 | Scheduling Order by Magistrate Judge Janice M. Stewart: SETTING Motion to Dismiss for Lack of Jurisdiction 19 for Oral Argument on Thursday, **8/21/2014 at 09:30AM** in Portland Courtroom 11A before Magistrate Judge Janice M. Stewart. Please see attached Notice Regarding Civil Case Procedures in cases assigned to Judge Stewart. (jlr) (Entered: 06/20/2014) |
| 06/30/2014 | 26 | Unopposed Motion for Extension of Time . Filed by Max Zweizig. (Marshall, Linda) (Entered: 06/30/2014) |
| 06/30/2014 | 27 | Declaration of Linda L. Marshall *in Support for Unopposed Motion for Extension of Time*. Filed by Max Zweizig. (Related document(s): Motion for Extension of Time 26 .) (Marshall, Linda) (Entered: 06/30/2014) |
| 07/01/2014 | 28 | **ORDER:** Granting Motion for Extension of Time 26 to file response to Motion to Dismiss for Lack of Jurisdiction 19 . Response is due by 7/2/2014. Ordered by Magistrate Judge Janice M. Stewart. (jlr) (Entered: 07/01/2014) |
| 07/02/2014 | 29 | Memorandum in Opposition to Motion to Dismiss for Lack of Jurisdiction 19 Oral Argument requested. Filed by Max Zweizig. (Marshall, Linda) (Entered: 07/02/2014) |
| 07/16/2014 | 30 | Reply to Motion to Dismiss for Lack of Jurisdiction 19 . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 07/16/2014) |
| 08/21/2014 | 31 | **MINUTES of Proceedings:** before Magistrate Judge Janice M. Stewart. Motion Hearing Held regarding Motion to Dismiss/Lack of Jurisdiction 19 . ORDER: Plaintiff's Supplemental Brief is due 8/29/2014; Defendants' Supplemental Response Brief is due 9/5/2014. Defendants' Motion to Dismiss (docket # 19 ) will be taken under advisement upon receipt of the supplemental briefing. Linda Marshall present as counsel for plaintiff(s). Jeffrey Hasson present as counsel for defendant(s). Court Reporter: Jill Erwin (503) 326-8191. (jlr) (Entered: 08/21/2014) |

Rote v. Marshall                                              Exhibit 2 - Part 1, Page 78 of 351
3:19-cv-00082

| 08/29/2014 | 32 | Supplement *Memoradum In Opposition to Defendant's Motion to Dismiss*. Filed by Max Zweizig. (Related document(s): Motion to Dismiss/Lack of Jurisdiction 19 .) (Marshall, Linda) (Entered: 08/29/2014) |
| --- | --- | --- |
| 09/03/2014 | 33 | Sur-Reply *(Response to Plaintiff's Supplemental Memorandum)* to Motion to Dismiss for Lack of Jurisdiction 19 . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 09/03/2014) |
| 09/03/2014 | 34 | Order: Taking defendants' Motion to Dismiss for Lack of Jurisdiction 19 under advisement as of 9/5/2014. Ordered by Magistrate Judge Janice M. Stewart. (stewart1, ) (Entered: 09/03/2014) |
| 10/22/2014 | 35 | Findings & Recommendation: Motion to Dismiss for Lack of Jurisdiction 19 should be granted as to the Third Claim with leave to replead and otherwise should be denied. Objections to the Findings and Recommendation are due by 11/10/2014. Signed on 10/22/14 by Magistrate Judge Janice M. Stewart. (ST) (Entered: 10/22/2014) |
| 10/23/2014 | 🔒 | (Court only) ***NON-PUBLIC******Deadlines/Documents /Schedules Terminated. Termed the 9/5/14 U/A date. (jlr) (Entered: 10/23/2014) |
| 10/23/2014 | 🔒 | (Court only) ***NON-PUBLIC****** Case Flags Edited. Backup Judge Hernandez flag set. (jlr) (Entered: 10/23/2014) |
| 10/23/2014 | 36 | Order by Magistrate Judge Janice M. Stewart referring Findings & Recommendation 35 , and Motion to Dismiss for Lack of Jurisdiction 19 to Judge Marco A. Hernandez for his consideration. (jlr) (Entered: 10/23/2014) |
| 10/24/2014 | 🔒 | (Court only) ***NON-PUBLIC****** Case Flags Edited. Law Clerk Maria Witt assigned. *** Set/Reset Deadlines as to Findings & Recommendation 35 : If no objection by 11/10/2014, Motion is taken under advisement as of 11/14/2014. (mr) (Entered: 10/24/2014) |
| 11/10/2014 | 37 | Objections to Findings & Recommendation: Motion to Dismiss for Lack of Jurisdiction 19 35 Oral Argument requested. Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 11/10/2014) |
| 11/12/2014 | 🔒 | (Court only) ***NON-PUBLIC****** Set/Reset Deadlines as to Findings & Recommendation 35 : Objection filed 11/10/2014. Response to objection due 11/24/2014; Motion is taken under advisement as of 12/1/2014. (mr) (Entered: 11/12/2014) |

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 79 of 351

Ex 3 page 22
District of Oregon CM/ECF LIVE Release Version 6.1                     https://ecf.ord.circ9.dcn/cgi-bin/DktRpt.pl?792288507020574-L_1_0-1

Exhibit 1 page 21

| | | | |
|---|---|---|---|
| 11/24/2014 | 🔒 | 38 | **STRICKEN pursuant to order dated 12/4/2014.** ~~Memorandum in Opposition~~ *Defendant's Partial Objection* ~~to Findings & Recommendation: Motion to Dismiss for Lack of Jurisdiction 19 35 Oral Argument requested. Filed by Max Zweizig. (Marshall, Linda)~~ Modified on 12/4/2014. (mr) (Entered: 11/24/2014) |
| 12/04/2014 | | 39 | Order for Administrative Correction of the Record pursuant to Fed. R. Civ. P. 60(a) regarding Memorandum in Opposition 38 filed by Max Zweizig. A Clerical error has been discovered in the case record. The Clerk is directed to make the following administrative corrections to the record: Docket entry 38 filed by plaintiff, is a refiling of docket entry 37 (defendant's objection to F&R). Thus, docket entry 38 is not what it purports to be and the Clerk's Office is directed to strike the filing from the docket. Plaintiff shall immediately file the intended response to opposition to F&R. Ordered by Judge Marco A. Hernandez. (mr) (Entered: 12/04/2014) |
| 12/04/2014 | | 40 | Response to Objections to Findings & Recommendation (titled by filer: Memorandum in Opposition to Defendants' Partial Ojbections to F&R). Related document(s): 35 Findings & Recommendation, and 37 Objections to Findings & Recommendation, Oral Argument requested. Filed by Max Zweizig. (mr) (Entered: 12/04/2014) |
| 12/16/2014 | | 41 | **ORDER:** The Court adopts Magistrate Judge Stewart's Findings and Recommendation 35 . Therefore, Defendants' Motion to Dismiss 19 is denied with respect to Plaintiff's first and second claims for relief, and granted with respect to Plaintiff's third claim for relief, which is dismissed with leave to amend. See 3-page order attached. Signed on 12/16/2014 by Judge Marco A. Hernandez. (mr) (Entered: 12/17/2014) |
| 12/29/2014 | | 42 | Answer to 17 Amended Complaint . Filed by Northwest Direct Marketing, Inc., Northwest Direct Marketing of Oregon, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 12/29/2014) |
| 04/10/2015 | | 43 | Scheduling Order by Magistrate Judge Janice M. Stewart: SETTING a TELEPHONE Rule 16 Conference for Wednesday, 4/22/2015 at 09:30AM before Magistrate Judge Janice M. Stewart. Court staff will initiate the call to counsel. (jlr) (Entered: 04/10/2015) |
| 04/13/2015 | | 44 | Notice of Attorney Withdrawal: Filed by Max Zweizig (Sornson, Shawn) (Entered: 04/13/2015) |
| 04/22/2015 | | 45 | **MINUTES of Proceedings:** Telephone Rule 16 Conference held; Notice Regarding Civil Case Procedures. ORDER: Setting the following case schedule and deadlines: Joint Alternate Dispute Resolution Report is due by 8/28/2015. Discovery is to be completed and dispositive motions are due by 9/30/2015. Written consents to |

Rote v. Marshall                                                    Exhibit 2 - Part 1, Page 80 of 351
3:19-cv-00082

| | | |
|---|---|---|
| | | proceed before a Magistrate Judge, if any, are to be filed by 9/30/2015. Please see the Civil Case Assignment Order (docket # 2 , p. 6) for Consent form. The Pretrial Order is due and Expert Witness Statements are to be exchanged by 11/2/2015, unless dispositive motions are filed, in which case, the Pretrial Order is due and Expert Witness Statements are to be exchanged within 30 days after a final ruling on the dispositive motions. Please see the attached Notice regarding additional procedures applicable in cases assigned to Magistrate Judge Stewart. Linda Marshall present as counsel for plaintiff(s). Jeffrey Hasson present as counsel for defendant(s). Court Reporter: none. Tape No: none.Magistrate Judge Janice M. Stewart presiding. (stewart1, ) (Entered: 04/22/2015) |
| 08/18/2015 | 46 | Stipulated Motion for Protective Order . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 08/18/2015) |
| 08/18/2015 | 47 | **STIPULATED PROTECTIVE ORDER** regarding Stipulated Motion for Protective Order 46 . Signed on 8/18/15 by Magistrate Judge Janice M. Stewart. (jlr) (Entered: 08/18/2015) |
| 08/19/2015 | 🔒 48 | Motion for Protective Order . **(DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER)** Oral Argument requested. Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 08/19/2015) |
| 08/19/2015 | 🔒 49 | Declaration of Jeffrey I. Hasson . **(DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER)** Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Related document(s): Motion for Protective Order, 48 .) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (Hasson, Jeffrey) (Entered: 08/19/2015) |
| 08/24/2015 | 50 | Scheduling Order by Magistrate Judge Janice M. Stewart regarding Motion for Protective Order 48 . TELEPHONE Oral Argument is set for Thursday, **9/10/2015 at 11:00AM** before Magistrate Judge Janice M. Stewart. Court staff will initiate the call to counsel. (jlr) (Entered: 08/24/2015) |
| 08/26/2015 | 51 | Order by Magistrate Judge Janice M. Stewart. Counsel are to call the AT&T toll-free conference line for the TELEPHONE Oral Argument which is set for Thursday, 9/10/2015 at 11:00AM. The number will be provided to counsel by separate e-mail. (jlr) (Entered: 08/26/2015) |
| 08/31/2015 | 52 | Joint ADR Report . Filed by Max Zweizig.(Marshall, Linda) (Entered: 08/31/2015) |

| 09/02/2015 | 🔒 | 53 | Motion for Summary Judgment . (**DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER**) Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 09/02/2015) |
| 09/02/2015 | 🔒 | 54 | Declaration of Timothy C. Rote . (**DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER**) Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Related document(s): Motion for Summary Judgment, 53 .) (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Hasson, Jeffrey) (Entered: 09/02/2015) |
| 09/02/2015 | 🔒 | 55 | Declaration of Jeffrey I. Hasson . (**DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER**) Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Related document(s): Motion for Summary Judgment, 53 .) (Attachments: # 1 Exhibit A) (Hasson, Jeffrey) (Entered: 09/02/2015) |
| 09/03/2015 | 🔒 | | (Court only) ***NON-PUBLIC******Deadlines/Documents /Schedules Terminated. Termed the 11/2/15 PTO and Expert Witness Statements deadline as they are now due within 30 days after a final ruling on the dispositive motions. (jlr) (Entered: 09/03/2015) |
| 09/03/2015 | | 56 | Scheduling Order by Magistrate Judge Janice M. Stewart regarding Motion for Summary Judgment 53 . Response due by 9/28/2015. Reply due by 10/15/2015. Motion for Summary Judgment 53 will be taken under advisement on 10/15/2015. Please refer to Notice regarding additional procedures applicable in cases assigned to Magistrate Judge Stewart attached to document 45 . (jlr) (Entered: 09/03/2015) |
| 09/07/2015 | 🔒 | 57 | Response in Opposition to Motion for Protective Order 48 oral argument requested. (**DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER**) Filed by Max Zweizig. (Marshall, Linda) (Entered: 09/07/2015) |
| 09/07/2015 | 🔒 | 58 | Declaration of Linda L. Marshall *in Response to Defendants' Motion for Protective Order*. (**DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER**) Filed by Max Zweizig. (Related document(s): Response in Opposition to Motion 57 .) (Attachments: # 1 Exhibit F, # 2 Exhibit G, # 3 Exhibit H, # 4 Exhibit I, # 5 Exhibit J, # 6 Exhibit K, # 7 Exhibit L, # 8 Exhibit M) (Marshall, Linda) (Entered: 09/07/2015) |
| 09/07/2015 | 🔒 | 59 | Response To Defendants' Motion For Protective Order . (**DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER**) Filed by Max Zweizig. (Related document(s): Response in |

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 82 of 351

| | | | |
|---|---|---|---|
| | | | Opposition to Motion 57 .) (Attachments: # 1 Exhibit N, # 2 Exhibit O, # 3 Exhibit P, # 4 Exhibit Q, # 5 Exhibit R, # 6 Exhibit S, # 7 Exhibit T, # 8 Exhibit U, # 9 Exhibit V, # 10 Exhibit W, # 11 Exhibit X, # 12 Exhibit Y) (Marshall, Linda) Modified on 9/14/2015 docket text to response instead of declaration (cib). (Entered: 09/07/2015) |
| 09/07/2015 | 🔒 | 60 | Declaration of Max Zweizig *Submitted in Response to Defendants' Motion for Protective Order*. (**DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER**) Filed by Max Zweizig. (Related document(s): Response in Opposition to Motion 57 .) (Marshall, Linda) (Entered: 09/07/2015) |
| 09/10/2015 | | 61 | **MINUTES of Proceedings:** Telephone Motion Hearing and Scheduling Conference held. ORDER: Defendants' Motion for Protective Order, docket # 48 , is DENIED. ORDER: Setting the following new case schedule and deadlines: Plaintiff's Response to Defendants' Motion for Summary Judgment, docket # 53 , is due 10/13/2015. Discovery is to be completed and dispositive motions are due by 11/2/2015. Defendants' Reply to their motion is due 11/4/2015. The Pretrial Order remains due 30 days after a final ruling on dispositive motions. Please see the Notice of Civil Case Procedures (docket # 45 ) for dispositive motions requirements and other procedures applicable in cases assigned to Judge Stewart. Linda Marshall present as counsel for plaintiff(s). Jeffrey Hasson present as counsel for defendant(s). Court Reporter: Amanda LeGore. Tape No: none. Magistrate Judge Janice M. Stewart presiding. (st1) (Entered: 09/10/2015) |
| 09/29/2015 | 🔒 | 62 | Motion for Imposition of Sanctions . (**DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER**) Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 09/29/2015) |
| 09/29/2015 | 🔒 | 63 | Declaration of Jeffrey I. Hasson . (**DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER**) Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Related document(s): Motion for Imposition of Sanctions, 62 .) (Attachments: # 1 Exhibit A) (Hasson, Jeffrey) (Entered: 09/29/2015) |
| 09/29/2015 | | 64 | Certificate of Service by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote of Motion for Imposition of Sanctions 62 *and Declaration 63 with Service by Mail and Electronically on September 2, 2015* Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 09/29/2015) |

| | | |
|---|---|---|
| 09/29/2015 | 65 | Scheduling Order by Magistrate Judge Janice M. Stewart: Setting the following new schedule for the pending motions in this case: Written Consents to proceed before a Magistrate Judge, if any, are due 10/19/2015 (Consent form available in the Civil Case Assignment Order (docket # 2 , p. 6)). Plaintiff's Responses to Defendants' Motion for Summary Judgment (docket # 53 ) and Defendants' Motion for Imposition of Sanctions (docket # 62 ) are due 10/19/2015. Defendants' Replies to both pending motions are due 11/9/2015. The motions will be taken under advisement on 11/16/2015. Please see the Notice Regarding Civil Case Procedures (docket # 25 ) for requirements regarding dispositive motions practice before Judge Stewart. Ordered by Magistrate Judge Janice M. Stewart. (st1) (Entered: 09/29/2015) |
| 10/13/2015 | 66 | Motion for Extension of Time to File a Response/Reply to Motion for Imposition of Sanctions 62 . Filed by Max Zweizig. (Marshall, Linda) (Entered: 10/13/2015) |
| 10/13/2015 | 67 | Declaration of Linda L. Marshall *in Suport for Motion for Extension of Time*. Filed by Max Zweizig. (Related document(s): Motion for Extension of Time to File Response/Reply to a Motion 66 .) (Marshall, Linda) (Entered: 10/13/2015) |
| 10/13/2015 | 🔒 68 | Response in Opposition *Plantiff's Response* to Motion for Summary Judgment 53 Oral Argument requested. **(DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER)** Filed by Max Zweizig. (Marshall, Linda) (Entered: 10/13/2015) |
| 10/13/2015 | 🔒 69 | Declaration of Linda L. Marshall *in Suport for Response to Motion for Summary Judgement*. **(DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER)** Filed by Max Zweizig. (Related document(s): Response in Opposition to Motion, 68 .) (Attachments: # 1 Exhibit Ex A, # 2 Exhibit Ex B, # 3 Exhibit Ex C, # 4 Exhibit Ex D, # 5 Exhibit Ex E, # 6 Exhibit Ex F, # 7 Exhibit Ex G, # 8 Exhibit Ex H, # 9 Exhibit Ex I, # 10 Exhibit Ex J, # 11 Exhibit Ex K, # 12 Exhibit Ex L, # 13 Exhibit Ex M, # 14 Exhibit Ex N, # 15 Exhibit Ex O, # 16 Exhibit Ex P, # 17 Exhibit Ex Q, # 18 Exhibit Ex R) (Marshall, Linda) (Entered: 10/14/2015) |
| 10/14/2015 | 70 | **ORDER:** Per e-mail from plaintiff's counsel, the Motion for Extension of Time to File Response 20 is withdrawn. Ordered by Magistrate Judge Janice M. Stewart. (jlr) (Entered: 10/14/2015) |
| 10/19/2015 | 🔒 71 | Response *Plantiff's Response* to Motion for Imposition of Sanctions 62 Oral Argument requested. **(DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER)** Filed by Max Zweizig. (Marshall, Linda) (Entered: 10/19/2015) |

| 10/19/2015 | 🔒 | 72 | Declaration of Max Zweizig *in Responce to Defendent's Motion for Sanctions.* (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Related document(s): Response to Motion 71 .) (Marshall, Linda) (Entered: 10/19/2015) |
| --- | --- | --- | --- |
| 10/19/2015 | 🔒 | 73 | Declaration of Linda L. Marshall *in Response to Defendent's Motion for Sanctions.* (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Related document(s): Response to Motion 71 .) (Attachments: # 1 Exhibit Ex S, # 2 Exhibit Ex T, # 3 Exhibit Ex U, # 4 Exhibit Ex V, # 5 Exhibit Ex W, # 6 Exhibit Ex X) (Marshall, Linda) (Entered: 10/19/2015) |
| 10/19/2015 | 🔒 | 74 | Amended Response in Opposition *of Defendent's Motion for Summary Judgment* to Motion for Summary Judgment 53 Oral Argument requested. (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Marshall, Linda) (Entered: 10/19/2015) |
| 11/02/2015 | | 75 | Notice of Appearance of Joel W. Christiansen appearing on behalf of Max Zweizig Filed by on behalf of Max Zweizig (Christiansen, Joel) (Entered: 11/02/2015) |
| 11/06/2015 | | 76 | Scheduling Order by Magistrate Judge Janice M. Stewart: SETTING Motion for Summary Judgment 53 , and Motion for Imposition of Sanctions 62 for Oral Argument on Wednesday, **12/9/2015 at 09:30AM in Portland Courtroom 11A before Magistrate Judge Janice M. Stewart. Defendant will appear by phone. The toll-free conference line number will be provided to Mr. Hasson by separate e-mail. (jlr) (Entered: 11/06/2015)** |
| 11/09/2015 | | 77 | Reply to Motion for Summary Judgment 53 . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Attachments: # 1 Attachment TouchStar Complaint, # 2 Attachment TouchStar Contract) (Hasson, Jeffrey) (Entered: 11/09/2015) |
| 11/09/2015 | | 78 | Reply to Motion for Imposition of Sanctions 62 . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Attachments: # 1 Attachment TouchStar Complaint, # 2 Attachment TouchStar Contract) (Hasson, Jeffrey) (Entered: 11/09/2015) |
| 11/09/2015 | | 79 | Declaration of Jeffrey I. Hasson . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Related document(s): Motion for Imposition of Sanctions, 62 .) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Hasson, Jeffrey) (Entered: |

Exhibit 2 - Part 1, Page 85 of 351

Exhibit 1  page 27

|  |  | 11/09/2015) |  |
|---|---|---|---|

Exhibit 1  page 28

# Sitting Duck Portland

Another story on arbitrator corruption & costs



# Chapter 20 – Code of Conduct for United States Judges

Judges, Arbitrators & yes even Attorneys have a written and published Code of Ethics or Conduct. Before exploring the Arbitrator's Code, I thought it would first be valuable to address the US Judges Code of Conduct. Why? Because Linda Marshall on more than two occasions has asked a Federal judge or Magistrate to set aside the facts and to compromise the Code of Conduct in order to find in her favor. The Canon's are attached here.code of conduct

These are the Canons for US Judges:
Canon 1: A Judge Should Uphold the Integrity and Independence of the Judiciary
Canon 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in All Activities
Canon 3: A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently
Canon 4: A Judge May Engage in Extrajudicial Activities That Are Consistent with the Obligations of Judicial Office
Canon 5: A Judge Should Refrain from Political Activity

More on Canon 1: A JUDGE SHOULD UPHOLD THE INTEGRITY AND INDEPENDENCE OF THE JUDICIARY

"An independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.

Ex 3 page 30
18CV45257 Sitting Duck Portland | Another story on arbitrator corruption & costs          Page 2 of 21

~~Exhibit 1  page 29~~

COMMENTARY

Deference to the judgments and rulings of courts depends on public confidence in the integrity and independence of judges. The integrity and independence of judges depend in turn on their acting without fear or favor. Although judges should be independent, they must comply with the law and should comply with this Code. Adherence to this responsibility helps to maintain public confidence in the impartiality of the judiciary. **Conversely, violation of this Code diminishes public confidence in the judiciary and injures our system of government under law.**

The Canons are rules of reason. They should be applied consistently with constitutional requirements, statutes, other court rules and decisional law, and in the context of all relevant circumstances. The Code is to be construed so it does not impinge on the essential independence of judges in making judicial decisions.

The Code is designed to provide guidance to judges and nominees for judicial office. It may also provide standards of conduct for application in proceedings under the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980 (28 U.S.C. §§ 332(d)(1), 351-364). Not every violation of the Code should lead to disciplinary action. Whether disciplinary action is appropriate, and the degree of discipline, should be determined through a reasonable application of the text and should depend on such factors as the seriousness of the improper activity, the intent of the judge, whether there is a pattern of improper activity, and the effect of the improper activity on others or on the judicial system. Many of the restrictions in the Code are necessarily cast in general terms, and judges may reasonably differ in their interpretation. Furthermore, the Code is not designed or intended as a basis for civil liability or criminal prosecution. Finally, the Code is not intended to be used for tactical advantage."

I have always been surprised when an attorney, like Marshall, asks a Judge in an unrelated matter to set aside the facts in order to punish me again for prior acts, which she interprets as a justified lashing and favor from the court. But the unabated truth is the Marshall is also asking the Judge to compromise his or her Integrity and Independence and Marshall has reason to believe it will be done.

I would never ask a Judge to do that. But I believe in the truth more than tactics and if the truth can no longer prevail, then we are in dire condition as a nation. It's not just Oregon. I witnessed the same thing in Colorado. As a small business owner, you will be in and out of court in some form of litigation and more than once in your lifetime. If all litigation is decided based on your first result, if you cannot get a fair trial in that same court house in front of friends of that prior Judge, then what are we to do? Move? I don't know.

More on Canon #2: A JUDGE SHOULD AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY IN ALL ACTIVITIES

https://sittingduckportland.wordpress.com/                                              11/12/2015

"A. Respect for Law. A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
B. Outside Influence. A judge should not allow family, social, political, financial, or other relationships to influence judicial conduct or judgment. A judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in a special position to influence the judge. A judge should not testify voluntarily as a character witness.
C. Nondiscriminatory Membership. A judge should not hold membership in any organization that practices invidious discrimination on the basis of race, sex, religion, or national origin.

COMMENTARY

Canon 2A. An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges. A judge must avoid all impropriety and appearance of impropriety. This prohibition applies to both professional and personal conduct. A judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by the ordinary citizen. Because it is not practicable to list all prohibited acts, the prohibition is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code. Actual improprieties under this standard include violations of law, court rules, or other specific provisions of this Code.

Canon 2B. Testimony as a character witness injects the prestige of the judicial office into the proceeding in which the judge testifies and may be perceived as an official testimonial. A judge should discourage a party from requiring the judge to testify as a character witness except in unusual circumstances when the demands of justice require. This Canon does not create a privilege against testifying in response to an official summons.
A judge should avoid lending the prestige of judicial office to advance the private interests of the judge or others. For example, a judge should not use the judge's judicial position or title to gain advantage in litigation involving a friend or a member of the judge's family. In contracts for publication of a judge's writings, a judge should retain control over the advertising to avoid exploitation of the judge's office.
A judge should be sensitive to possible abuse of the prestige of office. A judge should not initiate communications to a sentencing judge or a probation or corrections officer but may provide information to such persons in response to a formal request. Judges may participate in the process of judicial selection by cooperating with appointing authorities and screening committees seeking names for consideration and by responding to official inquiries concerning a person being considered for a judgeship.

Canon 2C. Membership of a judge in an organization that practices invidious discrimination gives rise to perceptions that the judge's impartiality is impaired. Canon 2C refers to the current practices of the

organization. Whether an organization practices invidious discrimination is often a complex question to which judges should be sensitive. The answer cannot be determined from a mere examination of an organization's current membership rolls but rather depends on how the organization selects members and other relevant factors, such as that the organization is dedicated to the preservation of religious, ethnic or cultural values of legitimate common interest to its members, or that it is in fact and effect an intimate, purely private organization whose membership limitations could not be constitutionally prohibited. See New York State Club Ass'n. Inc. v. City of New York, 487 U.S. 1, 108 S. Ct. 2225, 101 L. Ed. 2d 1 (1988); Board of Directors of Rotary International v. Rotary Club of Duarte, 481 U.S. 537, 107 S. Ct. 1940, 95 L. Ed. 2d 474 (1987); Roberts v. United States Jaycees, 468 U.S. 609, 104 S. Ct. 3244, 82 L. Ed. 2d 462 (1984). Other relevant factors include the size and nature of the organization and the diversity of persons in the locale who might reasonably be considered potential members. Thus the mere absence of diverse membership does not by itself demonstrate a violation unless reasonable persons with knowledge of all the relevant circumstances would expect that the membership would be diverse in the absence of invidious discrimination. Absent such factors, an organization is generally said to discriminate invidiously if it arbitrarily excludes from membership on the basis of race, religion, sex, or national origin persons who would otherwise be admitted to membership.

Although Canon 2C relates only to membership in organizations that invidiously discriminate on the basis of race, sex, religion or national origin, a judge's membership in an organization that engages in any invidiously discriminatory membership practices prohibited by applicable law violates Canons 2 and 2A and gives the appearance of impropriety. In addition, it would be a violation of Canons 2 and 2A for a judge to arrange a meeting at a club that the judge knows practices invidious discrimination on the basis of race, sex, religion, or national origin in its membership or other policies, or for the judge to use such a club regularly. Moreover, public manifestation by a judge of the judge's knowing approval of invidious discrimination on any basis gives the appearance of impropriety under Canon 2 and diminishes public confidence in the integrity and impartiality of the judiciary, in violation of Canon 2A.

When a judge determines that an organization to which the judge belongs engages in invidious discrimination that would preclude membership under Canon 2C or under Canons 2 and 2A, the judge is permitted, in lieu of resigning, to make immediate and continuous efforts to have the organization discontinue its invidiously discriminatory practices. If the organization fails to discontinue its invidiously discriminatory practices as promptly as possible (and in all events within two years of the judge's first learning of the practices), the judge should resign immediately from the organization."

These are broad and general rules and I believe that our Federal Judges work very hard to uphold them. Do not interpret my posts as a critique of the Court overall. But when an attorney essentially asks a Judge to violate the above Canons, you need to take notice. That suggests a prior relationship exists and the attorney believes the favor to be a valid request. Shocking.

https://sittingduckportland.wordpress.com/                                                           11/12/2015

More on Canon #3 in our next post.

This entry was posted in Uncategorized and tagged code of Conduct, US District Court on November 12, 2015 [https://sittingduckportland.wordpress.com/2015/11/12/chapter-20-code-of-conduct-for-united-states-judges/] .



# Chapter 19 – Are Arbitrator's Above The Law?

A discussion of THE "MANIFEST DISREGARD OF THE LAW" standard.

Quoting and citing the work of Michael Leroy, "Common law doctrines provide non-statutory avenues to prevent awards from becoming binding. This Article contemplates the role of courts when they review awards that "manifestly disregard the law"—a term that means the arbitrator knew the law but deliberately ignored it. When judges review awards too closely, they undermine finality. But when a judge confirms an award in which the arbitrator flouts the law, does the finality rule put the arbitrator above the law?" See more from Michael Leroy here.02_leroy

The discussion of many a legal scholar discusses, explores, and it appears universally conclude that as general concepts like "manifest disregard of the law (md)", which have been developed over centuries of

Case 3:19-cv-00082-MO    Document 1-2    Filed 01/16/19    Page 92 of 351

Ex 3 page 34
18CV45257  Sitting Duck Portland | Another story on arbitrator corruption & costs        Page 6 of 21
Exhibit 1  page 33

legal precedent and analysis, when these generalized but broad moral directives are codified into more specific guidelines of a review, that the broader concept can be lost. That appears to be the case for the Federal Arbitration Act, which has offered more specificity and guidance to the bench. But the interpretation of that guidance in the hands of any given Judge is that broader more concepts like md may be seen as in addition to the Act or in the alternative already considered by the ACT, precluding further consideration.

Consider this example. Lets say that an arbitrator refuses to allow evidence in and therefore is subject to having his ruling vacated. In the alternative arbitrators could allow the evidence to be presented, allow it to become part of the record and simply choose to ignore it. Reversing an arbitration award even when an arbitrator makes a mistake is not generally grounds enough for a Judge to vacate the award. Arbitrators make a lot of mistakes. However, a judge who believes that the Manifest Disregard of The Law standard is still available may choose to weigh the egregiousness of the arbitrators refusal to follow the law…and would perhaps Vacate the Award or Modify the Award.

And so lets consider this in context to the Zweizig arbitration. Mr. Crow decided that Zweizig would not be penalized for knowingly destroying his computers, emails (that we owned), reformatting a hard drive we owned, withholding software programs written by him (which we owned) and otherwise destroying key evidence. By contrast Zweizig's attorney demanded that we not destroy our hard dries, our computers, etc. and we did not destroy that evidence. But Zweizig did. How did Marshall know they would get away with that? The law would have required that Zweizig's knowing destruction of the evidence he held would either require a dismissal of his case or an inference that the evidence he destroyed was damaging to him. Thus the evidence would have proven that he received the email sent to him terminating his employment and therefore his entire case fails and it fails because he was fired before he filed his false complaint to the Oregon Department of Justice. When we testified and presented forensically verifiable evidence that an email was sent and Zweizig was terminated before he filed the complaint, then Zweizig's destroyed computers and emails infer agreement with our evidence. But Crow did not follow this law. It's as if we did not present the evidence.

There is of course more. When Zweizig testified that he never did claim we were engaged in criminal activity, but rather inappropriate activity, he was saying that his attorney filed an incorrect complaint…that his attorney misinterpreted his intention. His case fails. But Crow did not follow this and it was Zweizig's testimony supporting our position this time. If you recall Zweizig testified that he believed we were engaging in inappropriate behavior if we reduce a client's invoice. We are all "inappropriate" when we buy at a discount. Childish. An arbitrator need not embrace childishness.

When a Judge uses Judicial discretion, he does so recognizing that an Appeals Court is itching to reverse him…if there are other errors of significance. But the abuses by Crow were beyond Judicial discretion. I

can understand that he may have been angry, but the job requires putting the facts ahead of any form of bias. He did not do that.

I keep coming back to the get out of jail card Marshal submitted during arbitration. Doing this during a regular trial, in front of a real judge, may have been enough to cause a mistrial and loss of a jury. And yet Crow received it. The get out of jail card was a case summary where Robert E. Jones, U.S. Federal Judge, assisted a Plaintiff in an earlier trial before him. That Plaintiff was Sean Jones. I don't think he was related to Judge Jones but it did not dawn on me to ask at that time. And the message is that Judge Jones did not like Rote (me) and you should set the facts aside to dislike him as well. As transparent as that was, and believe me I was surprised that she did it on the record, it may have had an impact. Is it code? Is it just one attorneys knowledge that the system is broken and this is the road to a win. There is a disgusting inference to be drawn by Marshall putting the Jones case on the record. It's sad and demeaning. But it's Marshall & apparently Crow.

Mr. Crow I think you proved you are above the Law. No one stopped you. And I suspect thay you knew no one would. But this history, this written record of the arbitration, this blog and the book that follows will be an exclamation point on the abuse. At least it will be that.

The Honorable Robert E. Jones is receiving a lifetime achievement award tomorrow night. The press will be there. Congratulations Judge Jones. Perhaps more often than not our legacies are not what we wanted them to be.

This entry was posted in Uncategorized and tagged arbitrator corruption, judicial corruption, Manifest disregard of the law, robert E. Jones on November 12, 2015 [https://sittingduckportland.wordpress.com/2015/11/12/chapter-19-are-arbitrators-above-the-law/] .



# Chapter 18 – The Appeal

Borrowing a line from Arbitrator Crow, well Ms. Marshall where did we leave off. Ms. Marshall: "Mr. Crow, Mr. Rote was in the middle of his cross-examination of Max Zweizig." Mr. Crow: "Hmm."

Prior to Arbitrator Crow's Final Opinion and Award we challenged his independence given his prior failure to disclose his past and working relationship with Linda Marshall. And now after the award we were left with one more opportunity to set the arbitration aside. That was to Appeal the award to the State or Federal Court.

The most dangerous aspect of arbitration is this last step, that is the very limited opportunity one has to appeal and set aside and arbitration award. Because arbitration was intended to be an alternative to court, our State and Federal laws have evolved to provide guidelines as to what a court may review and under what circumstance and award can be set aside. An erroneous interpretation of a law in its application to the case is not sufficient to set aside or vacate an arbitration award.

As discussed, there are limited opportunities to vacate an arbitration award. Under the Federal Arbitration Act, we had essentially 4 conceptual opportunities and chose to focus on 2 of those, "evident partiality" and "arbitrator misconduct". Once we found out about Mr. Crow's prior work relationship with Marshall, it was necessary to challenge his independence just to preserve our right to appeal the award under the "evident partiality" standard. But at the same time it incites the arbitrator so that the result very often is a Mr. Crow who then starts setting aside very clear and convincing evidence we provided in order to find in favor of Zweizig. We knew the risk. The best of our Judges and Arbitrators have thick skins and would not use this action by us as an invitation to hurt us. But many Judges and Arbitrators are not good.

And so we Appealed asking the court to vacate the award, focusing on "evident partiality" and "arbitrator misconduct". Facts can easily fall into both of these categories. See a discussion of these and other opportunities to appeal.DispResJ

Evident partiality is intended to cover historical relationships that may indicate or result in bias. Quoting from a Dispute Resolution Journal…"More recently, the 11th Circuit fashioned a new, but less than "bright line" test for vacating an award due to evident partiality. This test requires either an actual conflict of interest or nondisclosure of information known by the arbitrator that would lead a reasonable person to believe that a potential conflict exists. The 11th Circuit's test was predicated on the Supreme Court's statement in Commonwealth Coatings that courts "should be even more scrupulous to safeguard the impartiality of arbitrators than judges, since the former have completely free rein to decide the law as well as the facts."

Again recall that when challenges Arbitrator Crow did recuse himself, deciding to step down from the case. But when Linda Marshall challenged his right to step down, he capitulated. Naturally him not disclosing that he had worked with Linda Marshall met this standard. there was more though. I overheard

a conversation between them when Crow asked about her health and had heard from other Miller Nash law firm alumni that Linda had health issues. I wont disclose what they are. More importantly though I found that Crow opening every morning asking Marshall where we left off was a very clear indication that we no longer had an unbiased and independent arbitrator. And lets not necessarily taint that with an intent by Crow to be dishonest an unbiased. Let's say instead that the issues were going to be resolved by the evidence and much of that evidence was digital forensics. Marshall would know she has an edge if she confuses the issues enough with testimony from an expert. Even though we had 7 witnesses and they had but 2 and even though their forensic expert agreed with ours, twisting the conclusions of the reports created some confusion. And in umbrella of confusion, who would Crow believe.

We took a position that much of the testimony was fraudulent and that Marshall put this testimony on suggests that she knew that Crow would be confused and he would be influenced by his pat relationship with Marshall and that's why arbitration's are risky. Had the award been reached in court it would have been easily overturned. Crow's refusal to associate a negative inference to Zweizig for his failure to provide his computers, for reformatting a hard drive a day before he turned it over to us, for refusing to provide the email source to the spreadsheet evidence and so forth. And most importantly because Zweizig retracted in his own testimony that he had filed a criminal complaint or ever intended to.

Beyond our challenges under "evident partiality, we also appealed under the "arbitrator misconduct" standard. That standard includes an arbitrator's refusal to postpone the hearing without sufficient cause, an arbitrator refusal to hear evidence pertinent and material to the controversy and a catch-all for any other misbehavior by which the rights of any party have been prejudiced. With respect to a refusal to hear evidence, those cases are where evidence is not permitted to be presented. What happens though when evidence is on the record and is not considered by the arbitrator. All of our evidence had to be disregarded almost in its entirety to find in favor of Zweizig. All of our forensic evidence, the reports by our independent experts, the evidence of use by Zweizig, even the reports by their forensic expert was set aside to the extent it agreed with or experts. Setting aside evidence is not the same as not hearing the evidence and it is the prerogative of the arbitrator to do so, but it is an indicator that the arbitrator is not bias and otherwise engaged in misbehavior by which our rights had been prejudiced.

Our Appeal is attached. We did not prevail. I was slightly surprised. Again the Federal Court's interest in reviewing and setting aside an award is not significant, but the Magistrate who considered the case was well prepared and I felt like we had a fair hearing. Nonetheless I think the Judge made the wrong decision, for no other reason than Crow recused himself and later withdrew that recusal. There was an acknowledgement that Crow and Marshall had worked together. Most of the evidence provided to you in this blog was not reviewed by the Judge. We had no opportunity to get it in. The Judges hands were effectively tied and his review limited. I suspect that he would have been happy to look further into the evidence, particularly the destruction of the evidence by Zweizig, our forensic reports establishing that I

had terminated Zweizig before the complaint was filed and other supporting testimony. But under the standard of review he can't review it.

Do not arbitrate. Our motion to vacate is attached. Read on. We will break this down a bit more in subsequent posts. See our Memorandum Support The Motion to Vacate here. Memorandum Supporting Motion to Vacate Award

This entry was posted in Uncategorized and tagged arbitration appeal on November 10, 2015 [https://sittingduckportland.wordpress.com/2015/11/10/chapter-18-the-appeal/] .



# Chapter 17 – Uh Oh, Linda Marshall threatened Litigation

We are presenting for your consumption an outline of the facts of an arbitration that started in 2003, yes 12 years ago. Sometimes these issues follow you for a very long time and this should come as a warning

JUL 11 2005 9:16AM   LEVOW AND COSTELLO          856   4297726          P. 1
    FEB-02-2004  09:14      BLUMBERG AND LINDNER LLC                      P.11/15

1                    IN THE UNITED STATES DISTRICT COURT

2                      FOR THE DISTRICT OF OREGON

3    SEAN JONES,                          )
                                          )
4              Plaintiff,                 )  CV 99-990 JO
                                          )
5         vs.                             )  March 18, 2001
                                          )
6    NORTH WEST TELEMARKETING,            )  Portland, Oregon
     INC.,                                )
7                                         )
               Defendant.                 )
8

9                    TRANSCRIPT OF STATUS CONFERENCE

10             BEFORE THE HONORABLE ROBERT E. JONES

11             UNITED STATES DISTRICT COURT JUDGE

12                           APPEARANCES

13   FOR THE PLAINTIFF:  A.E. BUD BAILEY
                         Bailey Pinney & Associates LLP
14                       8100 S.W. Nyberg Road, Suite 201
                         Tualatin, Or   97062-6438
15                       503 691-6267

16   FOR THE DEFENDANT:  JOHN W. WEIL
     Northwest             Hooper Englund & Weil LLP
17                       1100 S.W. 6th Ave., Suite 1507
                         Portland, Or 97201
18                       503 221-0309

19   FOR THE DEFENDANT:  KEVIN BRUCE CHAMES
     Rote                 Chames & Chames
20                       29781 S.W. Town Center Loop W
                         Wilsonville, Or  97070
21                       503 682-8840

22
     COURT REPORTER:   Katherine Rismann, CSR, CRR, RDR
23                     1000 S.W. Third Ave., Room 301
                       Portland, OR  97205  (503) 326-8186
24
                    Proceedings recorded stenographically,
25                     computer-aided transcription.
                                                            2

1               (Wednesday, March 18, 2001, 9:00 a.m.)

2                    P R O C E E D I N G S

3

4          THE COURT:  All right.  We are here, so what do

5    you want the court to do?

6          MR. BAILEY:  Well, your Honor, I think the

7    court -- pursuant to your order, we need to set the date for

                                                    EXHIBIT 13
                                                    Dec. Joel Christiansen - 11/30/2018
                                                    Page 1 of 5
                        Ex.4 page 1
                                                    Exhibit 2 - Part 1, Page 97 of 351
Rote v. Marshall
3:19-cv-00082

JUL 11 2005 9:16AM    LEVOW AND COSTELLO        856   4297726        P.2
FEB-02-2004  09:14        BLUMBERG AND LINDNER LLC                   P.12/15

8    a show cause hearing, and then kind of work back from that,

9    maybe, in terms of the discovery that is necessary before we

10   do the show cause hearing.

11         And Mr. Weil and I talked about that earlier, and

12   I think that's kind of what we thought we might do.

13         MR. WEIL:  I think that's correct.  And your

14   Honor, for the record, again, I represent the defendant

15   Northwest Telemarketing from the original case.  And then I

16   have been asked to represent the two corporate defendants,

17   Northwest Direct of Sisters and Northwest Direct

18   Teleservices, so I would represent all three corporate

19   defendants, and Mr. Chames, the individual defendant,

20   Mr. Rote.

21         I believe that there are some issues regarding

22   service of process in this case.  We probably ought to have

23   an opportunity to respond to the creditors bill and maybe

24   file some motions to get the pleadings tested, and have a

25   discovery schedule, with set-off, and then schedule a trial
                                                              3

1    date on the underlying claim.

2          MR. CHAMES:  I concur with that, your Honor.  I

3    had been asked by Mr. Rote to -- when Mr. Weil identified a

4    potential conflict between him personally and the companies

5    that he's involved in -- to represent him here.  To date,

6    all I have seen is request for discovery by Mr. Bailey,

7    which came through Mr. Weil's office, as a matter of fact,

8    and put a time line on the discovery request that he had

9    sent, which I think would be three days hence.  And, so, I

10   haven't had an opportunity to look at that.

11         I think a lot of the things that Mr. Bailey has

12   requested, pursuant to this discovery, probably would be

13   objectionable or exceed the scope which he would be required

14   to delve into, given the rules that you have previously

http://ccmsg1.sc1.ummail.com/attach/Jones%20031801.txt?sid=bo32ot68wh8sr6v9n0&m...    1/29/2004

Ex.4 page 2

EXHIBIT 13
Dec. Joel Christiansen - 11/30/2018
Page 2 of 5

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 98 of 351

JUL 11 2005 9:16AM   LEVOW AND COSTELLO        856  4297726      P.3
     FEB-02-2004  09:15      BLUMBERG AND LINDNER LLC              P.13/15

15   made.

16         So, I need some time to get in and look at the

17   pleadings and be able to kind of make some objections and

18   make some reasoned arguments as to why I think some of the

19   things that he's requesting may or may not be applicable.

20         MR. BAILEY:  I don't know that there's any -- I

21   don't know what their issues are.  As the court knows, the

22   order in this matter came out some time ago.  Today is the

23   first day I have known Mr. Chames was going to represent

24   Mr. Rote personally in this matter.

25         I think -- I don't recall, I mean, whether or not
                                                         4

1    you responded to my motion in this case earlier, on behalf

2    of all the individuals or not.  I don't recall what the

3    response was even was.

4          MR. WEIL:  I responded on behalf of the defendant

5    against whom the judgment has been entered, your Honor.  I

6    didn't enter an appearance for the others.  I only appeared

7    on behalf of Northwest Telemarketing.

8          MR. BAILEY:  It's likely then that what I need to

9    have from the court is an order for a show cause hearing

10   with a date, so I can serve them -- serve each of the

11   grantee defendants with the date, so that they know when the

12   show cause hearing would be.  And then, at that point, it

13   seems like we work backwards in terms of discovery dates and

14   anything else that may be necessary.

15         THE COURT:  One of the reasons I wanted you to

16   come in here, has Mr. Rote shared with you the letter he

17   wrote to the court?

18         MR. WEIL:  I have not seen the letter, your Honor.

19         MR. CHAMES:  I have not seen the letter, no.

20         THE COURT:  Did you give them the courtesy of the

21   letter?

22         MR. ROTE:  I don't recall that I did.  I don't

http://ccmsg1.sc1.ummail.com/attach/Jones%20031801.txt?sid=bo32ot68wh8sr6v9n0&m...   1/29/2004

EXHIBIT 13
Dec. Joel Christiansen - 11/30/2018
Page 3 of 5

Ex.4 page 3          Exhibit 2 - Part 1, Page 99 of 351

Rote v. Marshall
3:19-cv-00082

JUL 11 2005 9:16AM    LEVOW AND COSTELLO          856    4297726       P.4
   FEB-02-2004  09:15         BLUMBERG AND LINDNER LLC                    P.14/15

23    think so.

24            THE COURT:  Anyway, I don't want anything to do

25    with this case.  I have utter contempt for this person.  He
                                                          5

1     wrote the court a very personal, very nasty letter.  A

2     hypocrite.  So, get out of here.  I am not going to have

3     anything to do with this.  I will recuse myself.  I will

4     reassign it to another judge.

5            (Mr. Rote left the room.)

6            MR. CHAMES:  Okay.

7            MR. BAILEY:  Do I need to do anything?

8            THE COURT:  You can't.  I am just -- I am not --

9            MR. CHAMES:  Did you want to say anything else to

10    us, your Honor?

11            THE COURT:  I am just saying to you that this guy

12    wrote a letter where I couldn't possibly be impartial.

13    Thank you.

14            MR. WEIL:  I am very sorry, your Honor.  And I

15    apologize and understand.  I haven't seen it, but --

16            THE COURT:  He's a member of our church and said

17    what kind of a Christian could I be to make such decisions

18    and all that sort of stuff.  And it wouldn't go to Judge

19    Marsh either, who is also a member of the church.

20            Okay.  Thank you.

21            MR. WEIL:  Thank you, Judge.

22                    (Recess 9:03 a.m.)

23

24

25
                                                          6

1                    --o0o--

2

3            I certify, by signing below, that the foregoing is

EXHIBIT 13
Dec. Joel Christiansen - 11/30/2018
Page 4 of 5
Ex.4 page 4
Exhibit 2 - Part 1, Page 100 of 351
Rote v. Marshall
3:19-cv-00082

JUL 11 2005 9:16AM    LEVOW AND COSTELLO    856  4297726          P.5
    FEB-02-2004  09:15        BLUMBERG AND LINDNER LLC                P.15/15

4    a correct transcript of the record of proceedings in the
5    above-entitled cause.

6

7    _____    _____
     KATHERINE EISMANN, CSR, CRR, RDR      DATE
8    Official Court Reporter

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

http://ccmsg1.scl.ummail.com/attach/Jones%20031801.txt?sid=bo32ot68wh8sr6v9n0&m...   1/29/2004
                                                                                   TOTAL P.15

                                    EXHIBIT 13
                        Dec. Joel Christiansen - 11/30/2018
                                    Page 5 of 5

            Ex.4 page 5
                        Exhibit 2 - Part 1, Page 101 of 351

Rote v. Marshall
3:19-cv-00082

18CV45257

Case 1:04-cv-02025-RBK-JBR    Document 22    Filed 05/27/05    Page 1 of 2 PageID: 374

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE ROBERT B. KUGLER

MAX ZWEIZIG,

          Plaintiff(s),       :

                         :

              v.            :      Civil No. 04-2025(RBK)

                         :

TIMOTHY ROTE, INDIVIDUALLY AND  :
D/B/A NORTHWEST DIRECT
TELESERVICES, INC., JOHN DOES 1-5,  :
AND JOHN DOES 6-10,
                         :

          Defendant(s).      :

## ORDER TO SHOW CAUSE

        **THIS MATTER HAVING** come before the Court upon its own Motion, and it appearing that Timothy C. Rote, on May 22, 2005, faxed to the undersigned, a letter of the same date which purports to seek "reconsideration" of an Order of this Court, and it further appearing that in this letter, Mr. Rote implies that a law clerk employed in this Court had improper contact with plaintiff through plaintiff's girlfriend, and it further appearing that Mr. Rote implies that a law clerk employed in this Court had improper contact with plaintiff through a pedophile web site, and that these comments, and the conduct in contacting the Court, may constitute contempt,

        **IT IS ON THIS**    27th    day of May, 2005, **ORDERED** that Timothy C. Rote, **SHOW CAUSE** before this Court on **June 21, 2005, at 4:00 P.M.**, in Courtroom 4D, Mitchell H. Cohen United States Courthouse, 1 John F. Gerry Plaza, Camden, New Jersey, why he should not be subject to **CRIMINAL CONTEMPT PROCEEDINGS**, pursuant to F.R.Crim.P. 42(a). Rote is cautioned that failure to appear in Court on that date in response to this Order to Show Cause may result in an arrest warrant being issued to take him into custody.

                                              s/Robert B. Kugler
                                          ROBERT B. KUGLER
                                          United States District Judge

EXHIBIT  8
PAGE  1 of 2

Ex.5 page 1

Exhibit 2 - Part 1, Page 102 of 351

18CV45257

Digital Recovery Systems
Computer Examination Report

# FINAL REPORT

## ISSUES

I was asked to perform additional analysis of the contents of the Maxtor 120gb hard drive listed below in reference to an item noted in the attachment to my report dated February 7, 2005.  On page 52 of the attachment, item number 58, I noted a text fragment from the unallocated space of the C: partition on that hard drive:

*File: D:\shared\Gay Sex Video – Anal – Hardhats (Falcon) – Older Muscle Guy Fucks Young Twink – 57 sec.mpg*

I have included page 52 of the attachment from that report for reference.    The additional analysis involved examining the data on the drive's two reformatted partitions for indications of Internet use for the purposes of visiting pornographic web sites and the presence of pornography on the computer.

## QUALIFICATIONS

I am a certified forensic computer examiner through the International Association of Computer Investigative Specialists (IACIS), with more than 440 hours of specialized training in the acquisition and analysis of computer evidence.  That training was obtained through IACIS, the National White Collar Crime Center, AccessData Corporation, Guidance Software Inc., the Federal Bureau of Investigation and the Defense Computer Investigations Training Program.

## ITEMS EXAMINED

(1)  Maxtor D540X-4G 120gb hard drive, serial number 4G120J6060511

## ACQUISITION PROCESS

See prior reports.

August 24, 2005    Page 1 of 4

18CV45257

Digital Recovery Systems
Computer Examination Report

# FINAL REPORT

## EXAMINATION

I performed a text search for **http://** to look for evidence of any web site addresses on the drive. I examined several thousand recovered web site addresses, but found no evidence that any of them belonged to sites featuring pornography.

I performed a text search for additional examples of **D:\shared**, noted in the attachment from my earlier report, which would have been a folder on the D: partition prior to reformatting. I found a number of instances of this text with file names that indicated this folder contained a significant number of files. Most of these files were *mpeg* or *avi* movies, as well as *mp3* music files. Examples of the file titles are listed in the attachments to this report. Some of the files included the text *INCOMPLETE* within the file name. This would indicate that the file was being downloaded on this computer at some point, but that the download was interrupted for some reason. This is consistent with my knowledge of peer-to-peer file sharing programs.

Peer-to-peer (P2P) filing sharing programs are installed by the user on a personal computer. Some common programs of this type are *KaZaA*, *Limewire*, *Bearshare* and *Morpheus*. The programs allow the user to see other program users on-line and view folders and files that those users designate as "shared," or available to download from. Typically the programs will by default create a "*shared*" folder that the user can designate as visible to other users. The programs also allow the user to choose the folder whose contents they want to share with other users.

P2P programs commonly display files by various types in a library-style listing, with search features, allowing the user to select those files he wants to copy to his computer. I searched this drive for the various peer-to-peer file sharing programs that I am familiar with, but found nothing I recognized. However, the presence of a "*shared*" folder containing movie and music files is consistent with this type of file operation.

I recognized many of the titles of the files in the shared folder as various television shows, such as various episodes of *Star Trek – The Next Generation*, or music videos such as *Styx, "Haven't We Been Here Before"*. Other mpeg and avi movie files appeared to be pornographic in nature based on words in the title that are commonly associated with those types of movies.

It appears likely that this computer was at one point installed with an undetermined peer-to-peer file sharing program, and the *shared* folder contained files that the user made available to other P2P program users to copy.

August 24, 2005     Page 2 of 4

Ex.6 page 2
Ex.6 page 6

18CV45257

Digital Recovery Systems
Computer Examination Report

# FINAL REPORT

I also found evidence of other folders that originally existed on the *D:* partition, such as **nwtold**, **paul**, **NWT-1** and **winmx**. These folders contained similar types of file names as noted in the *shared* folder, including file names of popular television shows like the *Simpsons* and *Deep Space 9*.

I found text in the unallocated space of the C: partition that indicated the computer originally housing this drive had the following drive letters:

**A:\**
**C:\**
**D:\**
**E:\**
**F:\**
**G:\**

The A:\ drive would have been the floppy diskette drive, while the C:\ and D:\ drives were the two partitions on the 120gb Maxtor drive. At one point the computer with this drive had three additional drive letters assigned. These could have included a CD/DVD drive or some type of external storage device, like a thumb drive or an external hard disk drive. I found text examples of what appeared to be folder and file names from an F:\ drive that contained numerous mpeg format movie files, all of which appeared to have titles consistent with music videos. Example: **Bangles – Walk_Like_An_Egyption.mpg**.

I found a number of avi movie file titles that existed in the *D:\shared* folder location. Each had the word *INCOMPLETE* in the title, as well as the phrase "**tvrip**". I researched the term on various Internet web sites and discovered that these types of files are digital video files of television programs. In the six cases where I found the *tvrip* text, each file name was for the program "*The Dead Zone*". The file names also included a string of characters I recognized as Hash values. Hash values are hexadecimal numbers that are unique for a particular file, essentially a digital finger print.

I attempted to recover any actual movie or music files that existed on this drive prior to reformatting using a number of software tools. As of the date of this report I have not been successful in this task. Should I recover any such files in the future, they will be documented in a separate report.

Lastly, I found what appeared to be another drive letter and folder name, **Z:\laptop**. All of the file names associated with this text were mp3 music files for various artists like *Simple Minds, Mike and the Mechanics, Cindy Lauper, Tom*

18CV45257

Digital Recovery Systems
Computer Examination Report

# FINAL REPORT

*Petty & The Heartbreakers* and *Tears For Fears*.  There was no indication as to
what type of device the Z:\ drive would have been.

## CONCLUSIONS

There were no indications of web site addresses on the drive belonging to
pornographic web sites.  A search of the drive for all recoverable images also did
not reveal any pornographic images.

I located data on the drive consistent with the operation of a peer-to-peer file
sharing program.  File folder entries for the *D:* partition showed folders containing
file names for mpeg and avi movie files.  Several of these files had names that
would suggest their content was pornographic in nature.  Other files appeared to
be movie files of music videos and television programs, as well as mp3 music
files.  The purpose of placing these types of files in a shared folder would be to
make them accessible for download by other users of the same file sharing
program.  Additional music and video files appeared on other drive letters for
undetermined devices.   This information would support the conclusion that these
files were stored on this drive for purposes of sharing with other peer-to-peer file
sharing program users across the Internet.

_____
Steven E. Williams
Certified Forensic Computer Examiner

Ex.6 page 4
Ex.6 page 8

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 106 of 351

18CV45257

# Digital Recovery Systems

| Case: **NW Direct 120gb Maxtor** | Page 52 |
| --- | --- |

### 57) Maxtor HDD\C\Unallocated Clusters

   ☐   We had a good meeting to discuss some current projects that we will try to get done next week before the
new business rolls in        e h       Max Zweizig        ax          ax       Normal.dot          Max
Zweizig        2 x         Microsoft Word 9.0 n@    šB     @    ‚ŌO ‚Â @     Óš ‚Â

### 58) Maxtor HDD\C\Unallocated Clusters

      @  ☐?          "@  ☐? % š>     4@  @  -÷          "@  yh<>  n   Â@    1 file:D:\shared\Gay Sex
Video - Anal -  Hardhats (Falcon) - Older Muscle Guy Fucks Young Twink - 57 sec.mpeg  _   AA  F@  X Gay Sex
Video - Anal -  Hardhats (Falcon) - Older Muscle Guy Fucks Young Twink - 57 sec          AA  Â@           SA
Â@  3 š>      eA  AA  f8          SA  Oµ'>
‾ í Â@     á   ° Á     á  \ p   Max Zweizig

### 59) Maxtor HDD\C\Unallocated Clusters

Following is the requested information for Harry L Zechman. Please forward any moneys
from his NFCU accounts to my address below for dispersal to his estate, along with moneys from any entitlements
that he may be due under your policies.

Thank you for all of your help in this matter.

Max Zweizig Executor
140 Ford Avenue
Woodbury NJ 08096

### 60) Maxtor HDD\C\Unallocated Clusters

  DAILY DTCMS DATA
To: Discover Group From: NorthWest Marketing  Fax: 630/ 355-8387 Pages: 1  Phone:  Date: 3/20/03  Re: Daily
DTCMS Vendor Sign Off CC:
Daily DTCMS data for file name  NWD0320.TS1.txt  in zip file NWD0320.ZIP has been placed on the The Allant Group
FTP site.   For End of Campaign files fill in Campaign ID and # of records sent for campaign.

Campaign ID A55 A58 DCS DCT DCX DD1  Total # of Records in transmission  10 10 10 10 10 10  Total Sales (SS, SO
and SL disposition type)  10 5       Total Contacts  10 10 10 10 10 10  Total Depletes 10 10 10 10 10 10  Total
Sales per Hour (SPH) .88 3.69        Total Hours (HHHHHH:MM:SS) 11:21:56 1:21:13 18:51 15:00 1:49:32 1:21:50
Total Talk Time 2:11:29 1:21:13 18:51 15:00 1:49:32 1:21:50  Total Wait Time 9:10:27      My signature
indicates that I have reviewed and approved the data for the transmission date listed above.

___Max Zweizig_____
(If anyone other than the Account Manager signs off, then print the alternates name and provide a phone number
where this person can be reached for questions / clarification)

Contacts calculation = Sales + Refusal + UNW Person + NQR (see list of valid disposition codes for
classification)
Depletes calculation = Contacts + UNW phone (see list of valid disposition codes for classification)

18CV45257

# D:\shared

**Case: NW Direct 120gb Maxtor**          Page 1

## 1) Maxtor HDD\C\Unallocated Clusters

```
PlaylistName=Playlist 001
File1=D:\shared\Gay Sex Video - Anal -  Hardhats (Falcon) - Older Muscle Guy Fucks Young Twink - 57 sec.mpeg
Title1=Gay Sex Video - Anal -  Hardhats (Falcon) - Older Muscle Guy Fucks Young Twink - 57 sec
Length1=57
NumberOfEntries=1
Version=2
```

## 2) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\     #                  \\NWT-1\shared Jennifer Lopez - Xxx Movie Video College Porno Flick
Gizmo6775.asf
```

## 3) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\__INCOMPLETE___Night Ranger - Sign Of The Times4cbf221ee986aefe24798c85ede44e8d03283ca0.mpg
```

## 4) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\Star Trek TNG - 2x12 - The Royale.avi
```

## 5) Maxtor HDD\C\Unallocated Clusters

```
4 file:D:\shared\Night Ranger - Sign Of The Times.mpg
```

## 6) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\Star Trek TNG - 1x20 - The Arsenal Of Freedom.avi
```

## 7) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\Howard Jones - New Song.mpg
```

## 8) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\Cyndi Lauper - Madonna Whore.mp3
```

## 9) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\Copy of __INCOMPLETE___Jennifer Lopez - Xxx Movie Video College Porno Flick
Gizmo677549c88a47e4d3b03d1bdfedcd005d9669005f19cf.asf
```

## 10) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\Copy of __INCOMPLETE___Sex Movies - Jenifer Lopez - U-Turn -
Fuckingaf0d2d88f666f3df26a76c8bb4cf4576000a1056.mpg
```

18CV45257

# D:\shared

## 11) Maxtor HDD\C\Unallocated Clusters

D:\shared\__INCOMPLETE___jennifer lopez xxx         porno sexo porn xxx playboy pamela anderson  pussy free sex
anal fisting russion rape fucking teen sex teens(2)10ecfc66e0b5bf296e864fc27827cc2200313881.asf

## 12) Maxtor HDD\C\Unallocated Clusters

D:\shared\Sex Movies - Jenifer Lopez - U-Turn - Fucking.mpg

## 13) Maxtor HDD\C\Unallocated Clusters

D:\shared\Jennifer Lopez - Xxx Movie Video College Porno Flick Gizmo6775.asf

## 14) Maxtor HDD\C\Unallocated Clusters

D:\shared\hold\Ozzy on Greta-Fox News-Pt1.avi

## 15) Maxtor HDD\C\Unallocated Clusters

D:\shared\Jennifer Lopez - XXX Movie Video College Porno Flick Gizmo(1).avi

## 16) Maxtor HDD\C\Unallocated Clusters

D:\shared\jennifer lopez xxx         porno sexo porn xxx playboy pamela anderson  pussy free sex anal fisting
russion rape fucking teen sex teens(2).asf

## 17) Maxtor HDD\C\Unallocated Clusters

D:\shared\Star Trek - TNG - 6x14 - Face of the Enemy.avi

## 18) Maxtor HDD\C\Unallocated Clusters

D:\shared\Star Trek TNG - 1x16 - When The Bough Breaks.avi

## 19) Maxtor HDD\C\Unallocated Clusters

D:\shared\Howard Jones - What is love.mpg

## 20) Maxtor HDD\C\Unallocated Clusters

D:\shared\2. TNG - s1e23 - We'll Always Have Paris.avi

## 21) Maxtor HDD\C\Unallocated Clusters

D:\shared\__INCOMPLETE___Young teen fucks 2 guys gets full cum
facial_lolita_rape_young_sex_whore_dick_pussy_anal_teenscum_hardcore_69_orgy_from_7cea89335a1f6732d5ff83ab7896c9
d20c69f000.mpg

18CV45257

# D:\shared

### 22) Maxtor HDD\C\Unallocated Clusters

D:\shared\Copy of __INCOMPLETE___Teen 16 Year Young Cute Lolita (perfect Tits) Girl Gets Fucked With Cock In Pussy And Sucks French Cumshot (blowjob) Ass779c3f7325ebe62795fc5fe0e4446b1100bb9e00.avi

### 23) Maxtor HDD\C\Unallocated Clusters

D:\shared\Teen 16 Year Young Cute Lolita (perfect Tits) Girl Gets Fucked With Cock In Pussy And Sucks French Cumshot (blowjob) Ass.avi

### 24) Maxtor HDD\C\Unallocated Clusters

D:\shared\__INCOMPLETE___Styx - Haven't We Been Here Before0362d4e186a75f451eaa576d0e006560029a6420.mpeg

### 25) Maxtor HDD\C\Unallocated Clusters

D:\shared\older woman fucking a guy in the back of a car.mpg

### 26) Maxtor HDD\C\Unallocated Clusters

D:\shared\ older sisters get lesbien with little sister mpg.mpg

### 27) Maxtor HDD\C\Unallocated Clusters

D:\shared\older woman getting fucked in all holes.mpg

### 28) Maxtor HDD\C\Unallocated Clusters

D:\shared\great older sex - fucking blowjob and cumshots - 4 women.mpg

### 29) Maxtor HDD\C\Unallocated Clusters

D:\shared\gay video - older man fucking young twink.mpg

### 30) Maxtor HDD\C\Unallocated Clusters

D:\shared\HOT older woman MILF 34 red hair shaved pussy in action.mpeg

### 31) Maxtor HDD\C\Unallocated Clusters

D:\shared\Gay_Older_Men_-_Quadraplex_Part_1.avi

### 32) Maxtor HDD\C\Unallocated Clusters

D:\shared\Styx - Haven't We Been Here Before.mpeg

18CV45257

# D:\shared

## 33) Maxtor HDD\C\Unallocated Clusters

D:\shared\__INCOMPLETE___GAY - Older Men - Let daddy do it 2ebdea1a663a53145f7773ae96bbdeb76009a66ba.asf

## 34) Maxtor HDD\C\Unallocated Clusters

D:\shared\Gay Sex Video - Anal -  Hardhats (Falcon) - Older Muscle Guy Fucks Young Twink - 57 sec.mpeg

## 35) Maxtor HDD\C\Unallocated Clusters

D:\shared\Gay_Older_Men_-_Quadraplex_Part_1.avi

## 36) Maxtor HDD\C\Unallocated Clusters

D:\shared\__INCOMPLETE___(Gay Teens - St245#1_001) Older teen kisses, sucks and fucks hairless brother [22m]0d40ba2ea52cff48e19ef2eb3db792a412420042.mpg

## 37) Maxtor HDD\C\Unallocated Clusters

#E361 An unsigned or incorrectly signed file "C:\DOCUME~1\Max\LOCALS~1\Temp\ICD1.tmp\msaudio.inf" will be installed (Policy=Ignore). Error 0x800b0100: No signature was present in the subject.
[2003/04/01 19:36:39 3048.1]
#-198 Command line processed: "C:\Program Files\Windows Media Player\mplayer2.exe"
"D:\shared\__INCOMPLETE___(Gay Teens - St245#1_001) Older teen kisses, sucks and fucks hairless brother [22m]0d40ba2ea52cff48e19ef2eb3db792a412420042.mpg"
#E361 An unsigned or incorrectly signed file "c:\docume~1\max\locals~1\temp\icd1.tmp\msaudio.inf" will be installed (Policy=Ignore). Error 1168:

## 38) Maxtor HDD\C\Unallocated Clusters

C:\DOCUME~1\Max\LOCALS~1\Temp\ICD1.tmp\msadds32.ax" will be installed (Policy=Ignore). Error 1168: Element not found.
[2003/04/01 19:36:41 3048.1]
#-198 Command line processed: "C:\Program Files\Windows Media Player\mplayer2.exe"
"D:\shared\__INCOMPLETE___(Gay Teens - St245#1_001) Older teen kisses, sucks and fucks hairless brother [22m]0d40ba2ea52cff48e19ef2eb3db792a412420042.mpg"
#-024 Copying file "C:\DOCUME~1\Max\LOCALS~1\Temp\ICD1.tmp\msaudio.inf" to "C:\WINDOWS\Downloaded Program Files\msaudio.inf".

## 39) Maxtor HDD\C\Unallocated Clusters

[2003/04/04 02:30:24 2328.1]
#-198 Command line processed: "C:\Program Files\Windows Media Player\mplayer2.exe" "D:\shared\Gay_Older_Men_-_Quadraplex_Part_1.avi"
#E361 An unsigned or incorrectly signed file "c:\docume~1\max\locals~1\temp\icd1.tmp\msaudio.inf" will be installed (Policy=Ignore). Error 1168: Element not found.
#-024 Copying file "C:\DOCUME~1\Max\LOCALS~1\Temp\ICD1.tmp\msadds32.ax" to "C:\WINDOWS\System32\msadds32.ax".
#E361 An unsigned or incorrectly signed file "C:\DOCUME~1\Max\LOCALS~1\Temp\ICD1.tmp\msadds32.ax" will be installed (Policy=Ignore). Error 1168: Element not found.
[2003/04/04 02:30:28 2328.1]
#-198 Command line processed: "C:\Program Files\Windows Media Player\mplayer2.exe" "D:\shared\Gay_Older_Men_-_Quadraplex_Part_1.avi"
#-024 Copying file "C:\DOCUME~1\Max\LOCALS~1\Temp\ICD1.tmp\msaudio.inf" to "C:\WINDOWS\Downloaded Program Files\msaudio.inf".
#E361 An unsigned or incorrectly signed file "C:\DOCUME~1\Max\LOCALS~1\Temp\ICD1.tmp\msaudio.inf" will be installed (Policy=Ignore). Error 0x800b0100: No signature was present in the subject.
[2003/04/10 16:36:00 3668.1]
#-198 Command line processed: "C:\Program Files\Windows Media Player\mplayer2.exe" "D:\shared\Gay_Older_Men_-_Quadraplex_Part_1.avi"
#E361 An unsigned or incorretu Ì»¿<Simp leDialog >
 <Tit le H Pext> Search b y any or  all of  the crit eria belÀow.</T b Š"/ Œ

Ex.6 page 9
~~Ex.6 page 13~~

18CV45257

# D:\shared

### 40) Maxtor HDD\C\Unallocated Clusters

```
#E361 An unsigned or incorrectly signed file "C:\DOCUME~1\Max\LOCALS~1\Temp\ICD1.tmp\msadds32.ax" will be
installed (Policy=Ignore). Error 1168: Element not found.
[2003/04/10 16:36:03 3668.1]
#-198 Command line processed: "C:\Program Files\Windows Media Player\mplayer2.exe" "D:\shared\Gay_Older_Men_-
_Quadraplex_Part_1.avi"
#-024 Copying file "C:\DOCUME~1\Max\LOCALS~1\Temp\ICD1.tmp\msaudio.inf" to "C:\WINDOWS\Downloaded Program
Files\msaudio.inf".
#E361 An unsigned or incorrectly signed file "C:\DOCUME~1\Max\LOCALS~1\Temp\ICD1.tmp\msaudio.inf" will be
installed (Policy=Ignore). Error 0x800b0100: No signature was present in the subject.
[2003/04/14 16:15:03 2020.1]
#-198 Command line processed: "C:\Program Files\Windows Media Player\mplayer2.exe" "D:\_x\Gay_Older_Men_-
_Quadraplex_Part_1.avi"
```

### 41) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\The_Beatles_-_Yesterday.mpg
```

### 42) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\The_Clash_-_Rock_The_Casbah_(videot).mpg
```

### 43) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\WhiteSnake_-_Is_This_Love(SK-VCD).mpg
```

### 44) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\Will Smith -- Wild Wild West.mpg
```

### 45) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\Star Trek TNG - 1x15 - 11001001.avi
```

### 46) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\Star Trek TNG - 1x16 - When The Bough Breaks.avi
```

### 47) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\Styx - Haven't We Been Here Before.mpeg
```

### 48) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\Styx - Mr.Roboto.mpg
```

### 49) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\Styx - Music Time (MV).mpg
```

18CV45257

# D:\shared

## 50) Maxtor HDD\C\Unallocated Clusters

D:\shared\Styx - Too Much Time On My Hands (videot).mpg

## 51) Maxtor HDD\C\Unallocated Clusters

D:\shared\styx_tgi.mp3

## 52) Maxtor HDD\C\Unallocated Clusters

D:\shared\Styx_The Best Of Times.mpg

## 53) Maxtor HDD\C\Unallocated Clusters

D:\shared\Take_The_Time.mpg

## 54) Maxtor HDD\C\Unallocated Clusters

D:\shared\Tears For Fears - Shout.mpg

## 55) Maxtor HDD\C\Unallocated Clusters

 \shared\styx_tgi.mp3 D:\shared\Styx_The Best Of Times.mpg D:\shared\Take_The_Time.mpg D:\shared\Tears For Fears
- Shout.mpg D:\shared\The_Beatles_-_Yesterday.mpg D:\shared\The_Clash_-_Rock_The_Casbah_(videot).mpg
D:\shared\The_Human_League_-_Don't_You_y   € - € - eot).mpg D:\shared\Tina the big 80s - abracadabra; the steve
miller band.mp3

## 56) Maxtor HDD\C\Unallocated Clusters

D:\shared\Styx - Haven't We Been Here Before.mpeg D:\shared\Styx - Mr.Roboto.mpg D:\shared\Styx - Music Time
(MV).mpg D:\shared\Styx - Too Much Time On My Hands (videot).mpg D:\shared\styx_tgi.mp3 D:\shared\Styx_The Best
Of Times.mpg D:\shared\Take_The_Time.mpg D:\shared\Tears For Fears - Shout.mpg D:\shared\The_Beatles_-
_Yesterday.mpg D:\shared\The_Clash_-_Rock_The_Casbah_(videot).mpg D:\shared\The_Human_League_-
_Don't_You_Want_Me_(videot).mpg D:\shared\Tina the big 80s - abracadabra; the steve miller band.mp3
D:\shared\TNG-235 - The Quality Of Life.avi D:\shared\Toto - Africa.mpg D:\shared\Toto-Africa(MJ).mpg
D:\shared\weird_al(the_saga_begins).mpg D:\shared\Video - SNL (Chris Farley as Matt Foley).mpg
D:\shared\weird_al(the_saga_begins).mpg D:\shared\WhiteSnake_-_Is_This_Love(SK-VCD).mpg D:\shared\Will Smith --
Wild Wild West.mpg D:\shared\Star Trek TNG - 1x15 - 11001001.avi D:\shared\Star Trek TNG - 1x16 - When The Bough
Breaks.avi D:\shared\Styx - Don't Let It End Music Video.mpg

## 57) Maxtor HDD\C\Unallocated Clusters

d\Styx - Haven't We Been Here Before.mpe    ,    2   Q   v   ®   Å   ê    ,   R   …   Á    1   M   k
□   ¶   Ð    9   g   ¢   On My Hands (videot).mpg D:\shared\%(  Ìk- 0~È    ®   8‰È C:\Program
Files\WinRAR\Formats\uue.fmt e n   H e r e   B e f o r e . m p e h   b   D:\shared\Styx - Haven't We Been Here
Before.mpeg D:\shared\Styx - Mr.Roboto.mpg ah_(videot)Ì   ¾   D : \ s h a r e d \ S t y x   -   H a v e n ' t
W e   B e e n   H e r e   B e f o r e . m p e g   D : \ s h a r e d \ S t y x   -   M r . R o b o t o . m p g
fe.avi D:\shared\Toto Œ   š   D:\shared\Styx - Haven't We Been Here Before.mpeg D:\shared\Styx - Mr.Roboto.mpg
D:\shared\Styx - Music Time (MV).mpg d\weird_al(the_saga_begins).mp(   .   D : \ s h a r e d \ S t y x   -   H a
v e n ' t   W e   B e e n   H e r e   B e f o r e . m p e g   D : \ s h a r e d \ S t y x   -   M r . R o b o t
o . m p g   D : \ s h a r e d \ S t y x   -   M u s i c   T i m e   ( M V ) . m p g   mpg
X   Ð   D:\shared\Styx - Haven't We Been Here Before.mpeg D:\shared\Styx - Mr.Roboto.mpg D:\shared\Styx - Music
Time (MV).mpg D:\shared\Styx - Too Much Time On My Hands (videot).mpg D:\shared\styx

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 113 of 351

18CV45257

# D:\shared

## 58) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\Styx - Haven't We Been Here Before.mpeg D:\shared\Styx - Mr.Roboto.mpg D:\shared\Styx - Music Time
(MV).mpg D:\shared\Styx - Too Much Time On My Hands (videot).mpg D:\shared\styx_tgi.mp3 D:\shared\Styx_The Best
Of Times.mpg D:\shared\Take_The_Time.mpg D:\shared\Tears For Fears - Shout.mpg D:\shared\The_Beatles_-
_Yesterday.mpg D:\shared\The_Clash_-_Rock_The_Casbah_(videot).mpg D:\shared\The_Human_League_-
_Don't_You_Want_Me_(videot).mpg D:\shared\Tina the big 80s - abracadabra; the steve miller band.mp3
D:\shared\TNG-235 - The Quality Of Life.avi D:\shared\Toto - Africa.mpg D:\shared\Toto-Africa(MJ).mpg
D:\shared\tunes.txt D:\shared\Video - SNL (Chris Farley as Matt Foley).mpg
```

## 59) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\Styx - Haven't We Been Here Before.mpeg D:\shared\Styx - Mr.Roboto.mpg D:\shared\Styx - Music Time
(MV).mpg D:\shared\Styx - Too Much Time On My Hands (videot).mpg D:\shared\styx_tgi.mp3 D:\shared\Styx_The Best
Of Times.mpg D:\shared\Take_The_Time.mpg D:\shared\Tears For Fears - Shout.mpg D:\shared\The_Beatles_-
_Yesterday.mpg D:\shared\The_Clash_-_Rock_The_Casbah_(videot).mpg D:\shared\The_Human_League_-
_Don't_You_Want_Me_(videot).mpg D:\shared\Tina the big 80s - abracadabra; the steve miller band.mp3
D:\shared\TNG-235 - The Quality Of Life.avi D:\shared\Toto - Africa.mpg D:\shared\Toto-Africa(MJ).mpg
D:\shared\tunes.txt D:\shared\Video - SNL (Chris Farley as Matt Foley).mpg
D:\shared\weird_al(the_saga_begins).mpg D:\shared\WhiteSnake_-_Is_This_Love(SK-VCD).mpg D:\shared\Will Smith --
Wild Wild West.mpg D:\shared\Star Trek TNG - 1x15 - 11001001.avi
```

## 60) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\Star Trek TNG - 1x14 - Angel One.avi D:\shared    „   `  é
arj|a##                                          er.mpg D:\shared\Mike & The Ü'     XŧÈ ´å- ì'  ®   8ŧÈ
C:\Program Files\WinRAR\Formats\bz2.fmt lent Running (Extended Version).mp3 D:\shared\Mike And The Mechanics -
Silent Running.mp3 D:\shared\Night Ranger - Don't Tell You Love Me.mpg D:\shared\NIGHT RANGER - Four In The
Morning (melodicrock.tv).m    „   `  é
arj|a##                                   \shared\Night Ranger - SisteÜ'     XŧÈ lç- ì'  ®   8ŧÈ
C:\Program Files\WinRAR\Formats\bz2.fmt g D:\shared\NIGHT RANGER(Midnight Madness) - (You Can Still) Rock In
America(Live).mpg D:\shared\Night_Ranger_-_Four_In_The_Morning.mpg D:\shared\Night_Ranger_-_Goodbye.mpg
D:\shared\Oldies-Cindy Lauper - Girls Just Wanna Have Fun.mp3 D:\shared\Ozzy Osbourne - Bark At The Moon.mpg
D:\shared\Pat Benatar - Fire And Ice (live).mpg D:\shared\Paul_Simon_-_You_Can_Call_Me_Al.mpg
D:\shared\Paula_Abdul_-_Opposites_Attract.mpg D:\shared\Paula_Abdul_-_Straight_Up.mpg D:\shared\rush - red
sector a.mp3 D:\shared\Rush_-_Limelight_-_popup.ram D:\shared    „   ` B Ž h
bz2|tbz|tbz2                                    d Things 1 & 2.avi D:\sharedœ,    XŧÈ tê- ¬,  ®   8ŧÈ
C:\Program Files\WinRAR\Formats\cab.fmt \Star Trek TNG - 1x06 - Where No One Has Gone Before.avi D:\shared\Star
Trek TNG - 1x07 - Lonely Among Us.avi r e d \ m a d o n n a - n o t h i n g _ r e a l l
```

## 61) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\MEN IN BLACK 2 MPEG DIVX.avi
```

## 62) Maxtor HDD\C\Unallocated Clusters

```
D:\shared\SNL - Celebrity Jeopardy - Ozzy Osbourne, Martha Stewart, Sean Connery(NTSC).mpg
```

## 63) Maxtor HDD\D\Unallocated Clusters

```
D:\shared\__INCOMPLETE___Dead Zone - 2x09 - The Man Who Never Wase3e108063b273fe1d66df695c2fe7cd31b885934.mpg
```

## 64) Maxtor HDD\D\Unallocated Clusters

```
D:\shared\__INCOMPLETE___Dead Zone - 2x08 - Cabin Pressurebd85ac5d6771ad21cdPK
```

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 114 of 351

18CV45257

# D:\shared

## 65) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___Dead Zone - 1x02 - What it Seems08055b00b626301769aa5fcfcd91786d1a353a44.mpg

## 66) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___Dead Zone - 1x01 - Wheel of FortureNTSC37c71d8f0de035be30a2ec8f473e345b19cfcfa8.mpg

## 67) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___the dead zone 2x12 - zion-ftv8f9b53ac3429a257f9050c1b76d2a8e31bbc41bc.mpg

## 68) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___the dead zone 2x11 - playing.god.repack-ftvdc717b9473fcdd9f8a2a5a9df1dcc1521b75da00.mpg

## 69) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___the dead zone 2x10 - dead.men.tell.tales-ftva4d4701a596fb6017452c7d9439bea691becc4b8.mpg

## 70) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___the dead zone 2x07 - misbegotten (xvid-ttc)3e0465f30359b85b464b787cc8d0cc7e15e00800.avi

## 71) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___the dead zone 2x05 - precipitate (divx-sfm)110fc80d56737a4815240687c261e7f715ebe000.avi

## 72) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___the dead zone 1x07 - tvrip.divx-sfm379d9eb99775a3bbd77c44062bc3aa8a0fde1020.avi

## 73) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___the dead zone 1x06 - tvrip.divx-sfmd0e9d7f6657fe7b00d5fecc3a7f8631f15e23000.avi

## 74) Maxtor HDD\D\Unallocated Clusters

D:\shared\__522B~1.MPG __Tintin - Tintin och Hajsjön25d21f1508bfdae2b833a55b54b8678c2e2cba1c.mpg

## 75) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___Star Trek DS9 - 6x18 - Inquisition - DivX8a4f0ba20a3f67c11ead29b35e4c3d090999f000.avi

## 76) Maxtor HDD\D\Unallocated Clusters

D:\shared\__7894~1.MPG __TinTin - Månen tur och retur De11ef9580ca9b791ebc7b8577f51e4ce37d1d3ad360.mpg

18CV45257

# D:\shared

## 77) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___the dead zone 1x01 - wheel.of.fortunef5359d693b9d67693fdeab02d24cc28e15f3d800.avi

Rote v. Marshall                                                          Exhibit 2 - Part 1, Page 116 of 351
3:19-cv-00082

18CV45257

# D:\nwtold

**Case: NW Direct 120gb Maxtor**                                                                 Page 1

## 1) Maxtor HDD\C\Unallocated Clusters

d:\nwtold\_convert_june\temp\Paula Price - Deep Throat.mpg

## 2) Maxtor HDD\C\Unallocated Clusters

d:\nwtold\_convert_june\temp\Deep throats again and again.avi

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 117 of 351

18CV45257

# D:\paul

**Case: NW Direct 120gb Maxtor**                                                        Page 1

## 1) Maxtor HDD\C\Unallocated Clusters

`D:\paul\crap\N2.avi`

## 2) Maxtor HDD\C\Unallocated Clusters

`D:\paul\JL-Metamorphosis\cd03.mpg`

## 3) Maxtor HDD\C\Unallocated Clusters

`D:\paul\JL-Metamorphosis\Osbournes 104.mpg`

## 4) Maxtor HDD\C\Unallocated Clusters

`d:\paul\JL-Metamorphosis\cd-0002.mpg`

## 5) Maxtor HDD\C\Unallocated Clusters

`   d D:\paul\   !                    \\NWT-1\paul T\Thai sex guide.mpg`

## 6) Maxtor HDD\C\Unallocated Clusters

`D:\paul\   !                    \\NWT-1\paul JL-Metamorphosis\cd03.mpg`

## 7) Maxtor HDD\C\Unallocated Clusters

`D:\paul\   !                    \\NWT-1\paul JL-Metamorphosis `        X        nwt-1`

Rote v. Marshall                                    Exhibit 2 - Part 1, Page 118 of 351
3:19-cv-00082

18CV45257

# D:\NWT-1

**Case: NW Direct 120gb Maxtor** — Page 1

## 1) Maxtor HDD\C\Unallocated Clusters

`D:\shared\     #                \\NWT-1\shared Tara Reid - body shots3.mpg`

## 2) Maxtor HDD\C\Unallocated Clusters

`D:\shared\     #                \\NWT-1\shared older mom  cheating on her husband and fucking some other`
`guy.mpg  D : \ s h a r e d `     X    nwt-1`

## 3) Maxtor HDD\C\Unallocated Clusters

`d D:\shared\     #                \\NWT-1\shared __INCOMPLETE__ Gay Porn - (Str8 Marine Sex) DYPC 16702 -`
`Older marine fucks his youngeac34daf0e6e700043f10bfbacfbf4c4d00457004.mpg  D : \ s h a r e d `

## 4) Maxtor HDD\C\Unallocated Clusters

`d D:\shared\     #                \\NWT-1\shared sexy older mom fucked.mpg`

## 5) Maxtor HDD\C\Unallocated Clusters

`d D:\shared\     #                \\NWT-1\shared older woman in pantyhose.mpg  D : \ s h a r e d `

18CV45257

# D:\winmx

## 1) Maxtor HDD\C\Unallocated Clusters

`D:\winmx\ "                    \\NWT-1\winmx s06e20 The Simpsons - Two Dozen & One Greyhounds.mpg`

## 2) Maxtor HDD\C\Unallocated Clusters

`D:\winmx\ "                    \\NWT-1\winmx s08e10 The Simpsons - The Springfield Files.mpg`

## 3) Maxtor HDD\C\Unallocated Clusters

`D:\winmx\ "                    \\NWT-1\winmx s09e25 The Simpsons - Natural Born Kissers.mpg`

## 4) Maxtor HDD\C\Unallocated Clusters

`D:\winmx\ "                    \\NWT-1\winmx DS9 - 7x12 - The Emporer's New Cloak.avi`

## 5) Maxtor HDD\C\Unallocated Clusters

`D:\winmx\Star Wars Episode II Attack of the Clones (SVCD, pt 2 of 2).mpg`

## 6) Maxtor HDD\C\Unallocated Clusters

`D:\winmx\The Simpsons - Too Hot For TV .mpg`

## 7) Maxtor HDD\C\Unallocated Clusters

`D:\winmx\s06e20 The Simpsons - Two Dozen & One Greyhounds.mpg`

## 8) Maxtor HDD\C\Unallocated Clusters

`D:\winmx\s08e10 The Simpsons - The Springfield Files.mpg`

## 9) Maxtor HDD\C\Unallocated Clusters

`D:\winmx\Star Trek DS9 - 5x06 - Trials and Tribble-ations.asf`

## 10) Maxtor HDD\C\Unallocated Clusters

```
ek DS9 -9
-
- ive Pursuit.avi D:\winmx\Star Trek DS9 - 1x19 Duet.avi D:\winmx\Star Trek DS9 - 4x22 - For The Cause.avi
D:\winmx\Star Trek DS9 - 5x06 - Trials and Tribble-ations.asf D:\winmx\Star Trek DS9 - 6x13 - Far Beyond the
Stars.avi D:\winmx\Star Trek DS9 - 7x26 - What You Leave Behind (Part 2).avi D:\winmx\StarTrek - TOS TNG DS9
Voyager 2002 (I GOT GOOSBUMPS!).mpg D:\winmx\The Simpsons - Too Hot For TV .mpg D:\winmx\The Simpsons-Homer Gets
a Gun.mpg
```

## 11) Maxtor HDD\C\Unallocated Clusters

`D:\winmx\DS9 - 6x26 - Tears of the Prophets.avi`

18CV45257

# D:\winmx

## 12) Maxtor HDD\C\Unallocated Clusters

D:\winmx\Flintstones-Simpsons.avi

## 13) Maxtor HDD\C\Unallocated Clusters

```
C:\Program Files\WinRAR\Formats\lzh.fmt 0¯È  <        €½È 0¯È d critic.mpg D:\\       \½È 0¯È 1  ®   8½È
C:\Program Files\WinRAR\Formats\ace.fmt  Connery(NTSC).mpg D:\winmx\SNL - Celebrity Jeopardy - Travolta,
Reynolds, Keaton.mpg D:\winmx\Star Trek - DS9 - 7x18 - 'Til Death Do Us Part.avi D:\winmx\Star Trek - DS9 - 7x21
- When It Rains.avi D:\winmx\Star Trek - Farewell to DS9 (music by Enya).mpeg D:\winmx\Star Trek DS9 - 1x01 &
1x02 - Emissary.avi
```

## 14) Maxtor HDD\C\Unallocated Clusters

```
C:\Program Files\WinRAR\Formats\uue.fmt         \winmx\Kelly Osbourne - PapaÛ'      X½È @´- 1'  ®   8½È
C:\Program Files\WinRAR\Formats\bz2.fmt  Dont Preach (Live on 2002 MTV Movie Awards).mpg D:\winmx\Kelly Osbourne
- Papa Don't Preach.mpg D:\winmx\Kelly Osbourne - Papa Don't Preach-Without Radio Intro.mp3 D:\winmx\s06e20 The
Simpsons - Two Dozen & One Greyhounds.mpg D:\winmx\s08e10 The Simpsons - The Springfield Files.mpg
D:\winmx\s09e25 The Simpsons - Natural Born Kissers.mpg D:\winmx\Simpsons - Homer as food critic.mpg
D:\winmx\SNL - Celebrity Jeopardy - Ozzy Osbourne, Martha Stewart, Sean Connery(NTSC).mpg D:\winmx\SNL -
Celebrity Jeopardy - Travolta, Reynolds, Keaton.mpg D:\winmx\Star Trek - DS9 - 7x18 - 'Til Death Do Us Part.avi
D:\winmx\Star Trek - DS9 - 7x21 - When It Rains.avi D:\winmx\Star Trek - Farewell to DS9 (music by Enya).mpeg
D:\winmx\Star Trek DS9 - 1x01 & 1x02 - Emissary.avi D:\winmx\Star Trek DS9 - 1x03 - Past Prologue.avi
D:\winmx\Star Trek DS9 - 1x05 - Babel.avi D:\winmx\Star Trek DS9 -
```

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 121 of 351

18CV45257

# References to other drive letters

| Case: NW Direct 120gb Maxtor | Page 1 |
|---|---|

## 1) Maxtor HDD\C\Unallocated Clusters

E:\WINDOWS\WindowsShell.Manifest

## 2) Maxtor HDD\C\Unallocated Clusters

E:\WINDOWS\$NtUninstallQ307271$

## 3) Maxtor HDD\C\Unallocated Clusters

```
F:\Alannah Myles - Black Velvet [videot].mpg
F:\ASIA - Only Time Will Tell (Live 1990).mpg
F:\Asia - Only Time Will Tell.mpg
F:\Asia-only time will tell VCD(m).mpg
F:\Damn Yankees - Come Again.mpg
F:\Damn Yankees - High Enough (videot).mpg
F:\don_henley_-_boys_of_summer.mpg
F:\Flock Of Seagulls_I Ran(So Far Away).mpg
F:\Gary Numan - Cars(SK-VCD).mpg
F:\Huey_Lewis_-_Heart_Of_Rock'n'Roll.mpg
F:\Kool___The_Gang_-_Joanna.mpg
F:\Mike & The Mechanics - Silent Running.mpg
F:\MUSICVIDS01
F:\mvid021001
F:\mvid021001b
F:\MVID_021101
F:\MYMUSICVID01
F:\Night Ranger - Don't Tell Me You Love Me.mpg
F:\NIGHT RANGER - Four In The Morning (melodicrock.tv).mpg
F:\Night Ranger - Goodbye.mpg
F:\Night Ranger - I Did It For Love.mpg
F:\Night Ranger - Sister Christian.mpg
F:\Night_Ranger_-_Four_In_The_Morning.mpg
F:\Night_Ranger_-_Goodbye.mpg
F:\Pat Benatar - Fire And Ice (live).mpg
F:\Paul_Simon_-_You_Can_Call_Me_Al.mpg
F:\Scandal - Good-bye to You(m).mpg
F:\Styx - Mr.Roboto.mpg
F:\Styx - Too Much Time On My Hands (videot).mpg
F:\The_Clash_-_Rock_The_Casbah_(videot).mpg
F:\The_Human_League_-_Don't_You_Want_Me_(videot).mpg
F:\Toto - Africa.mpg
F:\Toto-Africa(MJ).mpg
F:\WhiteSnake_-_Is_This_Love(SK-VCD).mpg
F:\[PV] [ Night Ranger ] When You Close Your Eyes.mpg
F:\MUSICVIDS01\(A-ha)_-_Take_on_me.mpg
F:\MUSICVIDS01\(ace_of_base)_-_the_sign.mpg
F:\MUSICVIDS01\(Alannah_Myles)_-_Black_velvet.mpg
F:\MUSICVIDS01\(Alannah_Myles)_-_Black_velvet_-_vsn.nfo
F:\MUSICVIDS01\(Bryan Adams) - Run to you - vsn.mpg
F:\MUSICVIDS01\(Bryan Adams) - Run to you - vsn.nfo
F:\MUSICVIDS01\(Cyndi_Lauper)_-_Time_after_time.mpg
F:\MUSICVIDS01\(Madonna) - beautiful_stranger.mpg
F:\MUSICVIDS01\(Scandal) - The Warrior.mpg
F:\MUSICVIDS01\hard_habit_to_break.mpg
F:\MUSICVIDS01\madonna-nothing_really_matters(grammys99).mpg
F:\MUSICVIDS01\madonna.mpg
F:\MUSICVIDS01\Rush_-_Limelight_-_popup.ram
F:\MUSICVIDS01\weird_al(the_saga_begins).mpg
F:\MUSICVIDS01\Will Smith -- Wild Wild West.mpg
F:\mvid021001\Beatles
F:\mvid021001\Dokken
F:\mvid021001\Don Henley
F:\mvid021001\Dream Theater
F:\mvid021001\Howard Jones
F:\mvid021001\Huey Lewis
F:\mvid021001\Kool and the Gang
F:\mvid021001\Paula Abdul
F:\mvid021001\Beatles\John_Lennon_-_Imagine_(Mike_Douglas_Show).mpg
F:\mvid021001\Beatles\The_Beatles_-_Yesterday.mpg
```

Ex.6 page 20
~~Ex.6 page 24~~

18CV45257

# References to other drive letters

| Case: NW Direct 120gb Maxtor | Page 2 |
|---|---|

```
F:\mvid021001\Dokken\Dokken-Heaven_Sent.mpg
F:\mvid021001\Dokken\Dokken-Just_Got_Lucky.mpg
F:\mvid021001\Dokken\Dokken_-_The_Hunter.mpg
F:\mvid021001\Don Henley\don_henley_-_boys_of_summer.mpg
F:\mvid021001\Dream Theater\Dream_Theater_-_Another_Day.mpg
F:\mvid021001\Dream Theater\Dream_Theater_-_Pull_Me_Under.mpg
F:\mvid021001\Dream Theater\Take_The_Time.mpg
F:\mvid021001\Howard Jones\HowardJones-WhatIsLove_Popup_fm_.avi
F:\mvid021001\Huey Lewis\Huey_Drug.mpg
F:\mvid021001\Huey Lewis\Huey_Heart.mpg
F:\mvid021001\Kool and the Gang\Kool___The_Gang_-_Joanna.mpg
F:\mvid021001\Paula Abdul\Paula_Abdul_-_Opposites_Attract.mpg
F:\mvid021001\Paula Abdul\Paula_Abdul_-_Straight_Up.mpg
F:\mvid021001b\Britney Spears
F:\mvid021001b\Cyndi Lauper
F:\mvid021001b\David Lee Roth
F:\mvid021001b\Hall and Oates
F:\mvid021001b\Michael Jackson
F:\mvid021001b\Skid Row
F:\mvid021001b\Britney Spears\Britney_Spears__-_Oops__I_Did_It_Again_VMA_2000_(HQ).mpg
F:\mvid021001b\Cyndi Lauper\cyndi_lauper-she_bop.mpg
F:\mvid021001b\Cyndi Lauper\Cyndi_Lauper_-_Girls_Just_Want_To_Have_Fun(Cartman).mpg
F:\mvid021001b\Cyndi Lauper\Cyndi_Lauper_-_Goonies_Are_Good_Enough.mpg
F:\mvid021001b\Cyndi Lauper\Cyndi_Lauper_-_Time_After_Time.MPG
F:\mvid021001b\Cyndi Lauper\Cyndi_Lauper_-_True_Colors.mpg
F:\mvid021001b\David Lee Roth\David_Lee_Roth_-_California_Girls.mpg
F:\mvid021001b\Hall and Oates\Hall__Oates_-_Maneater_Inv_.avi
F:\mvid021001b\Michael Jackson\Michael_Jackson_-_Thriller.mpg
F:\mvid021001b\Michael Jackson\Michael_Jackson___Janet_Jackson_-_Scream.mpg
F:\mvid021001b\Skid Row\skid_row-18_and_life(pmd).mpg
F:\MVID_021101\Bangles
F:\MVID_021101\Bee Gees
F:\MVID_021101\Jewel
F:\MVID_021101\Men at Work
F:\MVID_021101\Paul Young
```

## 4) Maxtor HDD\C\Unallocated Clusters

E:\WINDOWS\Q308677.log

## 5) Maxtor HDD\C\Unallocated Clusters

E:\WINDOWS\Q311889.EXE

## 6) Maxtor HDD\C\Unallocated Clusters

E:\05-02 TCPA Weekly Suppression.xls

## 7) Maxtor HDD\C\Unallocated Clusters

E:\06-02 TCPA Weekly Suppression.xls

## 8) Maxtor HDD\C\Unallocated Clusters

E:\06cp04.zip

## 9) Maxtor HDD\C\Unallocated Clusters

E:\0415.DBF

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 123 of 351

18CV45257

# References to other drive letters

**Case: NW Direct 120gb Maxtor**                                                                Page 3

## 10) Maxtor HDD\C\Unallocated Clusters

E:\0416.DBF

## 11) Maxtor HDD\C\Unallocated Clusters

E:\WINDOWS\sessmgr.setup.log

## 12) Maxtor HDD\C\Unallocated Clusters

E:\WINDOWS\VAIO Brezza Wallpaper TrueColor 1024x768.bmp

## 13) Maxtor HDD\C\Unallocated Clusters

E:\Progr am Files \Corel\W ordPerfe ct Offic e 2002\M acros\WP Rina\end foot.wcm

## 14) Maxtor HDD\C\Unallocated Clusters

E:\WALDO\V200\TEXTART8\WINDEBUG\TEXTURES\Light_Blue_Corduroy.bmp

## 15) Maxtor HDD\C\Unallocated Clusters

E:\used\Program Files\Microsoft Visual Studio\VB98\VB6.OLB

## 16) Maxtor HDD\C\Unallocated Clusters

E:\programs\Visual Studio\VC98\bin

## 17) Maxtor HDD\C\Unallocated Clusters

E:\logs1\build.log

## 18) Maxtor HDD\C\Unallocated Clusters

E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Net Support\INetURL.x32D    E:\PROGRAM FILES\MACROMEDIA\DIRECTOR
7\xtras\Net Support\NetFile.x32E    E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Net Support\NetLingo.x32    A
E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Mix\Mix Services.x32    H    E:\PROGRAM FILES\MACROMEDIA\DIRECTOR
7\xtras\Mix\Sound Import Export.x32G    E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Media Support\SWADCmpr.x32 F
E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Media Support\SWAStrm.x32    G    E:\PROGRAM FILES\MACROMEDIA\DIRECTOR
7\xtras\Media Support\TextXtra.x32 I    E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Media Support\Text Asset.x32
H    E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Media Support\Font Xtra.x32I    E:\PROGRAM
FILES\MACROMEDIA\DIRECTOR 7\xtras\Media Support\Font Asset.x32    A    E:\PROGRAM FILES\MACROMEDIA\DIRECTOR
7\xtras\Devices\MacroMix.x32    D    E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Devices\DirectSound.x32H
E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Flash Asset\Flash Asset.x32=    E:\PROGRAM FILES\MACROMEDIA\DIRECTOR
7\xtras\Qt3\QT3Asset.x32    "    D:\Procomm\Procomm-Final-NoSnd.dir

## 19) Maxtor HDD\C\Unallocated Clusters

F:\VFP\SAMPLES\CONTROLS\clock.bmp

18CV45257

# References to other drive letters

## 20) Maxtor HDD\C\Unallocated Clusters

```
A:\ C:\ D:\ E:\ F:\ G:\
```

## 21) Maxtor HDD\C\Unallocated Clusters

```
f:\ntitir4l\common\filesys\subfile.c    ÿÿÿÿє   f:\ntitir4l\common\filesys\filesys.c
f:\ntitir4l\common\filesys\vfile.c       f:\ntitir4l\common\btree\btinsert.c
f:\ntitir4l\common\btree\btdelete.c      f:\ntitir4l\common\btree\btmapwr.c
f:\ntitir4l\common\btree\btfill.c        f:\ntitir41\fts\search\ftcommon.c
```

## 22) Maxtor HDD\C\Unallocated Clusters

```
F:\MVID_021101\Rodney Dangerfield
F:\MVID_021101\Roxette
F:\MVID_021101\Rush
F:\MVID_021101\Will Smith
F:\MVID_021101\Yes
F:\MVID_021101\Bangles\Bangles_-_Walk_Like_An_Egyptian_.mpg
F:\MVID_021101\Bee Gees\Bee_Gees-How_Deep_Is_Your_Love-LittleC-mV.mpg
F:\MVID_021101\Jewel\Jewel_-_You_Were_Ment_For_Me.mpg
F:\MVID_021101\Men at Work\Men_at_Work_-_Who_Can_It_Be_Now__Little_C_.mpg
F:\MVID_021101\Paul Young\Paul_Young_-_Everytime_You_Go_Away.MPG
F:\MVID_021101\Rodney Dangerfield\Rodney_Dangerfield-_Rappin'_Rodney.mpg
F:\MVID_021101\Roxette\Roxette_-_It_Must_Have_Been_Love.mpg
F:\MVID_021101\Roxette\Roxette_-_The_Look_(1sG).mpg
F:\MVID_021101\Rush\rush_-_closer_to_the_heart(1998).mpg
F:\MVID_021101\Rush\Rush_-_Subdivisions__Little_C_.mpg
F:\MVID_021101\Will Smith\MiB_Wil_Smith_Video.mpg
F:\MVID_021101\Yes\ABWH_(Yes)1989_-_01_-_Time_and_a_Word_Owner_of_a_Lonely_Heart.mpg
F:\MVID_021101\Yes\ABWH_(Yes)1989_-_14_-_Roundabout.mpg
F:\MYMUSICVID01\Chris Isaak - Wicked Game.mpg
F:\MYMUSICVID01\Human League - Dont You Want Me.mpg
F:\MYMUSICVID01\John Cougar - Jack and Diane.mpg
F:\MYMUSICVID01\Men at Work - Down Under.mpg
F:\MYMUSICVID01\Men at Work - Who Can It Be Now.mpg
F:\MYMUSICVID01\Micheal Jackson - Beat It.mpg
F:\MYMUSICVID01\Micheal Jackson - Billie Jean.mpg
F:\MYMUSICVID01\Micheal Jackson - Scream.mpg
F:\MYMUSICVID01\Micheal Jackson - Thriller.mpg
F:\MYMUSICVID01\Paul Simon - You Can Call Me Al.mpg
F:\MYMUSICVID01\Rick James - Superfreak.mpg
F:\MYMUSICVID01\Rockwell - Somebodys Watching Me.mpg
F:\MYMUSICVID01\Simple Minds - Don't You (Forget About Me).mpg
F:\MYMUSICVID01\Van Halen - Hot For Teacher.mpg
```

## 23) Maxtor HDD\C\Unallocated Clusters

```
f:\temp\IPSecClient\Rel\CSGina\Release\CSGina.pdb
```

## 24) Maxtor HDD\C\Unallocated Clusters

```
f:\temp\IPSecClient\Rel\CertMgrGUI\Release\CertMgrGUI.pdb
```

## 25) Maxtor HDD\C\Unallocated Clusters

```
E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Net Support\INetURL.x32D   E:\PROGRAM FILES\MACROMEDIA\DIRECTOR
7\xtras\Net Support\NetFile.x32E   E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Net Support\NetLingo.x32   A
E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Mix\Mix Services.x32   H   E:\PROGRAM FILES\MACROMEDIA\DIRECTOR
7\xtras\Mix\Sound Import Export.x32G   E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Media Support\SWADCmpr.x32 F
E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Media Support\SWAStrm.x32   G   E:\PROGRAM FILES\MACROMEDIA\DIRECTOR
7\xtras\Media Support\TextXtra.x32 I   E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Media Support\Text Asset.x32
H   E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Media Support\Font Xtra.x32I   E:\PROGRAM
```

Ex.6 page 23
~~Ex.6 page 27~~

18CV45257

# References to other drive letters

**Case: NW Direct 120gb Maxtor**                                                                    Page 5

```
FILES\MACROMEDIA\DIRECTOR 7\xtras\Media Support\Font Asset.x32   A   E:\PROGRAM FILES\MACROMEDIA\DIRECTOR
7\xtras\Devices\MacroMix.x32   D   E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Devices\DirectSound.x32H
E:\PROGRAM FILES\MACROMEDIA\DIRECTOR 7\xtras\Flash Asset\Flash Asset.x32=   E:\PROGRAM FILES\MACROMEDIA\DIRECTOR
7\xtras\Qt3\QT3Asset.x32        D:\Procomm\Procomm-Final-Snd.dir
```

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 126 of 351

18CV45257

# Z: Laptop

| Case: **NW Direct 120gb Maxtor** | Page 1 |
|---|---|

## 1) Maxtor HDD\C\Unallocated Clusters

```
file:Z:\laptop\mp3\cd2\10-You_Got_Lucky.mp3    Ê
   œ  )       10-You Got Lucky.mp3            œ  e
   Ê
   -°µ=  F        D file:Z:\laptop\mp3\cd2\Simple Minds - Don't You Forget About Me.mp3   /   Q  ®  ) Simple
Minds - Don't You Forget About Me        Q              n      -°µ=  A   ²     ?
file:Z:\laptop\mp3\cd2\_(Power_Station)_-_Some_Like_It_Hot.mp3    *    û   c   ! Power Station - Some Like it Hot
û   ²        f   ²  -°µ=  ;   W        9 file:Z:\laptop\mp3\cd2\[The Clash] - Rock The Casbah.mp3   $  >
The Clash - Rock The Casbah         >   W            W  -°µ= X          V
file:Z:\laptop\mp3\cd2\Mike and the Mechanics - Silent Running (Extended Version).mp3   A   t   -   ( Mike And
The Mechanics - Silent Running             t           F      -°µ=  1  Å    /
file:Z:\laptop\mp3\cd2\rush - red sector a.mp3     ÿ   ±     Rush - Red Sector A        ÿ   Å            d
Å  -°µ=  Q   p       O file:Z:\laptop\mp3\cd2\80's music - Cindy Lauper-Girls Just Wanna Have Fun.mp3   :   Ê
4 80's music - Cindy Lauper-Girls Just Wanna Have Fun        Ê  p           .  p  -°µ=  >   (       <
file:Z:\laptop\mp3\cd2\B90 Dennis DeYoung - Desert Moon.mp3   '  o  ð     Dennis DeYoung - desert moon
o   (         '   (   -°µ=  7  Æ        5 file:Z:\laptop\mp3\cd2\Madonna_-_Into_The_Groove.mp3
   □     Madonna - Into The Groove
   Æ           ≈  Æ   -°µ=    *
œ   Õ°µ=      <


   ÿÿÿÿ       j
   *
   Tom Petty & The Heartbreakers           ˙
   <
   You Got Lucky         ¦
   j
   Greatest Hits         .

   128

   4410  0   œ  )  . Tom Petty & The Heartbreakers - You Got Lucky   @   V     > file:Z:\laptop\mp3\cd2\Duran
Duran - Hungry Like The Wolf.mp3  )   Ÿ       # Duran Duran - Hungry Like The Wolf       Ÿ  V
±  V   ˜°µ=         Å   Ÿ  128
           õ   ±   4410   ç   Å  ÿÿÿÿ         õ   Õ°µ= 9  @       7 file:Z:\laptop\mp3\cd2\Catatonia Mulder And
Scully.mp3   "    ù     Catatonia - Mulder And Scully       ,   @
@   ™°µ=  Q   ó       O file:Z:\laptop\mp3\cd2\TEARS_FOR_FEARS_-_EVERYBODY_WANTS_TO_RULE_THE_WORLD.MP3   :   M
"   4 TEARS FOR FEARS - EVERYBODY WANTS TO RULE THE WORLD       M
ó
ó  ™°µ=       q̄
M
128
    f


4̄410           q
ÿÿÿÿ       §
,   ™°µ=       ¹
*
   x       ó
§


Catatonia        õ
¹
   Mulder And Scully

   ó
   1998         õ
128

   4410    @  Ê  128
   R  .  4410        @  ÿÿÿÿ    y  ÿ    Rush   -  d
Red Sector A       °  y    Life Under Pressure     Ï  -  Rock
   ¾  °   1984        Ï    Civic Arena, Pittsburgh, PA    " ã  128
   4      4410      "  k,    m  t   Mike And The Mechanics    Œ  F     Silent Running       ³
   Ÿ  ²   1985     Ï  Ê  128
      Ÿ  4410    ÷  Ï   ª  -  >
The Clash    M      Rock The Casbah       -  -  128
   q  M  4410        Õ[    ¡  û   Power Station     Å  f     Some Like it Hot     à  ¡
Power Station        õ  Å   Pop
        à   1985  !  8  õ   Robert Palmer,John/Andy Taylor      J    128
   \   8  4410        J  '»    @  Q  128
   '   n  4410    ?  €   ÿÿÿÿ
   ¼
```

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 127 of 351

18CV45257

# Z: Laptop

**Case: NW Direct 120gb Maxtor**                                                                 Page 2

```
    Madonna        Û     ¤    Into The Groove        ¼     The Immaculate Collection        Û     Dance
      1      1985           \           A Flea Byte© Re-Production        n    1    160
      €    \    4410      ê    n    ¯Î         ±    o     Dennis DeYoung        Î    ´       desert moon        é    ±
Desert moon         þ    Î    rock            é    128
      "    þ    4410      5          05          "    Å°    =    ´          ; file:Z:\laptop\mp3\cd2\Eddie_Money_-
_think_i`m_in_love.mp3    &    Ø    G      Eddie Money - think i`m in love
```

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 128 of 351

18CV45257

# tvrip

**Case: NW Direct 120gb Maxtor**     Page 1

## 1) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___the dead zone 1x08 - tvrip.divx-sfmaab8ef400bb83c121490209aca0c686b15e41800.avi

## 2) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___the dead zone 1x07 - tvrip.divx-sfm379d9eb99775a3bbd77c44062bc3aa8a0fde1020.avi

## 3) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___the dead zone 1x05 - tvrip.divx-sfme32a1f162f1a54aefe60919b929ffe7f15ee8000.avi

## 4) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___the dead zone 1x04 - tvrip.divx-sfmddf00ac7952d22fe347770e22a3578d415e58800.avi

## 5) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___the dead zone 1x03 - tvrip.divx-sfm9424816bfd0822071d136a9dabbaef4315f4f000.avi

## 6) Maxtor HDD\D\Unallocated Clusters

D:\shared\__INCOMPLETE___the dead zone 1x02 - tvrip.divx-sfm86992737aa6f226b7fc6d6e78d15227b15f43000.avi

Rote v. Marshall
3:19-cv-00082

Exhibit 2 - Part 1, Page 129 of 351

PR EX B PAGE
18CV45257

Regarding an email sent to Max Zweizig & used in the Arbitration Hearing of Northwest
Direct Teleservices, Inc. vs Max Zweizig

Gregory Rote states –

- My name is Greg Rote. My address is 4104 Bisbee, Klamath Falls, OR 97603.

During the course of litigation between Northwest Direct Teleservices and Max Zweizig,
I attempted contact via email with Max Zweizig.

I attempted a second contact via email with Max Zweizig.  I sent an email to Zweizig
claiming that Tim Rote had asked me to fly to New Jersey to send him a message. I
further indicated that Tim wished for me to commit a criminal act.  I was concerned
that if I were to contact Max Zweizig, then it could be viewed as Harassment on my
part.

Tim Rote never asked for me to commit a criminal act, I was mad at my brother
over a law suit he had filed against me so this was why I sent out the email.

My intentions when making these statements were to hurt my brother, and to get
information I could use against him. After sending the email, I regretted that I had
been untruthful concerning the threats that were **never** made.

- I was never contacted to make a sworn statement, if contacted I would not
  have been able to swear to my initial statement. I believe that Max Zweizig
  must have been aware that the email statement was false, as they never
  contacted me to make a sworn notarized statement.

Dated this 19th day of April 2016
Gregory Rote................................ (Signed by Gregory Rote

18CV45257

4/30/2016                                              Workspace Webmail :: Print

Print  |  Close Window

Subject:  RE: 3:14-cv-00406-ST Zweizig v. Rote et al Response to Motion to Amend
   From:  Jeffrey Hasson <Hasson@dhlaw.biz>
   Date:  Mon, Dec 28, 2015 6:17 pm
     To:  "tim@rote-enterprises.com" <tim@rote-enterprises.com>

---

The US Marshall was investigating if you presented a threat to Judge Jones at the reception. I assured him that they did not have to be concerned about you.

Jeffrey Hasson
Sent from my Verizon Wireless 4G LTE smartphone

-------- Original message --------
From: tim@rote-enterprises.com
Date: 12/28/2015 5:46 PM (GMT-08:00)
To: Jeffrey Hasson <Hasson@dhlaw.biz>
Subject: RE: 3:14-cv-00406-ST Zweizig v. Rote et al Response to Motion to Amend

The commentary that this was a threat of harm is important. Is that what the US Marshals conveyed to you.

> -------- Original Message --------
> Subject: RE: 3:14-cv-00406-ST Zweizig v. Rote et al Response to Motion
> to Amend
> From: Jeffrey Hasson <Hasson@dhlaw.biz>
> Date: Mon, December 28, 2015 4:24 pm
> To: "tim@rote-enterprises.com" <tim@rote-enterprises.com>
>
> Not much to say.
>
> Received a message at office to call US Marshall about Rote.
>
> After gfing with you, called number and US Marshall asked if I represented you. I said yes. He said there was a concern about you related to Judge Jones' reception that evening. He asked if he should be concerned about you and I said no. I told him I was with you and would have you call him. I asked if he wanted the blog to come down. He said no but to let you know the US Marshall knows about it. I told him I thought the complaint was from Marshall but he said the call came from Judge Jones office. He said that as long as you were not going to Judge Jones' reception that he was done with it. I told you about it and had you call the US Marshall.
>
> Anything else?

Ex 8 page 1
PR EX E PAGE1

18CV45257



| Folder | From | Subject |
|--------|------|---------|
| Litigation | tim@rote-enterprises.c... | RE: Why don't I come by and see you? |
| Litigation | Carol Bernick | RE: Why don't I come by and see you? |
| Litigation | John Berge | RE: Why don't I come by and see you? |
| Litigation | John Berge | RE: Why don't I come by and see you? |
| Litigation | tim@rote-enterprises.c... | Why don't I come by and see you? |
| Litigation | John Berge | RE: Please confirm that you are getting my submissions |
| Litigation | tim@rote-enterprises.c... | Please confirm that you are getting my submissions |
| Litigation | tim@rote-enterprises.c... | RE: Bill Crow |
| Litigation | tim@rote-enterprises.c... | RE: Bill Crow |
| Litigation | Carol Bernick | RE: Bill Crow |
| Litigation | Carol Bernick | Automatic reply: Revised Chapter 90 |
| Litigation | Carol Bernick | RE: Revised Chapter 90 |
| Litigation | Carol Bernick | RE: PLF Tax |
| Litigation | Carol Bernick | RE: PLF Tax |
| Litigation | tim@rote-enterprises.c... | RE: I know you don't like emails from me |
| Litigation | Carol Bernick | RE: I know you don't like emails from me |
| Litigation | tim@rote-enterprises.c... | RE: I know you don't like emails from me |
| Litigation | tim@rote-enterprises.c... | RE: I know you don't like emails from me |



April 28, 2018

Ms. Pamela Stendahl
Claims Denial Specialist
OSB Professional Liability Fund

Re:    Brandsness and Hasson Claims

Dear Ms. Stendahl:

I've received your claim denial letter, version 3 I believe, and take issue with the assumption of some of your facts. Certainly I take issue with your conclusions.

Mr. Brandsness and I did in fact spend part of an afternoon implementing his decision to file an Answer to the complaint. There was no discussion as to a Motion to Strike or Motion to Dismiss. I was following Brandsness decision and was not in a position to challenge it, for lack of sophistication. You should not and cannot vacate professional responsibility because a party joined the conversation. That would be ridiculous.

As you know by now, Mr. Zweizig filed a lawsuit against me and his employer NDT in 2004 for retaliation under ORS 659A. He filed that in New Jersey and we filed a Motion to Compel. The Motion to Compel was successful in New Jersey and both NDT and I participated in the arbitration. The contract with Zweizig was upheld.

During the trial in this case the court concluded that Zweizig's only employer was NDT and not the other entities. Brandsness should have filed a Motion to Strike the complaint against the other defendant's since only NDT had a contract with Zweizig and the only claim against the corporate defendant's was for retaliation under ORS 659A.030 (1) (f).

The claims against me under ORS 659A.030 (1) (g) may be defeated by defeating the (1) (f) claim. I think I have provided you that legal authority.

I realize you are advancing ridiculous arguments having no reasonable basis to deny the claim and counting on the compensated favor of the Clackamas County Court, a carryover from your Bodyfelt Mount days. Skip Winters will not be the Judge this time and neither will Judge Herndon.

Timothy C. Rote          24790 SW Big Fir Rd., West Linn, OR 97068          503-702-7225

The underlying contract with Zweizig has several sections, including (1) arbitration, (2) condition precedent, (3) statute of limitations and (4) attorney's fees.  The question as to why an experienced attorney does not take the short road and file to dismiss is perplexing but I think I have found the concept. It's called professional malpractice. The PLF is supposed to cover that right?

Equitable estoppel would have allowed the case to be moved to arbitration. No doubt. We meet the two requirements as espoused by the 9th Circuit. But even that is unnecessary. You see in order for Zweizig to pursue a retaliation claim he must do so against an employer. That's how it was pled.

And because he had to get to NDT to get to me under of (1) (g) for aiding and abetting, the contract is implicated. When it is implicated the condition precedent of Notice and Mediation time bar the claim if not brought within 90 days. There was no notice within 90 days. The contract provides that the provisions stand alone and even when a motion to compel is not filed timely it does not mean that the condition precedents have been satisfied. Mr. Brandsness did not apparently look at the contract.

Timely and professional dismissal of the claim under the terms of the contract was all that was required. Surely you see that. And again when NDT is out, I am also out of the case.

The court lacked subject matter jurisdiction on the claims brought by your boy Joel Christiansen. I know you knuckle heads love these retaliation claims, but it was not timely filed and was subject to arbitration.

The Supreme Court in 2013 determined that the causation for retaliation is a "but-for" standard. Christiansen agreed with that in his proposed jury instructions. I agreed with that as well and both of us cited 9th Circuit Model Instructions. See *Nassar*. Precedent in Oregon supports that as well. The court replaced the parties joint proposed instructions and in doing so made a clear error when it provided a "motivating factor" standard.

Separately, Christiansen engaged in 8 counts of misconduct in the closing statement alone. This case was a mess from the beginning. He extended his perjury in the Clackamas County case to this case.

Working with law enforcement, most of the trial was independently recorded. The two transcripts I ordered and received from the court reporter have serious errors in them. I have asked for corrections and reassurances.

Timothy C. Rote          24790 SW Big Fir Rd., West Linn, OR 97068          503-702-7225

Although I am not willing to believe that Judge Hernandez would ever ask his court reporter to clean up a record, I would not discount incompetence or misconduct by other parties.

I am guessing the PLF is being influenced, as in asked to not cover this clear malpractice? That would have to come from a Judge, presumably under threat of reprisal. I am having a hard time finding a more probable explanation. The default judgment it appears will be reduced to $140,000. What a story.

Back to the central issue. The case against the corporate defendants should have been dismissed in short order. Dismissing the case would have also resolved claims against me. If you are not going to cover clear and irrefutable evidence of malpractice, then what is your purpose? Your charge is not just to protect attorneys practicing in Oregon. There is a public safety factor here.

More and more I wonder how attorneys resolve the many moral conflicts faced by them. Why for example void your moral teachings in order to practice law? Why not find a way to merge the two and engage in honest commerce?

Have Carol call me.

Very truly yours,

*/s/ Timothy C. Rote*
Timothy C. Rote

Timothy C. Rote          24790 SW Big Fir Rd., West Linn, OR 97068          503-702-7225

18CV45257

Print | Close Window

**Subject:** **RE: Evidence Forensics**
**From:** tim@rote-enterprises.com
**Date:** Sun, Jan 07, 2018 8:01 pm
**To:** "John Berge" <johnb@osbplf.org>
**Cc:** "Carol Bernick" <carolb@osbplf.org>

Mr. Berge, it has come to my attention that Mr. Brandsness should have filed a summary judgment motion in the 3:15-CV-2401 suit because the former employer of the plaintiff, Northwest Direct Teleservices, Inc. was administratively dissolved well before the complaint was filed and the employee relationship was severed 12 years prior. You have the 3:15-CV-2401 complaint and attached is the administrative dissolution date. The plaintiff's claim requires an employer/employee relationship and that could not have been true if the employer dissolved prior to the actionable behavior alleged by the defendant in the complaint.

-------- Original Message --------
Subject: RE: Evidence Forensics
From: John Berge <johnb@osbplf.org>
Date: Wed, October 25, 2017 7:42 am
To: "tim@rote-enterprises.com" <tim@rote-enterprises.com>

Mr. Rote,
Have you now supplied all you intend to supply in support of your claim against Mr. Hasson?
JB

**From:** tim@rote-enterprises.com [mailto:tim@rote-enterprises.com]
**Sent:** Tuesday, October 24, 2017 4:47 PM
**To:** John Berge <johnb@osbplf.org>
**Subject:** RE: Evidence Forensics

Here's a better version.

And as to the 2 year deadline, I would argue that with respect to 3:11cv the discovery rule is in play and extends to all work that would have been unnecessary for the 3:14cv case, which had its own unique malpractice events.

-------- Original Message --------
Subject: RE: Evidence Forensics
From: <tim@rote-enterprises.com>
Date: Tue, October 24, 2017 11:36 am
To: "John Berge" <johnb@osbplf.org>

-------- Original Message --------
Subject: RE: Evidence Forensics
From: John Berge <johnb@osbplf.org>
Date: Tue, October 24, 2017 7:46 am
To: "tim@rote-enterprises.com" <tim@rote-enterprises.com>

Mr. Rote,

I received two emails from you yesterday with attachments. Please let me know if that completes the information you intend to supply in response to my request? If so, I will begin my review. If not, I will wait until you have submitted all that you choose before I start my review. Thank you.
JB

**From:** tim@rote-enterprises.com [mailto:tim@rote-enterprises.com]
**Sent:** Monday, October 23, 2017 4:34 PM
**To:** John Berge <johnb@osbplf.org>
**Subject:** Evidence Forensics

The reports are extensive.

Included herein:

Report from Forensics expert Williams on Exit Time
Declaration from Forensics expert Mark Cox
Forensics Report from McAnn, Zweizig expert.
Declaration of Mark Cox offered as refuting McAnn statements under oath challenging that logs exist on exit time for email.

Have testimony in transcripts as well.

Offered as evidence that in addition to hard copy of email and letter, we provided the native digital email, computer on which it was saved, and other evidence in support including forensics. Hasson knew of the evidence and his filings in that case support that conclusion.

Copyright © 2003-2018. All rights reserved.



**Professional
Liability Fund**

~~ROL J. BERNICK
~F EXECUTIVE OFFICER

May 4, 2018

Timothy Rote
24790 SW Big Fir Road
West Linn, OR  97068

Re: PLF File No.   :  068016
    Covered Party :  Andrew C. Brandsness
    Claimant      :  Timothy Rote; Northwest Direct Marketing, et al

Dear Mr. Rote:

This will confirm receipt of your email dated April 29, 2018, attaching your letter dated April 28, 2018.  It is my understanding that you are not represented by an attorney in bringing this claim.  If I am incorrect and you have retained legal counsel, please give a copy of this letter to that lawyer.

Nothing contained in your letter or email change the analysis as set forth in my April 2, 2018, letter to you.

We have seen nothing to support your position that Mr. Brandsness is responsible for your alleged losses, if any, and we therefore respectfully decline to make voluntary payment on account of this claim.  There may be reasons for us to deny this claim that go beyond just those described in this letter.  Please understand that in the event of a lawsuit against Mr. Brandsness, counsel retained to defend him will assert any and all rights, privileges and defenses that are available under the circumstances.

Please be aware that I am not your attorney and am in fact adverse to your interests in bringing your malpractice claim. For this reason, you should not construe anything I say in this correspondence or in any future or past communication to be personal legal advice for your benefit.  Similarly, you should have no expectation that I either can or will represent you or protect your interests.  Therefore, I routinely advise unrepresented claimants, such as yourself, to retain private counsel to provide independent legal advice if for any reason he or she is skeptical about my claims analysis and/or disagrees with my unwillingness to pay his or her settlement demands.

**Please keep in mind that making a claim against an attorney by letter to the Professional Liability Fund does not toll or stop the running of the applicable statute of limitations on any**

16037 SW Upper Boones Ferry Road, Suite 300
Tigard, Oregon 97224
PO Box 231600 | Tigard, Oregon 97281-1600

*phone:* 503.639.6911 | *toll free:* 800.452.1639
*fax:* 503.684.7250 | *www.osbplf.org*

18CV45257

Timothy Rote
May 5, 2018
Page 2

lawsuit that you might be considering.  The statute of limitations continues to run and may
expire while discussions with us are underway.

Very truly yours,

Pamela J. Stendahl
Claims Attorney

PJS/dc
c:      Andrew C. Brandsness (Personal and Confidential)



**Professional
Liability Fund**

CAROL J. BERNICK
CHIEF EXECUTIVE OFFICER

April 2, 2018

Timothy Rote
24790 SW Big Fir Road
West Linn, OR 97068

Re: PLF File No.    :   068016
    Covered Party  :   Andrew C. Brandsness
    Claimant       :   Timothy Rote; Northwest Direct Teleservices, Inc.

Dear Mr. Rote:

The Professional Liability Fund (PLF) has received your claim initiation form dated February 14, 2018, asserting a claim against attorney Andrew Brandsness. You indicate that you, individually, are the claimant. That claim initiation form states:

> "Attorney failed to compel arbitration, failed to file a motion to dismiss and summary judgment. Court concluded that defense was waived as to arbitration. $1 Million judgment for aiding and abetting Northwest Direct Teleservices, Inc. (NDT). NDT was represented by Brandsness. Employee contract would have made the complaint untimely. Opinion attached. Repair still possible."

It is my understanding that Mr. Brandsness never represented you individually. You represented yourself throughout the underlying litigation in United States District Court case number 3:15-CV-02401-HZ. It is further my understanding that you are not represented by an attorney in bringing this claim. If I am incorrect and you have retained legal counsel, please give a copy of this letter to that lawyer.

The PLF will not be retaining counsel on behalf of any of the defendants in United States District Court case number 3:15-CV-02401-HZ.

Based upon the claim initiation form, I understand that you are claiming that Mr. Brandsness should have filed a motion to compel, motion to dismiss and/or motion for summary judgment on behalf of NDT in United States District Court case number 3:15-CV-02401-HZ. I will address these allegations below.

16037 SW Upper Boones Ferry Road, Suite 300
Tigard, Oregon 97224
PO Box 231600 | Tigard, Oregon 97281-1600

*phone:* 503.639.6911 | *toll free:* 800.452.1639
*fax:* 503.684.7250 | *www.osbplf.org*

Ex.11 page 3

Timothy Rote
April 2, 2018
Page 2

## Motion to Compel Arbitration/Motion to Dismiss

You have alleged that Mr. Brandsness failed to compel arbitration or file a motion to dismiss the lawsuit based on the arbitration clause contained in the 2001 Employment Agreement between Mr. Zweizig and Northwest Direct Teleservices, Inc. Whether to seek to enforce the arbitration clause was something that you, as NDT's representative, and Mr. Brandsness discussed. You spent an afternoon in Mr. Brandsness' office assisting while he drafted the Answer that was filed on behalf of the corporate defendants. He discussed with you that even if the 2001 Employment Agreement applied to the types of claims being asserted, it did not apply to any of the defendants other than Mr. Zweizig's employer, NDT. As such, if he had tried to compel arbitration, it likely would have applied to only one of the several defendants and resulted in litigation ongoing in two forums instead of one. This would increase the complexity and cost of the pending litigation. Mr. Brandsness recommended that the corporate defendants file an Answer and defend a single lawsuit in federal court. Mr. Brandsness used his professional judgment in making this strategic decision, and you agreed.

You also filed an Answer on your own behalf. You did not seek to compel arbitration in the initial stages of the litigation. Later, when you tried to enforce the arbitration clause, the court ruled against you. The court found that you were not a party to the 2001 Employment Agreement and thus claims against you, as a non-signatory to the agreement, did not fall within the Agreement. More importantly, the court went on to say that, "the subject matter of the dispute – the content and allegedly disparaging nature of Defendant's blog posts —is not intertwined with the parties' 2001 Agreement." See Opinion & Order filed January 5, 2017. As such, even if Mr. Brandsness had sought to compel arbitration, there is no indication that such a motion would have been granted. To the contrary, it is more probable than not that the court would have denied the motion. Accordingly, the decision not to move to compel arbitration did not fall below the standard of care, nor did it cause any harm.

## Motion for Summary Judgment

It is correct that Mr. Brandsness did not file a motion for summary judgment on behalf of any of the corporate defendants. The docket for United States District Court case number 3:15-CV-02401-HZ confirms that Mr. Brandsness withdrew from representing the corporate defendants in October 2016. It further confirms that the deadline for dispositive motions was in the middle of June 2017. As such, Northwest Direct Teleservices, Inc., or any other corporate defendant, had adequate time to retain a new lawyer and file a summary judgment motion. The lack of filing such a motion by Mr. Brandsness did not fall below the standard of care, nor did it cause any harm.

We have seen nothing to support your position that Mr. Brandsness is responsible for your alleged losses, if any, and we therefore respectfully decline to make voluntary payment on account of this claim. There may be reasons for us to deny this claim that go beyond just those described in this letter. Please understand that in the event of a lawsuit against Mr. Brandsness, counsel retained to defend him will assert any and all rights, privileges and defenses that are available under the circumstances.

Please be aware that I am not your attorney and am in fact adverse to your interests in bringing your malpractice claim. For this reason, you should not construe anything I say in this correspondence or in any future or past communication to be personal legal advice for your benefit. Similarly, you should

Timothy Rote
April 2, 2018
Page 3

have no expectation that I either can or will represent you or protect your interests. Therefore, I routinely advise unrepresented claimants, such as yourself, to retain private counsel to provide independent legal advice if for any reason he or she is skeptical about my claims analysis and/or disagrees with my unwillingness to pay his or her settlement demands.

**Please keep in mind that making a claim against an attorney by letter to the Professional Liability Fund does not toll or stop the running of the applicable statute of limitations on any lawsuit that you might be considering. The statute of limitations continues to run and may expire while discussions with us are underway.**

Very truly yours,

Pamela J. Stendahl
Claims Attorney

PJS/ks/dc
c:    Andrew C. Brandsness (*Personal & Confidential*)

Print  |  Close Window

Subject:  Re: FW: Going to serve you with a subpoena to appear at trial the 17th
   From:  Timothy Rote <timothy   .rote@gmail.com>
   Date:  Fri, Jan 12, 2018 1 1:56 am
      To:  Joel Christiansen <joel@oremploymentlawyer   .com>
      Cc:  Jennifer_Paget@ord.uscourts.gov   , tim@rote-enterprises.com

Not necessary but do want to put on the email.  It was intended to show the collusion between counsel and the PLF. I'll label the
email and get it to you as an Exhibit. Thanks Joel and Carol.

On Fri, Jan 12, 2018 at 10:33 AM, Joel Christiansen <joel@oremploymentlawyer.com> wrote:
   Ms. Paget,

   I'm forwarding this email as an FYI for the Court in the Zweizig v. Northwest Direct Teleservices, Inc. matter (3:15-cv-02401-HZ)
   set for trial next Tues 1/16. My understanding from the pretrial conference was that Mr. Rote was not to be calling this witness at
   trial. It is my understanding that Ms. Bernick hasn't actually received a subpoena but I wanted to alert the Court at this early
   juncture in case we need to have a telephone conference before Tues to address this issue.

   Joel

   Joel Christiansen | VOGELE & CHRISTIANSEN
   812 NW 17th Avenue, Portland, OR 97209
   (p) 503-841-6722 (e) joel@oremploymentlawyer.com

   ---------- Forwarded message ----------
   From: Carol Bernick  <carolb@osbplf.org>
   Date: Fri, Jan 12, 2018 at 10:20 AM
   Subject: FW: Going to serve you with a subpoena to appear at trial the 17th
   To: Joel Christiansen <joel@oremploymentlawyer.com>


   FYI


   From:   m@rote-enterprises.com [mailto:  m@rote-enterprises.com]
   Sent: Friday, January 12, 2018 9:15 AM
   To: Carol Bernick <carolb@osbplf.org>
   Subject: Going to serve you with a subpoena to appear at trial the 17th

Copyright © 2003-2018. All rights reserved.

18CV45257
6/12/2016

We are proud of our work for the following clients:

AM Trust

Berkshire Hathaway Group of Insurance Companies

Canal Insurance Co.

Certain Underwriters at Lloyd's

Chubb Group of Insurance Companies

Church Mutual Insurance Co.

Cincinnati Insurance Co.

CNA Insurance Companies

Country Financial

Crossroads RV

First Mercury Insurance Co.

Gallagher Bassett Services, Inc.

Great American Insurance Co.

James River Insurance Co.

Keystone RV

Markel Corp.

Maxum Insurance Co.

Mid-Continent Group

Oregon Insurance Guaranty Assoc.

Oregon State Bar Professional Liability Fund

Philadelphia Insurance Co.

Professional Liability Insurance Services, Inc.

Professional Risk Management Service, Inc.

Resolute Management, Inc.

Safeway, Inc.

Sentry Insurance Co.

Stanley Black & Decker, Inc.

The Hartford

Thor Motor Coach

Tokio Marine & Nichido Fire Insurance Co.

Travelers

United States Liability Insurance Group

YorkPro, Inc.

Walsh Construction

Westcap Insurance Services, Inc.

West Coast Casualty Service Inc.

Western Surety Co.

Zurich

18CV45257

Timothy C. Rote                                      Honorable Marco Hernandez
24790 SW Big Fir Rd.
West Linn, OR 97068
Phone:  (503) 702-7225
E-Mail: timothy.rote@gmail.com
*Pro Se* Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MAX ZWEIZIG, | Case No.: 3:15-CV-2401-HZ |
| Plaintiff, | DEFENDANT'S MOTION FOR SANCTIONS |
| vs. | AGAINST PLAINTIFF AND COUNSEL CHRISTIANSEN |
| TIMOTHY C. ROTE, *et al.,* | |
| Defendants. | |

**MOTION FOR SANCTIONS**

Defendant offers his Motion for Sanctions against Plaintiff and Plaintiff Counsel for continuing to ask the court for preferential treatment because of the Kugler and Jones documents (transcripts, motions, etc.). Local Rule 7 requires a separate Motion and it is provided herein. Plaintiff was noticed years ago to stop this behavior. Both the defendant and the court have warned plaintiff counsel against filing Docs #243-12 and #243-13 and intimating in those filings that the court would act partially.

PAGE 1.   DEFENDANT MOTION FOR SANCTIONS

18CV45257

Case 3:15-cv-02401-HZ   Document 246   Filed 12/03/18   Page 2 of 12
Case 3:19-cv-00082-MO   Document 1-2   Filed 01/16/19   Page 148 of 351

## FACTS

Plaintiff counsel Christiansen has repeatedly filed transcripts of hearings or motions related to hearing which defendant will refer to as the Kugler matter (Doc #243-12) and the Jones matter (Doc #243-13). Early on in this case Judge Hernandez told Christiansen that he did not care what happened in another case and to stop bringing it up. Christiansen, however, has filed these documents in this case multiple times and each time it is a call for the court to act prejudicially. Each time Christiansen files these documents he commits a felony by attempting to compromise the integrity of the court or as a threat to the court.

Zweizig initially filed his lawsuit in New Jersey State Court in March of 2004 against former employer NDT and Defendant Rote. Defendant would ask the court to take note that Sandra Ware secured a copy of the Jones transcript on February 4, 2004, as indicated on the document fax receipt stamped at the top of Doc #243-13. The firm of Blumberg and Lindner LLC employed Sandra Ware at the time.

Defendant transferred the case to New Jersey State Court under diversification and took further steps to compel arbitration. The case was assigned to Magistrate Robert Kugler. Sandra Ware then met with the law clerk of Judge Kugler surreptitiously and handed over to him a copy of the Jones Transcript. The law clerk and Sandra Ware attended Rutgers Law together and Judge Kugler typically hired his law clerks from Rutgers Law.

Kugler thereafter removed the case with prejudice remanding the case back to the New Jersey State Court citing a deficient Notice of Transfer.

After the Kugler court removed the case, Rote informed Kugler of the ex-parte contact between his clerk and Sandra Ware. Judge Kugler then demanded that Rote appear for a motion

PAGE 2.   DEFENDANT MOTION FOR SANCTIONS

18CV45257

Case 3:15-cv-02401-HZ    Document 246    Filed 12/03/18    Page 3 of 12
Case 3:19-cv-00082-MO    Document 1-2    Filed 01/16/19    Page 149 of 351

for contempt. Rote's counsel argued that a letter to Judge did not justify this action, that Kugler would have to recuse himself from the matter. Kugler pressed the U.S. Attorneys office to press charges against Rote and the U.S. Attorneys Office declined noting that the letter constituted free speech.

At the same time a complaint was filed with the Third Circuit against Judge Kugler and the clerk citing abuse of office. After the hearing, counsel for Rote met Judge Kugler in Chambers where the parties agreed that Rote would not press the complaint against Kugler and Kugler would agree to no longer abuse his office to protect a clerk. While the clerk made a mistake, Sandra Ware knew she was in fact engaging in ex-parte contact and that the contact was unlawful. Sandra Ware was at that time an attorney, lived with Zweizig and was then his fiancée.

## LEGAL STANDARD

Federal courts generally have three sources of power from which to impose sanctions:

1. Rule 11 of the Federal Rules of Civil Procedure;

2. 28 U.S.C. § 1927; and

3. The inherent power of the court.


A. Federal Rule of Civil Procedure 11

Federal Rule of Civil Procedure 11 authorizes federal courts to issue sanctions against parties or their attorneys who file pleadings, motions, or other papers that are filed for an improper purpose or lack a required level of evidentiary or legal support. Rule 11 sanctions are not available for other sorts of misconduct, like discovery abuse or actions during a trial. The aim of Rule 11 is to deter frivolous filings, to "curb abuses of the judicial system, and to require

PAGE 3.   DEFENDANT MOTION FOR SANCTIONS

18CV45257

Case 3:15-cv-02401-HZ    Document 246    Filed 12/03/18    Page 4 of 12
Case 3:19-cv-00082-MO    Document 1-2    Filed 01/16/19    Page 150 of 351

litigants to refrain from conduct that frustrates Rule 11's goal of the "just, speedy, and inexpensive determination of every action."

Rule 11(b) provides that, by presenting to the court a pleading, written motion, or *other paper*--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the material presented is not filed for an improper purpose and has the requisite degree of evidentiary and legal support. This language raises two interpretive questions: what "later advocating" means and what "a reasonable inquiry under the circumstances" entails.

Rule 11(b) enumerates four standards to which litigants and counsel must adhere when presenting materials to the court. First, Rule 11(b)(1) requires that the papers not be presented for an improper purpose. Prohibited improper purposes include harassment, unnecessary delay, and the needless increase in the cost of litigation.23 Despite the subjective connotation of "improper purpose," most courts agree that the test is an objective one based upon a totality of the circumstances at the time the paper is filed.24 Courts adhering to the objective test will look to "objective indicators of purpose from which to infer improper purpose" and will not consider or attempt to divine an individual litigant's subjective purpose. Frivolousness alone is not a basis for inferring improper purpose. Courts using this test must identify specific "unusual circumstances" that show an improper purpose, such as excessive filing of motions that are substantially similar to earlier, unsuccessful motions. While most circuits addressing the issue agree that finding an improper purpose is a purely objective task, a few courts disagree, leaving unresolved the question of whether, and to what extent, subjective intent should be considered as a factor in determining the litigant's purpose.

PAGE 4.    DEFENDANT MOTION FOR SANCTIONS

18CV45257

Case 3:15-cv-02401-HZ   Document 246   Filed 12/03/18   Page 5 of 12
Case 3:19-cv-00082-MO   Document 1-2   Filed 01/16/19   Page 151 of 351

Second, Rule 11(b)(2) states that any claims, defenses, or legal contentions presented to the court must be grounded in existing law, asserted to extend, modify, or reverse existing law, or establish new law. This requires attorneys to make an objectively reasonable inquiry under the circumstances into the state of the law. The standard is not met when the legal assertion is (1) objectively baseless and (2) the attorney has not made a "reasonable and competent inquiry" before making it. The notion is that sanctions are warranted when a reasonable inquiry would reveal frivolousness to a competent attorney. A court need not find bad faith to issue sanctions; good faith is no defense. Thus, an "empty head, pure heart" defense to a motion for sanctions must fail.  A legal position will be sanctionable only when it can be said that a "reasonable attorney in like circumstances could not have believed his actions to be legally justified."

Third, Rule 11(b)(3) requires that any factual allegation either have evidentiary support or, if identified as such, be "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Evidentiary support can include reasonable inferences from facts or circumstantial evidence.

Fourth, Rule 11(b)(4) states that any denials of factual contentions must be either "warranted on the evidence" or, if identified as such, "reasonably based on a lack of information or belief." Thus, denials of fact are treated like factual assertions and must be objectively reasonable.

Rule 11 authorizes the court to sanction both attorneys and their clients. Rule 11(c)(1)(A) further provides that, "absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees."

A court may also levy sanctions sua sponte but may do so only after issuing a specific order describing the perceived misconduct and allowing the possible offender an opportunity to

PAGE 5.   DEFENDANT MOTION FOR SANCTIONS

18CV45257

Case 3:15-cv-02401-HZ   Document 246   Filed 12/03/18   Page 6 of 12
Case 3:19-cv-00082-MO   Document 1-2   Filed 01/16/19   Page 152 of 351

show cause why the sanction should not be issued. The rule incorporates a measure of due process protection. However, because a sua sponte order to show cause does not allow an attorney the opportunity to withdraw the offending filing, courts are cautioned to "reserve such sanctions for situations that are akin to a contempt of court."

B.  28 U.S.C. § 1927

Another basis for sanctions lies in 28 U.S.C. § 1927, which serves "to deter unnecessary delays in litigation." The statute authorizes sanctions in the form of "excess costs, expenses, and attorneys fees" against any attorney who "multiplies the proceedings in any case unreasonably and vexatiously."

The scope of authority to sanction under § 1927 is both broader and narrower than Rule 11. Section 1927 is broader in that the attorney's behavior is examined throughout the entire litigation, as a "course of conduct," while Rule 11 applies to individual filings.  The filing of a frivolous complaint, alone, may violate Rule 11, but not § 1927 because such a complaint does not "multiply" the proceedings. Conversely, a course of conduct can be sanctionable under § 1927 even though the individual filings during that conduct comport with Rule 11 standards.

Section 1927 is narrower because, unlike Rule 11 requirement of objective reasonableness, § 1927 generally requires subjective bad faith. Some courts, however, interpret § 1927 as authorizing sanctions when attorney conduct falls short of bad faith: "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." For these courts, malicious intent or bad purpose is not required. Thus, the "circuits are split as to whether § 1927 requires a showing of subjective bad faith or whether mere recklessness is sufficient.

PAGE 6.   DEFENDANT MOTION FOR SANCTIONS

18CV45257

Since Rule 11 and § 1927 have different standards, courts deciding whether to issue sanctions under both may conduct a separate inquiry into § 1927 and Rule 11, but a court proceeding sua sponte under either rule must give the subject attorney notice and an opportunity to respond. The resulting findings must detail the basis for the sanctions, link the conduct to the sanctions awarded, and distinguish among sanctions awarded under different theories. Sanctions under § 1927 serve both deterrence and compensatory functions. As a result, the amount awarded need not be the least amount necessary to deter subsequent misconduct and is appropriately payable to the opposing party. The circuits are divided on whether it is not an abuse of discretion for a trial court to reduce a fee award to account for the sanctioned attorney's ability to pay it.

C.  The Inherent Power of the Court

The sanctioning power of the federal courts "is not limited to what is enumerated in statutes or in the rules of civil procedure." Federal courts have the inherent power to punish persons who abuse the judicial process.  The inherent power of the court is an "implied power squeezed from the need to make the courts function." Rule 11 and § 1927 do not displace the court's inherent power, but instead they exist concurrently.

The inherent power to sanction is broad. The scope of the power reaches "any abuse" of the judicial process. This includes the authority to sanction for conduct that occurs outside of the courtroom and is not limited to attorneys or parties. Courts also have broad discretion to determine the appropriate sanction to be imposed.

One such sanction, "limited to those cases where the litigant has engaged in bad-faith conduct or willful disobedience" is attorney fees. Those fees, however, must be compensatory in nature, rather than punitive. Thus the attorney fee award is limited to the amount of fees expended because of the misconduct at issue. That is, the court may generally award fees only

PAGE 7.   DEFENDANT MOTION FOR SANCTIONS

18CV45257

Case 3:15-cv-02401-HZ   Document 246   Filed 12/03/18   Page 8 of 12
Case 3:19-cv-00082-MO   Document 1-2   Filed 01/16/19   Page 154 of 351

for legal work that would not have been necessary but for the misconduct. Where appropriate, courts may impose attorney fees representing the entire cost of litigation or the entire cost after some point in time. But such a case is "exceptional" and occurs when all of the expenses were caused by the sanctioned behavior.

## ARGUMENT

All three opportunities to impose sanctions on the plaintiff and plaintiff counsel are available. Christiansen has filed to the Kugler and Jones documents multiple times in this case after Judge Hernandez told him to stop the infusion from other cases.

### A.  Requests By Christiansen Constitute a Felony

Commercial Bribery, Corrupt Influence, Illegal Gratuity, Misuse of Office and RICO are all implicated by Christiansen asking the court to help him conceal the lies he told in this action, his perjury in the Clackamas case and the favor he sought from the court for contacting Judge Jones deputy clerk.

Plaintiff is asking the court to engage in extra-judicial and non-immune activity because of the Kugler and Jones documents.

Christiansen can be prosecuted under 18 USC 201, 18 USC 1951, 18 USC 1343, 18 USC 1962 and State and Local Criminal Statutes for asking the court to set the facts aside and reward him and the court with some benefit.

Doc #243-12 has been filed by Christiansen in this case some 5 times or so. It is tantamount to an admission that because of this exhibit the defendant did not receive a fair and independent trial on the merits of this case.

Doc #243-13 has been filed several times and is tantamount to an admission that because of this exhibit the defendant did not receive a fair and independent trial on the merits of

PAGE 8.   DEFENDANT MOTION FOR SANCTIONS

18CV45257

Case 3:15-cv-02401-HZ   Document 246   Filed 12/03/18   Page 9 of 12
Case 3:19-cv-00082-MO   Document 1-2   Filed 01/16/19   Page 155 of 351

this case. This however is particularly disturbing to the defendant. Defendant Rote decided to go see Judge Robert Jones and make sure he understood that Rote was sorry for that hearing and more importantly was not a threat to him or his family. Rote has published that Judge Jones is one of his favorite Judges. Rote went to Judge Jones home and Judge Jones talked with him as old friends that day, in Judge Jones' home, with his wife Pearl present. And the next day Rote brought over a Traeger roasted pork dinner as a gesture of friendship which Judge Jones accepted warmly.

The filing of these transcripts by opposing counsel is a horrible testimony that attorneys believe the court has and will abuse its office and that a judge is a recipient of some benefit in doing so. The public statement by the attorney challenges the credibility of the judiciary.

B.  The Kugler and Jones documents filed by Christiansen seek partiality of the court and are a specific violation of ORPC 3.5:

**"RULE 3.5 IMPARTIALITY AND DECORUM OF THE TRIBUNAL**

A lawyer shall not:

(a) seek to influence a judge, juror, prospective juror or other official by means prohibited by law;

(b) communicate ex parte on the merits of a cause with such a person during the proceeding unless authorized to do so by law or court order;

(c) communicate with a juror or prospective juror after discharge of the jury if: (1) the communication is prohibited by law or court order; (2) the juror has made known to the lawyer a desire not to communicate; or (3) the communication involves misrepresentation, coercion, duress or harassment;

(d) engage in conduct intended to disrupt a tribunal; or

(e) fail to reveal promptly to the court improper conduct by a venireman or a juror, or by another toward a venireman or a juror or a member of their families, of which the lawyer has knowledge."

PAGE 9.   DEFENDANT MOTION FOR SANCTIONS

18CV45257

Case 3:15-cv-02401-HZ   Document 246   Filed 12/03/18   Page 10 of 12
Case 3:19-cv-00082-MO   Document 1-2   Filed 01/16/19   Page 156 of 351

Marshall represented Zweizig in an arbitration and filed the Kugler and Jones documents. The arbitrator was influenced by them as the transcript so reveals.

Christiansen has filed the Kugler and Jones transcripts in Clackamas County. Judge Herndon acknowledged the influence the transcripts had on his decision to dismiss the original case, confirmed ex-parte contact with the PLF, confirmed another request asking for dismissal from an unidentified Judge, recognizes there are criminal statutes in play and has responded further by reminding Rote of his judicial immunity.

There is another possible interpretation of the plaintiff bringing up the Kugler and Jones documents and that it is a form of a threat to expose something about the court. If so, defendant would ask the court to stand strong and deny him the attempt to extort favorable decisions.

CONCLUSION

The only way to curb the abuses of counsel is to sanction counsel in some form. The truth is that the attorney misconduct during the trial will likely force a new trial. Plaintiff has arguably compromised a jury trial at great economic cost to the public.

Even still, plaintiff counsel asking the court to join his felonious activity must be stopped for the good of our community and to restore confidence in the judiciary. In a broader sense it is an endemic issue interfering with court efficiency.

To the extent the court believes it can remain in the case on this issue, defendant asks the court to sanction the plaintiff and plaintiff counsel in an amount the court finds appropriate. The most appropriate sanction would be to vacate the judgment; however, defendant recognizes that the court may have divested itself of this opportunity. A financial sanction against plaintiff counsel and plaintiff equal to the judgment is therefore requested.

PAGE 10.  DEFENDANT MOTION FOR SANCTIONS

18CV45257

Case 3:15-cv-02401-HZ   Document 246   Filed 12/03/18   Page 11 of 12
Case 3:19-cv-00082-MO   Document 1-2   Filed 01/16/19   Page 157 of 351

Dated:  December 3, 2018


s/ *Timothy C. Rote*
Timothy C. Rote
*Pro Se* Defendant

PAGE 11.  DEFENDANT MOTION FOR SANCTIONS

Certificate of Service

I hereby certify that on December 3, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

<u>Joel Christiansen</u>

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

s/ Timothy C. Rote
Timothy C. Rote
*Pro Se Defendant*
E-Mail: Timothy.Rote@gmail.com

PAGE 1.    CERTIFICATE OF SERVICE

1

2

3

4 IN THE CIRCUIT COURT OF THE STATE OF OREGON

5 FOR THE COUNTY OF CLACKAMAS

6 TIMOTHY C. ROTE,

Case No.  18CV45257

7 Plaintiff,

**DEFENDANTS LINDA L. MARSHALL AND JOEL CHRISTIANSEN'S MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

8 v.

9 LINDA L. MARSHALL, JOEL
CHRISTIANSEN, ANDREW BRANDSNESS,
10 CAROL BERNICK, OREGON STATE BAR
(PROFESSIONAL LIABILITY FUND),
11 MATT KALMANSON, NANCY WALKER,
PAM STENDAHL, JOHN DOES (4-5),

12

Defendants.

Prayer:  $8,645,000

13

*Oral Argument Requested*

14 **UTCR 5.050 INFORMATION**

15 Time requested for argument: 30 minutes
Telephone argument requested: No
16 Counsel more than 25 miles from court: No
Court reporting services requested: Yes

17

18 **CERTIFICATE OF COMPLIANCE WITH UTCR 5.010**

19 Pursuant to UTCR 5.010, counsel for defendants Linda L. Marshall and Joel Christiansen

20 made good faith efforts to confer with pro se plaintiff on the issues raised herein through a

21 conversation and also forwarding a copy of this motion five days before filing it.

22 **SUMMARY OF MOTIONS**

23 Motion 1 ORCP 21 A(9): Plaintiff's first (defamation) and sixth (IIED) claims are time-

24 barred.

25 Motion 2 ORCP 21 A(8): Plaintiff's fifth (ORICO) and seventh (fraud) claims are barred

26 for failure to state a claim.

Page 1 – **DEFENDANTS LINDA L. MARSHALL AND JOEL
CHRISTIANSEN'S MOTIONS TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT
AND, IN THE ALTERNATIVE, MOTION TO
DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1    <u>Motion 3 ORS 31.150</u>: In the alternative to Motions 1 and 2, all of plaintiff's claims must

2    be dismissed pursuant to Oregon's anti-SLAPP statute.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

4    **I.      Summary**

5            This is the latest chapter in *pro se* plaintiff Timothy Rote's dispute with Linda L.

6    Marshall and Joel Christiansen ("moving defendants"), both of whom are lawyers who represent

7    an individual (Max Zweizig) who has been litigating with plaintiff for over a decade.  Plaintiff

8    first tried to add the moving defendants to one of the federal lawsuits involving Mr. Zweizig, but

9    that motion was denied.  Plaintiff then filed a lawsuit in this court, which Judge Herndon

10   dismissed based on Oregon's anti-SLAPP statute.  The dismissal was without prejudice, but

11   plaintiff appealed the judgment and it was affirmed in its entirety.  Plaintiff has now filed the

12   present lawsuit, which adds numerous additional parties, although the claims against the moving

13   defendants are substantially the same.

14           This court should dismiss all of plaintiff's claims.  First, plaintiff's defamation and IIED

15   claims are time-barred.  Second, his ORICO and fraud claims do not state a claim upon which

16   relief can be granted.  And third, if any of plaintiff's claims survive Motions 1 and 2, those

17   claims implicate Oregon's anti-SLAPP statute, and plaintiff cannot provide evidence to support

18   them.  Given this is the second lawsuit that plaintiff has filed, after litigating the previous one

19   through appeal, moving defendants request that this court dismiss plaintiff's claims <u>with</u>

20   <u>prejudice</u> unless plaintiff can articulate specific allegations that state a claim for relief.

21   **II.     Request for Judicial Notice and Background of Dispute**

22           Before describing plaintiff's latest complaint, this court must take judicial notice of the

23   history of this litigation, which is told in court documents attached to the declaration of Matthew

24   Kalmanson, all of which were filed in cases involving these same parties.

25   / / /

26   / / /

Page 2 –   **DEFENDANTS LINDA L. MARSHALL AND JOEL
           CHRISTIANSEN'S MOTIONS TO DISMISS
           PLAINTIFF'S FIRST AMENDED COMPLAINT
           AND, IN THE ALTERNATIVE, MOTION TO
           DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

### A.    Legal standard for judicial notice.

This court must take judicial notice of documents that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  OEC 201(b); *see also* OEC 201(d)(2) ("A court shall take judicial notice if requested by a party and supplied with the necessary information.").  The court may take judicial notice at any stage of the proceeding.  OEC 201(f).  The court may take judicial notice of both facts (OEC 201(b)) and law, which includes "decisional" law and official acts of the Oregon courts (OEC 202(1)(2)).

Moving defendants request that this court take judicial notice of documents from the previous litigation involving these issues and parties.  Many of those documents are attached to the declaration of Matthew Kalmanson, which are from case No. 16CV07564 and its appeal, and federal case No. 3:15-cv-02401 (the "federal case"), which is one of the cases involving plaintiff and Christiansen and Marshall's client, Max Zweizig.  This court, if it wishes, may take judicial notice of any document in those court's files, as the rules allow judicial notice "whether requested or not."  *See* OEC 201(c), (d)(1).  Taking judicial notice would allow this court to understand the circumstances of the prior cases arising out of these events, and provide relevant context for moving defendants' alternative anti-SLAPP motion.  ORS 31.150(4) (allowing court to consider declarations in context of anti-SLAPP motion).

### B.    Plaintiff's disputes with Zweizig and others.

Mr. Zweizig alleged that he worked for a business entity owned by plaintiff called Northwest Direct Teleservices ("NDT").  (Kalmanson Declaration, Ex 2 at 6.)  An employment dispute arose between Zweizig and NDT/plaintiff, which eventually was arbitrated.  (*Id.*, Ex 2 at 7-8.)  The arbitrator, Bill Crow, found in Zweizig's favor.  (*Id.,* Ex 2 at 14-20.)  NDT did not satisfy the judgment, and Zweizig sued NDT, Rote and his other entities for fraudulent transfers (the "collection action").  (*Id.*, Ex 2 at 23-45.)  Defendant Marshall was lead attorney in the arbitration and the collection action.[1]  (*Id.*)

---

[1] The federal court ruled in plaintiff's favor in the collection action, and that case is closed.

Page 3 –   **DEFENDANTS LINDA L. MARSHALL AND JOEL CHRISTIANSEN'S MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1    Zweizig alleged that, around February of 2015, plaintiff started a blog called "Sitting

2 Duck Portland," in which he wrote about Zweizig and the arbitration, *inter alia*.  (*Id.*, Ex 2 at 5-

3 6, 47-65.)  Plaintiff made a number of statements about Zweizig in the blog, and he claimed to be

4 the victim of a conspiracy between Zweizig, Marshall, the arbitrator and others.  (*Id.*)  On

5 December 24, 2015, Zweizig sued Rote, alleging that the blog posts about him were additional

6 adverse employment actions (the "retaliation action").  (*Id.*, Ex 2 at 4.)  Defendant Christiansen

7 represented Zweizig in the retaliation action.  (*Id.*)

8    Plaintiff's blog was not only about Zweizig.  Plaintiff described it as an "effort to expose

9 issues that have arisen when Judges and Arbitrators give into activism, cronyism and

10 favoritism."  (*Id.*, Ex 2 at 47.)  Plaintiff claimed to be a victim of "bias, of cronyism, perhaps of

11 bribery, of corruption, of fraud" by "Judges coast to coast."  (*Id.*, Ex 2 at 53.)  One of the judges

12 plaintiff identified in his blog was federal Judge Robert E. Jones, who presided over another

13 lawsuit involving plaintiff captioned *Jones v. North West Telemarketing, Inc.*, US District Court

14 of Oregon, CV 99-990.  (*Id.*, Ex 2 at 56-57.)

15    Plaintiff at times has sent *ex parte* letters to judges who are presiding over his cases.  In

16 the first iteration of the *Zweizig* lawsuit, which began in New Jersey, plaintiff wrote a letter to the

17 judge that resulted in an order to show cause as to why Rote should not be held in contempt.

18 (*Id.*, Ex 2 at 63.)  According to the court, the letter implied "that a law clerk employed in this

19 Court had improper contact with plaintiff through plaintiff's girlfriend, and it further appearing

20 that Mr. Rote implies that a law clerk employed in this Court had improper contact with plaintiff

21 through a pedophile web site * * * ."  (*Id.*)

22    Similarly, in the *Jones* case in Oregon, plaintiff sent a letter to Judge Jones, which

23 resulted in him stating: "I don't want anything to do with this case.  I have utter contempt for this

24 person.  He wrote the court a very personal, very nasty letter.  A hypocrite.  So, get out of here.  I

25 am not going to have anything to with this.  I will recuse myself."  (*Id.*, Ex 2 at 61.)

26 / / /

Page 4 –    **DEFENDANTS LINDA L. MARSHALL AND JOEL
CHRISTIANSEN'S MOTIONS TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT
AND, IN THE ALTERNATIVE, MOTION TO
DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1          **C.      Previous litigation over plaintiff's blog post about Judge Jones.**

2          On November 12, 2015, plaintiff posted the nineteenth entry in his blog, in which he

3  claimed that Marshall tried to influence the arbitration by implying that Judge Jones did not like

4  plaintiff.  Plaintiff concluded: "The Honorable Robert E. Jones is receiving a lifetime

5  achievement award tomorrow night.  The press will be there.  Congratulations Judge Jones.

6  Perhaps more often than not our legacies are not what we wanted them to be." (*Id.*, Ex 2 at 57.)

7          In the first iteration of this lawsuit, plaintiff alleged that the moving defendants had

8  reported the blog post to Judge Jones' chambers as a "veiled threat of physical violence." (*Id.*,

9  Ex 1 at 4.)  The US Marshals contacted plaintiff and his attorney, and interviewed them to

10 determine if plaintiff was a threat.  (*Id.*, Ex 1 at 5.)  This event is the primary basis for plaintiff's

11 claims against moving defendants.

12         Plaintiff first asserted a counterclaim against Zweizig in the federal retaliation case for

13 defamation and IIED, *inter alia,* and moved to join Christiansen and Marshall as defendants.

14 (*Id.*, Ex 8.)  Federal Judge Marco Hernandez denied plaintiff's request to add Christiansen and

15 Marshall as parties, but allowed the claims to proceed against Zweizig.  (*Id.*)  Judge Hernandez

16 eventually dismissed the defamation claim against Zweizig under Oregon's anti-SLAPP statute.

17 (*Id.,* Exs 9, 10.)  The court ruled that plaintiff could not show a probability of prevailing on the

18 merits of any claim arising out of reporting the potential threat because the report was an opinion

19 protected by the First Amendment.  (*Id.*, Ex 9 at 13-14.)  The court also held that the IIED claim

20 failed "as a matter of law" because no reasonable factfinder could conclude that the statements

21 were "outrageous conduct." (*Id.*, Ex 9 at 15-16.)

22         While these matters were being litigated in federal court, plaintiff filed a lawsuit against

23 the moving defendants in this court, asserting claims for defamation, IIED, ORICO, conspiracy,

24 and aiding and abetting.  (*Id.*, Ex 1.)  Defendants moved to dismiss under ORS 31.150, which

25 this court granted.  (*Id.,* Ex 3.)  The court awarded defendants their attorney fees, ruling that

26 plaintiff's claims were "frivolous in every respect." (*Id.*, Ex 4 at 1.)  Plaintiff appealed and the

Page 5 –  **DEFENDANTS LINDA L. MARSHALL AND JOEL
CHRISTIANSEN'S MOTIONS TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT
AND, IN THE ALTERNATIVE, MOTION TO
DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1   Court of Appeals affirmed in full.  (*Id.*, Ex 7.)  While the appeal was ongoing, plaintiff filed a

2   number of ORCP 71 motions in this court, all of which this court denied. (*Id.,* Ex. 6.)

3         **D.     Plaintiff's allegations in this lawsuit.**

4         On or around October 8, 2018, plaintiff filed this lawsuit against moving defendants and

5   others, including the attorney who represented him in the litigation against Zweizig, the

6   Professional Liability Fund and its CEO.  On or around December 4, 2018, plaintiff filed an

7   amended complaint which added as defendants the undersigned counsel, Judge Hernandez's

8   court reporter and a PLF claims attorney.

9         The allegations against moving defendants arise out of the same events as the previous

10   lawsuit.  Plaintiff repeats his allegation that moving defendants tried to influence the outcome of

11   the federal lawsuits by reporting to Judge Jones that plaintiff's blog post was a "veiled threat of

12   physical violence."  (Am Cmplt, ¶ 16.)  Plaintiff also alleges that he received documents

13   pursuant to a "Freedom of Information Act request" on "October 15, 2016" which show that

14   moving defendants "conveyed that Rote was unstable, that he had threatened their client, that he

15   had been arrested and prosecuted on a weapons charge, that he has engaged in fraudulent

16   transfers to avoid a judgment against one of his companies and is a threat to Judge Jones."  (*Id.,* ¶

17   20.)  Plaintiff also alleges that moving defendants lied in the previous case before this court.

18   (*Id.,* ¶ 22.)

19         Plaintiff asserts four claims against these defendants: defamation, IIED, ORICO and

20   fraud.  The defamation claim is based on the statements purportedly made to Judge Jones'

21   chambers.  (*Id.*, ¶ 15.)  The ORICO claim is light on details, but is based on "bribery, perjury,

22   obstructing judicial administration, presenting false evidence, spoliation of evidence, unsworn

23   falsification and perverting the court of justice."  (*Id.*, ¶ 47.)  The only allegation relating to the

24   moving defendants is that defendant Christiansen purportedly prepared "a false declaration."

25   (*Id.*, ¶ 51.)  The IIED claim incorporates the previous allegations in the complaint.  (*Id.*, ¶ 55.)

26   / / /

Page 6 –   **DEFENDANTS LINDA L. MARSHALL AND JOEL**
             **CHRISTIANSEN'S MOTIONS TO DISMISS**
             **PLAINTIFF'S FIRST AMENDED COMPLAINT**
             **AND, IN THE ALTERNATIVE, MOTION TO**
             **DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1    Finally, plaintiff included a "fraud" claim in the amended complaint, in which he alleges

2    that the moving defendants and others "were well aware that the assertions made by these parties

3    in case 16CV07564 to secure an anti-SLAPP Motion to Strike dismissal of the case were untruth

4    [sic] and constituted perjury before the court." (*Id.*, ¶ 59.)  Plaintiff also alleges a conspiracy of

5    some sort between defendants Christiansen and Judge Hernandez's court reporter.

6    **MOTION 1**

7    **Motion to Dismiss First (Defamation) and Sixth (IIED) Claims**
**with Prejudice Based on Statute of Limitations**

8    **A.    Standard of review.**

9    This court must dismiss a claim under ORCP 21 A(9) if the complaint establishes that the

10    action is untimely.  *Kastle v. Salem Hosp.*, 284 Or App 342, 348 (2017).

11    **B.    Plaintiff's defamation claim is time-barred.**

12    The statute of limitations for defamation is one year.  ORS 12.120(2); *see also Coe v.*

13    *Statesman-Journal Co.*, 277 Or 117, 120 (1977) (so stating).  Plaintiff alleges in his amended

14    complaint that he learned that moving defendants reported his blog post as a "veiled threat of

15    physical violence" on November 12, 2015, approximately two years and eleven months before

16    he filed this lawsuit on October 8, 2018.  (Am Cmplt, ¶ 17.)  Plaintiff also alleges that he

17    received his "new evidence" on October 15, 2016, about a year and eleven months before he

18    filed this lawsuit.  (*Id.*, ¶ 20).

19    Thus his defamation claim is time-barred and must be dismissed with prejudice.

20    **C.    Plaintiff's IIED claim is time-barred.**

21    Plaintiff's IIED claim is also time-barred, for two reasons.  First, plaintiff's IIED claim

22    against these defendants is his defamation claim in different clothing.  Plaintiff's IIED claim

23    does nothing more than incorporate the preceding paragraphs, which means that plaintiff is

24    alleging that the moving defendants intentionally caused plaintiff emotional distress by making

25    defamatory statements.  This is a defamation claim.

26    / / /

Page 7 –    **DEFENDANTS LINDA L. MARSHALL AND JOEL
CHRISTIANSEN'S MOTIONS TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT
AND, IN THE ALTERNATIVE, MOTION TO
DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1    IIED is not subject to a specific statute of limitations identified in Chapter 12.  This court

2  therefore must determine the appropriate limitation period by looking to the nature of the

3  conduct complained of, *i.e.*, "the predominant characteristic of the action" and not the label

4  provided by plaintiff.  *See Bradbury v. Teacher Standards & Practices Comm'n*, 328 Or 391, 398

5  (1999).  Plaintiff cannot procure a longer limitation period by characterizing his defamation

6  claim as IIED.  *Coe v. Statesman-Journal Co.*, 277 Or 117, 120 (1977) (claim barred by one-year

7  defamation limitation period, despite plaintiff's labelling it as an action for negligence); *Magenis*

8  *v. Fisher Broad., Inc.,* 103 Or App 555, 560 (1990) (claim was barred by one-year defamation

9  period because to "hold otherwise would permit a plaintiff to elect the longer limitation period of

10  ORS 12.110(1) simply by characterizing a defamation claim as one for false light"); *Stacy v*

11  *Koin-TV*, No. 0506-05987, 2006 WL 5106114 (Or Cir Jan. 27, 2006) ("Because the predominant

12  characteristic of Plaintiff's complaint is defamation, the one year statute of limitations controls

13  his claim for intentional infliction of emotional distress and therefore, this claim is time-barred.")

14  (Kalmanson Dec, Ex 15.).  Thus, plaintiff's IIED claim is time-barred.

15    Even if plaintiff's IIED claim is two years, it still is time-barred.  Plaintiff's IIED claim

16  accrued when plaintiff knew or should have known of a substantial possibility of harm,

17  causation, and tortious conduct.  *Gaston v. Parsons*, 318 Or 247, 256 (1994).  The claim accrued

18  when plaintiff knew of the substantial possibility that he suffered <u>some</u> harm due to defendants'

19  conduct, not the full extent of the harm or all the details of the claim:

20    [The discovery rule] does not contemplate that a plaintiff's actual
      or inquiry knowledge extends to all of the particulars of his or her
21    ultimate injury.  Rather, the rule delays the running of the
      limitations period only until the plaintiff knows or should know
22    that <u>some</u> harm has been incurred and that <u>a</u> claim exists.  The
      statute is not delayed until the plaintiff is or should be aware of the
23    full extent of his or her damage or of all the details relevant to the
24    claim.

25  *Widing* v. *Schwabe, Williamson & Wyatt*, 154 Or App 276, 283-84 (1998).

26  / / /

Page 8 –    **DEFENDANTS LINDA L. MARSHALL AND JOEL
CHRISTIANSEN'S MOTIONS TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT
AND, IN THE ALTERNATIVE, MOTION TO
DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1    Here, plaintiff alleges that he knew that moving defendants had contacted Judge Jones'

2    chambers when the US Marshals contacted him to determine if he was a threat, which occurred

3    on November 12, 2015.  At that time, plaintiff learned that moving defendants told Judge Jones'

4    chambers that plaintiff had made a veiled threat of physical violence.  (Am Cmplt, ¶ 16-19.)

5    Plaintiff then brought the first iteration of this lawsuit, which specifically alleged that he suffered

6    emotional harm arising out of the report to Judge Jones.

7    Thus, even if the limitation period is two years, his IIED claim is time-barred.

8    **Motion 2**
**Motion to Dismiss Fifth (ORICO) and Seventh (Fraud) Claims**
9    **for Failure to State a Claim**

10    Plaintiff's fifth (ORICO) and seventh (fraud) claims are incomprehensible.  Given the

11    history of this litigation, moving defendants request that this court dismiss these claims with

12    prejudice, unless plaintiff can articulate facts that he can allege in good faith which might state a

13    claim.

14    **A.    Plaintiff's ORICO claim does not state a claim against moving defendants.**

15    In order to state a claim under ORICO, plaintiff must prove that the moving defendants

16    were "associated with, any enterprise to conduct or participate, directly or indirectly, in such

17    enterprise through a pattern of racketeering activity or the collection of an unlawful debt."  ORS

18    166.720(3).  A "pattern of racketeering activity" means "engaging in at least two incidents of

19    racketeering activity that have the same or similar intents, results, accomplices, victims or

20    methods of commission or otherwise are interrelated by distinguishing characteristics."  ORS

21    166.715(4); *see also Kotera v. Daioh Int'l U.S.A. Corp.*, 179 Or App 253, 278 (2002) (noting to

22    assert an ORICO claim a plaintiff must establish the commission of two related "predicate acts").

23    "Predicate acts" include the commission of certain crimes, identified in ORS 166.725(7)(a)(B).

24    ORS 166.720 contains its own specific pleading standard for a RICO claim:

25    An allegation of a pattern of racketeering activity is sufficient if it
contains substantially the following:

26    / / /

Page 9 –    **DEFENDANTS LINDA L. MARSHALL AND JOEL**
**CHRISTIANSEN'S MOTIONS TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**
**AND, IN THE ALTERNATIVE, MOTION TO**
**DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1              (a) A statement of the acts constituting each incident of
2              racketeering activity in ordinary and concise language, and in a
              manner that enables a person of common understanding to know
              what is intended;

3              (b) A statement of the relation to each incident of racketeering
4              activity that the conduct was committed on or about a designated
              date, or during a designated period of time;

5              (c) A statement, in the language of ORS 166.715 (4) or other
6              ordinary and concise language, designating which distinguishing
              characteristic or characteristics interrelate the incidents of
7              racketeering activity; and

8              (d) A statement that the incidents alleged were not isolated.

9   ORS 166.720(6).

10       Plaintiff has not stated a claim against moving defendants under ORICO that satisfies

11  ORS 166.720 or that addresses the elements of such a claim. His allegations in paragraphs 47-57

12  are a collection of conclusory statements devoid of ultimate facts. *See* ORCP 18 A (requiring

13  complaint to contain a "plain and concise statement of the ultimate facts constituting a claim for

14  relief without unnecessary repetition."); *Fearing v. Bucher,* 328 Or 367, 371 (1999)

15  ("Conclusions of law alone . . . are insufficient" to state a claim). The only allegation against

16  moving defendants is that defendant Christiansen prepared a "false declaration," a single act that

17  does not establish the existence of an "enterprise" or a "pattern of racketeering activity."

18       Plaintiff alleges that "defendants" committed a number of crimes, but he has failed to

19  allege ultimate facts that state a claim for any of those crimes, much less two predicate criminal

20  acts. Plaintiff makes a vague reference to a "false declaration," but does not quote the

21  declaration or provide any facts that state a claim for perjury. Nor are there allegations about

22  some other predicate act that might show a "pattern of racketeering," or allegations that relate

23  those acts to each other and some common enterprise.

24       Indeed, there are no allegations <u>at all</u> about defendant Marshall, other than that she

25  litigated a case on behalf of a client against plaintiff. That alone is not sufficient to state an

26  ORICO claim against moving defendants, or any claim for that matter. *See Reynolds v. Schrock,*

Page 10 – **DEFENDANTS LINDA L. MARSHALL AND JOEL CHRISTIANSEN'S MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1  341 Or 338, 350 (2006) (holding "a lawyer acting on behalf of a client and within the scope of

2  the lawyer-client relationship is protected by such a privilege and is not liable for assisting the

3  client in conduct that breaches the client's fiduciary duty to a third party").

4          This court should dismiss plaintiff's ORICO claim.

5          **B.      Plaintiff's fraud claim does not state a claim against moving defendants.**

6          Plaintiff's seventh claim for relief (fraud) is also incomprehensible.  To prove a claim for

7  fraud, plaintiff must prove that the defendant (1) made a material misrepresentation that was

8  false; (2) the defendant did so knowing that the representation was false; (3) the defendant

9  intended the plaintiff to rely on the misrepresentation; (4) the plaintiff justifiably relied on the

10  misrepresentation; and (5) the plaintiff was damaged as a result of that reliance.  *Murphy v.*

11  *Allstate Ins. Co.,* 251 Or App 316, 324 (2012).

12          None of plaintiff's allegations state a claim for fraud against moving defendants.

13  Plaintiff alleges that defendants Christiansen and Marshall knew that "assertions made by these

14  parties in case 16CV07654 . . . were untruth [sic] and constituted perjury before the court," but

15  that does not state a claim for fraud.  (Am Cmplt, ¶ 59.)  Plaintiff does not (and cannot) allege

16  that moving defendants induced plaintiff to justifiably rely on some misrepresentation to his

17  detriment.

18          Plaintiff also alleges something about defendant Christiansen having "admitted" to

19  influencing Judge Hernandez's court reporter in preparing a transcript.  Even if this allegation

20  were true, and it is not, its relationship to "fraud" is unknown.  And if plaintiff believes he has a

21  claim for something that moving defendants said in federal court, their statements were

22  absolutely privileged from a civil claim by plaintiff.  *Wollam v. Brandt,* 154 Or App 156, 162–63

23  (1998) (noting existence of absolute privilege based on a public policy of securing to attorneys

24  "the utmost freedom in their efforts to secure justice for their clients") (quoting *Restatement of*

25  *Torts* § 586 comment *a*).

26          Thus this court should dismiss plaintiff's fraud claim.

Page 11 – **DEFENDANTS LINDA L. MARSHALL AND JOEL CHRISTIANSEN'S MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1      **C.      This court should not permit plaintiff to replead against moving defendants.**

2          Although this action was filed in October of 2018, it has been in the courts for almost

3    three years.  Plaintiff filed several complaints in the previous iteration of this case, and Judge

4    Herndon called these claims "frivolous in every respect."  Moving defendants request that this

5    court dismiss these claims with prejudice, unless plaintiff can articulate specific allegations that

6    he has a good faith basis to allege, which might state a claim for ORICO or fraud.

7                                    **Motion 3**
                        **Motion to Dismiss any Remaining Claims Based on ORS 31.150**
8

9          Moving defendants' third motion is brought in the alternative under Oregon's anti-

10   SLAPP statute, ORS 31.150, if this court believes that any of plaintiff's allegations state a claim

11   or otherwise survive Motions 1 and 2.

12      **A.      Plaintiff's claims implicate ORS 31.150(2).**

13         The purpose of a special motion to strike is to expeditiously terminate unfounded claims

14   that threaten constitutional free speech rights.  *Staten v. Steel*, 222 Or App 17 (2008).  It permits

15   a "defendant who is sued over certain actions taken in the public arena to have a questionable

16   case dismissed at an early stage."  *Mullen v. Meredith Corp.,* 271 Or App 698, 700 (2015); *see*

17   *also Handy v. Lane County*, 274 Or App 644, 650 (2015) (anti-SLAPP statute provides an

18   "inexpensive and quick process by which claims that might infringe on the right to petition and

19   free speech on public issues could be evaluated to determine if they were frivolous"), *rev*

20   *allowed,* 358 Or 550 (2016).

21         There are two steps to an anti-SLAPP motion.  ORS 31.150(3).  Defendants first must

22   establish that the claims arise out of protected rights of expression, *i.e.*, statements, documents or

23   conduct described in ORS 31.150(2)(a)-(d).  The burden then shifts to plaintiff to show "there is

24   a probability that [plaintiff] will prevail on the claim by presenting substantial evidence to

25   support a prima facie case."  ORS 31.150(3).

26   / / /

Page 12 –  **DEFENDANTS LINDA L. MARSHALL AND JOEL**
            **CHRISTIANSEN'S MOTIONS TO DISMISS**
            **PLAINTIFF'S FIRST AMENDED COMPLAINT**
            **AND, IN THE ALTERNATIVE, MOTION TO**
            **DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1    The protected rights of expression described in ORS 31.150(2) are as follows:

2       A special motion to strike may be made under this section against any claim in
        a civil action that arises out of:
3

4       (a) Any oral statement made, or written statement or other document
        submitted, in a legislative, executive or judicial proceeding or other
5       proceeding authorized by law;

6       (b) Any oral statement made, or written statement or other document
        submitted, in connection with an issue under consideration or review by a
7       legislative, executive or judicial body or other proceeding authorized by law;

8
        (c) Any oral statement made, or written statement or other document
9       presented, in a place open to the public or a public forum in connection with
        an issue of public interest; or
10

11      (d) Any other conduct in furtherance of the exercise of the constitutional right
        of petition or the constitutional right of free speech in connection with a
12      public issue or an issue of public interest.

13      This court ruled in the first iteration of this case that plaintiff's claims arising out of these

14   facts implicate ORS 31.150(2).  Thus under the doctrine of issue preclusion, that issue cannot be

15   relitigated in this action.  *Rawls ex rel. Dep't of Human Res., Adult & Family Servs. & Senior &*

16   *Disabled Servs. Div. v. Evans*, 182 Or App 75, 85 (2002) (noting issue preclusion applies when

17   "a claim is litigated to final judgment, the decision on a particular issue or determinative fact

18   [will be] conclusive in a later or different action between the same parties if the determination

19   was essential to the judgment").  The court's previous ruling dismissing this case based on ORS

20   31.150(2) involved the same parties who are named in this lawsuit, and it resulted in a final

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

Page 13 –   **DEFENDANTS LINDA L. MARSHALL AND JOEL
            CHRISTIANSEN'S MOTIONS TO DISMISS
            PLAINTIFF'S FIRST AMENDED COMPLAINT
            AND, IN THE ALTERNATIVE, MOTION TO
            DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1  judgment, which was affirmed on appeal.  Thus plaintiff is precluded from arguing that his

2  allegations do not implicate ORS 31.150. [2]

3        Plaintiff therefore must show a probability that he will prevail on the merits through

4  substantial evidence supporting a prima facie case.  He cannot do so.

5        **B.    Plaintiff cannot establish a prima facie case.**

6        As noted above, plaintiff's defamation claim and IIED claims are time-barred.  Plaintiff's

7  ORICO and fraud claims do not state a claim.  If this court disagrees, then under this alternative

8  motion, plaintiff must present substantial evidence supporting a prima facie case of those torts,

9  that somehow survives the strong First Amendment and attorney/client protections and privileges

10  that are implicated by plaintiff's allegations.  He cannot do so, and his claims must be dismissed.

11        **C.    Defendants request their attorney fees.**

12        If this court grants this motion, it must award the attorney defendants their attorney fees

13  under ORS 31.152(3).  Defendants will submit an attorney fee statement pursuant to ORCP 68 if

14  the court grants this motion.

15                                **CONCLUSION**

16        The moving defendants respectfully request that this court dismiss the fraud and IIED

17  claims with prejudice, and the ORICO and fraud claims with prejudice unless plaintiff can

18  articulate specific allegations that will state a claim for relief.  If this court believes plaintiff has

19  ///

20  _____

21  [2] Plaintiff's allegations, on their face, implicate moving defendants' conduct in litigation or
    relating to litigation (Am Cmplt, ¶¶ 12-14, 19-20, 22, 47, 51-53, 55, 58-63, relating to alleged

22  conduct in the arbitration or litigation), as well as statements made in furtherance of the right to
    free speech in connection with a public issue or an issue of public interest (*Id.*, ¶ 15, reporting a

23  potential threat to a judge).  On their face, they implicate ORS 31.150 irrespective of issue
    preclusion.  *Young v. Davis*, 259 Or App 497, 502 (2013) (noting trial court had held that anti-

24  SLAPP law applied to allegedly false accusation to sheriff, but deciding issue on other grounds);
    *Comstock v. Aber*, 212 Cal App 4th 931, 941 (2012) (interpreting anti-SLAPP statute on which

25  Oregon law is based to mean that "communications to the police are within SLAPP");
    *Wattenburg v. United Med. Labs., Inc.,* 269 Or 377, 380 (1974) (noting there is a qualified

26  privilege for statements made "on a subject of mutual concern to defendants and the persons to
    whom the statement was made").

Page 14 –  **DEFENDANTS LINDA L. MARSHALL AND JOEL**
           **CHRISTIANSEN'S MOTIONS TO DISMISS**
           **PLAINTIFF'S FIRST AMENDED COMPLAINT**
           **AND, IN THE ALTERNATIVE, MOTION TO**
           **DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1   stated a claim, then defendants move to dismiss under ORS 31.150 unless plaintiff can present

2   evidence that supports his conspiracy theories.

3          DATED this 17th day of December, 2018.

4                              HART WAGNER, LLP

5

6                              By:   /s/ Matthew J. Kalmanson
                                    Matthew J. Kalmanson, OSB No. 041280
                                    mjk@hartwagner.com
7                                   Carey Caldwell, OSB No. 093032
                                    cpc@hartwagner.com
8                                   Of Attorneys for Defendants Linda L. Marshall and Joel
                                    Christiansen
9
                                    Trial Attorney: Matthew J. Kalmanson, OSB No. 041280
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 15 –  **DEFENDANTS LINDA L. MARSHALL AND JOEL
           CHRISTIANSEN'S MOTIONS TO DISMISS
           PLAINTIFF'S FIRST AMENDED COMPLAINT
           AND, IN THE ALTERNATIVE, MOTION TO
           DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301**

1 <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on the 17th day of December, 2018, I served the foregoing

3 **DEFENDANTS LINDA L. MARSHALL AND JOEL CHRISTIANSEN'S MOTIONS TO**

4 **DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND, IN THE**

5 **ALTERNATIVE, MOTION TO DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**, on the

6 following party at the following address:

7      Timothy C. Rote
     24790 SW Big Fir Road
8      West Linn, OR 97068
     tim@rote-enterprises.com
9      *Pro Se Plaintiff*

10 via the Court's Efiling system, and by emailing and mailing to him a true and correct copy

11 thereof, certified by me as such, placed in a sealed envelope addressed to him at the address set

12 forth above, and deposited in the U.S. Post Office at Portland, Oregon on said day with postage

13 prepaid.

14

15                */s/ Matthew J. Kalmanson*
               Matthew J. Kalmanson, OSB No. 041280
16

17

18

19

20

21

22

23

24

25

26

Page 1 – CERTIFICATE OF SERVICE

**HART WAGNER LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                         FOR THE COUNTY OF CLACKAMAS

6   TIMOTHY C. ROTE,                          Case No.  18CV45257

7            Plaintiff,                       **DECLARATION OF MATTHEW J.
                                              KALMANSON IN SUPPORT OF**
8       v.                                    **DEFENDANTS LINDA L. MARSHALL
                                              AND JOEL CHRISTIANSEN'S**
9   LINDA L. MARSHALL, JOEL                   **MOTIONS TO DISMISS PLAINTIFF'S**
    CHRISTIANSEN, ANDREW BRANDSNESS,          **FIRST AMENDED COMPLAINT AND,**
10  CAROL BERNICK, OREGON STATE BAR           **IN THE ALTERNATIVE, MOTION TO**
    (PROFESSIONAL LIABILITY FUND),            **DISMISS UNDER ORS 31.150 (ANTI-**
11  MATT KALMANSON, NANCY WALKER,             **SLAPP)**
    PAM STENDAHL, JOHN DOES (4-5),

12           Defendants.

13

14           I, Matthew J. Kalmanson, being first duly sworn, do hereby depose and state that:

15           1.      I am one of the attorneys for defendants Linda L. Marshall and Joel Christiansen,

16  and I make this declaration in support of Defendants Linda L. Marshall and Joel Christiansen's

17  Motions to Dismiss Plaintiff's First Amended Complaint and, in the Alternative, Motion to

18  Dismiss under ORS 31.150 (Anti-SLAPP).  This declaration is based upon personal knowledge,

19  except where stated below.  I am over the age of 18 and am competent to testify to the matters

20  herein.

21           2.      Attached as Exhibit 1 is a true and correct copy of the Second Amended

22  Complaint in Clackamas County Circuit Court Case No. 16CV07564, filed on March 25, 2016.

23           3.      Attached as Exhibit 2 is a true and correct copy of the Declaration of Matthew J.

24  Kalmanson in Support of Defendants Linda L. Marshall and Joel Christiansen's Anti-SLAPP

25  Motion, filed on April 26, 2016 in Case No. 16CV07564, and accompanying exhibits.

26  / / /

Page 1 –   **DECLARATION OF MATTHEW J. KALMANSON IN
            SUPPORT OF DEFENDANTS LINDA L. MARSHALL
            AND JOEL CHRISTIANSEN'S MOTIONS TO DISMISS
            PLAINTIFF'S FIRST AMENDED COMPLAINT AND,
            IN THE ALTERNATIVE, MOTION TO DISMISS
            UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1       4.     Attached as Exhibit 3 is a true and correct copy of the Order on (1) Plaintiff's

2   Motion to Reconsider and (2) the Attorney Defendants' Anti-SLAPP Motion, entered on August

3   16, 2016 in Case No. 16CV07564.

4       5.     Attached as Exhibit 4 is a true and correct copy of The Honorable Robert D.

5   Herndon's Opinion on defendants' motion for attorney fees, dated December 30, 2016 in Case

6   No. 16CV07564.

7       6.     Attached as Exhibit 5 is a true and correct copy of the Limited Judgment of

8   Dismissal, entered on August 16, 2016 in Case No. 16CV07564.

9       7.     Attached as Exhibit 6 is a true and correct copy of the Order on Plaintiff's ORCP

10   71 Motion to Vacate the Supplemental Judgment, Motion for Leave to Amend, and Motion for

11   Relief of Judgment Dates August 16, 2016, entered on September 26, 2017 in Case No.

12   16CV07564.

13       8.     Attached as Exhibit 7 is a true and correct copy of the Appellate Judgment and

14   Supplemental Judgment, entered on April 27, 2018 in Case No. 16CV07564.

15       9.     Attached as Exhibit 8 is a true and correct copy of the Opinion & Order on

16   Defendant Rote's Motion to Join Parties, entered on February 25, 2016 in Oregon USDC Case

17   No. 3:15-cv-02401-HZ.

18      10.     Attached as Exhibit 9 is a true and correct copy of the Opinion & Order on

19   Plaintiff's Motion to Strike, entered on September 26, 2016 in Case No. 3:15-cv-02401-HZ.

20      11.     Attached as Exhibit 10 is a true and correct copy of the Opinion & Order on

21   Defendant Rote's Objection to Plaintiff's Proposed Form of Judgment, Motion for Stay, and

22   Motion for Relief from the Court's Anti-SLAPP Order, entered on November 20, 2018 in Case

23   No. 3:15-cv-02401-HZ.

24      12.     Attached as Exhibit 11 is a true and correct copy of the Judgment, entered on

25   November 20, 2018 in Case No. 3:15-cv-02401-HZ.

26   / / /

Page 2 –  **DECLARATION OF MATTHEW J. KALMANSON IN SUPPORT OF DEFENDANTS LINDA L. MARSHALL AND JOEL CHRISTIANSEN'S MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
Trial Attorneys
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1    13.    Attached as Exhibit 12 is a true and correct copy of the court docket for

2    Clackamas County Circuit Court Case No. 16CV07564.

3    14.    Attached as Exhibit 13 is a true and correct copy of the court docket for Oregon

4    USDC Case No. 3:14-cv-00406-HZ.

5    15.    Attached as Exhibit 14 is a true and correct copy of the court docket for Oregon

6    USDC Case No. 3:15-cv-02401-HZ.

7    16.    Attached as Exhibit 15 is a true and correct copy of Order & Opinion Regarding

8    Defendants' Motions to Dismiss, Motions to Strike and Motions for Summary Judgment in *Stacy*

9    *v Koin-TV*, No. 0506-05987, 2006 WL 5106114 (Or. Cir. Jan. 27, 2006).

10    **I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE**

11    **BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE**

12    **FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR**

13    **PERJURY.**

14    DATED this 17th day of December, 2018.

15

16    By:    _/s/ Matthew J. Kalmanson_____

17    Matthew J. Kalmanson, OSB No. 041280
mjk@hartwagner.com

18    Of Attorneys for Defendants Linda L. Marshall and Joel
Christiansen

19

20

21

22

23

24

25

26

Page 3 –    **DECLARATION OF MATTHEW J. KALMANSON IN**
**SUPPORT OF DEFENDANTS LINDA L. MARSHALL**
**AND JOEL CHRISTIANSEN'S MOTIONS TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT AND,**
**IN THE ALTERNATIVE, MOTION TO DISMISS**
**UNDER ORS 31.150 (ANTI-SLAPP)**

**HART WAGNER, LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

1  TIMOTHY C. ROTE
   24790 SW BIG FIR RD.
2  WEST LINN, OR 97068
   Direct: 503.702.7225
3  Email: timothy.rote@gmail.com

4

5  TIMOTHY C. ROTE, PROSE

6

7

8                IN THE CIRCUIT OF THE STATE OF OREGON

9                  FOR THE COUNTY OF CLACKAMAS

10

11

12
   TIMOTHY C. ROTE,              ) Case No.: 16cv07564
13                               )
            Plaintiff,           ) SECOND AMENDED COMPLAINT FOR:
14                               )
        vs.                      )    (1)  DEFAMATION
15                               )
                                 )    (2)  INTENTIONAL INFLICTION
16 LINDA L. MARSHALL,            )         OF EMOTIONAL DISTRESS
                                 )
17 JOEL CHRISTIANSEN,            )    (3)  CONSPIRACY
                                 )
18 OREGON STATE BAR,             )    (4)  AIDING & ABETTING
                                 )
19 JOHN DOES (1-5)               )    (5)  RACKETEERING
                                 )
20                               )
            Defendants           )       JURY TRIAL REQUESTED
21                               )
                                    PRAYER FOR: $9,000,000
22
   _____
23
   Plaintiff Timothy C. Rote ("Rote")alleges as follows:
24

25

26                            1.

27      Plaintiff is an individual residing in West Linn, Oregon.

28
   _____
                    - 1 -
         SECOND AMENDED COMPLAINT FOR DAMAGES
                                         Exhibit 1
                                         1 of 19

2.

Defendant Linda L. Marshall (Marshall) resides in Lake Oswego, Oregon.

3.

Defendant Joel CHRISTIANSEN (CHRISTIANSEN) resides in Portland, Oregon.

4.

Defendant Oregon State Bar (OSB) resides in Tigard, Oregon.

5.

John Doe 1-5 identities and addresses are undisclosed.

**FIRST CLAIM FOR RELIEF**

**(Defamation against Marshall, CHRISTIANSEN & John Does 1-5)**

6.

Plaintiff alleges paragraphs 1-5.

7.

Plaintiff has been the subject of defamatory statements intended to influence litigation pending in Federal Court where Rote is a Defendant, to defame Rote which falsely and maliciously attribute characteristics to Rote that are intended to demean and embarrass him and hold him in a false light.

8.

Over the last 13 years one of Rote's business entities has been engaged in litigation against a former employee, whom Marshall and CHRISTIANSEN represent.

9.

Rote is the author and owner of a blog and other intellectual property addressing issues of bias and fraud arising during the course of litigation adjudicated in an arbitration lasting seven years. In particular Rote has asserted that a substantial and prior partner relationship between Marshall and the arbitrator (which was undisclosed by the arbitrator and concealed by Marshall) and the first of two causes of the arbitrator bias. The second cause appears to be influence and intimidation of the arbitrator by a Judge.

10.

In writing about the arbitration and subsequent litigation Rote exposed the testimony evidence, forensic reports, and other supporting evidence making his case for the extreme dangers of arbitration. Some of the forensic reports shine a poor light on the Plaintiff in that arbitration and by association raises questions on whether Marshall knowingly advanced false evidence. CHRISTIANSEN, Marshall and John Does took action to discredit Rote because of the information disclosed in the blog.

11.

- 3 -
SECOND AMENDED COMPLAINT FOR DAMAGES

Exhibit 1
3 of 19

On November 12, 2005 Rote published a post (Chapter 19)[1] about the relative lack of appeal in arbitration and in the last paragraph noted that The Honorable Robert E. Jones was receiving a lifetime achievement award that evening and congratulating him. Marshall had often attempted to influence the arbitration by claiming to the arbitrator that Rote and Judge Jones were at odds over past litigation and that the arbitrator should take that into consideration in the arbitration, over the objection of Rote. The arbitrator accepted the evidence offered off the record. At the initial stage of this investigation Rote took a position in the blog that it would be very hard to believe that Judge Jones would be interested let alone so careless as to intimidate an arbitrator on any matter involving Rote. Rote had a very high regard for Judge Jones, but it has become clear that Marshall is reaching out to Judge Jones for a reason of influence.

12.

Later that day Rote's attorney was contacted by the U.S. Marshals service inquiring as to the meaning of the post. The U.S. Marshal Service had been contacted by someone (U.S. Marshal will not disclose who) from Judge Robert Jones chamber conveying that they received a tip from someone about Rote's blog post and that it was a veiled threat of physical violence Rote intended to execute on Judge Jones at the Awards Dinner that very night. Marshall has

---

[1] Sittingduckportland.wordpress.com

consistently engaged in this type of innuendo during and after the arbitration, accusing Rote of fraud in Pleadings when ever possible, as Rote has accused her.

13.

Rote was contacted by the U.S. Marshals by phone while in the presence of his attorney. Said attorney represented Rote on the matter involving the ongoing litigation with Marshall and CHRISTIANSEN's client. Rote's attorney on this matter, Jeff Hasson, is not the only attorney Rote uses. However, the U.S. Marshals service did contact Hasson and then Rote while they were at their Country Club at approximately 5:00 pm on November 12, 2015.

14.

The blog has not been marketed and receives very few visitors each day, averaging just a few. However, Marshall, their client and CHRISTIANSEN visit the blog often.

15.

While the U.S. Marshals Service was satisfied that Rote was no threat, the goal of Marshall and CHRISTIANSEN to permanently harm Rote with the U.S. District Court and in a broader sense with the public has been successful.

16.

Rote has reached out to Judge Robert Jones, but he will not engage by phone or email and the U.S. Marshal Service has asked Rote to no longer contact them. Rote has asked CHRISTIANSEN and

Marshall to disclose who among them engaged in this horrible act, but they refuse to admit or even engage on this topic. A defamation claim has been filed against Marshall and CHRISTIANSEN's client, as a counter claim in an existing law suit in U.S. District Court of Oregon, but the court has not permitted Rote to join Marshall and CHRISTIANSEN for diversity reasons. The defamatory actions were intended to influence two lawsuits pending in the U.S. District Court.

17.

Rote has reached out to The Honorable Jeffrey Jones, Clackamas County Judge, to convey that he does not represent a threat to his father or family in any way, but Judge Jones has not responded either. Rote has lived in this community for more that 25 years.

18.

Rote has made every effort to contact the Defendants to determine their involvement on the matter. None of the Defendants have denied the allegation.

19.

Plaintiff has been damaged by the Defendants' actions in an amount to be proved at trial but no less than $9,000,000.

**SECOND CLAIM FOR RELIEF**

**(Intentional Infliction of Emotional Distress against Defendants**

**Marshall, CHRISTIANSEN & John Does 1-5)**

Rote adopts and incorporates the allegations of paragraphs 1-19.

20.

As a further proximate result of Defendants' wrongful conduct, Rote has suffered, and will continue to suffer, emotional distress, pain and suffering, mental anguish, and embarrassment, all in an amount not yet calculated, but reasonably believed to exceed the jurisdictional minimum of this court. Rote will seek leave of the court to plead the true amount of his damages once they are fully ascertained.

21.

Defendants' actions were willful, wanton, malicious, oppressive and fraudulent, and a conscious disregard of Oregon law resulting in injury to Rote and entitling Rote to punitive and exemplary damages. These acts were committed with the knowledge and consent of Defendants' or were ratified by Defendants after the fact.

### THIRD CLAIM FOR RELIEF

**(Conspiracy against Marshall, CHRISTIANSEN & John Does)**

22.

Rote adopts and incorporates the allegations of paragraphs 1-21.

23.

Rote alleges that Marshall and CHRISTIANSEN were conspirators with their client in making (1) a false representation as to the meaning of the blog post, (2) knowledge or belief that the

representation was false, with the (3) intent that Judge Jones

would act to influence the actions of the Portland Division as well

an interfere with other litigation Rote was or has been engaged in,

resulting in economic and defamatory damages to Rote. Marshall and

CHRISTIANSEN had already demanded that Rote take down the blog.

Rote refused but has offered to retract anything the parties

believe unsupportable. Defendants have not responded but did file a

lawsuit in retaliation for the blog.

24.

Defendants' actions were willful, wanton, malicious,

oppressive and fraudulent, and a conscious disregard of Oregon law

resulting in injury to Rote and entitling Rote to punitive and

exemplary damages. These acts were committed with the knowledge and

consent of Defendants' or were ratified by Defendants after the

fact.

**FOURTH CLAIM FOR RELIEF**

**(Aiding & Abetting against all Defendants)**

25.

Rote adopts and incorporates the allegations of paragraphs 1-24.

26.

Rote has filed two ethics complaints against Marshall with the

Oregon State Bar. The first complaint alleged areas of misconduct

in the arbitration, including advancing evidence she knew to be

- 8 -
SECOND AMENDED COMPLAINT FOR DAMAGES

Exhibit 1
8 of 19

false. The second was for harassment in the 2014 Federal court case and the defamatory actions described heretofore.

                              27.

     The Oregon State Bar is tasked with a number of public, quasi-government functions. To practice law in Oregon, an attorney must be a member of the Oregon State Bar. The Bar has numerous other roles but among the most significant is to protect the public from unscrupulous and unethical behavior of attorneys, to discipline and if necessary disbar those engaging in unacceptable conduct.

                              28.

     The Bar does not however perform the public protection duties tasked to it in most circumstances, for example choosing to not independently evaluate allegations of conspiracy, fraud, unethical behavior and false evidence when a matter has already been adjudicated. As a result, fraud (particularly in the context of arbitration) goes unchecked.

                              29.

     Marshall & CHRISTIANSEN have launched numerous unsupported legal attacks against Rote in retaliation for his complaints to the Bar, with the full knowledge of and endorsement by the Bar. That retaliation also includes the defamatory statements made to or in concert with Judge Robert E. Jones as well as taking actions to attempt to conceal the evidence of bias and corruption in the arbitration (where forensic evidence including the testimony of

more than 10 witnesses was summarily dismissed with the counterclaims asserted by Rote's company). Much of this is discussed in Rote's blog and in great detail.

30.

Likewise, complaints on judicial and arbitrator misconduct receive only cursory reviews and punitive behavior by adjudicators has also been endorsed through the Bar's inaction and disregard for its duty to the public in the performance of licensing and discipline responsibilities. Arbitrators operate virtually above the law.

31.

Defendants' actions were willful, wanton, malicious, oppressive and fraudulent, and a conscious disregard of Oregon law resulting in injury to Rote and entitling Rote to punitive and exemplary damages. These acts were committed with the knowledge and consent of Defendants' or were ratified by Defendants after the fact.

**FIFTH CLAIM FOR RELIEF**

**Oregon Civil Racketeer Influenced and Corrupt Organizations Act**

**(Against Marshall, John Doe Defendants & OSB (Aiding and Abetting))**

32.

Rote adopts and incorporates the allegations of paragraphs 1-31.

**Count 1 – Violation of ORS 166.720(2)**

33.

- 10 -
SECOND AMENDED COMPLAINT FOR DAMAGES

Exhibit 1
10 of 19

Plaintiff alleges that the Defendants individually and collectively engaged in racketeering activity by means to commit, to attempt to commit, to conspire to commit, or to solicit, coerce or intimidate another person to commit bribery, perjury, obstructing judicial administration, presenting false evidence, spoliation of evidence, unsworn falsification & perverting the course of justice.

34.

Marshall and John Does have operated continuously as an associated-in-fact enterprise from or just before July 1 2009. Shortly thereafter Marshall became counsel for a client of public record and shall go by "M". Marshall represented M in an arbitration hearing beginning May 24, 2010 and ending in April 2011. The enterprise has continued to harass and intimidate the Defendant even now. The remaining enterprise participants were confirmed on and just after November 12, 2015.

35.

Marshall and John Does indirectly and directly acquired and maintained control of the Enterprise through a pattern of racketeering activity by committing or attempting to commit the crimes of bribery (ORS 162.015 & 162.025), perjury (ORS 162.065), unsworn falsification (ORS 162.085), obstructing judicial administration (ORS 162.235) (to include witness tampering, spoliation, false evidence and perverting the course of justice) and Coercion (ORS 163.275). The incidents alleged are not isolated.

36.

The enterprise affiliates manage a complex racketeering operation targeting financially healthy businesses and individuals (who are participating in what they believe is an independent arbitration run by the Arbitration Service of Portland). The common purpose of this enterprise is to subvert the civil litigation process, extracting judgments, generating legal fees for the participants and otherwise sharing the spoils. This enterprise is organized and executed preferably in arbitrations where there is minimal review. The racketeers target profitable small businesses and seek out litigants pursuing large claims.

37.

Prior to the arbitration hearing beginning May 24, 2010, forensic material including hard drives and personal computers of M were destroyed by him at the direction of Marshall and John Does, in direct violation of a litigation hold. M pursued damages of $1 million. The spoliated evidence was material to the participants' plan of presenting false evidence and testimony during the hearing.

38.

Summary Judgement & Post Hearing Motions to dismiss "Ms" claims, after testimony by M acknowledging the spoliation of evidence and forensics reports confirming the importance of that evidence, were denied.

39.

- 12 -
SECOND AMENDED COMPLAINT FOR DAMAGES

Exhibit 1
12 of 19

False evidence by and on behalf of M was knowingly submitted by Marshall numerous times with the knowledge and participation of John Does. Forensic evidence and reports identified 10 separate and material incidents of false evidence and testimony.

40.

False testimony by and on behalf of M was knowingly submitted by Marshall numerous times with the knowledge and participation of John Does. Forensic evidence and reports identified 10 separate and material incidents of false evidence and testimony.

41.

M was bribed and or coerced into accepting unreasonable high contingent fee legal fee terms from Marshall and John Does and encouraged to present the false evidence as planned by the enterprise participants. M was no stranger to submitting false evidence, but his testimony during the arbitration indicated that he was conflicted while providing false testimony.

42.

Marshall attempted to and did provide unsworn falsified evidence to the arbitrator on and off the record designed to instruct, intimidate, bribe or coerce. The arbitrator accepted that false evidence which includes a surreptitious recording by M between him and a former employee of Defendant's company, regarding some of the evidence presented by Marshall and sworn to by M.

43.

- 13 -
SECOND AMENDED COMPLAINT FOR DAMAGES

Exhibit 1
13 of 19

Two key witnesses were bribed or coerced to bear false witness and to testify against Defendant Rote's company's damages in the arbitration. For Rote, the damages were supported by the testimony of six witnesses in favor of Rote's company's claims and the testimony of the two experts that independently prepared forensic evaluations.

44.

A Summary Judgment Motion was filed on the merits of the forensic reports prior to the hearing seeking to eliminate M's claims. The Summary Judgment Motion was denied.

45.

With the Post Hearing Memorandum, Defendant Rote raised issues of bias (undisclosed 7 years working together as partners in a local law firm) as well as behaviors heretofore noted identifying them as actions of Marshall & John Does intended to pervert the course of justice. The arbitrator immediately recused himself. Marshall insisted he reconsider. The arbitrator reverses his own recusal after the decision of the ASP allowing him to reverse.

46.

In spite of 10 witnesses testifying on behalf of Rote's company, supported by six separately examined forensic reports detailing and supporting its claims & case, all of the evidence was dismissed by the arbitrator for the benefit of M.

47.

- 14 -
SECOND AMENDED COMPLAINT FOR DAMAGES

Exhibit 1
14 of 19

1  The OSB is aware of the enterprise and has allowed it to operate

2  with quiet support.

3                                      48.

4  Rote has written a blog comprised of 54 Chapters (to date)

5  analyzing the arbitration, exploring the evidence, outlining the

6  dangers of arbitration, the targeting of small business and

7  identifying the participants Rote has chosen to disclose. In

8  response and as predicted, one or more enterprises participants

9  engaged in the Defamatory actions also raised in this complaint in

10  an attempt to silence, coerce and intimidate Rote. This is an act

11  by an enterprise participant and unfortunately it intimates that

12  there may be an enterprise connection to the U.S. District Court of

13  Oregon. While shocking, this is the third time Marshall has made an

14  attempt to enlist the backroom help of a specific U.S. District

15  Court Judge. This is a perversion of the judicial process.

16                                      49.

17      Defendants' actions were willful, wanton, malicious,

18  oppressive and fraudulent, and a conscious disregard of Oregon law

19  resulting in injury to Rote and entitling Rote to punitive and

20  exemplary damages. These acts were committed with the knowledge and

21  consent of Defendants' or were ratified by Defendants after the

22  fact.

23                                      50.

---

- 15 -
SECOND AMENDED COMPLAINT FOR DAMAGES

Exhibit 1
15 of 19

For the violations of ORS 166.720(2) by Marshall, John Does and OSB
(Aiding and Abetting), Rote is requesting three fold the actual
damages sustained of no less than $350,000 pursuant to ORS
166.725(7), an amount of no less than $1,050,000, plus punitive
damages.

### Count 2 – Violation of ORS 166.720(3)

51.

Marshall, the OSB & John Does have operated continuously as an
associated-in-fact enterprise since before 2010 to present, as
described in paragraphs 34-50. The common purpose of this
enterprise is to subvert the civil litigation process, extracting
judgments and sharing the spoils. This enterprise is organized and
executed through arbitrations controlled by John Does and employ
others to also participate in the enterprise.

52.

Marshall, the OSB, John Does and their employees participated in
the enterprise through a pattern of racketeering activity by
committing or attempting to commit the crimes of bribery (ORS
162.015 & 162.025), perjury (ORS 162.065), unsworn falsification
(ORS 162.085), obstructing judicial administration (ORS 162.235, to
include witness tampering, spoliation, false evidence and
perverting the course of justice) and Coercion (ORS 163.275).

53.

Marshall, the OSB, John Does and their employees committed or attempted to commit the crime of bribery prior to and including the hearing, prior to May 24, 2010 and continuing to the present day.

54.

Marshall, the OSB, John Does and their employees committed or attempted to commit the crime of perjury during the pendency of the hearing, from May 24, 2010 and continuing to the present day.

55.

Marshall, the OSB, John Does and their employees committed or attempted to commit the crime of unsworn falsification during and over the course of the hearing, prior to May 24, 2010 through November 2010.

56.

Marshall, the OSB, John Does and their employees committed or attempted to commit the crime of obstructing judicial administration by perverting the course of justice, witness tampering, false evidence, and spoliation of evidence over the course of the arbitration from January 2006 through the present day.

57.

Defendants' actions were willful, wanton, malicious, oppressive and fraudulent, and a conscious disregard of Oregon law resulting in injury to Rote and entitling Rote to punitive and exemplary damages. These acts were committed with the knowledge and

consent of Defendants' or were ratified by Defendants after the fact.

58.

For the violations of ORS 166.720(3) by Marshall, John Does and OSB (Aiding and Abetting), Rote is requesting three fold the special damages sustained of no less than $500,000 for the costs and time associated with the last 13 years of this litigation or in the alternative three fold the damages pursuant to ORS 166.725(7), an amount of no less than $1,050,000, plus punitive damages.

59.

For the violations of ORS 166.720, Defendant is seeking a permanent injunction prohibiting the OSB from engaging, hiring, reimbursing, or underwriting the legal counsel or fees for its member Defendants in an action brought against them for violations of ORS 166.720.


    WHEREFORE, Rote prays for relief as follows:

1. For general and compensatory damages in an amount not yet ascertained but to be established at trial, but not less than $9 million;

2. For special damages in an amount not yet ascertained but to be established at trial;

3. For treble damages on the racketeering cause of action;

4. For punitive damages on the all causes of action;

Exhibit 1
18 of 19

5. For costs and attorneys' fees as permitted by law;

6. For prejudgment interest as otherwise authorized by law; and

For such other and further relief as the Court may deem just and proper.

DATED: March 25, 2016

/s/ Timothy C. Rote
Timothy C. Rote
ProSe

4/26/2016 4:44:55 PM
16CV07564

1

2

3

4          IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                    FOR THE COUNTY OF CLACKAMAS

6   TIMOTHY C. ROTE,                    )    Case No. 16CV07564
                                        )
7          Plaintiff,                   )
                                        )    **DECLARATION OF MATTHEW**
8     v.                                )    **KAMLANSON IN SUPPORT OF**
                                        )    **DEFENDANTS LINDA L. MARSHALL**
9   LINDA MARSHALL, JOEL CHRISTIANSEN,)      **AND JOEL CHRISTIANSEN'S ANTI-**
    OREGON STATE BAR, JOHN DOES (1-5),  )    **SLAPP MOTION**
10                                      )
           Defendants.                  )
11                                      )
                                        )

12   I, Matthew Kalmanson, being first duly sworn, depose and say:

13       1.    I make this declaration based on my personal knowledge and am competent to

14             testify to the matters herein.

15       2.    I am one of the attorneys for defendants.

16       3.    Attached hereto as Exhibit 1 is the Complaint in the United States District Court,

17             District of Oregon Case *Max Zweizig v. Timothy C. Rote, et al*, Case No. 3:15-cv-

18             2401.

19       4.    Attached hereto as Exhibit 2 is a true and accurate copy of the April 5, 2011

20             Arbitration Order and Award in *Northwest Direct Teleservices, Inc. v. Max*

21             *Zweizig*, ASP No. 050511-1.

22       5.    Attached hereto as Exhibit 3 is the Complaint in the United States District Court,

23             District of Oregon Case *Max Zweizig v. Timothy C. Rote, et al*, Case No. 3:2014-

24             cv-00406.

25       6.    Attached hereto as Exhibit 4 is a true and accurate copy of "About" from

26             Plaintiff's Blog, https://sittingduckportland.wordpress.com/about/.

Page 1 – **DECLARATION OF MATTHEW KALMANSON IN**
         **SUPPORT OF DEFENDANTS LINDA L.**
         **MARSHALL AND JOEL CHRISTIANSEN'S ANTI-**
         **SLAPP MOTION**

**HART WAGNER LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax:(503) 222-2301**

Exhibit 2
1 of 65

1       7.     Attached hereto as Exhibit 5 is a true and accurate copy of Chapter 1 of Plaintiff's

2           Blog, https://sittingduckportland.wordpress.com/2015/02/.

3       8.     Attached hereto as Exhibit 6 is a true and accurate copy of Chapter 19 of

4           Plaintiff's Blog, https://sittingduckportland.wordpress.com/2015/11/12/chapter-

5           19-are-arbitrators-above-the-law/.

6       9.     Attached hereto as Exhibit 7 is a true and accurate copy of the transcript from the

7           March 18, 2001 Status Conference in the United States District Court, District of

8           Oregon Case *Jones v. North West Telemarketing, Inc.*, Case No. CV 99-990.

9     10.    Attached hereto as Exhibit 8 is a true and accurate copy of the Order to Show

10         Cause in the United States District Court, District of New Jersey Case *Max*

11         *Zweizig v. Timothy C. Rote, et al*, Case No. 04-2025.

12     11.    Attached hereto as Exhibit 9 is a true and accurate copy of a January and October

13         2008 e-mail from Greg Rote to Max Zweizig.

14       **I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE**

15  **BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE**

16  **FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR**

17  **PERJURY.**

18       DATED this 26th day of April, 2016.

19                        HART WAGNER LLP

20                By:   */s/ Matthew Kalmanson*

21                   Matthew Kalmanson, OSB #041280
                         mjk@hartwagner.com

22                   Carey Caldwell, OSB #093032
                         cpc@hartwagner.com

23                   Of Attorneys for Defendants

24                   Trial Attorney:  Matt Kalmanson , OSB #041280

25

26

Page 2 – **DECLARATION OF MATTHEW KALMANSON IN**
        **SUPPORT OF DEFENDANTS LINDA L.**
        **MARSHALL AND JOEL CHRISTIANSEN'S ANTI-**
        **SLAPP MOTION**

**HART WAGNER LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax:(503) 222-2301**

Exhibit 2
2 of 65

1      <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on the 26th day of April, 2016, I served the foregoing

3      **DECLARATION OF MATTHEW KALMANSON IN SUPPORT OF DEFENDANTS**

4      **LINDA L. MARSHALL AND JOEL CHRISTIANSEN'S ANTI-SLAPP MOTION**, on the

5      following party at the following address:

6          Timothy Rote
           24790 SW Big Fir Rd.
7          West Linn, OR 97068
                   Defendant Pro Se
8
           Mark Johnson Roberts
9          16037 SW Upper Boones Ferry Rd.
           Tigard, OR 97281
10                 Attorney for Defendant OSB

11

12     by e-mailing and mailing to him a true and correct copy thereof, certified by me as such, placed

13     in sealed envelope, addressed to him at the address set forth above, and deposited in the U.S.

14     Post Office at Portland, Oregon on said day with postage prepaid.

15                                  */s/ Matther Kalmanson*
                                    Matthew Kalmanson, OSB #041280
16

17

18

19

20

21

22

23

24

25

26

Page 1 – CERTIFICATE OF SERVICE

**HART WAGNER LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax:(503) 222-2301**

Exhibit 2
3 of 65

Joel Christiansen, OSB #080561
VOGELE & CHRISTIANSEN
812 NW 17th Avenue
Portland, OR 97209
T: (503) 841-6722
E: joel@oremploymentlawyer.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **MAX ZWEIZIG,** | Case No. 3:15-cv-2401 |
| Plaintiff, | **COMPLAINT** |
| v. | Whistleblower Retaliation (ORS 659A.230, ORS 659A.199); Retaliation for Opposing Unlawful Employment Practices (ORS 659A.030(1)(f)); Aiding and Abetting (ORS 659A.030(1)(g)) |
| **TIMOTHY C. ROTE**, a citizen of the state of Oregon, **NORTHWEST DIRECT TELESERVICES, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT MARKETING OF OREGON, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT MARKETING, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT OF IOWA, INC.**, an Iowa for-profit corporation, **ROTE ENTERPRISES, LLC**, an Oregon limited liability company, **NORTHWEST DIRECT MARKETING, INC.**, aka Northwest Direct Marketing (Delaware), Inc., a Delaware Corporation, and **DOES 1 through 5**, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

### JURY DEMAND

1.      Plaintiff Max Zweizig ("Plaintiff") demands a trial by jury of all issues properly subject to a jury trial.

Page 1 of 10 - COMPLAINT AND DEMAND FOR JURY TRIAL



EXHIBIT 1
PAGE 1 of 10

Exhibit 2
4 of 65

### NATURE OF THE ACTION

2.     This is an action under Oregon's state unlawful employment practices statutes, ORS 659A.230, ORS 659A.199, ORS 659A.030(1)(f), and ORS 659A.030(1)(g).

### JURISDICTION AND VENUE

3.     This court has jurisdiction of this action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4.     The unlawful employment actions alleged herein were committed in the District of Oregon and venue is proper in this district.

### PARTIES

5.     Plaintiff Max Zweizig is an individual resident of the State of New Jersey.

6.     Defendant Timothy C. Rote ("Rote") is an individual resident of the state of Oregon.

7.     Defendant Northwest Direct Teleservices, Inc. ("NDT") is a for-profit corporation existing under the laws of the State of Oregon with its principal place of business in Oregon.

8.     Defendant Northwest Direct Marketing of Oregon, Inc. ("NDMO") is a for-profit corporation organized and existing under the laws of the State of Oregon with its principal place of business in Oregon.

9.     Defendant Northwest Direct Marketing, Inc. ("NDM") is a for-profit corporation organized and existing under the laws of the State of Oregon with its principal place of business in Oregon. Northwest Direct of Eugene, Inc. ("NDE") is a for-profit corporation organized under the laws of the State of Oregon with its principal place of business in Oregon. On or about June 30, 2010, NDE changed its name to and began operating as NDM.

10.    Defendant Northwest Direct of Iowa, Inc. ("NDI") is a for-profit corporation organized under the laws of the State of Iowa with its principal place of business in Oregon.

11.    Defendant Rote Enterprises, LLC ("Rote Enterprises") is a limited liability

Page 2 of 10 - COMPLAINT AND DEMAND FOR JURY TRIAL



EXHIBIT  /
PAGE  2 OF 10

Exhibit 2
5 of 65

company organized under the laws of the State of Oregon with its principal place of business in Oregon. In July 1995, Rote filed Articles of Organization with the Oregon Secretary of State for Rote Enterprises that describes the company as a holding company. Its members include Rote and Rote & Company, P.C.

12.    Defendant Northwest Direct Marketing, Inc., aka Northwest Direct Marketing (Delaware), Inc. ("NDM Delaware"), is a for-profit corporation organized under the laws of the state of Delaware.

13.    Upon information and belief, each DOE defendant is an entity with a principal place of business in a state other than New Jersey and/or is a citizen of a state other than New Jersey.

## SUCCESSOR LIABILITY ALLEGATIONS

14.    At all times relevant to this complaint, Rote has directly or indirectly owned and operated telemarketing businesses including call centers providing inbound and outbound telemarketing services to a variety of clients nationwide. During this time, Rote has operated two call centers at a time - one in Oregon and one in Iowa. Yet, Rote has created a complex, confusing, and ever-changing web of corporate entities to own and operate these call centers. Rote is and has at all relevant times been the chief executive, president, and primary owner of each of the named corporate entities.

15.    As set forth herein, NDT was Plaintiff's employer. However, NDMO, NDM, NDI, Rote Enterprises, and NDM Delaware are liable to Plaintiff as NDT's successors. Specifically: (1) the successors knew or reasonably should have known of Plaintiff's employment-related claims resulting from Defendants' concerted activities, (2) NDT was and may remain unable to provide relief to Plaintiff; (3) there has been a substantial continuity of business operations between NDT and its successors; (4) the successors have used the same facilities, equipment, and methods of service provision as NDT to conduct their business; (5) the successors have used the same work force and have maintained substantially similar working conditions as NDT in carrying out their business; and (6) the successors have produced the same work product as NDT.

Page 3 of 10 - COMPLAINT AND DEMAND FOR JURY TRIAL



EXHIBIT 1
PAGE 3 of 10

Exhibit 2
6 of 65

## COMMON FACTS

16.    NDT, under one ultimate owner corporation, employed Plaintiff as Director of Information Technology. Pursuant to the parties' employment agreement, Plaintiff and NDT agreed that Oregon substantive law would apply to all disputes related to Plaintiff's employment.

17.    During Plaintiff's employment, Plaintiff reported to the Oregon Department of Justice and the Lane County District Attorney information that Plaintiff reasonably believed to be evidence that NDT had engaged in criminal activity (mail and wire fraud with respect to client billings).

18.    As a direct result of Plaintiff's protected reports, Rote and NDT took adverse employment actions against Plaintiff, including terminating Plaintiff's employment, because of Plaintiff's protected reports of criminal activity. Rote and NDT also took adverse actions against Plaintiff after Plaintiff's employment ended because of Plaintiff's protected reports, including publishing statements to third parties and the general public accusing Plaintiff of destroying data and engaging in other criminal and civil misconduct during his employment with Defendants.

19.    Plaintiff opposed Rote and NDT's unlawful employment practices by filing a complaint and pursuing legal claims for whistleblower retaliation against Rote and NDT. After a series procedural motions, the matter was transferred to arbitration in Oregon. Plaintiff pursued claims against NDT for: (1) whistleblower retaliation under ORS 659A.230; and (2) wrongful termination. NDT pursued claims against Plaintiff for: (1) breach of contract; (2) conversion; (3) breach of fiduciary duty; (4) attorneys' fees associated with pre-arbitration litigation; and (5) court reporting fees associated with the arbitration proceedings.

20.    As part of the parties' litigation, NDT and Plaintiff became subject to stipulations and protective orders that restricted the dissemination and publication of certain materials associated with the parties dispute. One such order restricted the parties from using electronic media produced in the arbitration outside of those proceedings.

21.    After several years of protracted litigation, an arbitrator found in Plaintiff's

Page 4 of 10 - COMPLAINT AND DEMAND FOR JURY TRIAL

EXHIBIT ____1____
PAGE ___4 of 10___

Exhibit 2
7 of 65

favor on his whistleblower claims, ruling that "[Plaintiff] was terminated at the time he was because of retaliation" and awarded damages to Plaintiff. The arbitrator denied NDT's claims against Plaintiff with the exception of ordering Plaintiff to pay his pro rata share of court reporting fees associated with the arbitration proceedings.

22.    Plaintiff's arbitration award was later reduced to a judgment in the United States District Court for the District of Oregon. NDT has failed to satisfy that judgment.

23.    In a continuing effort to oppose Defendant's unlawful employment practices and enforce his employment-related rights, Plaintiff filed a lawsuit on March 11, 2014 in the United States District Court against NDT, Rote, and related corporate entities. Plaintiff's operative complaint alleges that Defendants violated the Uniform Fraudulent Transfer Act and engaged in other fraudulent activity to defeat Plaintiff's ability to enforce his whistleblower retaliation judgment.

24.    In direct response to Plaintiff's protected conduct, on or about February 27, 2015, Defendants created a website titled Sitting Duck Portland[1] ("Sitting Duck Portland Website"). Upon information and belief, Defendant Rote is the author of the Sitting Duck Portland Website. The Sitting Duck Portland Website is fully accessible to the general public.

25.    According to the Sitting Duck Portland Website, the website tells a "story [...] about an arbitration involving one of [Rote's] companies and a former IT manager by the name of Max Zweizig." The Sitting Duck Portland Website purports to monetize the experience of its employment-related arbitration with Plaintiff on behalf of Defendants' family of corporate entities, which includes all corporate entities named in this lawsuit.

26.    Defendants have used the Sitting Duck Portland Website as tool to discriminate and retaliate against Plaintiff because of Plaintiff's protected conduct. Specifically, the Sitting Duck Portland Website:

(a)    Prominently identifies Plaintiff, Plaintiff's fiancé, and Plaintiff's counsel by name;

---

[1] https://sittingduckportland.wordpress.com



EXHIBIT ___1___
PAGE _5 of 10_

Exhibit 2
8 of 65

    (b)     Disparages Plaintiff in his profession in a personally identifiable manner;

    (c)     Asserts that Plaintiff's arbitration victory was the result of "bias, of cronyism, perhaps of bribery, of corruption, of fraud."

    (d)     Accuses Plaintiff, Plaintiff's fiancé, and Plaintiff's counsel of engaging in widespread criminal conduct and other unlawful conduct;

    (e)     Publishes photographs suggesting that Plaintiff, Plaintiff, Plaintiff's fiancé, and Plaintiff's counsel are criminals;

    (f)     Publishes and threatens to continue publishing sensitive and disparaging documents subject to protective stipulations and orders;

    (g)     Accuses Plaintiff of viewing homosexual pornography, specifically drawing Plaintiff's (heterosexual) fiancé's attention to such allegations;

27.    As a result of Defendants' efforts to optimize their discriminatory and retaliatory publications for internet search engines, content from the Sitting Duck Portland Website, including images Defendants have intentionally associated with Plaintiff's name, now appear prominently in search results for Plaintiff, Plaintiff's fiancé, and Plaintiff's counsel's names. The content from the Sitting Duck Portland Website that appears in search engine results prominently suggests that Plaintiff is a criminal, a frivolous litigant, and unfit to work as an information technology professional.

28.    The content of the Sitting Duck Portland Website outlined in paragraph 27 constitutes a series of ongoing adverse employment actions against Plaintiff targeted at Plaintiff as a result of Plaintiff's participation in protected conduct as set forth herein. Defendants' conduct would dissuade a reasonable worker from making or supporting a charge of discrimination.

29.    As a result of Defendants' publications outlined in paragraph 27, Plaintiff has suffered damages in the form of damage to reputation, loss of enjoyment of life, inconvenience, frustration, fear, dread, stress, helplessness, hopelessness, humiliation, and anxiety.

30.    Plaintiff seeks an assessment of punitive damages against Defendants because

Page 6 of 10 - COMPLAINT AND DEMAND FOR JURY TRIAL



EXHIBIT 1

PAGE 6 of 10

Exhibit 2
9 of 65

Defendants have acted with malice and have shown a reckless and outrageous indifference to a highly unreasonable risk of harm and have acted with a conscious indifference to the health and welfare of others.

### FIRST CLAIM FOR RELIEF

(Whistleblower Discrimination and Retaliation)

*Against NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware*

Count 1 - ORS 659A.230

31.     Plaintiff realleges paragraphs 1-30 by reference.

32.     Plaintiff engaged in protected conduct by reporting in good faith NDT's information and by, in good faith: (1) filing a complaint against NDT; (2) cooperating with law enforcement agencies responsible for conducting a criminal investigation; (3) bringing a civil proceeding against an employer; and (4) testifying in good faith at a civil proceeding.

33.     NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware discriminated and retaliated against Plaintiff by subjecting Plaintiff to adverse employment actions because of Plaintiff's protected conduct set forth in the preceding paragraph.

34.     Plaintiff suffered damages as set forth in paragraph 29 as a direct and proximate result of the unlawful employment practices of NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware.

35.     Plaintiff seeks an assessment of punitive damages against NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware as set forth in paragraph 30.

36.     Plaintiff seeks temporary and permanent injunctive relief and any other equitable relief that may be appropriate, including but not limited to an order restraining NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware from further discrimination and retaliation against Plaintiff because of Plaintiff's protected conduct.

37.     Plaintiff is entitled to recover attorney fees and expert witness fees pursuant to ORS 659A.885 and ORS 20.107. Plaintiff also seeks an award of statutory interest and reasonable costs incurred in pursuing this matter.



EXHIBIT _1_

PAGE _7 of 10_

Exhibit 2
10 of 65

## Count 2 - ORS 659A.199

38.    Plaintiff realleges paragraphs 1-30 by reference.

39.    Plaintiff engaged in protected conduct by reporting in good faith information that Plaintiff believed was evidence of a violation of a state or federal law, rule or regulation.

40.    NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware discriminated and retaliated against Plaintiff by subjecting Plaintiff to adverse employment actions because of Plaintiff's protected reports set forth in the preceding paragraph.

41.    Plaintiff suffered damages as set forth in paragraph 29 as a direct and proximate result of the unlawful employment practices of NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware.

42.    Plaintiff seeks an assessment of punitive damages against NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware as set forth in paragraph 30.

43.    Plaintiff seeks temporary and permanent injunctive relief and any other equitable relief that may be appropriate, including but not limited to an order restraining NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware from further discrimination and retaliation against Plaintiff because of Plaintiff's protected conduct.

44.    Plaintiff is entitled to recover attorney fees and expert witness fees pursuant to ORS 659A.885 and ORS 20.107. Plaintiff also seeks an award of statutory interest and reasonable costs incurred in pursuing this matter.

### SECOND CLAIM FOR RELIEF

(Retaliation for Opposing Unlawful Conduct - ORS 659A.030(1)(f))

*Against All Defendants*

45.    Plaintiff realleges paragraphs 1-30 by reference.

46.    Plaintiff engaged in protected conduct by reporting in good faith NDT's information and by, in good faith: (1) opposing Defendants' unlawful practices; (2) filing a complaint against Defendants, (3) testifying and assisting in a proceeding under ORS Chapter 659A; and (4) attempting to testify and assist in a proceeding under ORS Chapter 659A.

47.    NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware



EXHIBIT ___1___

PAGE _8 of 10_

**Exhibit 2**

**11 of 65**

discriminated and retaliated against Plaintiff by subjecting Plaintiff to adverse employment actions because of Plaintiff's protected conduct set forth in the preceding paragraph.

48.     Plaintiff suffered damages as set forth in paragraph 29 as a direct and proximate result of the unlawful employment practices of NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware.

49.     Plaintiff seeks an assessment of punitive damages against Defendants NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware as set forth in paragraph 30.

50.     Plaintiff seeks temporary and permanent injunctive relief and any other equitable relief that may be appropriate, including but not limited to an order restraining NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware from further discrimination and retaliation against Plaintiff because of Plaintiff's protected conduct.

51.     Plaintiff is entitled to recover attorney fees and expert witness fees pursuant to ORS 659A.885 and ORS 20.107. Plaintiff also seeks an award of statutory interest and reasonable costs incurred in pursuing this matter.

### THIRD CLAIM FOR RELIEF

(Aiding & Abetting - ORS 659A.030(1)(g))

*Against Rote*

52.     Plaintiff realleges paragraphs 1-30 by reference.

53.     Rote has aided, abetted, incited, compelled and coerced by directly subjecting and causing NDT, NDMO, NDM, NDI, Rote Enterprises and NDM Delaware to subject Plaintiff to harm and adverse employment actions because of Plaintiff's protected employment activities.

54.     Plaintiff suffered damages as set forth in paragraph 29 as a direct and proximate result of Rote's conduct.

55.     Plaintiff seeks an assessment of punitive damages against Rote as set forth in paragraph 30.

56.     Plaintiff seeks temporary and permanent injunctive relief and any other equitable relief that may be appropriate, including but not limited to an order restraining Rote

Page 9 of 10 - COMPLAINT AND DEMAND FOR JURY TRIAL



EXHIBIT 1
PAGE 9 of 10

Exhibit 2
12 of 65

from further discrimination and retaliation against Plaintiff because of Plaintiff's protected conduct.

57.    Plaintiff is entitled to recover attorney fees and expert witness fees pursuant to ORS 659A.885 and ORS 20.107. Plaintiff also seeks an award of statutory interest and reasonable costs incurred in pursuing this matter.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a.    Compensatory damages in the amount of $150,000.00;

b.    Punitive damages in the amount of $1,000,000.00;

c.    Temporary and permanent injunctive relief and any other equitable relief that may be appropriate, including but not limited to an order restraining Defendants from further discrimination and retaliation against Plaintiff because of Plaintiff's protected conduct;

d.    Attorneys' fees and expert witness fees pursuant to ORS 659A.885 and ORS 20.107;

e.    Statutory interest and reasonable costs incurred in pursuing this matter;

f.    Any other relief appropriate under the circumstances.

Dated: December 24, 2015

/s/ Joel Christiansen<br>Joel Christiansen, OSB #080561<br>Of Attorneys for Plaintiff



EXHIBIT  1
PAGE 10 of 10

**Exhibit 2**
**13 of 65**

1
2
3
4
5                                    BEFORE THE

6                       ARBITRATION SERVICE OF PORTLAND

7  NORTHWEST DIRECT TELESERVICES,
   INC., an Oregon corporation,
8
             Claimant,                    ASP No. 050511-1
9
       v.                                 OPINION AND ORDER
10                                        AND ARBITRATION AWARD
   MAX ZWEIZIG, an individual,
11
             Respondent.
12

13        Because of a variety of circumstances this matter has not reached a conclusion for an

14  extended period of time.

15        The parties have now had ample opportunity to put on their witnesses and have presented

16  the exhibits they wished.

17        The parties have also submitted lengthy memoranda.

18        The time for additional argument or submissions has now expired.

19        The vitriol found in the submissions and the accusations of fraud, lying, and intentional

20  misconduct have been of little benefit to the arbitrator.

21        I find that, by and large, the witnesses (with the exception of Mr. Kawiuk) were credible.

22  It seems clear from the exhibits introduced that Mr. Kawiuk searched for documents intended to

23  discredit Respondent, although he denied such an effort.  Promptly upon the report of

24  Respondent of what he believed to be wrongful or illegal conduct, an active search was

25  commenced to locate all correspondence that might put Respondent in a bad light.

26

Page 1 -    OPINION AND ORDER AND ARBITRATION AWARD

SCHWABE, WILLIAMSON & WYATT, P.C
Attorneys at Law
Pacwest Center
1211 SW 5th Ave   Suite 1900
Portland, OR  97204
Telephone 503 222 9981  Fax 503 796 2900

PDX/110847/152042/WBC/7253999.2

EX A
page 1 of 9

EXHIBIT  2
PAGE  1 of 9

Exhibit 2
14 of 65

1    Because of the lapse of time from the beginning of the dispute (through no particular

2    fault of anyone, with the regular change of counsel by both parties contributing significantly to

3    the delays), memories have dimmed and testimony has been based on memories of events that to

4    a large extent happened years ago. Therefore, I find that when memories conflict among the

5    witnesses and parties, or the exhibits, I must rely on contemporaneous writings to resolve the

6    conflicts.

7    For example, Claimant relies in several instances in his briefing on Exhibit 1, page 64,

8    and his testimony on May 24, 2010, pages 168-170. (The actual quote comes from page 160 of

9    the transcript.)

10    "Rote explained his response to Zweizig's 'So I take it I'm fired" email:

11    "And I said, 'Yes, so you seem to want that. You seem to kind want to exit on an
     exclamation point, in spite of the fact you've asked for this additional time, in
12    spite of the fact we're working together, you seem to want to exit with some kind
     of drama. And so here it is, some kind of drama.'" Post-Hearing Memorandum
13    of Northwest Direct Teleservices, p. 67.

14

15    While "Yes" might have been an appropriate response to the comment in Respondent's

16    email if that had been the intention, it was not so expressed until the hearing. The responsive

17    email from Mr. Rote is quite different than his testimony about what he said. Indeed, a part of

18    the response in Mr. Rote's email states "If you think you can get more money for your work

19    effort, elsewhere, you should seek other employment and give your notice according to the terms

20    of your contract." Although I do not find that Mr. Rote intentionally misrepresented the

21    exchange, it does represent an example of why I find that the exhibits prepared

22    contemporaneously with the dispute are more reliable than the memories dimmed by time.

23    The parties are in disagreement about when the October 2, 2003, email was prepared and

24    sent. The testimony of the experts leaves questions open about that controversy, but to the

25    arbitrator it is difficult to harmonize this email with the one written by Mr. Rote just 80-90 hours

26    earlier.

Page 2 -    OPINION AND ORDER AND ARBITRATION AWARD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX/110847/152042/WBC/7253999.2

EX A
page 2 of 9



EXHIBIT 2
PAGE 2 of 9

Exhibit 2
15 of 65

1   The regular exchange of emails from October 2, 2003, do not suggest that Respondent

2 has been terminated, but rather are consistent with the expectation of continued employment. As

3 late as October 23, 2003, Mr. Rote sent an email to Respondent: "Hope all is OK Max. Let me

4 know if I can help." (Exhibit 1, page 83)

5   Only after the report by Respondent of his concerns over the possibility of overcharging

6 and correspondence with the State of Oregon to that effect did Mr. Kawiuk start his search for

7 emails trying to discredit Respondent and did the correspondence between Respondent and

8 Mr. Rote take on the hint that termination was imminent.

9   I turn first to the claims of the claimant, Northwest Direct Teleservices, Inc.

10       **First Claim for Relief**

11   Claimant's primary claim is that Respondent breached his employment agreement by

12 deleting, destroying, or otherwise failing to return to Claimant certain software programs, codes,

13 and applications all to Claimant's damages of $56,320.

14   Respondent denies any such deletion, destruction, or failure to deliver all property in his

15 possession belonging to his employer.

16   It appears from the testimony and exhibits that another employee, Cox, was able to

17 extract data, create reports, and send data to clients as needed. His testimony was that the

18 programs were readily available and that he routinely accessed the programs for his own use.

19   Claimant during these proceedings attempted to belittle Cox or accuse him of disloyalty

20 because of his resignation, but it also appears that Cox was the only one in Claimant's employ

21 who could have recovered the claimed destroyed, deleted, or lost information. That, coupled

22 with the continuous use of the involved computers over a period of years, seemingly made it

23 impossible for the various experts called by the parties to confirm or deny any deletion or

24 destruction. Claimant was, or should have been, advised by his counsel at the beginning of the

25 threat of litigation that the preservation of the integrity of the computers and the information to

26 be found there was paramount to proving the claims now made.

Page 3 -  OPINION AND ORDER AND ARBITRATION AWARD   SCHWABE, WILLIAMSON & WYATT, P.C.
                                    Attorneys at Law
                                    Pacwest Center
                             1211 SW 5th Ave., Suite 1900
                              Portland, OR 97204
                         Telephone 503 222 9981 Fax 503 796 2900

EX A

page 3 of 9

EXHIBIT 2

PAGE 3 of 9



Exhibit 2
16 of 65

1  Given that the burden is on Claimant to prove this claim, the arbitrator cannot find that

2  the burden has been borne and, therefore, this claim for relief is denied.

3  **Second Claim for Relief**

4  Claimant's second claim for relief is one for conversion and requires the exercise of

5  dominion or control over a chattel. The arbitrator finds no evidence to support a claim of

6  conversion.

7  **Third Claim for Relief**

8  The arbitrator makes no finding as to whether Respondent had a fiduciary duty to

9  Claimant. The existence of a fiduciary relationship between master and servant is one that is

10  subject to great controversy and disagreement.

11  Having found that Claimant did not prove the destruction or deletion of the subject

12  materials, this claim is also denied.

13  **Fourth Claim for Relief**

14  Claimant claims damages of $125,000 in the form of attorney fees and costs incurred to

15  defend Respondent's litigation commenced in the Superior Court of New Jersey. Claimant

16  claims that the employment agreement obligated Respondent to participate in mandatory

17  mediation and arbitration, thus foreclosing any right to proceed in courts.

18  Respondent believed correctly that he had a right to a determination by a court with

19  appropriate jurisdiction whether he was bound by the agreement limiting his legal rights. It

20  appears that Claimant failed to give notice within 90 days of an intent to mediate any and all

21  disputes arising out of the employment of Respondent by Claimant and thus waived that

22  exclusive remedy. The employment agreement further provides that the arbitrator shall have no

23  power to alter, amend, or modify any provision of the employment agreement.

24  Respondent had a legal right to a determination of whether his legal remedies were

25  limited to those set forth in the employment agreement. If Claimant is correct that there was

26  such a limitation and that filing the action was wrongful, an immediate response advising the

Page 4 -   OPINION AND ORDER AND ARBITRATION AWARD

SCHWABE, WILLIAMSON & WYATT P C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

EX A
page 4 of 9

EXHIBIT   2
PAGE   4 of 9

Exhibit 2
17 of 65

1    court of Claimant's position should have been done to mitigate damages.  In any event,

2    Respondent had the right to a court decision as to the scope of his remedies.

3        This claim is, therefore, denied.

### Fifth Claim for Relief

5        The arbitrator finds that Claimant has a claim for the $4,316.94 paid for court reporting

6    fees that were the obligation of Respondent and it is so ordered.  Claimant may have judgment

7    against Respondent in that amount.

### Respondent's Claims

9        It is clear from the exchange of emails between the two prior to the actual termination

10    that trouble was brewing.  Mr. Rote, as is his custom, expressed himself rather strongly in his

11    belief that Respondent's performance was unsatisfactory.  It is likely that the relationship of

12    employer and employee was doomed to an early grave given the animosity and concerns

13    expressed by both parties with or without the notice of improper billings.

14        I find that the catalyst for the termination at the time it took place was in retaliation for

15    the action Respondent took over his belief that there might have been efforts at overbilling some

16    clients.

17        I need not, and do not make, any finding or conclusion as to whether Respondent's

18    concerns were true, but I do find that he had a reasonable belief that they were.

19        Because of my conclusion that Respondent was terminated at the time he was because of

20    retaliation, I must then determine the damages suffered by Respondent.

21        As mentioned above, it is clear that the relationship was not going to last long.  I

22    conclude that the damages suffered by Respondent must correspond to that likelihood.

23        Therefore, I find that Respondent's damages must be confined to a reasonable period of

24    time during which he could have expected his employment to continue.  A reasonable period of

25    time for these purposes is nine months.

26

Page 5 -    OPINION AND ORDER AND ARBITRATION AWARD

SCHWABE, WILLIAMSON & WYATT, P C
Attorneys at Law
Pacwest Center
1211 SW 5th Ave  Suite 1800
Portland, OR  97204
Telephone 503 222.9981  Fax 503 796 2900

PDX/110847/152042/WBC/7253999.2

EXHIBIT _2_

PAGE _5 of 9_

EX A

page 5 of 9

Exhibit 2
18 of 65

1       Respondent is entitled to recover his salary for a period of nine months from

2  November 15, 2003. He is, therefore, entitled to a judgment of $67,500 plus one week's pay

3  reflecting vacation pay in the amount of $1,875. Respondent also seeks attorney fees, which I

4  decline to award.

5       Respondent also claims damages as a consequence of the actions taken by Claimant or its

6  agent in pre-discharge actions as set forth in Respondent's reply brief at pages 32-33. Although,

7  as discussed above, Mr. Rote's messages are frequently abusive and inflammatory, Respondent

8  should have become accustomed to such behavior and developed a tolerance for it. I find that

9  any claim for damages for the circumstances described there cannot be sustained, and I award

10  none.

11      Respondent also seeks damage for the post-discharge actions as describe in the reply

12  brief at page 33. Respondent did suffer damages because of the report to the Department of

13  Labor that he had been discharged for fraud and because he was required to appear at a hearing

14  to obtain unemployment benefits to which he was rightfully entitled. I find that his damages in

15  connection with those activities are $1,000.

16      Respondent's claimed damages for the actions of Mr. Rote in a letter to Judge Kugler, the

17  letter sent suggesting to former co-workers that they should keep children away from

18  Respondent, and the report to insurers of theft are more difficult of assessment. There is no

19  evidence in the record that insurers relied on those reports; and, in fact, they refused the claims

20  submitted. There is no evidence that Respondent has been damaged as a result of any insurance

21  company actions. Given other actions of which Judge Kugler is aware, it is doubtful that he put

22  much stock in those letters, and it is more likely the letters resulted in injury to the author's

23  reputation than to Respondent. I can find no reason to award damages for those letters to

24  Respondent.

25      Claimant claims (Post-Hearing Memorandum of Northwest Direct Teleservices, p. 92)

26  that it filed complaints with law enforcement officials on advice of counsel. The Arbitrator has

Page 6 -   OPINION AND ORDER AND ARBITRATION AWARD

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave  Suite 1900
Portland, OR 97204
Telephone 503 222.9981  Fax 503 796.2900

PDX/110847/152042/WBC/7253999.2

EXHIBIT 2    EX A
PAGE 6 of 9    page 6 of 9

**Exhibit 2**
**19 of 65**

1   searched the record but can find no support for that assertion. The letter to co-workers was

2   unwarranted and seemingly was done solely in an effort to embarrass Respondent. Such actions

3   were done in retaliation for Claimant's perceived misconduct by Respondent and his apparent

4   anger. It is particularly difficult to find an appropriate remedy for such conduct, but a reasonable

5   sum to award for it and its consequences is $5,000, and it is so ruled.

6

7                        **MONEY AWARD**

8       To comply with the special requirements of ORS 36.685, set forth below is the following

9   information:

10                 **AWARD FOR CLAIMANT**

11

12   Award Creditor(s):                    Northwest Direct Teleservices, Inc.
                                                    24790 SW Big Fir Road

13                                                West Linn, OR 97068-9601

14   Attorney for Award Creditor(s):      Timothy C. Rote, CEO – pro se
                                               Northwest Direct Teleservices, Inc.

15                                              24790 SW Big Fir Road
                                             West Linn, OR 97068-9601

16                                              Telephone: (503) 722-1640

17   Award Debtor(s):                    Max Zweizig
                                             140 Ford Avenue

18                                              Woodbury, NJ 08096

19   Attorney for Award Debtor(s):        Linda L. Marshall
                                              PMB 408

20                                              3 Monroe Parkway, Suite P
                                             Lake Oswego, OR 97035

21                                              Telephone: (503) 699-2082

22   Principal Amount of Award:          $4,316.94

23   Pre-Award Interest:               0
  Total amount of Award upon which simple     0

24   interest is to accrue at rate of 9% per annum
  from and after the date of this Award:

25   Costs (ASP Rule 33)              0
    Filing Fee: $ N/A

26     Arbitrator's Compensation: $ N/A
    Attorney Fees:

Page 7 -   OPINION AND ORDER AND ARBITRATION AWARD

SCHWABE, WILLIAMSON & WYATT, P C
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503 222 9981 Fax 503 796 7900

PDX/110847/152042/WBC/7253999.2

EXHIBIT 2  EX A
PAGE 7 of 9  page 7 of 9

Exhibit 2
20 of 65

1

2

3                            **AWARD FOR RESPONDENT**

4
    Award Creditor(s):                    Max Zweizig
5                                         140 Ford Avenue
                                          Woodbury, NJ  08096
6
    Attorney for Award Creditor(s):       Linda L. Marshall
7                                         PMB 408
                                          3 Monroe Parkway, Suite P
8                                         Lake Oswego, OR  97035
                                          Telephone:  (503) 699-2082
9
    Award Debtor(s):                      Northwest Direct Teleservices, Inc.
10                                        24790 SW Big Fir Road
                                          West Linn, OR  97068-9601
11
    Attorney for Award Debtor(s):         Timothy C. Rote, CEO – pro se
12                                        Northwest Direct Teleservices, Inc.
                                          24790 SW Big Fir Road
13                                        West Linn, OR  97068-9601
                                          Telephone: (503) 722-1640
14
    Principal Amount of Award:            $75,375.00
15
    Pre-Award Interest:                   0
16  Total amount of Award upon which simple   0
    interest is to accrue at rate of 9% per annum
17  from and after the date of this Award:
    Costs (ASP Rule 33)                   0
18      Filing Fee:  $$ _N/A____
        Arbitrator's Compensation:  $ _N/A____
19      Attorney Fees:

20

21          Dated this 5th day of April, 2011.

22

23                                   _William B. Crow_____
                                     William B. Crow
24                                   Arbitrator

25

26

Page 8 -    OPINION AND ORDER AND ARBITRATION AWARD

SCHWABE, WILLIAMSON & WYATT, P C
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981 Fax 503.796.2900

EXHIBIT    2    EX A

PAGE    8 of 9    page 8 of 9

**Exhibit 2
21 of 65**

1        CERTIFICATE OF SERVICE

2   I hereby certify that on the 5th day of April, 2011, I served the foregoing Opinion and

3 Order and Arbitration Award on the following parties:

4    Mr. Timothy C. Rote
     Northwest Direct Teleservices, Inc.
5    Email:  tim@nwdirectmarketing.com

6    Mr. Scott T. Cliff
     The Law Office of Scott T. Cliff
7    5550 SW Macadam Avenue, Suite 220
     Portland, OR  97238
8    Email:  scott@scottcliff.com

9    Ms. Linda L. Marshall
     PMB 408
10    3 Monroe Parkway, Suite P
     Lake Oswego, OR  97035
11    Email:  marshall.l@comcast.net

12

13 by emailing to them a true and correct copy thereof, certified by me as such, at the email

14 addresses listed above on said day.

15

16          William B. Crow
           William B. Crow

17

18

19

20

21

22

23

24

25

26

Page 1 -    CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX/110847/152042/WBC/7253999.2

EXHIBIT  2
PAGE  9 of 9

EX A
page 9 of 9

Exhibit 2
22 of 65

**Linda L. Marshall, OSB 83279**
linda.marshall.attorneyatlaw@gmail.com
PMB 408
3 Monroe Parkway, Suite P
Lake Oswego, OR 97035
(503) 699-2082
Fax: (971) 269-2888
 Of attorneys for plaintiff

**Joel W. Christiansen, OSB 080561**
joel@oremploymentlawyer.com
Vogele & Christiansen
812 NW 17th Avenue
Portland, OR 97209
(503) 841-6722
 Of attorneys for plaintiff

## UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

**MAX ZWEIZIG**,

        Plaintiff,

      v.

**TIMOTHY C. ROTE**, a citizen of the state of Oregon, **NORTHWEST DIRECT TELESERVICES, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT MARKETING OF OREGON, INC.** an Oregon for-profit corporation, **NORTHWEST DIRECT MARKETING, INC.**, an Oregon for-profit corporation, **NORTHWEST DIRECT OF EUGENE, INC.**, aka Northwest Direct Marketing, Inc., **NORTHWEST DIRECT OF IOWA, INC.**, an Iowa for-profit corporation, **ROTE**

Case No. 3:14-cv-00406-ST

**SECOND AMENDED COMPLAINT**

(Uniform Fraudulent Conveyance Act; piercing the corporate veil; conspiracy to defraud)

**DEMAND FOR JURY TRIAL**

Second Amended Complaint -- page 1



EXHIBIT 3
PAGE 1 of 24

**Exhibit 2**
**23 of 65**

**ENTERPRISES, LLC,** an Oregon limited
liability company, **NORTHWEST DIRECT
MARKETING, INC.,** aka Northwest Direct
Marketing (Delaware), Inc., a Delaware
Corporation,

    Defendants.

---

### JURY DEMAND

    Plaintiff Max Zweizig demands a trial by jury of all issues properly

subject to a jury trial.

    Plaintiff alleges:

### JURISDICTION AND VENUE

    Diversity.

    1.  This court has jurisdiction over all claims in this action

pursuant to 28 USC § 1332(a)(1) because there is complete diversity between

plaintiff and all defendants and the amount in controversy exceeds $75,000,

exclusive of interest and costs.

    2.  Plaintiff Max Zweizig is a citizen of the State of New

Jersey.

    3.  Defendant Timothy C. Rote ("Rote") is a citizen of the

State of Oregon and resides in Oregon. Defendant Northwest Direct

Teleservices, Inc. ("NDT"), is a for-profit corporation organized and existing

under the laws of the State of Oregon with its principal place of business in

Second Amended Complaint -- page 2

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com



EXHIBIT 3
PAGE 2 of 24

**Exhibit 2
24 of 65**

Oregon. Defendant Northwest Direct Marketing of Oregon, Inc. ("NDMO"), is a

for-profit corporation organized and existing under the laws of the State of

Oregon with its principal place of business in Oregon. Defendant Northwest

Direct Marketing, Inc. ("NDM"), is a for-profit corporation organized and existing

under the laws of the State of Oregon with its principal place of business in

Oregon. Defendant Northwest Direct of Eugene, Inc. ("NDE"), is a for-profit

corporation organized under the laws of the State of Oregon with its principal

place of business in Oregon. On June 30, 2010, NDE changed its name to

NDM. Defendant Northwest Direct of Iowa, Inc. ("NDI"), is a for-profit

corporation organized under the laws of the State of Iowa with its principal

place of business in Oregon. Rote Enterprises, LLC, is a limited liability

company organized under the laws of the State of Oregon with its principal

place of business in Oregon. Northwest Direct Marketing Inc., aka Northwest

Direct Marketing (Delaware), Inc., is a for-profit corporation organized under

the laws of the state of Delaware. ("NDM ("Delaware").

     4.    The amount in controversy is at least $75,375, exclusive

of interest and costs.

Ancillary jurisdiction.

     5.    Plaintiff's First Claim for Relief is for relief under the

Uniform Fraudulent Transfer Act ("UTFA") as adopted in Oregon, ORS 95.200-

95.310. This court has ancillary jurisdiction over this claim to exercise its

inherent power to avoid fraudulent conveyances and enforce a judgment

Second Amended Complaint -- page 3

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com



EXHIBIT 3
PAGE 3 of 24

Exhibit 2
25 of 65

entered by the District of Oregon in accordance with the principles adopted in *Turner v. Hallberg,* No. 04-cv-276-KI (D Or 2011), and *Jones v. North West Telemarketing, Inc.,* 136 F Supp 2d 1166 (D Or 2001).

Venue.

6. Venue is proper in this District pursuant to 28 USC § 1391(b) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District. Pursuant to LR 3-2(a)(1), divisional venue is proper in the Portland Division because defendants reside in and/or have a principal place of business in Clackamas County.

### GENERAL ALLEGATIONS

7. Over the last approximately 20 years defendant Rote has operated telemarketing businesses which included call centers providing in-bound and out-bound telemarketing services to a variety of clients nation-wide. During that time, he has operated two call centers at a time, one in Oregon and one in Iowa. Yet, he has created a complex, confusing and ever-changing web of corporate entities to own and operate these call centers and to receive revenues generated by the call centers. As described below, Rote's creation and manipulation of corporate entities suggests that his motive was, in substantial part, to defeat the rights of disfavored creditors and/or potential creditors, such as plaintiff as a claimant in an arbitration proceeding.

8. In July 1995, Rote filed Articles of Organization with the Oregon Secretary of State for Rote Enterprises, LLC, which is described as

Second Amended Complaint -- page 4

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com



EXHIBIT 3
PAGE 4 of 24

Exhibit 2
26 of 65

holding company. Its members include defendant Rote and Rote & Company, PC.

9.    In July 1995, Rote filed Articles of Incorporation with the Iowa Secretary of State for NDI.

10.    In October 1996, Rote filed Articles of Incorporation with the Oregon Secretary of State for Northwest Telemarketing of Oregon, Inc., which operated Rote's Oregon call center.

11.    In February 1998, Rote filed Articles of Incorporation with the Oregon Secretary of State for Northwest Direct Telemarketing, Inc.    In September 1998, he changed the name of this corporation to Northwest Direct Teleservices, Inc.

12.    In July 1999 an employee of Northwest Telemarketing of Oregon, Inc., filed an action in federal court captioned *Jones v. North West Telemarketing, Inc.*, 99 cv 990-JO.    A jury returned a verdict in favor of the plaintiff. On August 14, 2000, the court awarded plaintiff his costs and attorney fees. On August 31, 2000, the court entered judgment on the verdict, together with the award of costs and attorney fees.

13.    On August 24, 2000, (between the award of attorney fees and the entry of final judgment in *Jones v. North West Telemarketing, Inc.*) Rote filed Articles of Incorporation with the Oregon Secretary of State for Northwest Direct of Sisters, Inc.

14.    In January 2001, after unsuccessful attempts to collect the

Second Amended Complaint -- page 5

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com


EXHIBIT  3
PAGE  5 of 24

Exhibit 2
27 of 65

judgment in *Jones v. North West Telemarketing, Inc.*, the plaintiff brought a supplemental proceeding to amend his pleadings to set aside fraudulent conveyances to NDT, North West Direct of Sisters, Inc. and Timothy Rote. On March 6, 2001, the court allowed the amendment. On July 23, 2001, Rote changed the name of Northwest Telemarketing of Oregon, Inc., to Northwest Telemarketing of Iowa, Inc. In December 2001, he changed the name of Northwest Telemarketing of Iowa, Inc., to Northwest Direct of Iowa, Inc. ("NDI")

15. In August 2001, NDT, entered into a written employment agreement with plaintiff under which plaintiff became the Director of its IT Department. Plaintiff oversaw IT services for the Oregon and Iowa call centers from September 1, 2001 to November 14, 2003, when he was terminated.

16. In September 2001, Rote filed Articles of Incorporation with the Oregon Secretary of State for NDE.

17. In April 2006, NDT commenced an arbitration proceeding against plaintiff with the Arbitration Services of Portland, *Northwest Direct Teleservices, Inc., v. Max Zweizig,* ASP No. 050511-1 ("the Arbitration Proceeding"). On or about June 30, 2006, Zweizig brought counterclaims in the Arbitration Proceeding against Rote, NDI, NDE, Rote Enterprises, LLC, Northwest Telemarketing, LLC, and Northwest Holding, LLC. In reliance on the representation of the defendants' then attorney that NDT was the umbrella

Second Amended Complaint -- page 6

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2062
linda.marshall.attorneyatlaw@gmail.com



EXHIBIT 3
PAGE 6 OF 24

Exhibit 2
28 of 65

corporation and would be financially responsible for any award, plaintiff

dropped the other defendants and litigated his claims in the Arbitration

Proceeding against NDT only.

18.    In July 2007, Rote filed Articles of Incorporation with the

Oregon Secretary of State creating NDMO.

19.    Corporate minutes for NDT dated July 4, 2008 show that,

as the parties were engaged in discovery and motion practice in the Arbitration

Proceeding, in his capacity as sole member of the Board of Directors of NDT,

Rote decided that client and vendor contracts would no longer be issued by

NDT, but rather would be issued in the name of NDM (Delaware) and that

NDT would become a subsidiary of NDM. Plaintiff was unaware of this

information until he received documents produced by defendants in August

2015.

20.    In April 2009, defendant Rote testified under oath that

NDT was the parent of NDM, NDMO, NDI, and NDE. He testified that he was

the owner, sole member of the Board of Director, President, and Chief

Executive Officer of NDT and that he was the sole member of the Board of

Directors and Chief Executive Officer of the subsidiaries. He failed to mention

that all service contracts had been transferred to NDM (Delaware) and the

plan was that NDT was to become a subsidiary of NDM.

21.    According to admissions of defendants, effective July 1,

2009, NDT entered into an agreement (hereinafter the "Reorganization

Second Amended Complaint -- page 7

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com



EXHIBIT  3
PAGE  7 of 24

Exhibit 2
29 of 65

Agreement"), which included the following plan: (1) NDT would transfer its 100 percent ownership interest in NDMO and NDI to NDE; (2) NDE would change its name to NDM; (3) NDT would transfer its 100 percent ownership interest in NDM to its shareholder (Rote); (4) Rote would contribute the stock in NDT to NDM; (5) all call center contracts held by NDM (Delaware) would be transferred to NDM; (6) NDT would transfer all its service contracts to NDM; (7) clients would be notified of the new name and banking relationship; (8) accounts receivables for call center activity would be transferred to NDM; (9) NDM assumed no liabilities, including equipment financing and equipment lease charges, which would remain with NDT; (10) no cash or equipment would be transferred. The plan would leave NDT responsible for NDT's liabilities and without assets to satisfy the liabilities, to wit, insolvent. In addition, in 2009 Rote paid himself $75,000 as a dividend.

22.    During the period August through November 2009, NDT and Rote represented to the US District Court for the District of Colorado that NDT owned and operated two call centers, one in Oregon and one in Iowa, that NDT controlled contracts for well over one hundred 800 numbers, and that the call centers were producing monthly revenues for NDT of approximately $350,000 and employing more than 100 people.

23.    For various reasons, the Arbitration Proceeding consumed some five years. The evidentiary hearings occurred in ten non-consecutive days between May 24, 2010 and November 2010. On May 24, 25, 26, 27,

Second Amended Complaint -- page 8



EXHIBIT  3
PAGE  8 of 24

Exhibit 2
30 of 65

28, and June 1, 2010, NDT put on evidence, including the testimony of Tim

Rote.  In the hearing on May 24, 2010, Rote testified under oath that at all

times during  the arbitration case NDT was the parent company of all

operating subsidiaries.

24.    In February 2011 and March 2011 respectively, NDT, and

Zweizig submitted post-hearing briefs and replies.

25.    In February 2011, after the parties completed their post-

hearing  briefing but before the arbitrator's decision, Rote launched a new

website under the  name Northwest Direct Marketing, offering the inbound and

outbound telemarketing  services previously provided by NDT.

26.    On April 5, 2011, the arbitrator issued an Opinion and

Order and  Arbitration Award in which he awarded Zweizig the total amount of

$75,375.00  (hereinafter the "Arbitration Award").

27.    On July 15, 2011, Northwest Direct Teleservices, Inc., filed

Plaintiff's Petition to Modify or Vacate Arbitration Award in the Circuit Court for

the State  of Oregon for the County of Clackamas, *Northwest Direct*

*Teleservices, Inc. v. Max  Zweizig*, Clackamas County Case No. CV11070441.

On August 1, 2011, plaintiff  removed the action to federal court where it was

captioned, *Northwest Direct  Teleservices, Inc. v. Max Zweizig,* US District

Court Case No. 3:11-cv-910-PK.

28.    On November 18, 2011, Magistrate Judge Papak entered

Findings  and Recommendations that the Arbitration Award be confirmed.

Second Amended Complaint -- page 9

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2062
linda.marshall.attorneyatlaw@gmail.com



EXHIBIT  3
PAGE  9 of 24

Exhibit 2
31 of 65

The parties appealed the recommendation to Judge Anna J. Brown.

29.    On February 14, 2012, Judge Brown entered a judgment confirming the Arbitration Award in the amount of $75,375 against NDT and in favor of plaintiff ("the Judgment").

30.    On May 25, 2012, plaintiff filed and registered the Judgment as a foreign judgment with a money award in the Circuit Court for the State of Oregon County of Clackamas, where it was captioned *In the Matter of a Foreign Judgment Rendered in the Case of Northwest Direct Teleservices, Inc., v. Max Zweizig, US District Court Case No. CV 11-910,* Clackamas Case No. CV 12050701.

31.    On May 25, 2012, plaintiff's attorney mailed a Notice of Filing of Foreign Judgment and Notice of Demand to Pay Judgment to NDT c/o Rote, its Registered Agent. Plaintiff demanded payment of the Judgment within 10 days. NDT failed to respond to the notice.

32.    On or about May 29, 2012, Rote filed a UCC Financing Statement with the Oregon Secretary of State on behalf of NDM, as the secured party, and showing NDT as the debtor ("the May 29, 2012 Security Interest"). By its terms, the May 29, 2012 Security Interest covers:

> "[a]ll accounts (including health care insurance receivables), deposit accounts, contract rights, chattel paper, (whether electronic or tangible), commercial contract and tort claims, instruments, promissory notes, investment property, general intangibles, letters of credit and other rights to payment of every kind no (sic) existing or at any time hereafter arising."

Second Amended Complaint -- page 10

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com



EXHIBIT 3
PAGE 10 of 24

**Exhibit 2**
**32 of 65**

33.    As far as plaintiff was aware, as of May 25, 2012, NDT owned and operated two call centers, one in Oregon  and one in Iowa, owned numerous contracts to provide in-bound and out-bound  telemarketing services for a number of companies nation-wide, received the revenues  from such contracts and owned bank accounts into which the revenues were deposited.   The service contracts, right to receive revenues from the contracts, and  ownership of the bank accounts into which the revenues were deposited are hereinafter  referred to collectively as "the Assets."

34.    On July 29, 2015, defendants informed plaintiff for the first time that on July 1, 2009, NDT transferred or assigned its assets to NDM, provided a copy of NDM's 2009 tax return, and the Reorganization Agreement.

35.    Because NDT and the other entities  are private entities, plaintiff did not have knowledge of or any reason  to know about the information in NDM's 2009 tax return and the Reorganization Agreement until it was disclosed by defendants' attorney on July 29, 2015.

36.    NDT has satisfied no part of the Judgment.

### FIRST CLAIM FOR RELIEF

(For relief under the UFTA, ORS 95.200-95.300)

### COUNT ONE

(For relief under ORS 95.230 –
against defendants Rote, NDT, and NDM)

37.    Plaintiff incorporates by reference the allegations in

Second Amended Complaint -- page 11

Linda L. Marshall
PMB 408 5 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2062
linda.marshall.attorneyatlaw@gmail.com



EXHIBIT  3
PAGE  11 of 24

Exhibit 2
33 of 65

paragraphs 1 through 36, as if fully set forth herein.

38.    The May 29, 2012 Security Interest constituted a transfer of all or substantially all of NDT's remaining assets

39.    The May 29, 2012, Security Interest was fraudulent as to plaintiff under ORS 95.230 in one or more of the following particulars:

a. The May 29, 2012 Security Interest was granted with actual intent to hinder, delay, or defraud plaintiff in his ability to enforce the Arbitration Award and Judgment; or

b. The May 29, 2012, Security Interest was granted without receiving a reasonably equivalent value in exchange for the transfer or obligation, and

c. Defendants knew that NDT's remaining assets were insufficient to satisfy the Arbitration Award and Judgment; or

d. Defendants intended to incur or believed or reasonably should have believed that NDT's assets after the May 29, 2012 Security Interest would be insufficient to satisfy the Arbitration Award and Judgment.

40.    Defendants acted with actual intent under ORS 95.230(1)(a) in that:

a.    The Arbitration Proceeding, state and federal court action to confirm the Arbitration Award, and the Judgment were all of record and plaintiff had served a Notice of Demand to Pay Judgment when the May 29, 2012 Security Interest was granted;

Second Amended Complaint -- page 12

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2062
linda.marshall.attorneyalaw@gmail.com


EXHIBIT 3
PAGE 12 of 24

Exhibit 2
34 of 65

b.     The transfer was of all or substantially all of NDT's remaining assets;

c.     The value of the consideration received by NDT, was not reasonably equivalent to the value of NDT's remaining assets;

d.     NDT was or became insolvent shortly after the transfer; and/or

e.     The transfer occurred shortly after the Judgment confirming the Arbitration Award was entered and plaintiff served a Demand to Pay Judgment.

41.     Pursuant to the ORS 95.260, plaintiff is entitled to relief against defendants Rote, NDT, and NDM, and each of them, as follows:

a.     An order avoiding the May 29, 2012 Security Interest to the extent necessary to satisfy the Judgment;

b.     Attachment or other provisional remedy against any asset transferred or other property of NDT in accordance with the procedure prescribed by the Federal Rules of Civil Procedure, the Oregon Rules of Civil Procedure, or a provision of any other applicable statute;

c.     An order that plaintiff may levy execution on the Assets transferred or their proceeds in order to satisfy the Judgment; and/or

d.     Any other relief the circumstances may require.

### COUNT TWO

(For relief under ORS 95.240 – against defendants Rote NDT, and NDM)

42.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 41, as if fully set forth herein.

Second Amended Complaint -- page 13

Linda L. Marshall
PMB 405 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com


EXHIBIT 3
PAGE 13 of 24

Exhibit 2
35 of 65

43.    Plaintiff's claims arose before the May 29, 2012 Security Interest.

44.    The May 29, 2012 Security Interest was fraudulent as to plaintiff in one or more or more of the following particulars:

a.    The transfer was made without receiving a reasonably equivalent value in exchange and NDT was insolvent or became insolvent as a result of the transfer(s); and/or

b.    NDT transferred the Assets to or for the benefit of NDM for other than a present, reasonably equivalent value;

c.    NDT was insolvent at that time, and defendant Rote had reasonable cause to believe that NDT was insolvent.

45.    Pursuant to the ORS 95.260, plaintiff is entitled to relief against defendants Rote, NDT, and NDM, and each of them, as follows:

a.    An order avoiding the transfer and/or transfers of Assets to the extent necessary to satisfy the Arbitration Award and Judgment;

b.    Attachment or other provisional remedy against any asset transferred or other property of NDT in accordance with the procedure prescribed by the Federal Rules of Civil Procedure, the Oregon Rules of Civil Procedure, or a provision of any other applicable statute;

c.    An order that plaintiff may levy execution on the Assets transferred or their proceeds in order to satisfy plaintiff's Judgment; and/or

d.    Any other relief the circumstances may require.

Second Amended Complaint -- page 14

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com



EXHIBIT 3
PAGE 14 of 24

Exhibit 2
36 of 65

## COUNT THREE

(ORS 95.230 -- against all defendants)

46.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 45, as if fully set forth herein.

47.     Plaintiff was not aware of the information in NDM's 2009 tax return or the Reorganization Agreement until it was first disclosed by defendants' attorney on July 29, 2015.

48.     The transfer of NDT's assets under the Reorganization Agreement was fraudulent as to plaintiff under ORS 95.230 in one or more of the following particulars:

a.      The transfers were made with actual intent to hinder, delay, or defraud plaintiff in his ability to enforce any subsequent award issued by the arbitrator against NDT; or

b.      The transfers were made without receiving a reasonably equivalent value in exchange for the transfer or obligation, and

c.      Defendants knew that NDT's remaining assets were insufficient to satisfy any subsequent award issued by the arbitrator against NDT; and/or

d.      Defendants intended to incur or believed or reasonably should have believed that NDT's assets after the transfers would be insufficient to satisfy any subsequent award issued by the arbitrator against NDT.

49.     NDT acted with actual intent under ORS 95.230(1)(a) in that:

a.      The Arbitration Proceeding, state or federal court action to

Second Amended Complaint -- page 15

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2062
linda.marshall.attorneyatlaw@gmail.com



EXHIBIT  3
PAGE  15 of 24

Exhibit 2
37 of 65

confirm the Arbitration Award, and/or the Judgment were pending when the

transfer(s) were made;

        b.      The transfer(s) were to insiders;

        c.      The transfer(s) were concealed, or at least not disclosed;

        d.      The transfer(s) were of substantially all of NDT's assets;

        e.      The value of the consideration received by NDT was not

reasonably equivalent to the value of the Assets transferred; and

        f.      NDT was or became insolvent shortly after the transfer(s).

        50.     Pursuant to ORS 95.260, plaintiff is entitled to relief against

all defendants, and each of them, as follows:

        a.      An order avoiding the transfer and/or transfers of Assets to the

extent necessary to satisfy the Arbitration Award and Judgment;

        b.      Attachment or other provisional remedy against any asset

transferred or other property of NDT in accordance with the procedure prescribed by

the Federal Rules of Civil Procedure, the Oregon Rules of Civil Procedure, or a

provision of any other applicable statute;

        c.      An order that plaintiff may levy execution on the Assets

transferred or their proceeds in order to satisfy plaintiff's Judgment; and/or

        d.      Any other relief the circumstances may require.

SECOND CLAIM FOR RELIEF

COUNT ONE

Second Amended Complaint -- page 16

Linda L. Marshall
PMB 406 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com



**Exhibit 2**
**38 of 65**

(Pierce the corporate veil – alter ego – against defendants Rote and NDM)

51.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 50, as if fully set forth herein.

52.     At all times material herein, NDT was under the actual control of defendant Rote and/or NDM, whose control amounted to complete domination of NDT's corporate actions, stock ownership, finances, policy, and business practices so that NDT had no separate mind, will, or existence of its own.

53.     Defendants Rote and/or NDM exercised control over NDT and its wholly owned subsidiaries so as to conceal, transfer, and otherwise divert assets of NDT with the foreseeable effect of hindering, delaying, or defrauding plaintiff in his ability to enforce any subsequent award issued by the arbitrator against NDT.

54.     Defendants' conduct was wrongful in one or more of the following particulars:

a.     Defendants exercised control over NDT at a time and in such a manner as to permit NDT to pursue its claims against Zweizig for thousands of dollars without exposing NDT's assets to liability based on plaintiff's counterclaims;

b.     Defendants exercised control in a manner and at a time with the foreseeable effect of hindering, delaying, or defrauding plaintiff in his ability to enforce an award issued by the arbitrator against NDT;

c.     Defendants exercised control in a manner and at a time so as to cause NDT to fail to satisfy any part of an award issued by the arbitrator against NDT

Second Amended Complaint -- page 17

Linda L. Marshall
PMB 406 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com



EXHIBIT  3
PAGE  17 of 24

Exhibit 2
39 of 65

or the Judgment;

        d.     Defendants exercised control over NDT in order to interfere with or prevent NDT from satisfying an award issued by the arbitrator against NDT;

        e.     Defendants exercised control over NDT in order to perpetuate the violation of NDT's statutory and/or other positive legal duties as adjudicated in the Arbitration Proceeding;

        f.     Defendants exercised control over NDT to commit a dishonest and unjust act in contravention of plaintiff's rights, including relief for wrongful discharge based on whistle blowing as adjudicated in the Arbitration Proceeding and confirmed by a Magistrate Judge and a Federal Judge;

        g.     Defendants exercised control over NDT to commit a dishonest and unjust act in contravention of plaintiff's rights, including plaintiff's rights under UFTA.

        55.     As a result of the conduct of defendants, NDT has failed to satisfy any part of the Arbitration Award and Judgment and has thereby subjected plaintiff to an unjust loss in the amount of the Judgment, plus interest.

        56.     Plaintiff is entitled to an order piercing the corporate veil and subjecting defendants Rote and NDM directly to the liability in the Arbitration Award as confirmed in the Judgment.

**COUNT TWO**

(Pierce the corporate veil – agency)

Second Amended Complaint -- page 18

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com



EXHIBIT ___3___

PAGE ___18 of 24___

Exhibit 2

40 of 65

57.     Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 56, as if fully set forth herein.

58.     At all times material herein, defendant Rote has represented NDT and NDM as their agent and attorney.

### THIRD CLAIM FOR RELIEF

(Civil conspiracy to defraud – against all defendants)

59.     Plaintiff hereby incorporates by reference the allegations in paragraphs 1 through 58, as if fully set forth herein.

60.     Defendants, and each of them, knowingly agreed and conspired with each other and/or others to defraud plaintiff, and to knowingly and/or wantonly, recklessly, or negligently commit overt acts in furtherance of their conspiracy to defraud in one or more of the following particulars:

a.      Prior to July 2009, NDT's primary source of revenue was service contracts under which its call centers provided services.  On July 4, 2008, Rote, NDT, and NDM (Delaware) agreed that effective on that date all service contracts would be issued in the name of NDM (Delaware), with the foreseeable effect of hindering, delaying, or defrauding plaintiff in his ability to enforce any subsequent award issued by the arbitrator against NDT.  NDM (Delaware) accepted and entered into said service contracts, which diverted revenue from NDT to itself;

b.      Effective July 1, 2009, defendants Rote, NDT, NDE, NDMO, NDI and NDM (Delaware) knowingly agreed and conspired with each

Second Amended Complaint -- page 19

Linda L. Marshall
PMB 406 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com



EXHIBIT 3
PAGE 19 of 24

Exhibit 2
41 of 65

other to divest NDT of all or substantially all of its remaining assets with the foreseeable effect of hindering, delaying, or defrauding plaintiff in his ability to enforce any subsequent award issued by the arbitrator against NDT;

   c. In 2009, Rote transferred his ownership interest in NDM to Rote Enterprises, LLC, which accepted the transfer and became the corporate parent of NDM and its subsidiaries including NDT.  Defendant Rote Enterprises, LLC, permitted and enabled the diversion of NDT's assets with the foreseeable effect of hindering, delaying, or defrauding plaintiff in his ability to enforce any subsequent award issued by the arbitrator against NDT;

   d. In 2009, NDM issued cash distributions in the total amount of $302,983, which would previously have been available to NDT, with the foreseeable effect of hindering, delaying, or defrauding plaintiff in his ability to enforce any subsequent award issued by the arbitrator against NDT;

   e. All of the transfers were to insiders;

   f. The transfers were concealed or at least not disclosed;

   g. The transfers were made after plaintiff's claims against NDT;

   h. The transfers were of substantially all of NDT's assets;

   i. The value of the consideration received by NDT was not reasonably equivalent to the value of the assets transferred;

   j. NDT was insolvent or became insolvent shortly after the transfers were made;

Second Amended Complaint -- page 20

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com



EXHIBIT 3
PAGE 20 of 24

Exhibit 2
42 of 65

k.    During the period August through November 2009, NDT and Rote made positive representations that they knew or should have known would be public records that members of the public could rely on that NDT owned and operated two call centers, one in Oregon and one in Iowa, that NDT controlled contracts for well over one hundred 800 numbers, and that the call centers were producing monthly revenues for NDT of approximately $350,000 and employing more than 100 people. These representations were false.

l.    On May 24, 2010, on behalf of Rote and in his presence, Rote's attorney represented to plaintiff and the arbitrator that Rote owned and operated NDT and that NDT was the parent company of Rote's other telemarketing companies. This representation was false. Rote knew the representation was false and never corrected the misrepresentation;

m.    On May 24, 2010, Rote testified under oath that he was the sole owner of NDT and that NDT was the parent company of Rote's call centers. This representation was false.

61.    Rote knew or should have known that the representations were false and would be believed and relied on by plaintiff. Plaintiff accepted Rote's representations as true and had no reason to suspect that they were false.

62.    Because Rote and the corporate defendants are private and did not disclose the truth to plaintiff, plaintiff had no way of knowing about

Second Amended Complaint -- page 21

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com


EXHIBIT 3
PAGE 21 OF 24

Exhibit 2
43 of 65

the transfers of NDT's assets until the transfers were disclosed by defendants'

attorney on July 29 and August 4, 2015.

        63.     The truth of the representations were material to plaintiff,

in that, in reliance on the representations, plaintiff spent substantial sums in

the litigation of his counterclaims. Had plaintiff known that NDT divested itself

of all or substantially all of its assets prior to May 24, 2010, or during the

period in which the parties engaged in evidentiary hearings, he would not

have invested substantial sums in order to prosecute his claims to the

Arbitration Award, confirm the Arbitration Award in federal court, reduce the

Arbitration Award to the Judgment, register the Judgment in state court, and

attempt to collect the Judgment.

        64.     As a direct and proximate result of defendants' acts,

plaintiff has been damaged in the amount of at least $100,000, to be updated

prior to trial.

        65.     Plaintiff is entitled to pre-judgment interest at the legal

rate of 9 percent per annum.

        66.     Defendants' actions were willful, malicious, and

intentionally designed to harm plaintiff and to subject plaintiff to economic

distress. Plaintiff is entitled to punitive damages in the amount of $500,000.

PRAYER

        **WHEREFORE**, plaintiff prays for the following relief:

Second Amended Complaint -- page 22

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com



Exhibit 2
44 of 65

Under plaintiff's **First Claim for Relief**, for the following:

a.      An order avoiding the transfer and/or transfers of NDT's assets to the extent necessary to satisfy plaintiff's Judgment;

b.      Attachment or other provisional remedy against any asset transferred or other property of NDT in accordance with the procedure prescribed by the Federal Rules of Civil Procedure, the Oregon Rules of Civil Procedure, or a provision of any other applicable statute;

c.      An order that plaintiff may levy execution on the Assets transferred or their proceeds in order to satisfy plaintiff's Judgment; and

d.      Any other relief appropriate under the circumstances.

Under plaintiff's **Second Claim for Relief**, for the following:

a.      An order piercing the corporate veil and subjecting defendants Rote and NDM to liability to the extent necessary to satisfy the Arbitration Award as confirmed in the Judgment; and

b.      Prejudgment interest at the legal rate;

c.      Such other relief as the Court deems equitable and just.

Under plaintiff's **Third Claim for Relief**, for the following:

a.      Compensatory damages in the amount of at least $100,000, to be made more specific prior to trial;

b.      Pre-judgment interest at the legal rate; and

c.      Punitive damages in the amount of $500,000.

Second Amended Complaint -- page 23

Linda L. Marshall
PMB 408 3 Monroe Parkway Suite P
Lake Oswego, OR 97035
(503) 699-2082
linda.marshall.attorneyatlaw@gmail.com



EXHIBIT    3.
PAGE    23 of 24

**Exhibit 2**
**45 of 65**

DATED: December 10, 2015.

/s/ Linda L. Marshall
Linda L. Marshall
Oregon State Bar No. 832793
  Of attorneys for plaintiff

/s/ Joel W. Christiansen
Joel W. Christiansen
Oregon State Bar No. 080561
  Of attorneys for plaintiff

Second Amended Complaint -- page 24



EXHIBIT  3
PAGE  24 of 24

**Exhibit 2**
**46 of 65**

# Sitting Duck Portland

A Reflection on Arbitration Risks

# About

This Blog is my continuing effort to expose issues that have arisen when Judges and Arbitrators give into activism, cronyism and favoritism. In the beginning I felt that that we were just so clearly encountering dishonest people. Then it gave way to that being too narrow a focus, that some of it is about an inability by the arbitrator or judge to understand facts and forensics. This in turn has lead me to consider that when there is confusion the opportunity for bias flourishes because there is a natural tendency to believe the person you know best and probably like...and by person I mean attorney not the Plaintiff or Defendant. Although my litigation experience is not extensive, it is substantial and the number of times I have seen Arbitrators influenced by undisclosed prior relationships (such as past partners in a law firm, a friend, a keeper of past deeds), the more I'm convinced this discussion must find an audience. Something is broken here & we need to engage in this conversation to promote a moral and ethical judiciary.

Bill Crow has been around quite awhile & is generally well respected. Quite frankly I like Bill too and have been torn as to why this arbitration went so south when there was enormous evidence in our favor. But as I share with you what we have found, it is clear that even the most respected of these arbitrators (and actively practicing attorneys) fall trap to embracing unethical & even criminal behavior when vested with what they perceive to be absolute power. They are free to reward friends and punish those they don't like & they do so without an adequate check and balance system. They get away with it. It promotes racism and lots of the other bad "isms."

During the arbitration we challenged Mr. Crow independence and lack of bias when a previously unexposed relationship with the former employee's (lets call him M) new attorney finally was exposed to me. Making that challenge undoubtedly effected the outcome of the arbitration. Not making it would have eliminated our opportunity to appeal based on this new information. A rock and a hard place as it were.

This is not by and large about criminal behavior by arbitrators or judges. In one of my posts I write that "if one party is willing to use unethical methods to influence the outcome of the arbitration she has considerable chances of finding an arbitrator who will cooperate; second, if one party is not willing to use unethical methods to influence the outcome of the arbitration she may lose the case to the other

EXHIBIT ___4___

PAGE ___1 of 2___

Exhibit 2
47 of 65

party." Certainly there are bribes and promises. But I think more of it is about favors.

Judicial activism can easily take off in directions not predicted when a Judge chooses to vary from established precedent. Mr. Crows opinion, the more I read it, is about him bending over backwards to assist one of his former partners or doing a favor for a Judge that demanded his capitulation. Giving into that demand may have been easier for Bill had he been confused about the forensics. I hope that's the case, because in this blog I attack the evidence which means I also have to attack the arbitrator and to be truly honest it hurts me every time I do. I do not want to attack Bill.

But can you imagine a judge asking today "what is this DNA stuff. Why is it important?" Hey we all watch CSI. Forensics tells us the truths that Plaintiffs & Defendants very often don't want to tell.

And so we have to begin this journey of the abuse I have seen. Don't go quietly. No more. No more because now we can all publish & garner the attention the internet can provide.

O  Follow

Follow "Sitting Duck Portland"

Enter your email address

Sign me up

Build a website with WordPress.com

EXHIBIT  4
PAGE  2 of 2        2/2

Exhibit 2
48 of 65

# Sitting Duck Portland

A Reflection on Arbitration Risks

**MONTHLY ARCHIVES: FEBRUARY 2015**



https://sittingduckportland.wordpress.com/2015/02/

EXHIBIT 5
PAGE 1 of 6

Exhibit 2
49 of 65



# Chapter 1–Arbitrators in Action

Arbitration is defined as a form of alternative dispute resolution in which the two parties agree not to take their dispute to court, but instead to resolve the dispute by hiring an arbitrator to hear both sides. The arbitration process is shorter than litigation because many of the procedures of evidence are not included. The decision of the arbitrator is final and while an appeal of the arbitrator's decision is possible, it is not probable on the merits of the case. Many consumer, franchise, employment, and other business contracts include an arbitration clause; some of these clauses require mandatory arbitration.

This was very popular 15 years ago and I did incorporate an arbitration clause in the employment agreements I had with key employees of many of the companies I owned. I had such an unbelievably poor experience with it however that my recommendation to you is to not do it. Avoid signing any document with an arbitration clause. Why? Because Arbitrators are for the most part incompetent, relying more on who they like as opposed to the evidence. Abuses that can be exposed in court cannot easily be dealt with in arbitration. In the interest of keeping arbitration decisions out of court, appeals on poor decisions and even clear and irrefutable bias get no traction. In fact mistakes of almost any kind will not be reviewed and reversed by our courts. You are better off in court.

This Sittingduckportland story is about an arbitration involving one of my companies and a former IT manager who shall go by the name of M. He was terminated for a variety of job performance reasons. His fiancée practiced as an attorney for a time and during his employment with us they lived together in a small town in New Jersey. A year or so before M's false complaint, he was caught conspiring with another employee of ours in a plan to set up a company competing with my company. That of course was a violation of our non-compete agreement.

EXHIBIT   5
PAGE   2 of 6      2/6

Exhibit 2
50 of 65

February | 2015 | Sitting Duck Portland

# The Legal Complaints

M filed two legal claims against us. The first was an Oregon Whistle Blower claim. The second claim was a wrongful discharge claim.

"The general rule is that most employees may be fired at any time—for any reason or for no reason at all—under what is known as the at-will employment doctrine. However, in the past half-century, many exceptions to the general rule have emerged. Exceptions to this general rule can come from two sources: (1) courts, which modify and make "common law protections" or (2) the legislature, which enacts "statutory protections." Statutory protections tend to be specific, addressing certain subject areas (such as discrimination, workers' compensation, etc.). Yet, legislators often lack the foresight to address every possible situation of retaliation. Common law protections, on the other hand, tend to "fill the gaps" where no statute exists for a given situation," from Zuckerman Law.

The Whistle Blower claim filed sought damages because he claimed he was discharged (or discriminated against) in retaliation for performing any one of the following protected activities:
• Reporting criminal activity by any person. The report must be made in good faith.
• Causing criminal charges to be filed against any person.
• Cooperating with any law enforcement agency conducting a criminal investigation.
• Bringing a civil proceeding against an employer. The civil proceeding must be brought in good faith.
• Testifying at a civil proceeding or criminal trial. The testimony must be made in good faith.

These are the broad categories of this claim. And you will note that they need to be made in good faith. In our opinion they were not made in good faith and more importantly he was terminated before the complaint, eliminating this section altogether.

Max also filed a wrongful discharge claim, which is rather large catch all of possible violations also themed in retaliation for protected behavior, but is broader than the Whistle Blower Statute.

All of his claims are identified to being terminated for having informed the Oregon Department of Justice of alleged over-billing and/or Do Not Call Violations. Later M would testify that he never claimed what he alleged we were doing was illegal, only inappropriate, with respect to billing and we were exonerated by the arbitrator. His attorney claimed that the complaint was for DNC only and that the support the ODJ requested from M was never provided.

I know the aforementioned provisions play an important role in protecting all of us. Again, if you were fired before a criminal complaint was filed you by and large have no claims under these provisions. But if you were fired because or over the protected behavior you do have a claim.

EXHIBIT 5
PAGE 3 of 6

**Exhibit 2**
**51 of 65**

The question of whether someone who filed a complaint did so in good faith is a matter of some discussion. For example, if a disruptive employee was about to be fired and realized that and filed a criminal complaint claiming his boss had gone 55.05 mph in a 55 mph zone and then further notified his employer that he could not be fired because of the complaint, would that result in the protection the employee was looking for? And wouldn't the employees disruptive behavior just then be enough in addition to other performance problems so that the employer did fire him? Would that be a Whistle Blower event? I just don't see it. There needs to be some standard of reason here.

But that's where we were. M claimed he was fired for notifying the DOJ that one of the employees of my company was doing something inappropriate (not criminal), something comparable to going 55.05 mph at a moment in time in a 55 mph zone. We on the other hand said he was already fired and moreover even if that had not been the case, the complaint was not made in good faith.

From my perspective it just seems that attorneys are not busy enough with real litigation for this to have enough merit to last more than 7 days let alone 7 years. But it did.

**The Essence**

The essence of M's fiancée's litigation position was that he was fired for filing a complaint with the Oregon Department of Justice about my company modifying hours we billed clients. We did not. In fact he did not file such a complaint. His fiancée contacted an attorney in Albany, Oregon, who filed the complaint on their (his) behalf. When the Oregon Department of Justice requested evidence supporting the complaint, nothing more was provided. In fact the file was opened and closed within 48 hours. We believe the attorney that filed the complaint also contacted the Department again and retracted it. But it set in motion litigation under the arbitration section of our agreement.

Eventually M testified as to what his complaint was and he claimed that it was based on a document, an excel spreadsheet, he received from a former employee. He refused to identify who the employee was at first. He refused to turn over the email by which he claimed to have received the spreadsheet. He did turn over the spreadsheet in hard copy form. It showed a company writing off time on a group of unnamed clients and in  some cases writing up time. When M testified on the spreadsheet he claimed that writing off time, as in my company billing less than we could, was inappropriate because it gave us an unfair advantage against other companies (like the one he was setting up) that may want to compete for that business. What a stunning epiphany. The analogy I would draw is that he essentially claims that anyone offering a product or a service for a discount is doing something inappropriate, if not criminal. When the car companies put their cars on sale, they are according to M engaging in criminal activity... but not really criminal, just inappropriate.

The Arbitrator was a gentlemen by the name of Bill Crow. He is 80 years old or so by now. And Bill is not longer a partner in a Regional Law Firm called Schwabe Williamson. I know a number of the partners there and think it generally a good firm. Bill use to be a partner in a law firm called Miller Nash. That will become important here pretty quick. Bill has served as Chairman of the Ethics Committee for the

EXHIBIT  5    4/6
PAGE  4 of 6

Exhibit 2
52 of 65

3/28/2016                                        February | 2015 | Sitting Duck Portland

Oregon State Bar.

M had a number of attorneys on the case. The first wanted to litigate this in New Jersey, in violation of our agreement. We fought and won that battle. Two plus years later the case came back to Oregon. Five law firms and five years later M ended up with an attorney who represented him through the arbitration, a woman named Linda Marshall.

We questioned how M came to find Linda Marshall, but he refused to answer this question even under oath. It is our opinion that recommendation came from Bill Crow. M had previously written arbitrator Crow asking for an extension. Linda Marshall was his former partner at Miller Nash. I discovered this when the arbitration was almost over. My attorney had not told me. This is shocking stuff. Corrupt stuff. Immoral stuff. And so I fired my attorney and pursued the arbitration my self.

When we filed the closing briefs I took a position that we wanted to preserve for appeal the apparent bias shown Bills former partner. Arbitrator Crow immediately stepped down from the case. He recused himself. Linda Marshall objected telling Mr. Crow that he did not have the right to step down because that was the exclusive right of the Arbitration Service of Portland. And these are the games that lawyers play, conspiring together to steal someone's money under the umbrella of a legal proceeding...a kangaroo proceeding. The Arbitration Service of Portland agreed with Marshall, but that defies all logic. A conflict of this nature if it exists only exists when there is an element leading to bias and that can only exist at the individual level. If it were about appearances alone there would be bias. After all Crow and Marshall practiced together. But it's more than that.

At the beginning of every session Bill Crow asked Marshall where we left off from the day before. And she told him. He never asked us. Marshall told him what and when to think and Bill Crow perhaps only out of confusion followed the lead. I wish it was that easy. But it is not.

When M was asked under oath how he found Linda Marshall or if someone close to this arbitration referred her to him or referred him to her, he refused to say. Marshall objected of course. No one wanted the truth of this referral to be revealed.

It is of course clear that the referral to Marshall is not an isolated incident and that there is more than money at stake. There is the reputation of an older and often considered respectable senior member of the Oregon Bar, someone with secrets effecting more than himself and more than his family and partners. The revelation would unfortunately strike at the core of the moral self opinion of the Oregon State Bar and a few revered members of our Judiciary. But the truth must come out. And so this blog is dedicated to the revelations to follow.

And we will tell this story which reflects our opinion of bias, of cronyism, perhaps of bribery, of corruption, of fraud. And it spans over 7 years and involves Judges coast to coast.

EXHIBIT    5
PAGE  5 of 6    5/6

Exhibit 2
53 of 65

This story will upset you. What will become apparent is that the opportunity for abuse is far too great in the arbitration form and unless the courts take a more active role in returning it to a an honest opportunity, it should be avoided at all costs.

Our initial post has been edited to remove the emotional finger pointing and offers instead evidence that I think you'll find persuasive.

Lets dive into the story.

This entry was posted in Uncategorized and tagged attorney, judicial corruption, Legal corruption, Linda Marshall Portland attorney, Robert Jones, Sandra Ware, William Crow on February 27, 2015 [https://sittingduckportland.wordpress.com/2015/02/27/chapter-1-the-seven-year-bitch-or-arbitrators-in-action/] .

The Twenty Twelve Theme. Create a free website or blog at WordPress.com.

❂

● Follow

## Follow "Sitting Duck Portland"

Get every new post delivered to your Inbox.

Enter your email address

Sign me up

Build a website with WordPress.com

EXHIBIT __5__
PAGE __6 of 6__    6/6

Exhibit 2
54 of 65

# Sitting Duck Portland

A Reflection on Arbitration Risks



## Chapter 19 – Are Arbitrator's Above The Law?

A discussion of THE "MANIFEST DISREGARD OF THE LAW" standard.

Quoting and citing the work of Michael Leroy, "Common law doctrines provide non-statutory avenues to prevent awards from becoming binding. This Article contemplates the role of courts when they review awards that "manifestly disregard the law"—a term that means the arbitrator knew the law but deliberately ignored it. When judges review awards too closely, they undermine finality. But when a judge confirms an award in which the arbitrator flouts the law, does the finality rule put the arbitrator above the law?" See more from Michael Leroy here.02_leroy

The discussion of many a legal scholar discusses, explores, and it appears universally conclude that as general concepts like "manifest disregard of the law (md)", which have been developed over centuries of legal precedent and analysis, when these generalized but broad moral directives are codified into more specific guidelines of a review, that the broader concept can be lost. That appears to be the case for the

EXHIBIT ___6___
PAGE ___1 of 3___

Exhibit 2
55 of 65

Federal Arbitration Act, which has offered more specificity and guidance to the bench. But the interpretation of that guidance in the hands of any given Judge is that broader more concepts like md may be seen as in addition to the Act or in the alternative already considered by the ACT, precluding further consideration.

Consider this example. Lets say that an arbitrator refuses to allow evidence in and therefore is subject to having his ruling vacated. In the alternative arbitrators could allow the evidence to be presented, allow it to become part of the record and simply choose to ignore it. Reversing an arbitration award even when an arbitrator makes a mistake is not generally grounds enough for a Judge to vacate the award. Arbitrators make a lot of mistakes. However, a judge who believes that the Manifest Disregard of The Law standard is still available may choose to weigh the egregiousness of the arbitrators refusal to follow the law...and would perhaps Vacate the Award or Modify the Award.

And so lets consider this in context to the M arbitration. Mr. Crow decided that M would not be penalized for knowingly destroying his computers, emails (that we owned), reformatting a hard drive we owned, withholding software programs written by him (which we owned) and otherwise destroying key evidence. By contrast M's attorney demanded that we not destroy our hard dries, our computers, etc. and we did not destroy that evidence. But M did. How did Marshall know they would get away with that? The law would have required that M's knowing destruction of the evidence he held would either require a dismissal of his case or an inference that the evidence he destroyed was damaging to him. Thus the evidence would have proven that he received the email sent to him terminating his employment and therefore his entire case fails and it fails because he was fired before he filed his false complaint to the Oregon Department of Justice. When we testified and presented forensically verifiable evidence that an email was sent and M was terminated before he filed the complaint, then M's destroyed computers and emails infer agreement with our evidence. But Crow did not follow this law. It's as if we did not present the evidence.

There is of course more. When M testified that he never did claim we were engaged in criminal activity, but rather inappropriate activity, he was saying that his attorney filed an incorrect complaint...that his attorney misinterpreted his intention. His case fails. But Crow did not follow this and it was M's testimony supporting our position this time. If you recall M testified that he believed we were engaging in inappropriate behavior if we reduce a client's invoice. We are all "inappropriate" when we buy at a discount. Childish. An arbitrator need not embrace childishness.

When a Judge uses judicial discretion, he does so recognizing that an Appeals Court is itching to reverse him...if there are other errors of significance. But the abuses by Crow were beyond judicial discretion. I can understand that he may have been angry, but the job requires putting the facts ahead of any form of bias. He did not do that.

I keep coming back to the get out of jail card Marshal submitted during arbitration. Doing this during a regular trial, in front of a real judge, may have been enough to cause a mistrial and loss of a jury. And

EXHIBIT __6__
PAGE __2 of 3__

Exhibit 2
56 of 65

yet Crow received it. The get out of jail card was a case summary where Robert E. Jones, U.S. Federal Judge, assisted a Plaintiff in an earlier trial before him. That Plaintiff was Sean Jones. I don't think he was related to Judge Jones but it did not dawn on me to ask at that time. And the message is that Judge Jones did not like Rote (me) and you should set the facts aside to dislike him as well. As transparent as that was, and believe me I was surprised that she did it on the record, it may have had an impact. Is it code? Is it just one attorney's knowledge that the system is broken and this is the road to a win. There is a disgusting inference to be drawn by Marshall putting the Jones case on the record. It's sad and demeaning. But it's Marshall & apparently Crow.

Mr. Crow I think you proved you are above the Law. No one stopped you. And I suspect that you knew no one would. But this history, this written record of the arbitration, this blog and the book that follows will be an exclamation point on the abuse. At least it will be that.

The Honorable Robert E. Jones is receiving a lifetime achievement award tomorrow night. The press will be there. Congratulations Judge Jones. Perhaps more often than not our legacies are not what we wanted them to be.

This entry was posted in Uncategorized and tagged arbitrator corruption, judicial corruption, Manifest disregard of the law, robert E. Jones on November 12, 2015 [https://sittingduckportland.wordpress.com/2015/11/12/chapter-19-are-arbitrators-above-the-law/] .

One thought on "Chapter 19 – Are Arbitrator's Above The Law?"

 agent provocateur
December 13, 2015 at 6:36 pm

Reblogged this on Nevada State Personnel Watch.

O  Follow

Follow "Sitting Duck Portland"



EXHIBIT ___6___  3/3
PAGE __3 of 3__

Exhibit 2
57 of 65

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                  FOR THE DISTRICT OF OREGON

 3   SEAN JONES,                    )
                                    )
 4               Plaintiff,         )   CV 99-990 JO
                                    )
 5        vs.                       )   March 18, 2001
                                    )
 6   NORTH WEST TELEMARKETING,      )   Portland, Oregon
     INC.,                          )
 7                                  )
                 Defendant.         )
 8

 9            TRANSCRIPT OF STATUS CONFERENCE

10           BEFORE THE HONORABLE ROBERT E. JONES

11           UNITED STATES DISTRICT COURT JUDGE

12                    APPPARANCES

13   FOR THE PLAINTIFF:  A.E. BUD BAILEY
                         Bailey Pinney & Associates LLP
14                       8100 N.W. Nyberg Road, Suite 201
                         Tualatin, Or   97062-6438
15                       503 691-6267

16   FOR THE DEFENDANT:  JOHN W. WEIL
     Northwest           Hooper Englund & Weil LLP
17                       1100 S.W. 6th Ave., Suite 1507
                         Portland, Or 97201
18                       503 221-0309

19   FOR THE DEFENDANT:  KEVIN BRUCE CHAMES
     Rote                Chames & Chames
20                       29781 S.W. Town Center Loop W
                         Wilsonville, Or  97070
21                       503 682-8840

22
     COURT REPORTER:    Katherine Bixmann, CSR, CDR, RDR
23                      1000 S.W. Third Ave., Room 301
                        Portland, OR  97205  (503) 326-8186
24
                    Proceedings recorded stenographically,
25                  computer-aided transcription.
```

```
                                                       2

 1              (Wednesday, March 18, 2001, 9:00 a.m.)

 2                   P R O C E E D I N G S

 3

 4              THE COURT:  All right.  We are here, so what do

 5   you want the court to do?

 6              MR. BAILEY:  Well, your Honor, I think the

 7   court -- pursuant to your order, we need to set the date for
```

EXHIBIT  7
PAGE  1 of 5

Exhibit 2
58 of 65

JUL 11 2005 9:16AM    LEVOW AND COSTELLO         856  4297726         p.2
FEB-02-2004  09:14       BLUMBERG AND LINDNER LLC                    P.12/15

8    a show cause hearing, and then kind of work back from that,

9    maybe, in terms of the discovery that is necessary before we

10   do the show cause hearing.

11          And Mr. Weil and I talked about that earlier, and

12   I think that's kind of what we thought we might do.

13          MR. WEIL:  I think that's correct.  And your

14   Honor, for the record, again, I represent the defendant

15   Northwest Telemarketing from the original case.  And then I

16   have been asked to represent the two corporate defendants,

17   Northwest Direct of Sisters and Northwest Direct

18   Teleservices, so I would represent all three corporate

19   defendants, and Mr. Chames, the individual defendant,

20   Mr. Rote.

21          I believe that there are some issues regarding

22   service of process in this case.  We probably ought to have

23   an opportunity to respond to the creditors bill and maybe

24   file some motions to get the pleadings tested, and have a

25   discovery schedule, with set-off, and then schedule a trial
                                                            3

1    date on the underlying claim.

2          MR. CHAMES:  I concur with that, your Honor.  I

3    had been asked by Mr. Rote to -- when Mr. Weil identified a

4    potential conflict between him personally and the companies

5    that he's involved in -- to represent him here.  To date,

6    all I have seen is request for discovery by Mr. Bailey,

7    which came through Mr. Weil's office, as a matter of fact,

8    and put a time line on the discovery request that he had

9    sent, which I think would be three days hence.  And, so, I

10   haven't had an opportunity to look at that.

11          I think a lot of the things that Mr. Bailey has

12   requested, pursuant to this discovery, probably would be

13   objectionable or exceed the scope which he would be required

14   to delve into, given the rules that you have previously

http://ccmsg1.scl.ummail.com/attach/Jones%20031801.txt?sid=bo32ot68wh8sr6v9n0&m...   1/29/2004

EXHIBIT  7
PAGE  2 of 5

Exhibit 2
59 of 65

JUL 11 2005 9:16AM     LEVOW AND COSTELLO          856   4297726        P.3
FEB-02-2024  09:15       BLUMBERG AND LINDNER LLC                    P.13/15

15    made.

16         So, I need some time to get in and look at the

17    pleadings and be able to kind of make some objections and

18    make some reasoned arguments as to why I think some of the

19    things that he's requesting may or may not be applicable.

20         MR. BAILEY:  I don't know that there's any -- I

21    don't know what their issues are.  As the court knows, the

22    order in this matter came out some time ago.  Today is the

23    first day I have known Mr. Chamel was going to represent

24    Mr. Rote personally in this matter.

25         I think -- I don't recall, I mean, whether or not

1    you responded to my motion in this case earlier, on behalf

2    of all the individuals or not.  I don't recall what the

3    response was even was.

4         MR. WEIL:  I responded on behalf of the defendant

5    against whom the judgment has been entered, your Honor.  I

6    didn't enter an appearance for the others.  I only appeared

7    on behalf of Northwest Telemarketing.

8         MR. BAILEY:  It's likely then that what I need to

9    have from the court is an order for a show cause hearing

10   with a date, so I can serve them -- serve each of the

11   grantee defendants with the date, so that they know when the

12   show cause hearing would be.  And then, at that point, it

13   seems like we work backwards in terms of discovery dates and

14   anything else that may be necessary.

15        THE COURT:  One of the reasons I wanted you to

16   come in here, has Mr. Rote shared with you the letter he

17   wrote to the court?

18        MR. WEIL:  I have not seen the letter, your Honor.

19        MR. CHAMES:  I have not seen the letter, no.

20        THE COURT:  Did you give them the courtesy of the

21   letter?

22        MR. ROTE:  I don't recall that I did.  I don't



EXHIBIT 7
PAGE 3 of 5

Exhibit 2
60 of 65

JUL 11 2005 9:16AM    LEVOW AND COSTELLO          856    4297726          p.4
     FEB-02-2004  09:15          BLUMBERG AND LINDNER LLC                    P.14/15

23   think so.
24          THE COURT:  Anyway, I don't want anything to do
25   with this case.  I have utter contempt for this person.  He

                                                            5

1    wrote the court a very personal, very nasty letter.  A
2    hypocrite.  So, get out of here.  I am not going to have
3    anything to do with this.  I will recuse myself.  I will
4    reassign it to another judge.
5          (Mr. Rote left the room.)
6          MR. CHAMES:  Okay.
7          MR. BAILEY:  Do I need to do anything?
8          THE COURT:  You can't.  I am just -- I am not --
9          MR. CHAMES:  Did you want to say anything else to
10   us, your Honor?
11          THE COURT:  I am just saying to you that this guy
12   wrote a letter where I couldn't possibly be impartial.
13   Thank you.
14          MR. WEIL:  I am very sorry, your Honor.  And I
15   apologize and understand.  I haven't seen it, but --
16          THE COURT:  He's a member of our church and said
17   what kind of a Christian could I be to make such decisions
18   and all that sort of stuff.  And it wouldn't go to Judge
19   Marsh either, who is also a member of the church.
20          Okay.  Thank you.
21          MR. WEIL:  Thank you, Judge.
22                (Recess 9:03 a.m.)
23
24
25
                                                    6

1                  --oOo--
2
3          I certify, by signing below, that the foregoing is



EXHIBIT  7
PAGE  4 of 5

Exhibit 2
61 of 65

4   a correct transcript of the record of proceedings in the

5   above-entitled cause.

6

7

8   KATHERINE EISMANK, CSR, CRR, RDR        DATE
    Official Court Reporter

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT  7
PAGE  5 of 5

Exhibit 2
62 of 65

Case 1:04-cv-02025-RBK-JBR   Document 22   Filed 05/27/05   Page 1 of 2 PageID: 374

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE ROBERT B. KUGLER

MAX ZWEIZIG,

          Plaintiff(s),      :

             v.            :    Civil No. 04-2025(RBK)

TIMOTHY ROTE, INDIVIDUALLY AND   :
D/B/A NORTHWEST DIRECT
TELESERVICES, INC., JOHN DOES 1-5,   :
AND JOHN DOES 6-10,

          Defendant(s).     :

### ORDER TO SHOW CAUSE

**THIS MATTER HAVING** come before the Court upon its own Motion, and it appearing that Timothy C. Rote, on May 22, 2005, faxed to the undersigned, a letter of the same date which purports to seek "reconsideration" of an Order of this Court, and it further appearing that in this letter, Mr. Rote implies that a law clerk employed in this Court had improper contact with plaintiff through plaintiff's girlfriend, and it further appearing that Mr. Rote implies that a law clerk employed in this Court had improper contact with plaintiff through a pedophile web site, and that these comments, and the conduct in contacting the Court, may constitute contempt,

**IT IS ON THIS**   **27th**   day of May, 2005, **ORDERED** that Timothy C. Rote, **SHOW CAUSE** before this Court on **June 21, 2005, at 4:00 P.M.**, in Courtroom 4D, Mitchell H. Cohen United States Courthouse, 1 John F. Gerry Plaza, Camden, New Jersey, why he should not be subject to **CRIMINAL CONTEMPT PROCEEDINGS**, pursuant to F.R.Crim.P. 42(a). Rote is cautioned that failure to appear in Court on that date in response to this Order to Show Cause may result in an arrest warrant being issued to take him into custody.

                                         s/Robert B. Kugler
                                         ROBERT B. KUGLER
                                         United States District Judge



EXHIBIT 8
PAGE 1 of 2

Exhibit 2
63 of 65



EXHIBIT   8
PAGE   2 of 2

Exhibit 2
64 of 65

**From:** grote8503@charter.net **To:** maxz@erols.com **Subject:** Tim Rote **Date:** 1/16/2008 12:12:59 AM

Max,

I am writing this email to see how your legal actions came out against Tim Rote. He has filed a law suit against me, even though I am his brother. I know that you are probably reluctant to speak to me, but I was curious if you know about any other law suits that Tim has filed.

Greg Rote
/www.adw

**From:** grote@fireserve.net **To:** maxz@erols.com **Subject:** Tim Rote **Date:** 10/9/2008 4:52:56 PM

Max, you to not know me but my brother is **Tim** Rote. Tim explained to me an incident he had with you, where he claimed you were suing him for 50K, he also said your wife was an attorney. Tim is now suing me, for monies not owed to him as he violated a contract we had.

I am writing you because approximately 1.5 - 2 years ago, Tim wanted me to fly to New Jersey and send you a message. He wanted me to commit a criminal act. I obviously would not comply with him demands, so I was biting the hand that fed me.

I am wanting to know how many other bullshit law suits tim has filed on people, as he was going to court in Klamath County Oregon very soon. Please have your wife check with the courts I am not lying to you.

If you would like to talk please email back.

Greg Rote

EXHIBIT 9
PAGE 1 of 1

Exhibit 2
65 of 65

16CV07564

1

2

3

4                    IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                         FOR THE COUNTY OF CLACKAMAS

6    TIMOTHY C. ROTE,                    )    Case No. 16CV07564
                                         )
7         Plaintiff,                     )
                                         )    **ORDER ON (1) PLAINTIFF'S MOTION**
8         v.                             )    **TO RECONSIDER AND (2) THE**
                                         )    **ATTORNEY DEFENDANTS' ANTI-**
9    LINDA MARSHALL, JOEL CHRISTIANSEN,  )    **SLAPP MOTION**
     OREGON STATE BAR, JOHN DOES (1-5),  )
10                                       )
          Defendants.                    )
11                                       )
                                         )
12

13        On May 27, 2016, Judge Winters, sitting *pro tempore,* granted Defendants Linda Marshall's

14   and Joel Christiansen's ("the Attorney Defendants") anti-SLAPP Motion.  On or about June 3,

15   2016, Plaintiff Timothy Rote filed a Motion to Reconsider that ruling.  Plaintiff supplemented that

16   Motion with emails and letters to the court, which this Court considered.  The Attorney Defendants

17   submitted an Opposition/Motion to Strike the Motion to Reconsider, which they subsequently

18   withdrew.

19        On August 3, 2016, this Court held a hearing on Plaintiff's Motion to Reconsider.  Matthew

20   J. Kalmanson appeared on behalf of the Attorney Defendants.  Plaintiff Tim Rote appeared *pro se.*

21        After hearing argument on the Motion to Reconsider, this Court also heard argument on the

22   merits of the Attorney Defendants' anti-SLAPP motion, which this Court reviewed, together with

23   Plaintiff's Opposition to that Motion, the Attorney Defendants' Reply, and the evidence submitted

24   by the parties.

25   ////

26   ////

Page 1 –   **ORDER ON (1) PLAINTIFF'S MOTION TO**              HART WAGNER, LLP
           **RECONSIDER AND (2) THE ATTORNEY**                      Trial Attorneys
           **DEFENDANTS' ANTI-SLAPP MOTION**           1000 S.W. Broadway, Twentieth Floor
                                                              Portland, Oregon 97205
                                                          Telephone:(503) 222-4499
                                                             Fax: (503) 222-2301

Exhibit 3
1 of 4

1    Now, based on the arguments and submissions of the parties, and the Court file, and for the

2    reasons described at the August 8, 2016 hearing, this Court **ORDERS AS FOLLOWS:**

3        1.    Plaintiff's Motion to Reconsider Judge Winters' ruling is **GRANTED.**

4        2.    Having reconsidered that ruling in full, the Attorney Defendants' Anti-SLAPP

5    Motion is **GRANTED.**

6

7

8                                                    Signed: 8/15/2016 11:22 AM

9

10

11                                        **Circuit Court Judge Robert D. Herndon**

12

13    Presented by:

14    HART WAGNER, LLP
      Carey Caldwell, OSB #093032
15    cpc@hartwagner.com
      Of Attorneys for Defendants Linda Marshall
16    And Joel Christiansen

17

18

19

20

21

22

23

24

25

26

Page 2 –   **ORDER ON (1) PLAINTIFF'S MOTION TO**            HART WAGNER, LLP
           **RECONSIDER AND (2) THE ATTORNEY**                  Trial Attorneys
           **DEFENDANTS' ANTI-SLAPP MOTION**          1000 S.W. Broadway, Twentieth Floor
                                                        Portland, Oregon 97205
                                                      Telephone:(503) 222-4499
                                                        Fax: (503) 222-2301

                                                                Exhibit 3
                                                                 2 of 4

**UTCR 5.100(1) CERTIFICATE OF READINESS**

1

2    I hereby certify that I complied with UTCR 5.100(1) and this proposed order or judgment

3    is ready for judicial signature because:

4    [  ] **1.** Each opposing party affected by this order or judgment has stipulated to the order or

5    judgment, as shown by each opposing party's signature on the document being submitted.

6    [  ] **2.** Each opposing party affected by this order or judgment has approved the order or

7    judgment, as shown by signature on the document being submitted or by written

8    confirmation of approval sent to me.

9    [ X] **3.** I have served a copy of this order or judgment on all parties entitled to service and:

10    [X]    **a.** No objection has been served on me.

11    [  ]    **b.** I received objections that I could not resolve with the opposing party despite

12    reasonable efforts to do so.  I have filed a copy of the objections I received and

13    indicated which objections remain unresolved.

14    [  ]    **c.** After conferring about objections, [role and name of opposing party] agreed to

15    independently file any remaining objection.

16    [  ] **4.** The relief sought is against an opposing party who has been found in default.

17    [  ] **5.** An order of default is being requested with this proposed judgment.

18    [  ] **6.** Service is not required pursuant to subsection (3) of UTCR 5.100, or by statute, rule or

19    otherwise.

20    [  ] **7.** This is a proposed judgment that includes an award of punitive damages and notice has

21    been served on the [role and name of opposing party] as required by subsection (4) of this

22    rule.

23    [  ] **8.** I presented a copy of this order or judgment in open Court with the parties present.

24

25    Carey Caldwell, OSB #093032

26

Page 1 –    UTCR 5.100(1) CERTIFICATE OF READINESS

HART WAGNER, LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone:(503) 222-4499
Fax: (503) 222-2301

Exhibit 3
3 of 4

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on the 12th day of August, 2016, I served the foregoing **ORDER ON**

3   **(1) PLAINTIFF'S MOTION TO RECONSIDER AND (2) THE ATTORNEY**

4   **DEFENDANTS' ANTI-SLAPP MOTION**, on the following parties at the following addresses:

5      Timothy Rote
       24790 SW Big Fir Rd.
6      West Linn, OR 97068
7            Defendant Pro Se

       Mark Johnson Roberts
8      16037 SW Upper Boones Ferry Rd.
       Tigard, OR 97281
9            Attorney for Defendant OSB

10

11   by e-mailing and mailing to them a true and correct copy thereof, certified by me as such, placed

12   in sealed envelopes, addressed to them at the addresses set forth above, and deposited in the U.S.

13   Post Office at Portland, Oregon on said day with postage prepaid.

14

15                                        Carey Caldwell, OSB #093032

16

17

18

19

20

21

22

23

24

25

26

Page 1 – CERTIFICATE OF SERVICE

**HART WAGNER LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax:(503) 222-2301**

Exhibit 3
4 of 4





# CIRCUIT COURT OF OREGON

### FIFTH JUDICIAL DISTRICT
### CLACKAMAS COUNTY COURTHOUSE
### OREGON CITY, OREGON 97045

**ROBERT D. HERNDON**
**PRESIDING CIRCUIT COURT JUDGE**

**(503) 655-8644**
**FAX (503) 650-8944**

December 30, 2016

Timothy C. Rote
24790 SW Big Fir Road
West Linn, OR 97068

Matthew Kalmanson
Hart Wagner LLP
1000 SW Broadway Suite 2000
Portland, OR 97205

Mark J. Roberts
16037 SW
Upper Boones Ferry Road
Tigard, OR 97281

RE: *Timothy C. Rote vs. Linda L. Marshall, Oregon State Bar, Joel Christensen, John Does 1-5*
Clackamas County Circuit Court Case # 16CV07564

I have completed my review of defendant's motion and declaration for attorney fees and Mr. Rote's objection to the same. *ORS 31.152(3)* provides that a defendant who prevails on a special motion to strike provided by *ORS 31.150* "shall be awarded reasonable attorney fees and costs". Defendants are entitled to the benefit of that provision subject to the Court's analysis of the reasonableness of the fees requested.

The following factors identified in *ORS 20.075(1)* and *(2)* support the award of fees herein:

(1) Plaintiff filed this case without a shred of evidence to support it. Even with the benefit of all reasonable inferences, it is impossible to conclude this claim was anything but frivolous in every respect. Plaintiff's conduct in commencing this action without any evidence supports this award.

(2) The claims asserted by plaintiff are without merit and are therefore objectively unreasonable. Plaintiff was unable to offer evidence in support of the claim beyond mere speculation and continues to do so in the materials submitted in support of his motion for reconsideration, and in his objection to this fee petition.

(3) Hopefully, an award of attorney fees here will serve to deter plaintiff and others from asserting meritless claims.

Page | 1

**Exhibit 4**
**1 of 2**

(4) Plaintiff admits and the court agrees the hourly rate of defendant's attorney was reasonable and consistent with those typically charged for similar legal services in this judicial district.

(5) The deadlines required for anti-SLAPP motions required defendants and their attorneys to proceed quickly.  Although defendant's attorneys have some experience with claims of this nature, anti-SLAPP motions and litigation are not "garden variety" matters. The court must also consider that despite the fact plaintiff is self-represented, he is a veteran litigator of considerable skill, likely one of the best this judge has seen in nineteen (19) years on the bench.

(6) I do agree with the plaintiff that there does appear to be some modest duplication of work in defendant's request and as such I award total attorney fees in the amount of $27,500 together with actual costs of $614.60 and the statutory prevailing fee of $300.

I request counsel for defendants prepare an appropriate supplemental judgement for this award.

Very truly yours,

ROBERT D. HERNDON
Presiding Judge
Clackamas County Circuit Court

RDH/bb

Exhibit 4
2 of 2

16CV07564

1

2

3

4            IN THE CIRCUIT COURT OF THE STATE OF OREGON
                    FOR THE COUNTY OF CLACKAMAS
5

6    TIMOTHY C. ROTE,                    )    Case No. 16CV07564
                                         )
7        Plaintiff,                      )
                                         )    **LIMITED JUDGMENT OF DISMISSAL**
     v.                                  )
8                                        )
     LINDA MARSHALL, JOEL CHRISTIANSEN,  )
9    OREGON STATE BAR, JOHN DOES (1-5),  )
                                         )
10       Defendants.                     )
                                         )
11                                       )

12       The above-entitled matter comes before the Court on Defendants Christiansen and

13   Marshall's (Defendants) Special Motion to Strike. The Court granted Defendants' motion by

14   Order herein dated 8/15/2016 . The Court further finds that there is no just reason for delay in

15   entry of this judgment.

16       IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff's Amended Complaint

17   against Defendants is dismissed without prejudice. Attorney fees to Defendants will be

18   determined pursuant to ORS 31.152 and ORCP 68.

19

20                                       Signed: 8/15/2016 11:23 AM

21

22
                                         _____
23                                       Circuit Court Judge Robert D. Herndon

     Submitted by:
24   Carey Caldwell, OSB No. 093032
     cpc@hartwagner.com
25   Of Attorneys for Defendants Linda
     Marshall and Joel Christiansen
26

Page 1 – **LIMITED JUDGMENT OF DISMISSAL**

**HART WAGNER LLP**
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax:(503) 222-2301

Exhibit 5
1 of 3

1

## UTCR 5.100(1) CERTIFICATE OF READINESS

2   I hereby certify that I complied with UTCR 5.100(1) and this proposed order or judgment

3   is ready for judicial signature because:

4   [  ] **1.** Each opposing party affected by this order or judgment has stipulated to the order or

5   judgment, as shown by each opposing party's signature on the document being submitted.

6   [  ] **2.** Each opposing party affected by this order or judgment has approved the order or

7   judgment, as shown by signature on the document being submitted or by written

8   confirmation of approval sent to me.

9   [ X ] **3.** I have served a copy of this order or judgment on all parties entitled to service and:

10   [X]   **a.** No objection has been served on me.

11   [  ]   **b.** I received objections that I could not resolve with the opposing party despite

12   reasonable efforts to do so.  I have filed a copy of the objections I received and

13   indicated which objections remain unresolved.

14   [  ]   **c.** After conferring about objections, [role and name of opposing party] agreed to

15   independently file any remaining objection.

16   [  ] **4.** The relief sought is against an opposing party who has been found in default.

17   [  ] **5.** An order of default is being requested with this proposed judgment.

18   [  ] **6.** Service is not required pursuant to subsection (3) of UTCR 5.100, or by statute, rule or

19   otherwise.

20   [  ] **7.** This is a proposed judgment that includes an award of punitive damages and notice has

21   been served on the [role and name of opposing party] as required by subsection (4) of this

22   rule.

23   [  ] **8.** I presented a copy of this order or judgment in open Court with the parties present.

24

25   Carey Caldwell, OSB #093032

26

Page 1 – CERTIFICATE OF READINESS

**HART WAGNER LLP**
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax:(503) 222-2301

**Exhibit 5**
**2 of 3**

1

## CERTIFICATE OF SERVICE

2       I hereby certify that on the 12th day of June, 2016, I served the foregoing **LIMITED**

3    **JUDGMENT OF DISMISSAL**, on the following party at the following address:

4

    Timothy Rote
5    24790 SW Big Fir Rd.
    West Linn, OR 97068
6          Defendant Pro Se

7    Mark Johnson Roberts
    16037 SW Upper Boones Ferry Rd.
8    Tigard, OR 97281
          Attorney for Defendant OSB

9

10   by e-mailing and mailing to him a true and correct copy thereof, certified by me as such, placed

11   in sealed envelope, addressed to him at the address set forth above, and deposited in the U.S.

12   Post Office at Portland, Oregon on said day with postage prepaid.

13

14                    Carey Caldwell, OSB #093032

15

16

17

18

19

20

21

22

23

24

25

26

Page 1 – CERTIFICATE OF SERVICE

**HART WAGNER LLP**
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax:(503) 222-2301

Exhibit 5
3 of 3

16CV07564

1

2

3

4                IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                    FOR THE COUNTY OF CLACKAMAS

6   TIMOTHY C. ROTE,                )   Case No. 16CV07564
                                     )
7          Plaintiff,                )
                                     )
8          v.                        )   **ORDER ON PLAINTIFF'S ORCP 71**
                                     )   **MOTION TO VACATE THE**
9                                    )   **SUPPLEMENTAL JUDGMENT,**
    LINDA MARSHALL, JOEL CHRISTIANSEN,)  **MOTION FOR LEAVE TO AMEND,**
10  OREGON STATE BAR, JOHN DOES (1-5),)  **AND MOTION FOR RELIEF OF**
                                     )   **JUDGMENT DATED AUGUST 16, 2016**
11         Defendants.               )

12         Plaintiff's ORCP 71 Motion to Vacate the Supplemental Judgment, Motion for Leave to

13   Amend, and Motion for Relief of Judgment Dated August 16, 2016 came before the Honorable

14   Robert D. Herndon on Thursday, September 14, 2017.  Plaintiff appeared *Pro Se*, and

15   Defendants Linda Marshall and Joel Christiansen appeared through their attorney, Carey

16   Caldwell.

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

Page 1 – **ORDER ON PLAINTIFF'S ORCP 71 MOTION TO**
         **VACATE THE SUPPLEMENTAL JUDGMENT,**
         **MOTION FOR LEAVE TO AMEND, AND**
         **MOTION FOR RELIEF OF JUDGMENT DATED**
         **AUGUST 16, 2016**

**HART WAGNER LLP**
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax:(503) 222-2301

Exhibit 6
1 of 4

1      Having read the written submissions of the parties and being fully advised, IT IS

2    HEREBY ORDERED:

3      Plaintiff's ORCP 71 Motion to Vacate the Supplemental Judgment, Motion for Leave to

4    Amend, and Motion for Relief of Judgment Dated August 16, 2016 are all hereby DENIED in

5    their entireties.

6

7                                   Signed: 9/26/2017 09:39 AM

8

9

10                    **Circuit Court Judge Robert D. Herndon**

11   Presented by:

12   HART WAGNER, LLP
13   Carey Caldwell, OSB #093032
     Of Attorneys for Defendants Linda Marshall
14   And Joel Christiansen

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 – **ORDER ON PLAINTIFF'S ORCP 71 MOTION TO
VACATE THE SUPPLEMENTAL JUDGMENT,
MOTION FOR LEAVE TO AMEND, AND
MOTION FOR RELIEF OF JUDGMENT DATED
AUGUST 16, 2016**

HART WAGNER LLP
Trial Attorneys
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax:(503) 222-2301

Exhibit 6
2 of 4

**CERTIFICATE OF COMPLIANCE WITH UTCR 5.100**

This proposed order or judgment is ready for judicial signature because:

1. [ ] Each opposing party affected by this order or judgment has stipulated to the order or judgment, as shown by each opposing party's signature on the document being submitted.

2. [ ] Each opposing party affected by this order or judgment has approved the order or judgment, as shown by signature on the document being submitted or by written confirmation of approval sent to me.

3. [X] I have served a copy of this order or judgment on all parties entitled to service and:

   a. [X] No objection has been served on me.

   b. [ ] I received objections that I could not resolve with the opposing party despite reasonable efforts to do so.  I have filed a copy of the objections I received and indicated which objections remain unresolved.

   c. [ ] After conferring about objections, [role and name of opposing party] agreed to independently file any remaining objection.

4. [ ] The relief sought is against an opposing party who has been found in default.

5. [ ] An order of default is being requested with this proposed judgment.

6. [ ] Service is not required pursuant to subsection (3) of this rule, or by statute, rule, or otherwise.

7. [ ] This is a proposed judgment that includes an award of punitive damages and notice has been served on the Director of the Crime Victims' Assistance Section as required by subsection (4) of this rule.

DATED this 25th day of September, 2017.


/s/ Carey Caldwell
Carey Caldwell, OSB No. 093032


Page 1 – **CERTIFICATE OF COMPLIANCE**

**HART WAGNER LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax:(503) 222-2301**

Exhibit 6
3 of 4

1    **CERTIFICATE OF SERVICE**

2        I hereby certify that on the 25th day of September, 2017, I served the foregoing **ORDER**

3    **ON PLAINTIFF'S ORCP 71 MOTION TO VACATE THE SUPPLEMENTAL**

4    **JUDGMENT, MOTION FOR LEAVE TO AMEND, AND MOTION FOR RELIEF OF**

5    **JUDGMENT DATED AUGUST 16, 2016,** on the following parties at the following addresses:

6          Timothy Rote
      24790 SW Big Fir Rd.

7          West Linn, OR 97068
           Defendant Pro Se

8

9    by e-mailing and mailing to them a true and correct copy thereof, certified by me as such, placed

10    in sealed envelopes, addressed to them at the address set forth above, and deposited in the U.S.

11    Post Office at Portland, Oregon on said day with postage prepaid.

12

13                   */s/ Carey Caldwell*
               Carey Caldwell, OSB No. 093032

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 1 – **CERTIFICATE OF SERVICE**

**HART WAGNER LLP**
**Trial Attorneys**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax:(503) 222-2301**

Exhibit 6
4 of 4

IN THE COURT OF APPEALS OF THE STATE OF OREGON

| | |
|---|---|
| In the Matter of Aida T. Leverman, | Clackamas County Circuit Court Case No. 18CC07001 |
| A Person Alleged to have a Mental Illness. | |
| STATE OF OREGON, | |
| Respondent | |
| v. | |
| Aida T. Leverman, | |
| | Judge Michael C. Wetzel |
| Appellant. | |

AMENDED NOTICE OF APPEAL

1.

Appellant, through counsel, gives notice of appeal from the order entered in this case on December 19, 2018, by the Honorable Michael C. Wetzel in the Clackamas County Circuit Court.

2.

The parties to this appeal are the State of Oregon, (Respondent) and Aida T. Leverman (Appellant).

3.

This appeal is timely and otherwise properly before the Court of Appeals because it is commenced within thirty days of December 19, 2018, the date of entry of the order being appealed.

4.

A pdf of the original order is included for the court and a copy included for others receiving service.

5.

Appellant designates the record in its entirety, including the trial court file, all exhibits offered and/or received in evidence, and the record of oral proceedings of the involuntary civil commitment hearing held on or about December 19, 2018.

6.

The names, bar numbers, addresses, and telephone numbers of the attorneys for the parties are as follows:

Attorney for Appellant:
Ginger Fitch OSB#982260
Attorney at Law
P.O. Box 2656 Wilsonville, OR 97070
 (503) 954-9829
gingfitch@gmail.com

Attorney for Petitioner-Respondent:
Benjamin Gutman OSB #160599
1162 Court St. NE
Salem, OR 97301-4096
(503) 378-4402
benjamin.gutman@doj.state.or.us

7.

I hereby certify that I served the foregoing Notice of Appeal on January 16, 2019, by having a true copy sent by regular mail to Benjamin Gutman, Office of the Solicitor General, 400 Justice Building, 1162 Court Street, N.E., Salem, Oregon 97301- 4096, and Office of Public Defense Services, 1175 Court St NE, Salem, OR 97301; and by mailing a true copy to each of the following:

Trial Court Administrator
Clackamas County Courthouse
807 Main Street
Oregon City, OR 97045

Transcript Coordinator
Clackamas County Courthouse
807 Main Street
Oregon City, OR 97045

Clackamas County District Attorney
Clackamas County Courthouse
807 Main Street
Oregon City, OR 97045

8.

In addition, a copy was emailed to CLA.TranscriptCoordinator@ojd.state.or.us.

9.

I hereby certify that on January 16, 2019, I served the original of this notice of appeal with the Appellate Court Administrator through the eFiling system.

DATED January 16, 2019.

/s/ Ginger Fitch
Ginger Fitch OSB#982260
gingfitch@gmail.com
Attorney for Appellant

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF CLACKAMAS
807 Main St
Oregon City Oregon 97045

STATE OF OREGON
CLACKAMAS COUNTY COURTS
F___D

2018 DEC 19 PM 3: 39

ENTERED_____ ENTERED

DEC 1 9 20'9

By: TG

Verified Correct Copy of Original 12/20/2018.

In the Matter of:

**Aida T. Leverman**

Case No: 18CC07001

**COMMITMENT HEARING ORDER**

By virtue of a Notification of Mental Illness, a citation was issued and served upon the above named individual, who is alleged to be mentally ill.

A hearing was thereupon held this date, in which the following named persons appeared:
_X_ The above-named person who is alleged to be mentally ill; *remained in room - was advised of rights + examined by*
_X_ Ginger Fitch **(Bar#982260)** , appointed counsel for the above named;
_X_ Natalie Barringer # CLS _____ representing the State's interest
_X_ Examiners certified by the Oregon Mental Health Division: *examiners*
_X_ **Linda O'Malia** and **Sand Carlyle** *was not present for hearing on the records.*

_____

_____

**THE COURT HEREBY ORDERS AS FOLLOWS:**

☐ The Notification of Mental Illness is **DISMISSED** and the above-named person is discharged based upon the following findings:
___ The above-named person is not mentally ill pursuant to ORS 426.005.
___ The above-named person is mentally ill, but is willing and able to participate in treatment on a voluntary basis and the court finds that the person will probably do so, pursuant to ORS 426.130(b)

☐ The hearing to determine said person is mentally ill **BE POSTPONED** until the
___ day of _____, 20__, at _____AM/PM.
___ The above person is to be **DETAINED** at _____ until the hearing.
___ That _____ **TRANSPORT** the above person to the hearing.

18CC07001
ORCM
Order – Commitment
10342569

Verified Correct Copy of Original 12-20-2018.

☐ The above-named person is **CONDITIONALLY RELEASED** pursuant to ORS 426.125 to:

___ _____ whose address and telephone number are:

___ _____

for a period not to exceed _____ days. The conditions of such release are attached.

☒ The above-named person is **COMMITTED** and shall be promptly delivered to the Mental Health Division for a period not exceeding 180 days. If applicable, conditions of the outpatient commitment are attached. This Order is based upon the Court's finding upon clear and convincing evidence that the above-named person suffers from a mental disorder and, pursuant to ORS 426.005(1)(d):

___ is dangerous to others, or

___ is dangerous to self, or

✗ is unable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future, and is not receiving such care as is necessary to avoid such harm

___ is chronically mentally ill and meets the criteria in ORS 426.005 (1)(d)(C)

___ is unwilling, unable or unlikely to participate in treatment on a voluntary basis

___ a conditional release is either unavailable or not in the above named person's best interest

☐ Other:

_____

_____

_____

Signed and Dated this 19 day of Dec ,2018.

_____
Judge

Michael C Wetzel
(Judge Printed)

IN THE COURT OF APPEALS OF THE STATE OF OREGON

| | |
|---|---|
| In the Matter of Aida T. Leverman, | Clackamas County Circuit Court<br>Case No. 18CC07001 |
| A Person Alleged to have a Mental Illness. | |
| STATE OF OREGON, | |
|         Respondent | |
|     v. | |
| Aida T. Leverman, | |
|         Appellant. | |

**AMENDED APPELLANT'S MOTION-APPOINT COUNSEL AND FOR STATE PAID TRANSCRIPT**

Pursuant to ORS 426.135, appellant respectfully moves this court for a state paid transcript and to appoint

> Ginger Fitch OSB#982260
> PO Box 2656
> Wilsonville, OR 97070
> (503) 954-9829

as counsel on appeal. The appellant was previously determined to be financially eligible for court-appointed counsel in this case.

I hereby certify that I served the above motion upon: Benjamin Gutman, Office of the Solicitor General, 400 Justice Building, 1162 Court Street, N.E., Salem, Oregon 97301-4096, and Office of Public Defense Services, 1175 Court St NE, Salem, OR 97301 by regular mail on January 16, 2019.

DATED January 16, 201.

> __s/Ginger Fitch_____
> Ginger Fitch OSB#982260
> gingfitch@gmail.com
> Attorney for Appellant

STATE OF OREGON
CLACKAMAS COUNTY COURTS

IN THE COURT OF APPEALS OF THE STATE OF OREGON FILED

2018 APR 26 ENTERED

APR 27 2018

ENTERED____By: MAP

TIMOTHY C. ROTE,
Plaintiff-Appellant,

v.

LINDA L. MARSHALL and JOEL CHRISTIANSEN,
Defendants-Respondents,

and

OREGON STATE BAR and JOHN DOES 1-5,
Defendants.

Clackamas County Circuit Court
16CV07564

A164406

## APPELLATE JUDGMENT and SUPPLEMENTAL JUDGMENT

Robert D. Herndon, Judge.

Submitted on February 2, 2018.

Before Hadlock, Presiding Judge, and DeHoog, Judge, and Aoyagi, Judge.

Attorney for Appellant: Timothy C. Rote, *pro se*

Attorney for Respondents: Matthew J. Kalmanson

**AFFIRMED WITHOUT OPINION**

---

### DESIGNATION OF PREVAILING PARTY AND AWARD OF COSTS

Prevailing party:  Respondents

[X]   Costs allowed, payable by Appellant.

---

**APPELLATE JUDGMENT and SUPPLEMENTAL JUDGMENT**
REPLIES SHOULD BE DIRECTED TO: State Court Administrator, Records Section,
Supreme Court Building, 1163 State St, Salem OR 97301-2563
Page 1 of 2



16CV07564
APLAR
Filing Copy – Affirm on Appeal (Pre – Dis)
9163912

Exhibit 7
1 of 2

Verified Correct Copy of Original 4/30/2018

## MONEY AWARD

Creditor(s):   Linda L. Marshall and Joel Christensen

Attorney:      Matthew Kalmanson, 1000 SW Broadway Ste 2000, Portland OR 97205

Debtor(s):     Timothy C. Rote

Attorney:      Timothy C. Rote

Attorney Fees:      $4,646.00

Costs:                   523.40

Total Amount:      $5,169.40

Interest: Simple, 9% per annum, from the date of this appellate judgment.

Appellate Judgment
Effective Date:   April 24, 2018



fmc

### THIS IS THE APPELLATE JUDGEMENT OF
### THE APPELLATE COURTS AND SHOULD
### BE ENTERED PURSUANT TO ORS 19.450.

**APPELLATE JUDGMENT and SUPPLEMENTAL JUDGMENT**

REPLIES SHOULD BE DIRECTED TO: State Court Administrator, Records Section,
Supreme Court Building, 1163 State St, Salem OR 97301-2563
Page 2 of 2

Exhibit 7
2 of 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAX ZWEIZIG,

        Plaintiff/
        Counter Defendant,

    v.

NORTHWEST DIRECT TELESERVICES, INC.;
NORTHWEST DIRECT MARKETING OF
OREGON, INC.; TIMOTHY ROTE;
NORTHWEST DIRECT MARKETING
(DELAWARE), INC.; NORTHWEST DIRECT
OF IOWA, INC.; ROTE ENTERPRISES, LLC;
NORTHWEST DIRECT MARKETING, INC.;
DOES 1-5.
        Defendant/Counter Claimant.

No. 3:15-cv-02401-HZ

OPINION & ORDER

Joel W. Christiansen
812 NW 17th Avenue
Portland, OR 97209

        Attorney for Plaintiff/Counter Defendant

1 - OPINION & ORDER

Exhibit 8
1 of 6

Andrew C. Brandsness
Brandsness Brandsness & Rudd, P.C.
411 Pine Street
Klamath Falls, OR 97601

> Attorney for Defendants/Counter Claimants Northwest Direct
> Teleservices, Inc.; Northwest Direct Marketing of
> Oregon, Inc.; Northwest Direct Marketing (Delaware)
> Inc.; Northwest Direct of Iowa, Inc.; Rote Enterprises,
> LLC; Northwest Direct Marketing, Inc.; Does 1-5.

Timothy Rote
24790 SW Big Fir Road
West Linn, OR 97068

> Pro Se Defendant/Counter Claimant

HERNÁNDEZ, District Judge:

Pro se Defendant/Counter Claimant Timothy Rote seeks to join five parties as

counterclaim defendants. For the reasons that follow, Rote's motion is denied.

## BACKGROUND

Plaintiff Max Zweizig alleges that he was terminated by Defendant Northwest Direct

Teleservices, Inc. (NDT), a corporate entity owned by Timothy Rote, after Zweizig reported to

the Oregon Department of Justice and the Lane County District Attorney that NDT had engaged

in criminal activity. Compl. ¶¶ 17-18, ECF 1. Zweizig also alleges that Rote and NDT took other

adverse actions against Zweizig, including publishing statements to third parties and the general

public accusing Zweizig of destroying data and engaging in other criminal and civil misconduct

during his employment at NDT. Id. at ¶ 18.

The parties engaged in arbitration related to this employment dispute for several years

and, ultimately, an arbitrator found in Zweizig's favor and awarded damages to Zweizig. Id. at ¶

21. The arbitration award was reduced to a judgment; however, NDT has failed to satisfy that

2 - OPINION & ORDER

Exhibit 8
2 of 6

judgment. Id. at ¶ 22. On March 11, 2014, Zweizig filed a lawsuit against NDT, Rote, and related

corporate entities, alleging that the defendants violated the Uniform Fraudulent Transfer Act and

engaged in other fraudulent activity to defeat Zweizig's ability to enforce his whistleblower

retaliation judgment. Id. at ¶ 23.

On or about February 27, 2015, Defendants created a website, "Sitting Duck Portland,"

which describes the arbitration between Rote's companies and Zweizig. Id. at ¶ 25. According to

Zweizig, the Sitting Duck Portland website disparages Zweizig, his fiancée, and his counsel. Id.

at ¶ 27.

On December 24, 2015, Zweizig filed the present employment discrimination action

against Rote, a citizen of Oregon; six corporate entities allegedly owned by Rote, including

NDT; and five Doe defendants. Zweizig alleges that the content of the Sitting Duck Portland

website constitutes a series of ongoing adverse employment actions targeted at Zweizig due to

his participation in protected conduct. Id. at ¶ 28. Zweizig brings claims of whistleblower

discrimination and retaliation, retaliation for opposing unlawful conduct, and aiding and abetting.

Id. at ¶¶ 31-57.

On January 28, 2016, Rote filed an answer to Zweizig's complaint, in which Rote asserts

five counterclaims, including a counterclaim of defamation.[1] Rote Am. Answer ¶¶ 30-34, ECF

19. Rote's defamation claim alleges that Zweizig, Zweizig's counsel, or other related parties,

contacted Judge Robert E. Jones and stated that Rote posed a threat to Judge Jones at his

Lifetime Achievement Award ceremony, which prompted an investigation by the U.S. Marshals.

Id. at ¶ 30. On February 5, 2016, Rote moved to join four individuals and one entity (Plaintiff's

counsel's law firm) as counterclaim defendants to the defamation counterclaim. Rote Mot. Join

2, ECF 20.

---

[1] The other four counterclaims are not at issue in this Opinion & Order.

3 - OPINION & ORDER

Exhibit 8
3 of 6

## STANDARDS

Federal Rule of Civil Procedure 13 governs counterclaims and authorizes the court to join additional persons, pursuant to Rules 19 and 20, in order to adjudicate a counterclaim that is already before the court. Fed. R. Civ. P. 13(h); see also 6 Charles A. Wright, et al., Federal Practice & Procedure § 1435 (3d ed.).

## DISCUSSION

Rote's defamation counterclaim is properly brought against Zweizig as a permissive counterclaim under Rule 13(b). See Fed. R. Civ. P. 13(b) ("A pleading may state as a counterclaim against an opposing party any claim that is not compulsory."). This Court has subject matter jurisdiction over Rote's defamation counterclaim against Zweizig because Rote (a citizen of Oregon) and Zweizig (a citizen of New Jersey) are citizens of different states and the amount in controversy exceeds $75,000. See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (explaining that district courts have "original diversity jurisdiction" in civil actions between citizens of different States when the matter in controversy exceeds $75,000). This Court does not have federal-question jurisdiction over the counterclaim because the action does not arise under the Constitution, laws, or treaties of the United States. Id. (citing 28 U.S.C. § 1331). Nor does the Court have supplemental jurisdiction over the counterclaim, because it is not part of the same case or controversy as the claims asserted by Zweizig in his complaint. Id.

The issue is whether Rote may join five additional parties as counterclaim defendants under Rule 19, which governs the required joinder of parties, or Rule 20, which governs the permissive joinder of parties. Rot. Mot. Join 5-6. Rote may only join additional parties to the defamation counterclaim if they are (1) subject to service of process; (2) someone whose joinder

4 - OPINION & ORDER

Exhibit 8
4 of 6

would not destroy diversity or otherwise affect the court's subject matter jurisdiction; and (3) a necessary or proper party to the claim for relief. See Fed. R. Civ. P. 19 and 20.

Rote attempts to join Linda Marshall, prior counsel for Zweizig; Chester D. Marshall, Linda Marshall's spouse; Sandra Ware, Zweizig's girlfriend; Joel Christiansen, Zweizig's current lawyer; and Vogele & Christiansen, the law firm where Joel Christiansen is employed. Rote Mot. Join 4. However, joining these additional parties would destroy diversity jurisdiction because four of the five additional parties are Oregon citizens[2], as is Rote. Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only if there is complete diversity between the parties.

Therefore, the Court denies Rote's motion to join five additional parties to the defamation counterclaim because granting the motion would defeat this Court's subject matter jurisdiction over the claim. Furthermore, these additional parties would not be properly joined under Rules 19 or 20, even if doing so did not defeat subject matter jurisdiction. As written, the defamation counterclaim does not name any party other than Zweizig. While the counterclaim does reference "PALINTIFF [sic] COUNSEL & OR OTHER related parties," there is nothing that ties the allegations made in the counterclaim to the named parties that Rote now seeks to join. Rote Am. Answer ¶ 30. There are no facts alleged as to any of the five additional parties that would lead this Court to conclude that they are necessary for the counterclaim to proceed or that any question of law or fact common to all potential counter defendants would arise in the action. See Fed. R. Civ. P. 19, 20.

---

[2] Rote's Motion to Join Parties alleges that all of the additional parties are Oregon residents except for Sandra Ware, who is a resident of New Jersey. Rote Mot. Join 6. The Court recognizes that an individual's residence may be different than her state citizenship, which is determined by her state of domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). However, because it is Rote's burden to assert subject matter jurisdiction as to his counterclaim and because he appears to conflate residency and citizenship, the Court construes his allegations regarding parties' residences as allegations of their states of citizenship.

5 - OPINION & ORDER

Exhibit 8
5 of 6

## CONCLUSION

Defendant Rote's Motion to Join Parties [20] is denied.

IT IS SO ORDERED.

Dated this ___25___ day of _February_ , 2016.

_Marco Hernández_

MARCO A. HERNÁNDEZ
United States District Judge

Exhibit 8
6 of 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAX ZWEIZIG,

                   Plaintiff/
                   Counter Defendant,

     v.

NORTHWEST DIRECT TELESERVICES, INC.;
NORTHWEST DIRECT MARKETING OF
OREGON, INC.; TIMOTHY ROTE;
NORTHWEST DIRECT MARKETING
(DELAWARE), INC.; NORTHWEST DIRECT
OF IOWA, INC.; ROTE ENTERPRISES, LLC;
NORTHWEST DIRECT MARKETING, INC.;
and DOES 1-5.
                   Defendants/Counter Claimant.

No. 3:15-cv-02401-HZ

OPINION & ORDER

Joel W. Christiansen
812 NW 17th Avenue
Portland, OR 97209

        Attorney for Plaintiff/Counter Defendant

1 - OPINION & ORDER

Exhibit 9
1 of 16

Andrew C. Brandsness
Brandsness Brandsness & Rudd, P.C.
411 Pine Street
Klamath Falls, OR 97601

> Attorney for Defendants Northwest Direct
> Teleservices, Inc.; Northwest Direct Marketing of
> Oregon, Inc.; Northwest Direct Marketing (Delaware)
> Inc.; Northwest Direct of Iowa, Inc.; Rote Enterprises,
> LLC; Northwest Direct Marketing, Inc.; and Does 1-5.

Timothy Rote
24790 SW Big Fir Road
West Linn, OR 97068

> Pro Se Defendant/Counter Claimant

HERNÁNDEZ, District Judge:

Pro se Defendant/Counter Claimant Timothy Rote brings seven counterclaims against

Plaintiff/Counter Defendant Max Zweizig. Plaintiff moves to strike the first, sixth, and seventh

counterclaims pursuant to Oregon's anti-SLAPP statute. The Court grants Plaintiff's motion to

strike.

## BACKGROUND

The parties' litigation history in this matter was set forth by this Court in a prior Opinion

& Order and, therefore, the Court does not repeat it here. See Opinion & Order, February 25,

2016, ECF 25. Presently before the Court are three of Defendant's counterclaims: (1)

defamation, (2) intentional infliction of emotional distress, and (3) aiding and abetting. Id.

Defendant alleges that in November of 2015, Plaintiff, Plaintiff's counsel, "or other

related parties," contacted the chambers of District of Oregon Judge Robert E. Jones and stated

that Defendant posed a threat to Judge Jones at his Lifetime Achievement Award ceremony,

thereby prompting an investigation of Rote by the U.S. Marshals. Sec. Am. Answer ¶ 31.

Exhibit 9
2 of 16

Defendant and Judge Jones have a long history. Judge Jones presided over a portion of a case filed against Defendant in 1999. See Jones v. Nw. Telemarketing Inc., No. CIV. 99-990-JO, 2000 WL 568352, at *1 (D. Or. Apr. 7, 2000) (no relation between the plaintiff Jones and Judge Jones). At some point during the proceedings in Jones, Defendant sent Judge Jones a letter, prompting Judge Jones to recuse himself from the case.[1] Christianson Decl. Ex. 4, ECF 41-1.

On November 12, 2015, Defendant published a blog post titled "Are Arbitrator[s] Above the Law?" in which he discussed the arbitration between himself and Plaintiff. Christiansen Decl. Ex. 3, ECF 41-3. Defendant wrote that, during the arbitration, Plaintiff's attorney submitted a "case summary" to the arbitrator of the case in which Judge Jones had recused himself. Id. According to Defendant, Plaintiff's attorney attempted to influence the arbitrator by suggesting that Judge Jones did not like Defendant. Defendant ended his blog post by stating:

> The Honorable Robert E. Jones is receiving a lifetime achievement award tomorrow night. The press will be there. Congratulations Judge Jones. Perhaps more often than not our legacies are not what we wanted them to be."

Id.

Defendant believes that Plaintiff or his attorneys called Judge Jones' courtroom deputy and told her about the blog post. According to Defendant:

> The information provided [by the U.S. Marshal Service to Defendant] was that Judge Jones was contacted and directed to a blog post written by [Defendant], which [Plaintiff] represented as a threat to Judge Jones. The intent of the contact with Judge Jones was to influence litigation already pending before Judge Stewart, presumably to influence the decision on the summary judgment motion still under advisement and to permanently harm [Defendant]. As a result of the contact and statement, Defendant seeks consequential damages of $1 million and punitive damages of $5 million against [Plaintiff] and Conspirators[2].

---

[1] In a 2001 hearing, Judge Jones stated: "I don't want to have anything to do with this case. I have utter contempt for this person. He wrote the Court a very personal, very nasty letter. A hypocrite. So, get out of here. I am not going to have anything to do with this. I will recuse myself." Christianson Decl. Ex. 4, ECF 41-4.

[2] The Court assumes that "Conspirators" refers to the additional people that Defendant sought to join as counterclaim defendants in this action. See Mot. Join, ECF 20. Because this Court already denied

3 - OPINION & ORDER

Exhibit 9
3 of 16

Sec. Am. Answer ¶ 31. Joel Christiansen, Plaintiff's attorney, declares that he and Linda

Marshall, Plaintiff's counsel in another matter, contacted Judge Jones' courtroom deputy.

Christiansen Decl. ¶ 5, ECF 41. However, taking the facts alleged by Defendant as true, the

Court proceeds with its analysis as if Plaintiff had made the statements at issue.

## STANDARDS

"A SLAPP suit is one in which the plaintiff's alleged injury results from petitioning or

free speech activities by a defendant that are protected by the federal or state constitutions." Vess

v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1109 (9th Cir. 2003). In response, a defendant in

federal court may file a motion to strike under an applicable anti–SLAPP statute. Vineyard v.

Soto, No. 10-CV-1481-SI, 2011 WL 5358659, at *2 (D. Or. Nov. 7, 2011); see also

Thomas v. Fry's Elecs., Inc., 400 F.3d 1206, 1206 (9th Cir. 2005).

Oregon's anti–SLAPP provisions "permit a defendant who is sued over certain actions

taken in the public arena to have a questionable case dismissed at an early stage." Staten v. Steel,

222 Or. App. 17, 27, 191 P. 3d 778, 786 (2008). A special motion to strike is treated "as a

motion to dismiss under Or. R. Civ. P. 21A and requires the court to enter a 'judgment of

dismissal without prejudice' if the motion is granted." Gardner v. Martino, 563 F.3d 981, 986

(9th Cir. 2009) (applying Oregon law).

Analysis of a special motion to strike is a two-step process. "First, the defendant has the

initial burden to show that the challenged statement is within one of the categories of civil

actions described in [O.R.S.] 31.150(2)." Id. "[T]he critical point is whether the plaintiff's cause

of action itself was *based on* an act in furtherance of the defendant's right of petition or free

speech." Mann v. Quality Old Time Serv., Inc., 120 Cal. App. 4th 90, 102, 15 Cal. Rptr. 3d 215,

---

Defendant's motion, the only counterclaim defendant in this case is Plaintiff. See Opinion & Order,
February 25, 2016, ECF 25.

**Exhibit 9**
**4 of 16**

220 (2004) (referring to the California anti–SLAPP statute). The required showing may be made on the basis of the pleadings alone. Staten, 222 Or. App. at 31, 191 P.3d at 788.

If the defendant meets the initial burden, then "the burden shifts to the plaintiff in the action to establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case." Or. Rev. Stat. § (O.R.S.) 31.150(3); Gardiner, 563 F.3d at 986. In making this determination, the Court must take the facts from the pleadings and from the supporting and opposing affidavits, O.R.S. 31.150(4), and state them "in the light most favorable to plaintiffs." Mullen v. Meredith Corp., 271 Or. App. 698, 702, 353 P.3d 598, 601-02 (2015) (quotation omitted). The court must deny the motion "[i]f the plaintiff meets this burden." O.R.S. 31.150(3).

Oregon courts look to California case law in construing Oregon's anti-SLAPP statute because Oregon's law was "modeled on California statutes" and '[i]t was intended that California case law would inform Oregon courts regarding the application of ORS 31.150 to ORS 31.155." Page v. Parsons, 249 Or. App. 445, 461, 277 P.3d 609, 619 (2012) (discussing the Oregon anti-SLAPP statute's legislative history). Therefore, this Court's analysis relies on both California and Oregon case law.

## DISCUSSION

Plaintiff invokes Oregon's anti-SLAPP statute to strike Defendant's counterclaims of defamation, intentional infliction of emotional distress (IIED), and aiding and abetting. Under Oregon's anti-SLAPP statute, a defendant may make a special motion to strike against a claim in a civil action that arises out of:

> (a) Any oral statement made, or written statement or other document submitted, in a legislative, executive or judicial proceeding or other proceeding authorized by law;

Exhibit 9
5 of 16

(b) Any oral statement made, or written statement or other document submitted, in connection with an issue under consideration or review by a legislative, executive or judicial body or other proceeding authorized by law;

(c) Any oral statement made, or written statement or other document presented, in a place open to the public or a public forum in connection with an issue of public interest; or

(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

O.R.S. 31.150(2).

Plaintiff's initial motion to strike contended that Defendant's counterclaims are subject to an anti-SLAPP motion because the counterclaims arise out of statements or conduct described in §§31.150(2)(b), (c), and (d). However, upon review of cases interpreting anti-SLAPP statutes in Oregon and California, it appeared to this Court that Plaintiff's communication to Judge Jones' courtroom deputy was subject to an anti-SLAPP motion for a different reason—Plaintiff's statement would be considered preparatory to or in anticipation of commencing official proceedings and thus would be protected as a statement made in a proceeding authorized by law under O.R.S. 31.150(2)(a) or (b). Because Plaintiff did not make this argument, the Court ordered further briefing from the parties to ensure that each party had the opportunity to be heard on the issue. See Order, August 15, 2016, ECF 60. After reviewing the parties' supplemental memoranda, the Court concludes that Defendant's counterclaims are subject to Oregon's anti-SLAPP provisions and, thus, the Court strikes the counterclaims.

I.  **Plaintiff's statement was made in a "judicial proceeding or other proceeding authorized by law."**

Oregon's anti-SLAPP statute provides that a defendant may make a special motion to strike against a claim in a civil action that arises out of a statement made in a "judicial proceeding or other proceeding authorized by law." O.R.S. 31.150(2)(a). While this Court does

Exhibit 9
6 of 16

not find binding precedent interpreting this portion of Oregon's law, cases from California are instructive.

There can be no dispute that O.R.S. 31.150(2)(a) encompasses statements reporting wrongdoing to police. See Van Der Valk v. AU Energy, LLC, No. B252975, 2014 WL 6632930, at *4 (Cal. Ct. App. Nov. 24, 2014) (holding that anti-SLAPP statute encompasses statements made to police in response to a perceived wrongdoing for the purpose of garnering police assistance); Comstock v. Aber, 212 Cal. App. 4th 931, 941–42, 151 Cal. Rptr. 3d 589, 598 (2012) ("The law is that communications to the police are within SLAPP."); Chabak v. Monroy, 154 Cal. App. 4th 1502, 1512, 65 Cal. Rptr. 3d 641, 648 (2007) (in action by physical therapist against client alleging false report of child abuse, client's "statements to police clearly arose from protected activity"); Walker v. Kiousis, 93 Cal. App. 4th 1432, 1439, 114 Cal. Rptr. 2d 69, 75 (2001) (finding that a citizen's complaint to the police is "made in connection with an official proceeding authorized by law"). The issue, therefore, is whether the anti-SLAPP statute also encompasses a statement to a courtroom deputy reporting potential wrongdoing. The Court finds that it does.

California courts have concluded that the anti-SLAPP statute protects not only communications in a judicial or official proceeding, but also "[c]ommunications that are preparatory to or in anticipation of commencing official proceedings." Siam v. Kizilbash, 130 Cal.App.4th 1563, 31 Cal. Rptr. 3d 368, 374 (Cal. Ct. App. 2005); see also ComputerXpress, Inc. v. Jackson, 93 Cal. App. 4th 993, 1009, 113 Cal. Rptr. 2d 625, 640 (2001) (filing a complaint with the purpose of soliciting an SEC investigation constitutes a "statement before an official proceeding"); Lee v. Fick, 135 Cal. App. 4th 89, 97, 37 Cal. Rptr. 3d 375, 379 (2005), as modified (Dec. 23, 2005) (parents' formal complaints to school board were "part of the official

**Exhibit 9**
**7 of 16**

proceedings" that followed). For example, in <u>Siam</u>, the court held that a father's report of child abuse to people who were legally required to report the abuse to the authorities was protected by the anti-SLAPP statute. <u>Siam v. Kizilbash</u>, 130 Cal. App. 4th 1563, 1570, 31 Cal. Rptr. 3d 368, 374 (2005). The court reached this conclusion notwithstanding the fact that the ensuing child abuse case was determined to be unfounded. <u>Id.</u>

Similarly, in <u>Ortega v. Morales</u>, No. A120684, 2009 WL 778318 (Cal. Ct. App. Mar. 25, 2009), Morales, a customer at Club One, sued Club One and massage therapist Ortega after Ortega sexually assaulted Morales during a massage. Ortega filed counterclaims against Morales based on statements Morales made to Club One's assistant manager about Ortega's conduct during the massage. <u>Id.</u> at *5. The court granted Morales' anti-SLAPP motion, holding that Morales' statements to Club One were protected activity. <u>Id.</u> The court reasoned that Morales' statements to Club One "must be deemed protected activity just as much as her later statement to the police and Club One's statement to the police," given the statutory mandate to interpret the anti-SLAPP statute broadly to protect free speech rights. <u>Id.</u> Furthermore, Morales' statements to Club One were "preparatory to or in anticipation of her report of Ortega's alleged sexual assault to the police." <u>Id.</u> at 6. The court concluded that, even though Club One was not legally required to call the police as a result of Morales' report, "one possible reasonable inference arising from Morales telling Club One their employee sexually assaulted her is that she anticipated a judicial or official proceeding." <u>Id.</u>; <u>see also</u> <u>Chabak</u>, 154 Cal. App. 4th at 1512, 65 Cal. Rptr. 3d at 648 (minor's report to her parents concerning her physical therapist's sexual abuse was directly related to her report to the police and constituted protected activity). In other words, communications are protected when they are made seeking "official investigations into perceived

Exhibit 9
8 of 16

wrongdoing, which might culminate in criminal prosecution or other official proceedings."

Salma v. Capon, 161 Cal. App. 4th 1275, 74 Cal. Rptr. 3d 873, 882 (Cal. Ct. App. 2008).

Here, Plaintiff's statement to Judge Jones' deputy is protected as a statement made in anticipation of a proceeding authorized by law. A reasonable inference arising from Plaintiff's statement was that he anticipated an investigation into Defendant's alleged threat towards Judge Jones. Whether or not the threat was real, Plaintiff's statement was made with the purpose of obtaining assistance to address wrongdoing. The distinction between making the report to Judge Jones' courtroom deputy and the U.S. Marshals is a distinction without a difference under these circumstances.

Defendant's arguments to the contrary are unavailing. Defendant devotes the bulk of his supplemental brief to a discussion of the litigation privilege and the reasons why it does not apply in this case. Defendant asserts, without any support, that "Oregon case law precedence is limited on the application of Oregon Anti-Slapp law to communications in connection with anticipated litigation." Def.'s Supp. Mot. 4, ECF 63. The Court is unpersuaded by this unsupported conclusory statement. The Court decides this motion based on its interpretation of Oregon's anti-SLAPP law and its application to statements made in a proceeding authorized by law. The litigation privilege, while discussed in many California cases on this topic because of its overlap with the anti-SLAPP statute, is simply not at issue. See, e.g., Neville v. Chudacoff, 160 Cal. App. 4th 1255, 1262–63, 73 Cal. Rptr. 3d 383, 388–89 (2008) (explaining that the litigation privilege and anti-SLAPP statutes serve similar policy interests but are not coextensive or substantively the same).

Defendant also argues that Plaintiff's statements do not fall within the purview of the anti-SLAPP statute because they were not made directly to law enforcement and they were false.

9 - OPINION & ORDER

Exhibit 9
9 of 16

As discussed above, the Court finds that, in this case, the report to Judge Jones' courtroom deputy was the equivalent of a report to the U.S. Marshals and, alternatively, is protected because the courtroom deputy would obviously relay such a report to law enforcement. As to the alleged falsity of the report, Defendant's counterclaim alleges that "[t]he information provided to the U.S. Marshal Service was that Judge Jones was contacted and directed to a blog post written by Defendant, which Plaintiff represented as a threat to Judge Jones." Sec. Am. Answer 11, ECF 29. The Court fails to see how any aspect of Plaintiff's statement, which essentially just referred the courtroom deputy to Defendant's blog, could be false. Any interpretation of the blog, such as whether the language used was threatening, would clearly be Plaintiff's opinion as opposed to a true or false statement.

"[T]he plain language of Section 31.150(2) indicates a legislative intent not to limit application of the special motion to strike procedure to any narrow set of circumstances, but rather to capture a broad range of claims arising both directly and indirectly out of acts of free and/or privileged speech." Schwern v. Plunkett, No. 3:14-CV-00146-PK, 2014 WL 3361902, at *8 (D. Or. July 7, 2014) (citing Horton v. Western Protector Ins. Co., 217 Or. App. 443, 448 n. 2 (2008) (noting the broad scope of the language and disjunctive structure of Section 31.150(2), and suggesting that the provision would in that respect be inconsistent with a legislative intent to limit the application of the special motion to strike procedure narrowly)). Furthermore, as the Schwern court explained:

> [I]t seems clear that any overly limited construction of the scope of Section 31.150(2) would tend directly to frustrate the purpose of the statutory scheme by systematically failing to provide the intended procedural and substantive protections to all victims of meritless lawsuits calculated to chill protected speech conduct, whereas the risk of prejudicing plaintiffs through overly broad construction of the provision is effectively mitigated at the second step of the two-step process, at which only entirely baseless claims are stricken, and consequent dismissal is without prejudice.

Exhibit 9
10 of 16

Schwern, 2014 WL 3361902, at *8. In light of the mandate to construe the anti-SLAPP statute broadly, and taking into account all of the persuasive authority from California courts, this Court concludes that Plaintiff's statement falls within the purview of § 31.150(2)(a).

## II.    Defendant fails to establish a probability of prevailing on his claims

The burden shifts to Defendant to establish through the presentation of substantial evidence that there is "a probability" on a *prima facie* basis that he will ultimately prevail as to each of his counterclaims. O.R.S. 31.150(3). The Oregon Court of Appeals recently explained:

> Although the statute refers to a plaintiff's need to show a "probability" of prevailing on the claim in order to proceed, we have interpreted that standard, in this context, as a "low bar." Young, 259 Or. App. at 508, 314 P.3d 350. To clear that low bar, a plaintiff has the burden of presenting substantial evidence to support a *prima facie* case against the defendant. Id. Typically, a plaintiff will not have access to discovery before being required to defend against a special motion to strike. See ORS 31.152(2) ("All discovery in the proceeding shall be stayed upon the filing of a special motion to strike under ORS 31.150."). Therefore, a plaintiff may meet the burden of production by producing direct evidence, reasonable inferences that may be drawn from that evidence, and "affidavits setting forth such facts as would be admissible in evidence." OEA v. Parks, 253 Or. App. 558, 567, 291 P.3d 789 (2012). "[T]he trial court may not weigh the plaintiff's evidence against the defendant's" and "may consider defendant's evidence only insofar as necessary to determine whether it defeats plaintiff's claim as a matter of law." Young, 259 Or. App. at 509–10, 314 P.3d 350.

Handy v. Lane Cty., 274 Or. App. 644, 652, 362 P.3d 867, 874 (2015), review allowed, 358 Or. 550, 368 P.3d 25 (2016); see also Yes On 24-367 Comm. v. Deaton, 276 Or. App. 347, 361-62, 367 P.3d 937, 946 (2016). Only claims that entirely lack merit under that forgiving standard are to be stricken at the second step of the two-step process. See O.R.S. 31.150(3).

Defendant brings claims of defamation, IIED, and aiding and abetting. For the following reasons, Defendant fails to meet his burden on each claim as a matter of law.

### a.    Defamation

The elements of a claim for defamation are: (1) the making of a defamatory statement; (2) publication of the defamatory material; and (3) a resulting special harm, unless the statement

11 - OPINION & ORDER

Exhibit 9
11 of 16

is defamatory *per se* and therefore gives rise to presumptive special harm. L & D of Oregon, Inc. v. Am. States Ins. Co., 171 Or. App. 17, 22, 14 P.3d 617, 620 (2000); Nat'l Union Fire Ins. Co. of Pittsburgh Pennsylvania v. Starplex Corp., 220 Or. App. 560, 584, 188 P.3d 332, 347 (2008). A defamatory statement is one that would subject another to "hatred, contempt or ridicule . . . [or] tend to diminish the esteem, respect, goodwill or confidence in which [the other] is held or to excite adverse, derogatory or unpleasant feelings or opinions against [the other]." Id. (quoting Marleau v. Truck Ins. Exch., 333 Or. 82, 94, 37 P.3d 148, 154 (2001)).

Defendant concedes that he does not actually know what was conveyed to Judge Jones' deputy or who conveyed the message, but he insists that "it suggested a threat," Def.'s Resp. 19, ECF 42, and that plaintiff, plaintiff's counsel, or related parties contacted Judge Jones' chamber, Def. Second Am. Answer ¶ 31, ECF 29. However, allegations are not the same as evidence. O'Connor v. Cty. of Clackamas, No. 3:11-CV-1297-SI, 2012 WL 3756321, at *17 (D. Or. Aug. 28, 2012) ("Plaintiffs may not rely on their pleading allegations in response to a motion to strike under Oregon's Anti–SLAPP law).

The only evidence Defendant submits as to what statement was made is an email from an attorney, Mr. Hasson, to Defendant. Rote Decl. Att. 12, ECF 43-12. The email states:

> Received a message at office to call US Marshall [sic] about Rote. After gfing [sic] with you, called number and US Marshall asked if I represented you. I said yes. He said there was a concern about you related to Judge Jones' reception that evening. He asked if he should be concerned about you and I said no. I told him I was with you and would have you call him. . . . I told him I thought the complaint was from [Linda] Marshall but he said the call came from Judge Jones office.

Id. Defendant emailed back: "The commentary that this was a threat of harm is important. Is that what the US Marshals conveyed to you." Id. Mr. Hasson responded: "The US Marshall [sic] was investigating if you presented a threat to Judge Jones at the reception. I assured him that they did

Exhibit 9
12 of 16

not have to be concerned about you." Id. Nothing about that email exchange constitutes evidence

of the existence of or the content of a statement made by Plaintiff to Judge Jones' deputy.

> Plaintiff submits the declaration of his attorney, Joel Christiansen, which states:

> After reviewing Rote's comments contained in Chapter 19, Linda Marshall (Plaintiff's counsel in another matter) and I contacted Judge Jones' courtroom deputy and informed the court of Rote's publication concerning Judge Jones, which: (1) identified Judge Jones' physical location at a specific time and location to receive a lifetime achievement award, (2) evidenced Rote's belief that there would be media presence at the event, and (3) commented that "perhaps more often than not our legacies are not what we wanted them to be."

Christiansen Decl. ¶ 5, ECF 41. Defendant does not submit any evidence to contradict this

representation.

> The Court assumes, without deciding, that Defendant can bring a claim of defamation

against Plaintiff despite failing to refute the evidence that any allegedly defaming statement was

made by Plaintiff's attorneys, not by Plaintiff. See L & D of Oregon, 171 Or. App. at 22, 14 P.3d

at 620 (stating that "the making of a defamatory statement" is the first required element of a

claim for defamation). No matter who made the report to the courtroom deputy, a statement

suggesting that Defendant's blog post constituted a threat is an opinion statement protected by

the First Amendment. See Milkovich v. Lorain Journal Co., 497 U.S. 1, 20 (1990) (statement of

opinion relating to matters of public concern that do not contain a provably false factual

connotation will receive full constitutional protection); Obsidian Fin. Grp., LLC v. Cox, 740

F.3d 1284, 1291-92 (9th Cir.) ("[P]ublic allegations that someone is involved in crime generally

are speech on a matter of public concern.").

> Defendant acknowledges that "[t]he First Amendment absolutely protects opinion

speech." Def.'s Resp. 17, ECF 42. However, Defendant argues that Plaintiff's statement to Judge

Jones' deputy regarding Defendant's intent in writing the blog post was not an opinion but,

Exhibit 9
13 of 16

rather, a "false assertion of objective fact." Def.'s Resp. 17, ECF 42. In order to determine whether a reasonable factfinder could conclude that a statement implies an assertion of objective fact, the Ninth Circuit has announced a three part-test, which the Oregon Supreme Court recently adopted. Neumann v. Liles, 358 Or. 706, 717, 369 P.3d 1117, 1124 (2016) (adopting the test from Uneiko, 912 F.2d 1049); see also Obsidian Finance Group, 740 F.3d at 1293. Applying that test to the present case, this Court must ask: "(1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact; (2) whether the defendant used figurative or hyperbolic language that negates that impression; and (3) whether the statement in question is susceptible of being proved true or false." Uneiko, 912 F.2d at 1053.

Even taking the facts as alleged by Defendant in the light most favorable to him, Defendant is unable to show that Plaintiff's statement was a false assertion of objective fact. First, the general tenor of Plaintiff's statement suggests that Plaintiff was making the courtroom deputy aware of the post and offering an opinion as to what the post's language meant, not asserting an objective fact about the interpretation of the post. Second, because Defendant does not know what exact language was used by Plaintiff, the Court is unable to opine whether it was "figurative or hyperbolic." Finally, the statement in question is not capable of being proved true or false. Plaintiff directed the deputy to the blog and offered an opinion as to what Defendant's intent was in writing the post. Because there is no way Plaintiff could have actually known Defendant's intent, given that Plaintiff only saw the post on the internet, it is clear that Plaintiff was offering an opinion to Judge Jones' deputy rather than asserting a fact.

In sum, Plaintiff's statement was an expression of opinion on a matter of public concern that is protected under the First Amendment. Therefore, Defendant fails to establish a probability on a *prima facie* basis that he will prevail on his defamation claim.

Exhibit 9
14 of 16

ii.     IIED and Aiding and Abetting Claims

As to Defendant's IIED and aiding and abetting counterclaims, Defendant presents no argument or evidence as to how he can support a *prima facie* case regarding either claim. For this reason alone, the Court could grant Plaintiff's motion to strike because Defendant has not met his burden. Young, 259 Or. App. at 508, 314 P.3d 350 (explaining that the party bringing the claim has the burden of presenting substantial evidence to support a *prima facie* case). Id.

Furthermore, Defendant cannot show the elements of an IIED claim:

(1) that defendants intended to cause plaintiff severe emotional distress or knew with substantial certainty that their conduct would cause such distress; (2) that defendants engaged in outrageous conduct, *i.e.*, conduct extraordinarily beyond the bounds of socially tolerable behavior; and (3) that defendants' conduct in fact caused plaintiff severe emotional distress.

McLean v. Pine Eagle Sch. Dist., No. 61, No. 3:15-CV-654-SI, 2016 WL 3574017, at *18 (D. Or. July 1, 2016) (citing House v. Hicks, 218 Or. App. 348, 357–58, 179 P.3d 730 (2008)); see also McGanty v. Staudenraus, 321 Or. 532, 543, 901 P.2d 841 (1995)). No reasonable factfinder could conclude that the alleged statement to Judge Jones' deputy constituted "outrageous conduct." Defendant's IIED claim fails as a matter of law.

As to Defendant's "aiding and abetting" claim, the Court finds no support for the proposition that Oregon recognizes this as an independent tort. See, e.g., Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 181 (1994) ("Indeed, in some States, it is still unclear whether there is aiding and abetting tort liability[.]").In states that do recognize such a tort, the tort is predicated upon the existence of some tortious conduct of other parties. See, e.g., Saunders v. Superior Court, 27 Cal. App. 4th 832, 846, 33 Cal. Rptr. 2d 438, 446 (1994) ("Liability may also be imposed on one who aids and abets the commission of an intentional tort if the person (a) knows the other's conduct constitutes a breach of duty and gives

Exhibit 9
15 of 16

substantial assistance or encouragement to the other to so act or (b) gives substantial assistance

to the other in accomplishing a tortious result and the person's own conduct, separately

considered, constitutes a breach of duty to the third person."). Because Defendant fails to

establish any tortious conduct of Plaintiff or anyone else, this claim necessarily fails.

## CONCLUSION

The Court grants Plaintiff's Motion to Strike [40]. If Defendant wishes to amend his

counterclaims, he must seek leave to amend pursuant to Federal Rule of Civil Procedure 15 and

Local Rule 15-1. Upon receipt of this Opinion & Order, the parties are instructed to contact the

Court to set a scheduling conference to reset the case schedule.

IT IS SO ORDERED.

Dated this _____ day of _____, 2016.


_____
MARCO A. HERNÁNDEZ
United States District Judge


16 - OPINION & ORDER

Exhibit 9
16 of 16

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MAX ZWEIZIG,

               Plaintiff,

     v.

NORTHWEST DIRECT TELESERVICES;
INC., NORTHWEST DIRECT MARKETING
OF OREGON, INC,; TIMOTHY ROTE;
NORTHWEST DIRECT MARKETING
(DELAWARE), INC.; NORTHWEST DIRECT
OF IOWA, INC.; ROTE ENTERPRISES, LLC;
and NORTHWEST DIRECT MARKETING, INC.;

               Defendants.

No. 3:15-cv-02401-HZ

OPINION & ORDER

Joel Christiansen
VOGELE & CHRISTIANSEN
812 NW 17th Avenue
Portland, OR 97209

      Attorney for Plaintiff

1- OPINION & ORDER

Exhibit 10
1 of 6

Timothy Rote
24790 SW Big Fir Road
West Linn, OR 97068

Pro Se Defendant

HERNÁNDEZ, District Judge:

Plaintiff Max Zweizig brought this retaliation claim against Defendants Northwest Direct

Teleservices, Inc., Northwest Direct Marketing of Oregon, Inc., Timothy Rote, Northwest Direct

Marketing (Delaware), Inc., Northwest Direct of Iowa, Inc., Rote Enterprises, LLC, and

Northwest Direct Marketing, Inc. Currently pending before this Court are Defendant Rote's

Objection to Plaintiff's Proposed Form of Judgment, Motion for Stay, and Motion for Relief

from the Court's Anti-SLAPP Order dismissing Defendant's counterclaims. The Court denies

Defendant's Motions.

### BACKGROUND

Plaintiff is the former IT director of Defendant Northwest Direct Teleservices, Inc.

Defendant Rote ("Defendant") is the former executive of Defendant NDT and the other business

entities involved in this case. Because they were unrepresented, all the business entities in this

case have defaulted. The claims against Defendant Rote, however, proceeded to a two-day jury

trial on January 16 and 17, 2018. The jury returned a verdict for Plaintiff and awarded him

$1,000,000 in noneconomic damages. On July 25, 2018, the Court denied Defendant Rote's

motion to set aside the judgment but found that Plaintiff's noneconomic damages were capped

pursuant to Oregon law. O&O, ECF 228. Defendant Rote subsequently filed the present motions.

Judgment has not yet been entered in this case.

///

///

Exhibit 10
2 of 6

## DISCUSSION

### I.    Motion for Relief from Order

Defendant's "Motion for Relief from Order," though styled as a relief from the judgment, is more appropriately characterized as a motion for reconsideration. A motion for reconsideration should not be the occasion to tender new legal theories for the first time, but rather should serve to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *see also Maljack Prod., Inc. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 888 (9th Cir. 1996) (new facts or law may warrant reconsideration); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (motion for reconsideration of summary judgment order properly denied where "it presented no arguments that had not already been raised in opposition to summary judgment"). Thus, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Defendant argues that the Court should reconsider its September 2016 Opinion & Order granting Plaintiff's motion to strike Defendant's counterclaims under Oregon's anti-SLAPP statute. He specifically points to a 2018 opinion from the Ninth Circuit that clarified the proper procedures to be used when analyzing anti-SLAPP motions in federal court. There, the Ninth Circuit noted that under California's anti-SLAPP statute:[1]

> Once it is determined that an act in furtherance of protected expression is being challenged, the plaintiff must show a "reasonable probability" of prevailing in its claims for those claims to survive dismissal. To do this, the plaintiff must demonstrate that "the complaint is legally sufficient and supported by a prima

---

[1] Oregon courts look to California case law in construing Oregon's anti-SLAPP statute. *See Page v. Parsons*, 249 Or. App. 445, 461, 277 P.3d 609 (2012).

Exhibit 10
3 of 6

facie showing of the facts to sustain a favorable judgment if the evidence
submitted by plaintiff is credited."

*Planned Parenthood Fed. of Am., Inc. v. Ctr. for Med. Progress, LLC*, 890 F.3d 828, 833 (9th

Cir. 2018) (internal citations omitted). The court went on to discuss the extent to which these

anti-SLAPP provisions are consistent with the Federal Rules of Civil Procedure. *Id.* Ultimately,

it found that the anti-SLAPP provision "require[ed] a presentation of evidence without

accompanying discovery . . . improperly transform[ing] the motion to strike under the anti-

SLAPP law into a motion for summary judgment without any of the procedural safeguards." *Id.*

at 833–34. This would effectively allow state law to "usurp the federal rules." *Id.* at 834. Thus,

the circuit court determined that "when an anti-SLAPP motion to strike challenges only the legal

sufficiently of a claim," the court should apply the standards applicable to motions under Fed. R.

Civ. P. 12(b)(6). Alternatively, where the motion challenges the factual sufficiency of a claim,

the summary judgment standard under Fed. R. Civ. P. 56 applies and "discovery must be

allowed." *Id.*

This Court's 2016 Opinion & Order was issued without this guidance from the circuit

court and thus found that Defendant was required "to establish through the presentation of

substantial evidence that there is 'a probability' on a *prima facie* basis that he will ultimately

prevail as to each of his counterclaims." O&O at 11, ECF 68. The Court further cited to evidence

provided by Plaintiff and Defendant in its analysis. Defendant argues that, accordingly, the

Court's decision to grant the anti-SLAPP motion without discovery was improper under *Planned*

*Parenthood*. This Court disagrees.

Even applying the standards outlined in *Planned Parenthood,* the Court's decision to

grant Plaintiff's anti-SLAPP motion would be no different. As the Court indicated in its prior

opinion, Defendant failed as a matter of law to adequately state his counterclaims.  For example,

4- OPINION & ORDER

Exhibit 10
4 of 6

with regard to Defendant Rote's defamation claim, the Court found that "[n]o matter who made the report to the courtroom deputy, a statement suggesting that Defendant's blog post constituted a threat is an opinion statement protected by the First Amendment." *Id.* at 13. Similarly, Defendant Rote's claims for Intentional Infliction of Emotional Distress and Aiding and Abetting claims failed "as a matter of law" because "[n]o reasonable factfinder could conclude that the alleged statement to Judge Jones' courtroom deputy constituted "outrageous conduct." *Id.* at 15. Accordingly, Defendant's counterclaims were legally insufficient, and the Court did not err in granting Plaintiff's motion without additional discovery.[2]

## II.    Objection to Plaintiff's Proposed Judgment

Defendant appears to object to Plaintiff's proposed judgment because (1) it is overly broad in finding the other corporate defendants—besides NDT—liable; and (2) it seeks damages in an amount greater than pleaded in the operative complaint at the time of default. As a preliminary matter, the Court notes that Defendant cannot advocate on behalf of the corporate defendants in this case. *See* O&O at 3, ECF 96 ("As this Court has previously informed Defendant, he may not represent the Corporate Defendants."); *see also United States v. High Country Broad. Co.,* 3 F.3d 1244, 1245 (9th Cir. 1993) (stating that a corporation may appear in federal court only through licensed counsel). In addition, the amount of the proposed judgment is consistent with Plaintiff's Amended Complaint, which seeks compensatory damages in the amount of $2,000,000 against the corporate defendants for their acts of retaliation. *See* Am. Compl. ¶¶ 29–34, ECF 193. Accordingly, the Court will enter Plaintiff's proposed form of judgment.

///

---

[2] Defendant Rote also filed a Motion to Stay the proceedings pending the outcome of his Motion for Relief. ECF 233. Because the Court has now ruled on Defendant's Motion for Relief, Defendant's Motion to Stay is moot.

Exhibit 10
5 of 6

**CONCLUSION**

The Court DENIES Defendant's Motion to Set Aside [229] and will enter Plaintiff's

Proposed Judgment [231]. Accordingly, Defendant's Motion to Stay [233] is DENIED as moot.

IT IS SO ORDERED.

Dated this ___20___ day of ___November___, 2018.

_Marco Hernández_
MARCO A. HERNÁNDEZ
United States District Judge

6- OPINION & ORDER

Exhibit 10
6 of 6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAX ZWEIZIG,                                        No. 3:15-cv-02401-HZ

                Plaintiff,                       JUDGMENT

     v.

NORTHWEST DIRECT TELESERVICES,
INC.; NORTHWEST DIRECT MARKETING
OF OREGON, INC,; TIMOTHY ROTE;
NORTHWEST DIRECT MARKETING
(DELAWARE), INC.; NORTHWEST DIRECT
OF IOWA, INC.; ROTE ENTERPRISES, LLC;
and NORTHWEST DIRECT MARKETING, INC.;

                Defendants.


HERNÁNDEZ, District Judge:

This matter was tried before a jury from January 16 to January 17, 2018, in Portland,

Oregon, the Honorable Marco A. Hernández presiding. The matter being tried and the jury

having rendered its verdict,

IT IS ORDERED AND ADJUDGED that Judgment is entered for Plaintiff and against

Defendants Timothy C. Rote, Northwest Direct Teleservices, Inc., Northwest Direct Marketing

of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct of Iowa, Inc., Rote

1 - JUDGMENT

Exhibit 11
1 of 2

Enterprises, LLC, and Northwest Direct Marketing, Inc (Delaware) jointly and severally in the amount of five hundred thousand dollars ($500,000.00) with interest accruing on Plaintiff's claims against Defendants under Oregon Revised Statutes Chapter 659A at the rate of 2.70% per annum from the date judgment is entered.

DATED this _____ day of November, 2018.

MARCO A. HERNÁNDEZ
United States District Judge

2 - JUDGMENT

Exhibit 11
2 of 2

# REGISTER OF ACTIONS
## CASE NO. 16CV07564

| | | |
|---|---|---|
| Timothy C Rote vs Linda L Marshall, Oregon State Bar, Joel Christensen, John Does 1-5 | §<br>§<br>§<br>§<br>§<br>§ | Case Type: **Tort - General**<br>Date Filed: **03/09/2016**<br>Location: **Clackamas**<br>Court of Appeals: **CA162972**<br>**CA164406** |

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| | | | **Attorneys** |
| **Defendant** | **Christensen, Joel** | | **MATTHEW J KALMANSON**<br>*Retained*<br>503 222-4499(W) |
| | | | CAREY CALDWELL<br>*Retained*<br>503 222-4499(W) |
| **Defendant** | **John Does 1-5**<br>Dism | | |
| **Defendant** | **Marshall, Linda L** | | **MATTHEW J KALMANSON**<br>*Retained*<br>503 222-4499(W) |
| | | | CAREY CALDWELL<br>*Retained*<br>503 222-4499(W) |
| **Defendant** | **Oregon State Bar** | | **Mark Johnson Roberts**<br>*Retained*<br>503 431-6363(W) |
| **Plaintiff** | **Rote, Timothy C**<br>24790 SW Big Fir Rd<br>West Linn, OR 97068 | | **Pro Se** |

### EVENTS & ORDERS OF THE COURT

**DISPOSITIONS**

08/12/2016 **Judgment - Limited Dismissal** (Judicial Officer: Herndon, Robert D)
Party(John Does 1-5)
Created: 08/12/2016 8:28 AM

08/16/2016 **Judgment - Limited Dismissal** (Judicial Officer: Herndon, Robert D)
Comment (ptf's amended complaint against def's is dismissed)
Created: 08/16/2016 11:12 AM

02/03/2017 **Judgment - Supplemental** (Judicial Officer: Herndon, Robert D)
Monetary Award (Unsatisfied, 02/03/2017)
Signed Date: 02/03/2017
Expiration Date: 02/03/2027
Monetary Award:
  Creditor: Linda L Marshall, Joel Christensen, Debtor: Timothy C Rote, Unsatisfied, Award Type: Judgment Prevailing Fees, Amount: $300.00
Monetary Award:
  Creditor: Linda L Marshall, Joel Christensen, Debtor: Timothy C Rote, Unsatisfied, Award Type: Judgment Court Costs, Amount: $614.60
Monetary Award:
  Creditor: Linda L Marshall, Joel Christensen, Debtor: Timothy C Rote, Unsatisfied, Award Type: Judgment Attorney Fees, Amount: $27500.00
Total: $28414.6
Created: 02/09/2017 1:36 PM

08/30/2017 **Judgment - Supplemental** (Judicial Officer: DEHOOG, ROGER)
Monetary Award (Unsatisfied, 08/30/2017)

Exhibit 12
1 of 6

https://publicaccess.courts.oregon.gov/PublicAccessLogin/CaseDetail.aspx?CaseID=28317805

    Signed Date: 08/30/2017
    Expiration Date: 08/30/2027
    Monetary Award:

      Creditor: Linda L Marshall, Joel Christensen, Debtor: Timothy C Rote, Unsatisfied, Award Type: Judgment Court Costs, Amount: $505.00

    Monetary Award:

      Creditor: Linda L Marshall, Joel Christensen, Debtor: Timothy C Rote, Unsatisfied, Award Type: Judgment Attorney Fees, Amount: $8341.50

    Total: $8846.5
    Created: 08/31/2017 9:35 AM

**04/26/2018** | **Judgment - Supplemental Creates Lien**
    Monetary Award (Unsatisfied, 04/26/2018)
    Signed Date: 04/26/2018
    Expiration Date: 04/26/2028
    Monetary Award:

      Creditor: Linda L Marshall, Joel Christensen, Debtor: Timothy C Rote, Unsatisfied, Award Type: Judgment Court Costs, Amount: $523.40

    Monetary Award:

      Creditor: Linda L Marshall, Joel Christensen, Debtor: Timothy C Rote, Unsatisfied, Award Type: Judgment Attorney Fees, Amount: $4646.00

    Total: $5169.4
    Created: 04/27/2018 3:54 PM

**OTHER EVENTS AND HEARINGS**

| Date | Event | Status | Date |
|---|---|---|---|
| 03/09/2016 | **Complaint** | | |
| | Created: 03/09/2016 10:54 AM | | |
| 03/09/2016 | **Service** | | |
| | Marshall, Linda L | Unserved | |
| | Oregon State Bar | Unserved | |
| | Rote, Timothy C | Unserved | |
| | Christensen, Joel | Served | 03/16/2016 |
| | John Does 1-5 | Unserved | |
| | Created: 03/09/2016 10:54 AM | | |
| 03/10/2016 | **Complaint - Amended** | | |
| | Created: 03/11/2016 10:24 AM | | |
| 03/11/2016 | **Service** | | |
| | Marshall, Linda L | Unserved | |
| | Oregon State Bar | Unserved | |
| | Christensen, Joel | Unserved | |
| | John Does 1-5 | Unserved | |
| | Created: 03/11/2016 10:24 AM | | |
| 03/15/2016 | **Notice - Representation** | | |
| | Created: 03/16/2016 7:40 AM | | |
| 03/25/2016 | **Complaint - Amended** | | |
| | *Second* | | |
| | Created: 03/25/2016 1:14 PM | | |
| 03/25/2016 | **Service** | | |
| | Marshall, Linda L | Unserved | |
| | Oregon State Bar | Unserved | |
| | Christensen, Joel | Unserved | |
| | John Does 1-5 | Unserved | |
| | Created: 03/25/2016 1:16 PM | | |
| 04/07/2016 | **Proof - Service** | | |
| | *RE: COMPLAINT* | | |
| | Created: 04/08/2016 9:38 AM | | |
| 04/25/2016 | **Notice - Intent Take Default** | | |
| | Created: 04/25/2016 11:59 AM | | |
| 04/25/2016 | **Notice - Intent Take Default** | | |
| | Created: 04/25/2016 12:00 PM | | |
| 04/25/2016 | **Notice - Intent Take Default** | | |
| | Created: 04/25/2016 12:00 PM | | |
| 04/26/2016 | **Motion - Dismiss with Prejudice** | | |
| | *no fee ORS 20.140.Civil Motions to Schedule Workflow..* | | |
| | Created: 04/26/2016 10:44 AM | | |
| 04/26/2016 | **Motion** | | |
| | *Civil Motions to Schedule Workflow* | | |
| | Created: 04/27/2016 10:34 AM | | |
| 04/26/2016 | **Declaration** | | |
| | Created: 04/27/2016 10:35 AM | | |
| 05/02/2016 | **Reply** | | |
| | Created: 05/02/2016 3:25 PM | | |
| 05/02/2016 | **Declaration** | | |
| | Created: 05/02/2016 3:27 PM | | |
| 05/04/2016 | **Declaration** | | |
| | Created: 05/05/2016 8:58 AM | | |
| 05/04/2016 | **Reply** | | |
| | *& Memorandum to Oregon State Bar Motion to Dismiss and Ptf motion for leave to amend pleadings; Oral Arguement requested; workflowed to Civil Motions to Schedule Workflow* | | |
| | Created: 05/09/2016 12:26 PM | | |
| 05/12/2016 | **Declaration** | | |

Exhibit 12
2 of 6

|            |   |
|---|---|
| | Created: 05/12/2016 2:53 PM |
| 05/12/2016 | **Reply** |
| | Created: 05/12/2016 2:55 PM |
| 05/17/2016 | **Reply** |
| | *in support of m/to dism* |
| | Created: 05/18/2016 11:04 AM |
| 05/18/2016 | **Motion - Disqualify Judge** |
| | *JSJ, ELM and HLK* |
| | Created: 05/18/2016 11:47 AM |
| 05/23/2016 | **Hearing - Motion** (9:00 AM) (Judicial Officer Winters, Eric Skip) |
| | *OSB's m/dismiss; defs' anti-SLAPP motion also to be heard; aty Caldwell rdy 30 min 5/19; aty Johnson rdy 30 min 5/19;* |
| | Result: Held |
| | Created: 04/26/2016 11:25 AM |
| 06/03/2016 | **Motion - Reconsider** |
| | *Civil Motions to Schedule Workflow* |
| | Created: 06/06/2016 9:23 AM |
| 06/06/2016 | **Judgment - Proposed** (Judicial Officer: Winters, Eric Skip ) |
| | *not to be signed* |
| | Created: 06/06/2016 2:10 PM |
| 06/07/2016 | **Motion - Strike** |
| | *ptf's m/to reconsider..Civil Motions to Schedule Workflow* |
| | Created: 06/07/2016 4:13 PM |
| 06/14/2016 | **Letter** |
| | *From Plft Timothy C. Rote e-mailed to RDH.* |
| | Created: 06/14/2016 2:32 PM |
| 06/14/2016 | **Letter** (Judicial Officer: Herndon, Robert D ) |
| | *In response to e-mail from Timothy C. Rote;* |
| | Created: 06/14/2016 2:34 PM |
| 06/22/2016 | **Notice - Dismiss Want Prosecution** |
| | Created: 06/22/2016 3:45 PM |
| 06/23/2016 | **Notice** |
| | Created: 06/24/2016 10:39 AM |
| 06/27/2016 | **Motion - Reconsider** |
| | *Civil Motions to Schedule Workflow* |
| | Created: 06/27/2016 9:43 AM |
| 08/03/2016 | **Hearing - Motion** (1:30 PM) (Judicial Officer Herndon, Robert D) |
| | *Hearing on Plaintiff's Motion for Reconsideration on Order Granting Oregon State Bar's Motion to Dismiss and Consideration of New Evidence. Atty Caldwell ready, 1 hr (?) 8/1;* |
| | Result: Held |
| | Created: 07/26/2016 9:50 AM |
| 08/12/2016 | **Digitized Judgment Document** (Judicial Officer: Herndon, Robert D ) |
| | Signed Date: 08/12/2016 |
| | Created: 08/12/2016 8:29 AM |
| 08/12/2016 | **Notice - Judgment Entry** |
| | Created: 08/12/2016 8:30 AM |
| 08/12/2016 | **Statement - Attorney Fees** |
| | Created: 08/12/2016 1:13 PM |
| 08/12/2016 | **Declaration** |
| | Created: 08/12/2016 1:13 PM |
| 08/16/2016 | **Order** (Judicial Officer: Herndon, Robert D ) |
| | *m/to reconsider and anti slapp motion* |
| | Signed: 08/15/2016 |
| | Created: 08/16/2016 11:10 AM |
| 08/16/2016 | **Digitized Judgment Document** |
| | Created: 08/16/2016 11:16 AM |
| 08/25/2016 | **Opposition** |
| | *to ptf's Atty fees. In paper. Fwd to ctrm 2 to possibly set hrg.* |
| | Created: 08/31/2016 10:28 AM |
| 08/25/2016 | **Declaration** |
| | *in paper* |
| | Created: 08/31/2016 10:29 AM |
| 08/29/2016 | **Notice - Appeal** |
| | *CA162972/Record in its entirety* |
| | Created: 08/29/2016 9:59 AM |
| 09/01/2016 | **Declaration** |
| | Created: 09/02/2016 10:27 AM |
| 09/01/2016 | **Reply** |
| | *in support of atty fees, cost* |
| | Created: 09/02/2016 10:27 AM |
| 09/07/2016 | **Motion - Stay Execution** |
| | *and award of atty fees pending disposition of appeal. In paper. Fwd to ctrm 5* |
| | Created: 09/09/2016 9:06 AM |
| 09/08/2016 | **Notice** |
| | *of monies deposited in lieu of undertaking ff500* |
| | Created: 09/09/2016 11:24 AM |
| 09/16/2016 | **Opposition** |
| | *to ptf's m/to stay execution* |
| | Created: 09/16/2016 3:50 PM |
| 09/22/2016 | **Order** (Judicial Officer: Herndon, Robert D ) |
| | *re: ptf's m/to stay execution as Denied. In paper* |
| | Signed: 09/21/2016 |
| | Created: 09/22/2016 9:20 AM |
| 09/23/2016 | **Order** (Judicial Officer: Winters, Eric Skip ) |
| | *OSB's m/to dism; vacated 11/21/2016 by Judge Winters* |

Exhibit 12
3 of 6

12/14/2018                               https://publicaccess.courts.oregon.gov/PublicAccessLogin/CaseDetail.aspx?CaseID=28317805

|            |                                                                                                                                              |
|------------|----------------------------------------------------------------------------------------------------------------------------------------------|
|            | Signed:  09/23/2016 |
|            | Created: 09/23/2016 9:40 AM |
| 10/18/2016 | **Notice** |
|            | *CA162972/Transcript deemed settled; Electronic transcript and certificate due within 14 days; Opening Briefs due 11/29/2016* |
|            | Created: 10/18/2016 9:55 AM |
| 11/08/2016 | **Motion - Reconsider** |
|            | *Civil Motions to Schedule Workflow* |
|            | Created: 11/09/2016 9:30 AM |
| 11/08/2016 | **Declaration** |
|            | Created: 11/09/2016 9:30 AM |
| 11/08/2016 | **Exhibit** |
|            | Created: 11/09/2016 9:30 AM |
| 11/08/2016 | **Exhibit** |
|            | Created: 11/09/2016 9:30 AM |
| 11/22/2016 | **Response** |
|            | *to ptf's m/to reconsider.* |
|            | Created: 11/23/2016 1:28 PM |
| 12/04/2016 | **Reply** |
|            | *in support of m/to reconsider* |
|            | Created: 12/05/2016 9:48 AM |
| 12/04/2016 | **Declaration** |
|            | Created: 12/05/2016 9:48 AM |
| 12/04/2016 | **Exhibit** |
|            | Created: 12/05/2016 9:48 AM |
| 12/19/2016 | **Hearing**  (10:30 AM) (Judicial Officer Herndon, Robert D) |
|            | *Statement for Attorney fees, costs and disbursements for Defendants Linda Marshall and Joel Christiansen.* |
|            | Result: Held |
|            | Created: 11/17/2016 11:45 AM |
| 12/30/2016 | **Opinion - Letter** (Judicial Officer: Herndon, Robert D ) |
|            | Signed:  12/30/2016 |
|            | Created: 12/30/2016 9:05 AM |
| 02/09/2017 | **Order** (Judicial Officer: Herndon, Robert D ) |
|            | *ptf's m/to reconsider* |
|            | Signed:  02/03/2017 |
|            | Created: 02/09/2017 1:30 PM |
| 02/09/2017 | **Digitized Judgment Document** |
|            | Created: 02/09/2017 1:37 PM |
| 02/09/2017 | **Notice - Judgment Entry** |
|            | Created: 02/09/2017 1:37 PM |
| 03/15/2017 | **Notice - Appeal** |
|            | *CA164406/Record in its entirety; Judgment entered 02/09/2017* |
|            | Created: 03/16/2017 11:38 AM |
| 04/10/2017 | **Notes - Correspondence** |
|            | *Notice of Transcriber Assignment filed with the Court of Appeals. K. Bradford assigned to prepare transcript Re: A164406/Dec. 19, 2016 hrg.* |
|            | Created: 04/11/2017 8:49 AM |
| 04/11/2017 | **Request - Record Proceedings** |
|            | *CA162972/Trial Court File requested by COA; No Trial Court Exhibits* |
|            | Created: 04/11/2017 1:57 PM |
| 04/17/2017 | **Order** (Judicial Officer: Nass, James W ) |
|            | *CA164406/Granting Motion for Extension of Time; Transcript now due 05/03/2017* |
|            | Signed:  04/17/2017 |
|            | Created: 04/17/2017 1:03 PM |
| 04/21/2017 | **Certificate** |
|            | *CA162972/Trial Court File sent eTransmission to COA; No Trial Court Exhibits* |
|            | Created: 04/21/2017 9:36 AM |
| 04/21/2017 | **Notice** |
|            | *CA162972/Email confirmation Trial Court File sent eTransmission; No Trial Court Exhibits* |
|            | Created: 04/21/2017 11:48 AM |
| 05/17/2017 | **Notice** |
|            | *CA164406/Transcript settled; Electronic transcript and certificate due within 14 days; Opening Briefs due 06/28/2017* |
|            | Created: 05/17/2017 1:45 PM |
| 07/24/2017 | **Motion - Relief from Judgment** |
|            | *ff100 for jgmt entered against ptf to Civil Motions to Schedule Workflow* |
|            | Created: 07/24/2017 3:47 PM |
| 07/24/2017 | **Declaration** |
|            | Created: 07/24/2017 3:47 PM |
| 07/24/2017 | **Exhibit** |
|            | Created: 07/24/2017 3:47 PM |
| 07/24/2017 | **Exhibit** |
|            | Created: 07/24/2017 3:47 PM |
| 07/24/2017 | **Exhibit** |
|            | Created: 07/24/2017 3:47 PM |
| 07/24/2017 | **Motion - Amend** |
|            | *amended m/for relief to Civil Motions to Schedule Workflow* |
|            | Created: 07/25/2017 10:49 AM |
| 07/24/2017 | **Declaration** |
|            | Created: 07/25/2017 10:49 AM |
| 08/09/2017 | **Opposition** |
|            | *to ptf's m/to amend to Civil Motions to Schedule Workflow* |
|            | Created: 08/09/2017 1:36 PM |
| 08/17/2017 | **Motion** |
|            | *for Leave to File 2nd Amended Motion to Dismiss* |
|            | Created: 08/17/2017 3:54 PM |
| 08/17/2017 | **Exhibit** |

Exhibit 12
4 of 6

|  |  |
|---|---|
|  | *Exhibit 1* |
|  | Created: 08/17/2017 3:54 PM |
| 08/17/2017 | **Exhibit** |
|  | *Exhibit 2* |
|  | Created: 08/17/2017 3:54 PM |
| 08/17/2017 | **Reply** |
|  | *in Support of Motion to Vacate Judgment* |
|  | Created: 08/17/2017 3:54 PM |
| 08/21/2017 | **Motion - Relief from Judgment** |
|  | *ff100 to Civil Motions to Schedule Workflow* |
|  | Created: 08/21/2017 3:44 PM |
| 08/21/2017 | **Declaration** |
|  | Created: 08/21/2017 3:44 PM |
| 08/21/2017 | **Exhibit** |
|  | Created: 08/21/2017 3:44 PM |
| 08/21/2017 | **Exhibit** |
|  | Created: 08/21/2017 3:44 PM |
| 08/21/2017 | **Exhibit** |
|  | Created: 08/21/2017 3:44 PM |
| 08/29/2017 | **Letter** |
|  | *req to back date 8/21 motion to 8/17 to RDH in paper* |
|  | Created: 08/31/2017 11:16 AM |
| 08/31/2017 | **Filing Copy - Affirm on Appeal (Pre-Disposition)** |
|  | *CA162972/AFFIRMED WITHOUT OPINION; Costs allowed, payable by Appellant; Effective 08/30/2017* |
|  | Created: 08/31/2017 9:22 AM |
| 08/31/2017 | **Digitized Judgment Document** (Judicial Officer: DEHOOG, ROGER ) |
|  | Signed Date:  08/30/2017 |
|  | Created: 08/31/2017 9:37 AM |
| 08/31/2017 | **Notice - Judgment Entry** |
|  | Created: 08/31/2017 9:42 AM |
| 09/05/2017 | **Opposition** |
|  | *TO PLAINTIFF'S MOTION TO AMEND AND TO THE AUGUST 17,2017 ORCP 71 MOTION TO VACATE JUDGMENT* |
|  | Created: 09/05/2017 10:34 AM |
| 09/13/2017 | **Reply** |
|  | *in Support of Memorandum for Relief* |
|  | Created: 09/13/2017 1:05 PM |
| 09/14/2017 | **Hearing**  (9:00 AM) (Judicial Officer Herndon, Robert D) |
|  | *Pltf.'s Amended Motion for Relief of Judgment; 30 min;* |
|  | Result: Held |
|  | Created: 08/11/2017 1:35 PM |
| 09/26/2017 | **Order** (Judicial Officer: Herndon, Robert D ) |
|  | *ON PLAINTIFF'S ORCP 71 MOTION TO VACATE THE SUPPLEMENTAL JUDGMENT, MOTION FOR LEAVE TO AMEND, AND MOTION FOR* |
|  | *RELIEF OF JUDGMENT DATED AUGUST 16,2016 is DENIED.* |
|  | Signed:  09/26/2017 |
|  | Created: 09/26/2017 11:14 AM |
| 12/01/2017 | **Request - Record Proceedings** |
|  | *CA164406/Trial Court File requested by COA; No Trial Court Exhibits* |
|  | Created: 12/01/2017 9:26 AM |
| 12/07/2017 | **Certificate** |
|  | *CA164406/Trial Court File sent eTransmission; No Trial Court Exhibits* |
|  | Created: 12/07/2017 11:43 AM |
| 12/07/2017 | **Notice** |
|  | *CA164406/Email confirmation Trial Court File sent eTransmission; No Trial Court Exhibits* |
|  | Created: 12/07/2017 2:37 PM |
| 04/26/2018 | **Filing Copy - Affirm on Appeal (Pre-Disposition)** |
|  | *CA164406: Affirmed without opinion* |
|  | Created: 04/27/2018 3:52 PM |
| 04/27/2018 | **Notice - Judgment Entry** |
|  | Created: 04/27/2018 3:55 PM |

---

FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Attorney** CALDWELL, CAREY | | | |
| | Total Financial Assessment | | | 14.40 |
| | Total Payments and Credits | | | 14.40 |
| | **Balance Due as of 12/14/2018** | | | **0.00** |
| 09/21/2018 | Transaction Assessment | | | 14.40 |
| 09/21/2018 | Phone Payment | Receipt # 2018-871667 | Gordon L Wellborn | (14.40) |
| | | | | |
| | **Defendant** Christensen, Joel | | | |
| | Total Financial Assessment | | | 158.00 |
| | Total Payments and Credits | | | 158.00 |
| | **Balance Due as of 12/14/2018** | | | **0.00** |
| 04/27/2016 | Transaction Assessment | | | 158.00 |
| 04/27/2016 | xWeb Accessed eFile | Receipt # 2016-2087426 | Christensen, Joel | (158.00) |

Exhibit 12
5 of 6

| | **Plaintiff** Rote, Timothy C | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | 993.00 |
| | Total Payments and Credits | | | 993.00 |
| | **Balance Due as of 12/14/2018** | | | **0.00** |
| 03/09/2016 | Transaction Assessment | | | 793.00 |
| 03/09/2016 | Counter Payment | Receipt # 2016-1910442 | Rote, Timothy C | (793.00) |
| 07/24/2017 | Transaction Assessment | | | 100.00 |
| 07/24/2017 | xWeb Accessed eFile | Receipt # 2017-668082 | Rote, Timothy C | (100.00) |
| 08/21/2017 | Transaction Assessment | | | 100.00 |
| 08/21/2017 | xWeb Accessed eFile | Receipt # 2017-758337 | Rote, Timothy C | (100.00) |

Exhibit 12
6 of 6

CT,PROTECTIVE ORD,TERMINATED

## U.S. District Court
## District of Oregon (Portland (3))
## CIVIL DOCKET FOR CASE #: 3:14-cv-00406-HZ

| | |
|---|---|
| Zweizig v. Rote et al | Date Filed: 03/11/2014 |
| Assigned to: Judge Marco A. Hernandez | Date Terminated: 07/25/2018 |
| Demand: $600,000 | Jury Demand: Both |
| Cause: 28:1332 Diversity-Fraud | Nature of Suit: 370 Other Fraud |
| | Jurisdiction: Diversity |

**Plaintiff**

**Max Zweizig**                    represented by    **Linda L. Marshall**
                                                    PMB 408
                                                    3 Monroe Parkway
                                                    Suite P
                                                    Lake Oswego, OR 97035
                                                    503-699-2082
                                                    Fax: 503-697-8477
                                                    Email:
                                                    linda.marshall.attorneyatlaw@gmail.com
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Joel W. Christiansen**
                                                    812 NW 17th Avenue
                                                    Portland, OR 97209
                                                    503-841-6722
                                                    Fax: 503-928-5580
                                                    Email: joel@oremploymentlawyer.com
                                                    *TERMINATED: 06/24/2016*

                                                    **Shawn M. Sornson**
                                                    Shawn M. Sornson, PC
                                                    3415 Commercial Street, SE
                                                    Suite 106
                                                    Salem, OR 97302
                                                    (503) 585-3224
                                                    Fax: (503) 585-3755
                                                    Email: smsattorney@hotmail.com
                                                    *TERMINATED: 04/13/2015*

V.

**Defendant**

                                represented by

**Exhibit 13**
**1 of 33**

District of Oregon CM/ECF LIVE Release Version 6.1                    Page 2 of 33

**Timothy C. Rote**
*a citizen of the State of Oregon*

**Timothy C. Rote**
24790 SW Big Fir Road
West Linn, OR 97068
Email: timothy.rote@gmail.com
PRO SE

**Jeffrey I. Hasson**
Hasson Law, LLC
9385 SW Locust Street
Tigard, OR 97223
503-255-5352
Fax: 503-255-6124
Email: hasson@hassonlawllc.com
*TERMINATED: 12/28/2015*

**Defendant**

**Northwest Direct Teleservices, Inc.**
*an Oregon for-profit corporation.*
*Default entered 2/20/2017*

represented by **Northwest Direct Teleservices, Inc.**
c/o Timothy C. Rote
24790 SW Big Fir Road
West Linn, OR 97068
PRO SE

**Andrew C. Brandsness**
Brandsness Brandsness & Rudd, P.C.
411 Pine Street
Klamath Falls, OR 97601
541-882-6616
Fax: 541-882-3571
Email: andy@brandsnessrudd.com
*TERMINATED: 11/01/2016*

**Jeffrey I. Hasson**
(See above for address)
*TERMINATED: 12/28/2015*

**Defendant**

**Northwest Direct Marketing of Oregon, Inc.**
*an Oregon for-profit corporation.*
*Default entered 2/20/2017*

represented by **Northwest Direct Marketing of Oregon, Inc.**
PRO SE

**Andrew C. Brandsness**
(See above for address)
*TERMINATED: 11/01/2016*

**Jeffrey I. Hasson**
(See above for address)
*TERMINATED: 12/28/2015*

**Defendant**

Exhibit 13
2 of 33

**Does 1-10**
*TERMINATED: 12/11/2015*

### Defendant

**Northwest Direct Marketing, Inc.**
*an Oregon for-profit corporation.*
*Default entered 2/20/2017*

represented by **Northwest Direct Marketing, Inc.**
PRO SE

**Andrew C. Brandsness**
(See above for address)
*TERMINATED: 11/01/2016*

### Defendant

**Northwest Direct of Eugene, Inc.**
*Removed from docket per Order [111]*
*TERMINATED: 02/11/2016*
*also known as*
Northwest Direct Marketing, Inc.

### Defendant

**Northwest Direct of Iowa, Inc.**
*an Iowa for-profit corporation. Default*
*entered 2/20/2017*

represented by **Northwest Direct of Iowa, Inc.**
PRO SE

**Andrew C. Brandsness**
(See above for address)
*TERMINATED: 11/01/2016*

### Defendant

**Rote Enterprises, LLC**
*an Oregon limited liability company.*
*Default entered 2/20/2017*

represented by **Rote Enterprises, LLC**
PRO SE

**Andrew C. Brandsness**
(See above for address)
*TERMINATED: 11/01/2016*

### Defendant

**Northwest Direct Marketing, Inc.**
*a Delaware Corporation. Default*
*entered 2/20/2017*
*also known as*
Northwest Direct Marketing
(Delaware), Inc.

represented by **Northwest Direct Marketing, Inc.**
(See above for address)
PRO SE

**Andrew C. Brandsness**
(See above for address)
*TERMINATED: 11/01/2016*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 03/11/2014 | 1 | Complaint. Filing fee in the amount of $400 collected. Agency Tracking ID: 0979-3607994 Jury Trial Requested: Yes. Filed by Max Zweizig against All |

| | | |
|---|---|---|
| | | Defendants (Attachments: # 1 Civil Cover Sheet). (Marshall, Linda) (Entered: 03/11/2014) |
| 03/11/2014 | 2 | Notice of Case Assignment to Magistrate Judge Janice M. Stewart and Discovery and Pretrial Scheduling Order. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5**. Discovery is to be completed by 7/9/2014. Joint Alternate Dispute Resolution Report is due by 8/8/2014. Pretrial Order is due by 8/8/2014. Ordered by Magistrate Judge Janice M. Stewart. (cib) (Entered: 03/12/2014) |
| 03/13/2014 | 3 | Proposed Summons *of Timothy C. Rote* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/13/2014 | 4 | Proposed Summons *to Northwest Direct Teleservices, Inc.* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/13/2014 | 5 | Proposed Summons *to Northwest Direct Marketing of Oregon, Inc.* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/13/2014 | 6 | Proposed Summons *to Northwest Direct Marketing, Inc.* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/13/2014 | 7 | Amended Proposed Summons *to Northwest Direct Teleservices, Inc.* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/13/2014 | 8 | Amended Proposed Summons *to Northwest Direct Marketing of Oregon, Inc.* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/13/2014 | 9 | Amended Proposed Summons *to Timothy C. Rote* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/13/2014 | 10 | Amended Proposed Summons *to Northwest Direct Teleservices, Inc.* Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/13/2014) |
| 03/14/2014 | 11 | Summons Issued Electronically as to Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5.** (Attachments: # 1 NW Direct Teleservices, Inc., # 2 NW Direct Marketing of Oregon, # 3 issued summons Timothy Rote) (cib) (Entered: 03/14/2014) |
| 05/23/2014 | 12 | Waiver of Service of Summons Returned Executed by Timothy Rote waiver sent on 4/16/2014. Filed by Max Zweizig. (Marshall, Linda) (Entered: 05/23/2014) |
| 05/23/2014 | 13 | Waiver of Service of Summons Returned Executed by Northwest Direct Marketing, Inc. waiver sent on 4/16/2014. Filed by Max Zweizig. (Marshall, Linda) (Entered: 05/23/2014) |
| 05/23/2014 | 14 | Waiver of Service of Summons Returned Executed Filed by Max Zweizig. (Marshall, Linda) (Entered: 05/23/2014) |
| 05/23/2014 | 15 | |

Exhibit 13
4 of 33

| | | Waiver of Service of Summons Returned Executed by Northwest Direct Marketing of Oregon, Inc. waiver sent on 4/16/2014. Filed by Max Zweizig. (Marshall, Linda) (Entered: 05/23/2014) |
|---|---|---|
| 05/23/2014 | 16 | Waiver of Service of Summons Returned Executed by Northwest Direct Teleservices, Inc. waiver sent on 4/16/2014. Filed by Max Zweizig. (Marshall, Linda) (Entered: 05/23/2014) |
| 06/03/2014 | 17 | Amended Complaint . Filed by Max Zweizig against All Defendants. (Marshall, Linda) (Entered: 06/03/2014) |
| 06/04/2014 | 18 | Notice of Appearance of Jeffrey I. Hasson appearing on behalf of Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote Filed by on behalf of Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote (Hasson, Jeffrey) (Entered: 06/04/2014) |
| 06/16/2014 | 19 | Motion to Dismiss for Lack of Jurisdiction . Oral Argument requested. Filed by Northwest Direct Marketing, Inc., Northwest Direct Marketing of Oregon, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 06/16/2014) |
| 06/16/2014 | 20 | Corporate Disclosure Statement . Filed by Northwest Direct Teleservices, Inc.. (Hasson, Jeffrey) (Entered: 06/16/2014) |
| 06/16/2014 | 21 | Corporate Disclosure Statement . Filed by Northwest Direct Marketing of Oregon, Inc.. (Hasson, Jeffrey) (Entered: 06/16/2014) |
| 06/16/2014 | 22 | Corporate Disclosure Statement . Filed by Northwest Direct Marketing, Inc.. (Hasson, Jeffrey) (Entered: 06/16/2014) |
| 06/16/2014 | 23 | Unopposed Motion for Stay *Discovery and Pretrial Order Deadlines*. Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 06/16/2014) |
| 06/17/2014 | 24 | **ORDER:** Granting Defendants' Unopposed Motion To Stay Discovery and Pretrial Order Deadlines 23 pending outcome of Motion to Dismiss 19 . Ordered by Magistrate Judge Janice M. Stewart. (jlr) (Entered: 06/17/2014) |
| 06/20/2014 | 25 | Scheduling Order by Magistrate Judge Janice M. Stewart: SETTING Motion to Dismiss for Lack of Jurisdiction 19 for Oral Argument on Thursday, **8/21/2014 at 09:30AM** in Portland Courtroom 11A before Magistrate Judge Janice M. Stewart. Please see attached Notice Regarding Civil Case Procedures in cases assigned to Judge Stewart. (jlr) (Entered: 06/20/2014) |
| 06/30/2014 | 26 | Unopposed Motion for Extension of Time . Filed by Max Zweizig. (Marshall, Linda) (Entered: 06/30/2014) |
| 06/30/2014 | 27 | Declaration of Linda L. Marshall *in Support for Unopposed Motion for Extension of Time*. Filed by Max Zweizig. (Related document(s): Motion for Extension of Time 26 .) (Marshall, Linda) (Entered: 06/30/2014) |
| 07/01/2014 | 28 | |

Exhibit 13
5 of 33

| | | |
|---|---|---|
| | | **ORDER:** Granting Motion for Extension of Time 26 to file response to Motion to Dismiss for Lack of Jurisdiction 19 . Response is due by 7/2/2014. Ordered by Magistrate Judge Janice M. Stewart. (jlr) (Entered: 07/01/2014) |
| 07/02/2014 | 29 | Memorandum in Opposition to Motion to Dismiss for Lack of Jurisdiction 19 Oral Argument requested. Filed by Max Zweizig. (Marshall, Linda) (Entered: 07/02/2014) |
| 07/16/2014 | 30 | Reply to Motion to Dismiss for Lack of Jurisdiction 19 . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 07/16/2014) |
| 08/21/2014 | 31 | **MINUTES of Proceedings:** before Magistrate Judge Janice M. Stewart. Motion Hearing Held regarding Motion to Dismiss/Lack of Jurisdiction 19 . ORDER: Plaintiff's Supplemental Brief is due 8/29/2014; Defendants' Supplemental Response Brief is due 9/5/2014. Defendants' Motion to Dismiss (docket # 19 ) will be taken under advisement upon receipt of the supplemental briefing. Linda Marshall present as counsel for plaintiff(s). Jeffrey Hasson present as counsel for defendant(s). Court Reporter: Jill Erwin (503) 326-8191. (jlr) (Entered: 08/21/2014) |
| 08/29/2014 | 32 | Supplement *Memoradum In Opposition to Defendant's Motion to Dismiss*. Filed by Max Zweizig. (Related document(s): Motion to Dismiss/Lack of Jurisdiction 19 .) (Marshall, Linda) (Entered: 08/29/2014) |
| 09/03/2014 | 33 | Sur-Reply *(Response to Plaintiff's Supplemental Memorandum)* to Motion to Dismiss for Lack of Jurisdiction 19 . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 09/03/2014) |
| 09/03/2014 | 34 | Order: Taking defendants' Motion to Dismiss for Lack of Jurisdiction 19 under advisement as of 9/5/2014. Ordered by Magistrate Judge Janice M. Stewart. (stewart1, ) (Entered: 09/03/2014) |
| 10/22/2014 | 35 | Findings & Recommendation: Motion to Dismiss for Lack of Jurisdiction 19 should be granted as to the Third Claim with leave to replead and otherwise should be denied. Objections to the Findings and Recommendation are due by 11/10/2014. Signed on 10/22/14 by Magistrate Judge Janice M. Stewart. (ST) (Entered: 10/22/2014) |
| 10/23/2014 | 36 | Order by Magistrate Judge Janice M. Stewart referring Findings & Recommendation 35 , and Motion to Dismiss for Lack of Jurisdiction 19 to Judge Marco A. Hernandez for his consideration. (jlr) (Entered: 10/23/2014) |
| 11/10/2014 | 37 | Objections to Findings & Recommendation: Motion to Dismiss for Lack of Jurisdiction 19 35 Oral Argument requested. Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 11/10/2014) |
| 11/24/2014 | 38 | **STRICKEN pursuant to order dated 12/4/2014.** ~~Memorandum in Opposition *Defendant's Partial Objection* to Findings & Recommendation: Motion to Dismiss for Lack of Jurisdiction 19 35 Oral Argument requested.~~ |

Exhibit 13
6 of 33

| | | |
|---|---|---|
| | | ~~Filed by Max Zweizig. (Marshall, Linda)~~ Modified on 12/4/2014. (mr) (Entered: 11/24/2014) |
| 12/04/2014 | 39 | Order for Administrative Correction of the Record pursuant to Fed. R. Civ. P. 60(a) regarding Memorandum in Opposition 38 filed by Max Zweizig. A Clerical error has been discovered in the case record. The Clerk is directed to make the following administrative corrections to the record: Docket entry 38 filed by plaintiff, is a refiling of docket entry 37 (defendant's objection to F&R). Thus, docket entry 38 is not what it purports to be and the Clerk's Office is directed to strike the filing from the docket. Plaintiff shall immediately file the intended response to opposition to F&R. Ordered by Judge Marco A. Hernandez. (mr) (Entered: 12/04/2014) |
| 12/04/2014 | 40 | Response to Objections to Findings & Recommendation (titled by filer: Memorandum in Opposition to Defendants' Partial Ojbections to F&R). Related document(s): 35 Findings & Recommendation, and 37 Objections to Findings & Recommendation, Oral Argument requested. Filed by Max Zweizig. (mr) (Entered: 12/04/2014) |
| 12/16/2014 | 41 | **ORDER:** The Court adopts Magistrate Judge Stewart's Findings and Recommendation 35 . Therefore, Defendants' Motion to Dismiss 19 is denied with respect to Plaintiff's first and second claims for relief, and granted with respect to Plaintiff's third claim for relief, which is dismissed with leave to amend. See 3-page order attached. Signed on 12/16/2014 by Judge Marco A. Hernandez. (mr) (Entered: 12/17/2014) |
| 12/29/2014 | 42 | Answer to 17 Amended Complaint . Filed by Northwest Direct Marketing, Inc., Northwest Direct Marketing of Oregon, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 12/29/2014) |
| 04/10/2015 | 43 | Scheduling Order by Magistrate Judge Janice M. Stewart: SETTING a TELEPHONE Rule 16 Conference for Wednesday, 4/22/2015 at 09:30AM before Magistrate Judge Janice M. Stewart. Court staff will initiate the call to counsel. (jlr) (Entered: 04/10/2015) |
| 04/13/2015 | 44 | Notice of Attorney Withdrawal: Filed by Max Zweizig (Sornson, Shawn) (Entered: 04/13/2015) |
| 04/22/2015 | 45 | **MINUTES of Proceedings:** Telephone Rule 16 Conference held; Notice Regarding Civil Case Procedures. ORDER: Setting the following case schedule and deadlines: Joint Alternate Dispute Resolution Report is due by 8/28/2015. Discovery is to be completed and dispositive motions are due by 9/30/2015. Written consents to proceed before a Magistrate Judge, if any, are to be filed by 9/30/2015. Please see the Civil Case Assignment Order (docket # 2 , p. 6) for Consent form. The Pretrial Order is due and Expert Witness Statements are to be exchanged by 11/2/2015, unless dispositive motions are filed, in which case, the Pretrial Order is due and Expert Witness Statements are to be exchanged within 30 days after a final ruling on the dispositive motions. Please see the attached Notice regarding additional procedures applicable in cases assigned to Magistrate Judge Stewart. Linda Marshall present as counsel for plaintiff(s). Jeffrey Hasson present as counsel for defendant(s). Court Reporter: none. Tape |

| | | No: none.Magistrate Judge Janice M. Stewart presiding. (stewart1, ) (Entered: 04/22/2015) |
|---|---|---|
| 08/18/2015 | 46 | Stipulated Motion for Protective Order . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 08/18/2015) |
| 08/18/2015 | 47 | **STIPULATED PROTECTIVE ORDER** regarding Stipulated Motion for Protective Order 46 . Signed on 8/18/15 by Magistrate Judge Janice M. Stewart. (jlr) (Entered: 08/18/2015) |
| 08/19/2015 | 48 | Motion for Protective Order . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Oral Argument requested. Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 08/19/2015) |
| 08/19/2015 | 49 | Declaration of Jeffrey I. Hasson . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Related document(s): Motion for Protective Order, 48 .) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E) (Hasson, Jeffrey) (Entered: 08/19/2015) |
| 08/24/2015 | 50 | Scheduling Order by Magistrate Judge Janice M. Stewart regarding Motion for Protective Order 48 . TELEPHONE Oral Argument is set for Thursday, **9/10/2015 at 11:00AM** before Magistrate Judge Janice M. Stewart. Court staff will initiate the call to counsel. (jlr) (Entered: 08/24/2015) |
| 08/26/2015 | 51 | Order by Magistrate Judge Janice M. Stewart. Counsel are to call the AT&T toll-free conference line for the TELEPHONE Oral Argument which is set for Thursday, 9/10/2015 at 11:00AM. The number will be provided to counsel by separate e-mail. (jlr) (Entered: 08/26/2015) |
| 08/31/2015 | 52 | Joint ADR Report . Filed by Max Zweizig.(Marshall, Linda) (Entered: 08/31/2015) |
| 09/02/2015 | 53 | Motion for Summary Judgment . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 09/02/2015) |
| 09/02/2015 | 54 | Declaration of Timothy C. Rote . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Related document(s): Motion for Summary Judgment, 53 .) (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Hasson, Jeffrey) (Entered: 09/02/2015) |
| 09/02/2015 | 55 | Declaration of Jeffrey I. Hasson . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Related document(s): Motion for Summary |

| | | |
|---|---|---|
| | | Judgment, 53 .) (Attachments: # 1 Exhibit A) (Hasson, Jeffrey) (Entered: 09/02/2015) |
| 09/03/2015 | 56 | Scheduling Order by Magistrate Judge Janice M. Stewart regarding Motion for Summary Judgment 53 . Response due by 9/28/2015. Reply due by 10/15/2015. Motion for Summary Judgment 53 will be taken under advisement on 10/15/2015. Please refer to Notice regarding additional procedures applicable in cases assigned to Magistrate Judge Stewart attached to document 45 . (jlr) (Entered: 09/03/2015) |
| 09/07/2015 | 57 | Response in Opposition to Motion for Protective Order 48 oral argument requested. (**DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER**) Filed by Max Zweizig. (Marshall, Linda) (Entered: 09/07/2015) |
| 09/07/2015 | 58 | Declaration of Linda L. Marshall *in Response to Defendants' Motion for Protective Order*. (**DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER**) Filed by Max Zweizig. (Related document(s): Response in Opposition to Motion 57 .) (Attachments: # 1 Exhibit F, # 2 Exhibit G, # 3 Exhibit H, # 4 Exhibit I, # 5 Exhibit J, # 6 Exhibit K, # 7 Exhibit L, # 8 Exhibit M) (Marshall, Linda) (Entered: 09/07/2015) |
| 09/07/2015 | 59 | Response To Defendants' Motion For Protective Order . (**DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER**) Filed by Max Zweizig. (Related document(s): Response in Opposition to Motion 57 .) (Attachments: # 1 Exhibit N, # 2 Exhibit O, # 3 Exhibit P, # 4 Exhibit Q, # 5 Exhibit R, # 6 Exhibit S, # 7 Exhibit T, # 8 Exhibit U, # 9 Exhibit V, # 10 Exhibit W, # 11 Exhibit X, # 12 Exhibit Y) (Marshall, Linda) Modified on 9/14/2015 docket text to response instead of declaration (cib). (Entered: 09/07/2015) |
| 09/07/2015 | 60 | Declaration of Max Zweizig *Submitted in Response to Defendants' Motion for Protective Order*. (**DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER**) Filed by Max Zweizig. (Related document(s): Response in Opposition to Motion 57 .) (Marshall, Linda) (Entered: 09/07/2015) |
| 09/10/2015 | 61 | **MINUTES of Proceedings:** Telephone Motion Hearing and Scheduling Conference held. ORDER: Defendants' Motion for Protective Order, docket # 48 , is DENIED. ORDER: Setting the following new case schedule and deadlines: Plaintiff's Response to Defendants' Motion for Summary Judgment, docket # 53 , is due 10/13/2015. Discovery is to be completed and dispositive motions are due by 11/2/2015. Defendants' Reply to their motion is due 11/4/2015. The Pretrial Order remains due 30 days after a final ruling on dispositive motions. Please see the Notice of Civil Case Procedures (docket # 45 ) for dispositive motions requirements and other procedures applicable in cases assigned to Judge Stewart. Linda Marshall present as counsel for plaintiff (s). Jeffrey Hasson present as counsel for defendant(s). Court Reporter: Amanda LeGore. Tape No: none.Magistrate Judge Janice M. Stewart presiding. (st1) (Entered: 09/10/2015) |
| 09/29/2015 | 62 | |

| | | Motion for Imposition of Sanctions . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 09/29/2015) |
|---|---|---|
| 09/29/2015 | 63 | Declaration of Jeffrey I. Hasson . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Related document(s): Motion for Imposition of Sanctions, 62 .) (Attachments: # 1 Exhibit A) (Hasson, Jeffrey) (Entered: 09/29/2015) |
| 09/29/2015 | 64 | Certificate of Service by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote of Motion for Imposition of Sanctions 62 and Declaration 63 with Service by Mail and Electronically on September 2, 2015 Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 09/29/2015) |
| 09/29/2015 | 65 | Scheduling Order by Magistrate Judge Janice M. Stewart: Setting the following new schedule for the pending motions in this case: Written Consents to proceed before a Magistrate Judge, if any, are due 10/19/2015 (Consent form available in the Civil Case Assignment Order (docket # 2 , p. 6)). Plaintiff's Responses to Defendants' Motion for Summary Judgment (docket # 53 ) and Defendants' Motion for Imposition of Sanctions (docket # 62 ) are due 10/19/2015. Defendants' Replies to both pending motions are due 11/9/2015. The motions will be taken under advisement on 11/16/2015. Please see the Notice Regarding Civil Case Procedures (docket # 25 ) for requirements regarding dispositive motions practice before Judge Stewart. Ordered by Magistrate Judge Janice M. Stewart. (st1) (Entered: 09/29/2015) |
| 10/13/2015 | 66 | Motion for Extension of Time to File a Response/Reply to Motion for Imposition of Sanctions 62 . Filed by Max Zweizig. (Marshall, Linda) (Entered: 10/13/2015) |
| 10/13/2015 | 67 | Declaration of Linda L. Marshall in Suport for Motion for Extension of Time. Filed by Max Zweizig. (Related document(s): Motion for Extension of Time to File Response/Reply to a Motion 66 .) (Marshall, Linda) (Entered: 10/13/2015) |
| 10/13/2015 | 68 | Response in Opposition Plantiff's Response to Motion for Summary Judgment 53 Oral Argument requested. (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Marshall, Linda) (Entered: 10/13/2015) |
| 10/13/2015 | 69 | Declaration of Linda L. Marshall in Suport for Response to Motion for Summary Judgement. (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Related document(s): Response in Opposition to Motion, 68 .) (Attachments: # 1 Exhibit Ex A, # 2 Exhibit Ex B, # 3 Exhibit Ex C, # 4 Exhibit Ex D, # 5 Exhibit Ex E, # 6 Exhibit Ex F, # 7 Exhibit Ex G, # 8 Exhibit Ex H, # 9 Exhibit Ex I, # 10 Exhibit Ex J, # 11 Exhibit Ex K, # 12 Exhibit Ex L, # 13 Exhibit Ex M, # 14 Exhibit Ex N, # |

**Exhibit 13**
**10 of 33**

| | | |
|---|---|---|
| | | 15 Exhibit Ex O, # 16 Exhibit Ex P, # 17 Exhibit Ex Q, # 18 Exhibit Ex R) (Marshall, Linda) (Entered: 10/14/2015) |
| 10/14/2015 | 70 | **ORDER:** Per e-mail from plaintiff's counsel, the Motion for Extension of Time to File Response 20 is withdrawn. Ordered by Magistrate Judge Janice M. Stewart. (jlr) (Entered: 10/14/2015) |
| 10/19/2015 | 71 | Response *Plantiff's Response* to Motion for Imposition of Sanctions 62 Oral Argument requested. (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Marshall, Linda) (Entered: 10/19/2015) |
| 10/19/2015 | 72 | Declaration of Max Zweizig *in Responce to Defendent's Motion for Sanctions.* (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Related document(s): Response to Motion 71 .) (Marshall, Linda) (Entered: 10/19/2015) |
| 10/19/2015 | 73 | Declaration of Linda L. Marshall *in Response to Defendent's Motion for Sanctions.* (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Related document(s): Response to Motion 71 .) (Attachments: # 1 Exhibit Ex S, # 2 Exhibit Ex T, # 3 Exhibit Ex U, # 4 Exhibit Ex V, # 5 Exhibit Ex W, # 6 Exhibit Ex X) (Marshall, Linda) (Entered: 10/19/2015) |
| 10/19/2015 | 74 | Amended Response in Opposition *of Defendent's Motion for Summary Judgment* to Motion for Summary Judgment 53 Oral Argument requested. (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Marshall, Linda) (Entered: 10/19/2015) |
| 11/02/2015 | 75 | Notice of Appearance of Joel W. Christiansen appearing on behalf of Max Zweizig Filed by on behalf of Max Zweizig (Christiansen, Joel) (Entered: 11/02/2015) |
| 11/06/2015 | 76 | Scheduling Order by Magistrate Judge Janice M. Stewart: SETTING Motion for Summary Judgment 53 , and Motion for Imposition of Sanctions 62 for Oral Argument on Wednesday, **12/9/2015 at 09:30AM in Portland Courtroom 11A before Magistrate Judge Janice M. Stewart. Defendant will appear by phone. The toll-free conference line number will be provided to Mr. Hasson by separate e-mail. (jlr) (Entered: 11/06/2015)** |
| 11/09/2015 | 77 | Reply to Motion for Summary Judgment 53 . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Attachments: # 1 Attachment TouchStar Complaint, # 2 Attachment TouchStar Contract) (Hasson, Jeffrey) (Entered: 11/09/2015) |
| 11/09/2015 | 78 | Reply to Motion for Imposition of Sanctions 62 . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Attachments: # 1 Attachment TouchStar Complaint, # 2 Attachment TouchStar Contract) (Hasson, Jeffrey) (Entered: 11/09/2015) |
| 11/09/2015 | 79 | |

**Exhibit 13**
**11 of 33**

| | | |
|---|---|---|
| | | Declaration of Jeffrey I. Hasson . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Related document(s): Motion for Imposition of Sanctions, 62 .) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Hasson, Jeffrey) (Entered: 11/09/2015) |
| 11/17/2015 | 80 | Motion for Leave to File Second Amended Complaint/Petition (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Marshall, Linda) Added Motion for Leave To Join Certain Defendants In Substitution of Doe Defendants and Motion for Extension of Discovery on 11/17/2015 (cib). (Entered: 11/17/2015) |
| 11/17/2015 | 81 | Declaration of Linda L. Marshall *in Support of Motion for Leave to File Second Amended Complaint, Join Defendants and Substitute for DOE Defendants, and for Extension of Discovery*. (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Related document(s): Motion for Leave to File Amended Complaint/Petition, 80 .) (Attachments: # 1 Exhibit EX B, # 2 Exhibit EX C) (Marshall, Linda) (Entered: 11/17/2015) |
| 11/17/2015 | 82 | Exhibits *in Support of Motion for Leave to File Second Amended Complaint, Join Defendants and Substitute for DOE Defendants, and for Extension of Discovery* re Motion for Leave to File Amended Complaint/Petition *to Join Defendents and Substitute DOE Defendents and Extension for Discovery*Motion for Extension of Discovery & PTO Deadlines 80 . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Attachments: # 1 Exhibit EX D) (Marshall, Linda) (Entered: 11/17/2015) |
| 11/17/2015 | 83 | Exhibits *E to Declaration of Linda L. Marshall in Support of Motion to File Second Amended Complaint, Join Defenants and Substitute for DOE Defendants and, Extension of Discovery* re Motion for Leave to File Amended Complaint/Petition *to Join Defendents and Substitute DOE Defendents and Extension for Discovery*Motion for Extension of Discovery & PTO Deadlines 80 . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Attachments: # 1 Exhibit EX E) (Marshall, Linda) (Entered: 11/17/2015) |
| 11/17/2015 | 84 | Exhibits *F-1 to Declaration of Linda L. Marshall in Support of Motion to File Second Amended Complaint, Join Defendants and Substitute for DOE Defendants and, Extension of Discovery* re Motion for Leave to File Amended Complaint/Petition *to Join Defendants and Substitute DOE Defendents and Extension for Discovery*Motion for Extension of Discovery & PTO Deadlines 80 . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Attachments: # 1 Exhibit EX F-1) (Marshall, Linda) (Entered: 11/17/2015) |
| 11/17/2015 | 85 | Exhibits *F-2 to Declaration of Linda L. Marshall in Support of Motion to File Second Amended Complaint, Join Defendants and Substitute for DOE Defendants and, Extension of Discovery* re Motion for Leave to File Amended Complaint/Petition *to Join Defendants and Substitute DOE Defendents and Extension for Discovery*Motion for Extension of Discovery & PTO Deadlines |

Exhibit 13
12 of 33

|  |  | 80 . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Attachments: # 1 Exhibit EX F-2) (Marshall, Linda) (Entered: 11/17/2015) |
|---|---|---|
| 11/17/2015 | 86 | Exhibits *G-J to Declaration of Linda L. Marshall in Support of Motion to File Second Amended Complaint, Join Defendants and Substitute for DOE Defendants and, Extension of Discovery* re Motion for Leave to File Amended Complaint/Petition *to Join Defendants and Substitute DOE Defendants and Extension for Discovery*Motion for Extension of Discovery & PTO Deadlines 80 . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Attachments: # 1 Exhibit EX G, # 2 Exhibit EX H, # 3 Exhibit EX I, # 4 Exhibit EX J) (Marshall, Linda) (Entered: 11/17/2015) |
| 11/17/2015 | 87 | Exhibits *K to Declaration of Linda L. Marshall in Support of Motion to File Second Amended Complaint, Join Defendants and Substitute for DOE Defendants and, Extension of Discovery* re Motion for Leave to File Amended Complaint/Petition *to Join Defendants and Substitute DOE Defendants and Extension for Discovery*Motion for Extension of Discovery & PTO Deadlines 80 . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Attachments: # 1 Exhibit EX K) (Marshall, Linda) (Entered: 11/17/2015) |
| 11/17/2015 | 88 | Exhibits *L-O to Declaration of Linda L. Marshall in Support of Motion to File Second Amended Complaint, Join Defendants and Substitute for DOE Defendants and, Extension of Discovery* re Motion for Leave to File Amended Complaint/Petition *to Join Defendants and Substitute DOE Defendants and Extension for Discovery*Motion for Extension of Discovery & PTO Deadlines 80 . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Attachments: # 1 Exhibit EX L, # 2 Exhibit EX M, # 3 Exhibit EX N, # 4 Exhibit EX O) (Marshall, Linda) (Entered: 11/17/2015) |
| 11/18/2015 | 89 | Scheduling Order by Magistrate Judge Janice M. Stewart regarding Motion for Leave to File Amended Complaint/ to Join Defendants and Substitute DOE Defendants and Extension for Discovery 80 . Response is due by 12/2/2015. Reply(if any)is due by 12/7/2015. Oral Argument is set for 12/9/2015 at 09:30AM in Portland Courtroom 11A before Magistrate Judge Janice M. Stewart. (jlr) Modified on 11/18/2015. NEF regenerated (jlr). (Entered: 11/18/2015) |
| 11/30/2015 | 90 | Response in Opposition to Motion for Leave to File Amended Complaint/Petition *to Join Defendants and Substitute DOE Defendants and Extension for Discovery*Motion for Extension of Discovery & PTO Deadlines 80 . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 11/30/2015) |
| 11/30/2015 | 91 | Declaration of Jeffrey I. Hasson . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Related document(s): Motion for Leave to File Amended |

| | | Complaint/Petition, Motion for Leave, Motion for Extension of Discovery & PTO Deadlines,,, 80 .) (Hasson, Jeffrey) (Entered: 11/30/2015) |
|---|---|---|
| 12/01/2015 | 92 | Amended Response in Opposition *(Corrects Case Caption and Footer to reflect Plaintiff's Motion instead of Defendants' Motion)* to Motion for Leave to File Amended Complaint/Petition *to Join Defendents and Substitute DOE Defendents and Extension for Discovery*Motion for Extension of Discovery & PTO Deadlines 80 . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 12/01/2015) |
| 12/01/2015 | 93 | Amended Declaration of Jeffrey I. Hasson *(Corrects Case Caption to reflect Plaintiff's Motion instead of Defendants' Motion)*. Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Related document(s): Motion for Leave to File Amended Complaint/Petition, Motion for Leave, Motion for Extension of Discovery & PTO Deadlines,,, 80 .) (Hasson, Jeffrey) (Entered: 12/01/2015) |
| 12/07/2015 | 94 | Reply *to Response to Plaintiff's Motions to File Second Amended Complaint* to Motion for Leave to File Amended Complaint/Petition *to Join Defendents and Substitute DOE Defendents and Extension for Discovery*Motion for Extension of Discovery & PTO Deadlines 80 Oral Argument requested. (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Marshall, Linda) (Entered: 12/07/2015) |
| 12/09/2015 | 95 | **MINUTES of Proceedings:** Oral argument held on pending motions. ORDER: For the reasons stated on the record, Plaintiff's Motion for Leave to File Amended Complaint/Petition 80 is GRANTED. The Second Amended Complaint is due by 12/16/2015. ORDER: Granting Plaintiff's Motion for an Extension of Discovery & PTO Deadlines 80 and extending the discovery deadline through February 29, 2016. ORDER: Defendant's Motion for Summary Judgment, 53 is construed as filed against the Second Amended Complaint (due 12/16/15) and is taken under advisement. ORDER: Defendant's Motion for Imposition of Sanctions, 62 is taken under advisement. Linda Marshall and Joel Christiansen present as counsel for plaintiff(s). Jeffrey Hasson present as counsel for defendant(s). (Court Reporter None.) Magistrate Judge Janice M. Stewart presiding. (st1) Modified on 12/15/2015 to include this hearing was recorded FTR: 11A) (jlr). (Entered: 12/09/2015) |
| 12/11/2015 | 96 | Second Amended Complaint . Filed by Max Zweizig against All Defendants. (Marshall, Linda) (Entered: 12/11/2015) |
| 12/23/2015 | 97 | Application for CM/ECF Registration as a Self-Represented Party. Filed by Timothy Rote. (Attachments: # 1 Certificates) (sss) (Entered: 12/28/2015) |
| 12/28/2015 | 98 | Unopposed Motion to Withdraw or Substitute an Attorney . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Timothy Rote. (Hasson, Jeffrey) (Entered: 12/28/2015) |
| 12/28/2015 | 99 | |

| | | |
|---|---|---|
| | | **ORDER:** Granting Defendant's Unopposed Motion to Withdraw as Attorney for defendant's Rote, NDT, NDMO and NDM 98 . Ordered by Magistrate Judge Janice M. Stewart. (jlr) (Entered: 12/28/2015) |
| 12/28/2015 | 100 | **ORDER:** Granting 97 Application for CM/ECF Registration as a Self-Represented Party (*CM/ECF Registered User*). Ordered by Magistrate Judge Janice M. Stewart. (jlr) (Entered: 12/28/2015) |
| 12/28/2015 | 101 | Clerk's Notice of Mailing to Timothy C. Rote regarding Order on Application for CMECF Registration as a Self-Represented Party 100 , Order on motion to withdraw/substitute attorney 99 . (jlr) (Entered: 12/28/2015) |
| 12/29/2015 | 102 | Notification of CM/ECF Account for Pro Se Filer Timothy C. Rote. Your login is: trote. Go to the CM/ECF login page to set your password. (sss) Modified text on 12/29/2015 (sss). (Entered: 12/29/2015) |
| 12/30/2015 | 103 | First Answer to 96 Amended Complaint with Jury Demand . Filed by Timothy Rote. (Rote, Timothy) (Entered: 12/30/2015) |
| 01/26/2016 | 104 | Motion *Plaintiff Opposition to Tim Rote as Attorney for Corporate Defendants*. **(DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER)** Oral Argument requested.Expedited Hearing requested. Filed by Max Zweizig. (Marshall, Linda) (Entered: 01/26/2016) |
| 01/28/2016 | 105 | Scheduling Order by Magistrate Judge Janice M. Stewart regarding Plaintiff's Opposition to Tim Rote as Attorney for Corporate Defendants and Request for Telephone Conference 104 . A TELEPHONE Conference is set for **Tuesday, 2/16/2016 at 09:30AM** before Magistrate Judge Janice M. Stewart. Parties are to call the toll-free conference line a few minutes before the scheduled time. (jlr) (Entered: 01/28/2016) |
| 02/10/2016 | 106 | Proposed Summons *NORTHWEST DIRECT OF EUGENE, INC.* Filed by Max Zweizig. (Marshall, Linda) (Entered: 02/10/2016) |
| 02/10/2016 | 107 | Proposed Summons *NORTHWEST DIRECT OF IOWA, INC.* Filed by Max Zweizig. (Marshall, Linda) (Entered: 02/10/2016) |
| 02/10/2016 | 108 | Proposed Summons *ROTE ENTERPRISES, LLC* Filed by Max Zweizig. (Marshall, Linda) (Entered: 02/10/2016) |
| 02/10/2016 | 109 | Summons Issued Electronically as to Northwest Direct of Eugene, Inc., Northwest Direct of Iowa, Inc., Rote Enterprises, LLC. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5.** (cib) (Entered: 02/10/2016) |
| 02/15/2016 | 110 | Proposed Summons *NORTHWEST DIRECT MARKETING, INC., aka Northwest Direct Marketing (Delaware), Inc.* Filed by Max Zweizig. (Marshall, Linda) (Entered: 02/15/2016) |
| 02/16/2016 | 111 | **MINUTES of Proceedings:** Telephone Status Conference held. Granting plaintiff's objection to Timothy Rote's appearing on behalf of corporate defendants 104 . ORDER: Amending the docket sheet to remove Northwest Direct of Eugene, Inc., as that is not a separate entity, but is an assumed |

**Exhibit 13**
**15 of 33**

| | | |
|---|---|---|
| | | business name for defendant Northwest Direct Marketing, Inc. ORDER: Setting the following case deadlines: the Discovery deadline is STRICKEN, to be reset at the March 11, 2016 telephone scheduling conference (see below). The corporate defendants' Answer to the Second Amended Complaint and Corporate Disclosure Statements (including the expanded Corporate Disclosure required by the LLC defendant, per Local Rule 7.1-1) are due by Friday, February 26, 2016. ORDER: Setting a telephone scheduling conference for Friday, 3/11/2016 at 09:30AM. All parties shall call the same AT&T conference line that was used for today's telephone hearing -- available to attorneys on the ECF docket sheet - entry dated 1/28/2016. Linda Marshall present as counsel for plaintiff(s). Timothy Rote, proceeing pro se, present. (Court Reporter none.)Magistrate Judge Janice M. Stewart presiding. (st1) (Entered: 02/16/2016) |
| 02/19/2016 | 112 | Findings & Recommendation: Defendants Motion for Summary Judgment (docket # 53 ) and Motion for Sanctions (docket # 62 ) should be DENIED. Objections to the Findings and Recommendation are due by 3/7/2016. Further ORDER SEALING the Findings and Recommendation until March 7, 2016. Any REDACTIONS required by the Stipulated Protective Order 47 are due by March 7, 2016, at which time the Findings and Recommendation will be unsealed with the requested redactions. Parties are to submit any redactions by e-mail to Judge Stewart's courtroom deputy at Jenny_Raun@ord.uscourts.gov. Signed on 2/19/16 by Magistrate Judge Janice M. Stewart. (jlr) Unsealed on 5/4/2016 (pvh). (Entered: 02/19/2016) |
| 02/19/2016 | 113 | Order by Magistrate Judge Janice M. Stewart referring Motion for Summary Judgment 53 , Motion for Imposition of Sanction 62 , and Findings & Recommendation 112 to Judge Marco A Hernandez for his review. (jlr) (Entered: 02/19/2016) |
| 02/26/2016 | 114 | Answer to 96 Amended Complaint . Filed by Northwest Direct Marketing, Inc., Northwest Direct of Iowa, Inc., Northwest Direct Teleservices, Inc., Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Rote Enterprises, LLC. (Brandsness, Andrew) (Entered: 02/26/2016) |
| 02/26/2016 | 115 | Corporate Disclosure Statement . Filed by Northwest Direct of Iowa, Inc.. (Brandsness, Andrew) (Entered: 02/26/2016) |
| 02/26/2016 | 116 | Corporate Disclosure Statement . Filed by Rote Enterprises, LLC. (Brandsness, Andrew) (Entered: 02/26/2016) |
| 02/26/2016 | 117 | Corporate Disclosure Statement . Filed by Northwest Direct Marketing, Inc.. (Brandsness, Andrew) (Entered: 02/26/2016) |
| 03/02/2016 | 118 | Notice of Case Reassignment: This case has been reassigned from Magistrate Judge Janice M. Stewart to Magistrate Judge Youlee Yim You. (eo) (Entered: 03/02/2016) |
| 03/03/2016 | 119 | Scheduling Order by Magistrate Judge Youlee Yim You. The TELEPHONE Scheduling Conference is set for 3/11/2016 at 09:30AM before Magistrate Judge Youlee Yim You. All parties shall call the same AT&T conference line number that was previously provided. (jlr) (Entered: 03/03/2016) |

| 03/07/2016 | 120 | Objections *Motion For Reconsideration* to Findings & Recommendation, Applicable Party,,,, 112 . Filed by Timothy Rote. (Attachments: # 1 Exhibit EX A) (Rote, Timothy) (Entered: 03/07/2016) |
| --- | --- | --- |
| 03/11/2016 | 121 | **MINUTES of Proceedings:** Telephone Scheduling Conference reset due to absence of pro se party. ORDER: Setting a telephone scheduling conference for Tuesday, 3/29/2016 at 09:30AM before Magistrate Judge Youlee Yim You. All parties shall call the same AT&T conference line that was previously provided. Linda Marshall and Joel Christiansen present as counsel for plaintiff (s). Andrew Brandsness present as counsel for the corporate defendants. Pro se defendant Timothy Rote absent due to illness. Court Reporter: none. Tape No: none. Magistrate Judge Youlee Yim You presiding. (yy1) (Entered: 03/11/2016) |
| 03/29/2016 | 122 | **MINUTES of Proceedings:** Time set for a telephone scheduling conference. Telephone conference to be rescheduled when parties available. (Plaintiff's counsel notified the court that she had difficulty connecting to the telephone conference). Magistrate Judge Youlee Yim You presiding. Counsel not present for plaintiff. Andrew Brandsness present for corporate defendants. Pro Se Tim Rote present. Court Reporter: none. Tape No: none. (jlr) (Entered: 03/29/2016) |
| 03/30/2016 | 123 | Scheduling Order by Magistrate Judge Youlee Yim You. A TELEPHONE Scheduling Conference is set for Wednesday, **4/6/2016 at 09:30AM** before Magistrate Judge Youlee Yim You. Parties are to call the toll-free conference number that was previously provided. (jlr) (Entered: 03/30/2016) |
| 04/06/2016 | 124 | **MINUTES of Proceedings:** Telephone Scheduling Conference held. ORDER: Setting the following case schedule and deadlines: Discovery is to be completed within 90 days from the date of a final ruling on the pending Findings & Recommendation 112 . Dispositive motions are due within 30 days after the close of discovery. Motions on any matters previously decided will be stricken. Dispositive motions will be filed in the manner set forth in the previous Notice Regarding Civil Case Procedures 25 , except that electronic copies of documents are to be sent to Judge You's courtroom deputy clerk, Trish Hunt at trish_hunt@ord.uscourts.gov and questions are to be directed to her either via email or via phone at 503.326.8057. The Pretrial Order is due 30 days after a final ruling on any further dispositive motions. Linda Marshall present as counsel for plaintiff(s). Timothy Rote, pro se, and Andrew Brandsness for the corporate defendants present as counsel for defendant(s). Court Reporter: none. Tape No: none.Magistrate Judge Youlee Yim You presiding. (yy1) (Entered: 04/06/2016) |
| 04/17/2016 | 125 | **ORDER.** The Court ADOPTS Magistrate Judge Stewart's Findings and Recommendation 112 . Accordingly, Defendants' Motion for Summary Judgment 53 and Motion for Sanctions 62 are denied. Signed on 4/17/2016 by Judge Marco A. Hernandez. (pvh) Modified on 4/21/2016 pursuant to Order 126 (pvh). (Entered: 04/20/2016) |
| 04/21/2016 | 126 | Order for Administrative Correction of the Record pursuant to Fed. R. Civ. P. 60(a) regarding Order on Findings & Recommendation 125 . A Clerical error has been discovered in the case record. The Clerk is directed to modify the text |

**Exhibit 13**

**17 of 33**

|            |     | of entry 125 to reflect 4/17/2016 as the signature date of Judge Marco A. Hernandez. (pvh) (Entered: 04/21/2016) |
|------------|-----|-------------|
| 04/22/2016 | 127 | **Scheduling Order** by Magistrate Judge Youlee Yim You. ORDER - Setting new case schedule (per 124 ). ORDER - Discovery is to be completed by 7/18/2016. Dispositive Motions are due by 8/17/2016. The Pretrial Order is due by 9/16/2016 (if no dispositive motions are filed), or 30 days after the final ruling on dispositive motions, if such motions are filed. Ordered by Magistrate Judge Youlee Yim You. (pvh) (Entered: 04/22/2016) |
| 05/04/2016 | 128 | **ORDER:** Unsealing Findings & Recommendation 112 as the redaction request deadline has passed and no party requested redactions. Ordered by Magistrate Judge Youlee Yim You. (pvh) (Entered: 05/04/2016) |
| 06/24/2016 | 129 | Notice of Attorney Withdrawal: Filed by Max Zweizig (Christiansen, Joel) (Entered: 06/24/2016) |
| 07/13/2016 | 130 | Motion for Partial Summary Judgment . Filed by Timothy Rote. (Rote, Timothy). Added Motion to Compel Discovery on 8/8/2016 (cib). (Entered: 07/13/2016) |
| 07/13/2016 | 131 | Declaration of Timothy Rote . Filed by Timothy Rote. (Related document(s): Motion for Partial Summary Judgment 130 .) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit) (Rote, Timothy) (Entered: 07/13/2016) |
| 07/18/2016 | 132 | Unopposed Motion for Extension of Time *and Opposed Motion for Protective Order Pursuant to Fed R Civ P 26(c)(1)(B)*. Filed by Max Zweizig. (Marshall, Linda) (Entered: 07/18/2016) |
| 07/18/2016 | 133 | Declaration of Max Zweizig *In Support of Plaintiff's Unopposed Motion for Extension and Opposed Motion for Protective Order Pursuant to Fed R Civ P 26(c)(1)(B)*. Filed by Max Zweizig. (Related document(s): Motion for Extension of Time 132 .) (Marshall, Linda) (Entered: 07/18/2016) |
| 07/18/2016 | 134 | Declaration of Linda L. Marshal *In Support of Plaintiff's Unopposed Motion for Extension and Opposed Motion for Protective Order Pursuant to Fed R Civ P 26(c)(1)(B)*. Filed by Max Zweizig. (Related document(s): Motion for Extension of Time 132 .) (Marshall, Linda) (Entered: 07/18/2016) |
| 07/18/2016 | 135 | Motion to Compel . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Northwest Direct of Iowa, Inc., Rote Enterprises, LLC. (Brandsness, Andrew) (Entered: 07/18/2016) |
| 07/19/2016 | 136 | **ORDER:** Granting Unopposed Motion to Extend Time to Complete Discovery (part of 132 ). Discovery is extended through 8/17/2016, solely for the purpose of taking scheduled depositions. ORDER: Defendants' Response to Plaintiff's Opposed Motion for a Protective Order (part of 132 ) is due on or before August 4, 2016. Ordered by Magistrate Judge Youlee Yim You. (yy1) (Entered: 07/19/2016) |
| 07/19/2016 | 137 | Scheduling Order by Magistrate Judge Youlee Yim You: Defendants' Motion to Compel (#135) will be handled by informal telephone discovery conference. |

| | | |
|---|---|---|
| | | ORDER: Setting a telephone discovery conference before Magistrate Judge Youlee Yim You on Monday, August 1, 2016 at 10:00 a.m. Plaintiff may respond at the telephone conference and need not file a written response to the motion. However, should plaintiff opt to file a written response, it is due on Thursday, July 29, 2016. Ordered by Magistrate Judge Youlee Yim You. (yy1) (Entered: 07/19/2016) |
| 07/25/2016 | 138 | Response in Opposition to Unopposed Motion for Extension of Time *and Opposed Motion for Protective Order Pursuant to Fed R Civ P 26(c)(1)(B)* 132 . Filed by Timothy Rote. (Rote, Timothy) (Entered: 07/25/2016) |
| 07/25/2016 | 139 | Motion *Rule 502*. Filed by Timothy Rote. (Rote, Timothy) (Entered: 07/25/2016) |
| 07/26/2016 | 140 | Order: GRANTING Plaintiff's Opposed Motion for Protective Order Pursuant to Fed R Civ P 26(c)(1)(B) (part of docket # 132 ). Plaintiff's deposition shall proceed remotely with plaintiff attending either from his home in New Jersey or a location in New Jersey in reasonable proximity to plaintiff's home. Ordered by Magistrate Judge Youlee Yim You. (yy1) (Entered: 07/26/2016) |
| 08/02/2016 | 141 | **MINUTES of Proceedings:** Telephone Discovery Hearing held regarding Motion to Compel (docket # 135 ). Separate order on the motion to follow. Linda Marshall present as counsel for plaintiff(s). Timothy Rote, pro se, and Andrew Brandsness for the corporate defendants present as counsel for defendant(s). Court Reporter: none. Tape No: none.Magistrate Judge Youlee Yim You presiding. (yy1) (Entered: 08/02/2016) |
| 08/02/2016 | 142 | Notice of Civil Case Procedures. Please see the attached notice regarding procedures applicable to cases assigned to Judge You. In particular, the parties shall submit the required hard copies of their materials on the pending motions (See Notice, item 3). (Notice regarding Motion Re: Rule 502(docket # 139 ) and Motion for Partial Summary Judgment (docket # 130 ). Ordered by Magistrate Judge Youlee Yim You. (yy1) (Entered: 08/02/2016) |
| 08/02/2016 | 143 | Order on Corporate Defendants' Motion to Compel Discovery from Plaintiff. Signed on 8/2/2016 by Magistrate Judge Youlee Yim You. (copy mailed to pro se party) (pvh) (Entered: 08/02/2016) |
| 08/03/2016 | 144 | Amended Motion *Rule 502*. Filed by Timothy Rote. (Rote, Timothy) (Entered: 08/03/2016) |
| 08/20/2016 | 145 | Motion for Protective Order *Pursuant to Fed R Civ P 26(c)(1) and Plaintiff's response to Defendant Rote's Rule 502 Motion and Motion for Leave to Amend.* (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Marshall, Linda) (Entered: 08/20/2016) |
| 08/20/2016 | 146 | Fifth Declaration of Linda L. Marshall *Filed in Support of Plaintiff's Cross Motionfor Protective Order.* (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Related document(s): Motion for Protective Order, 145 .) (Attachments: # 1 Exhibit Ex 1, # 2 Exhibit Ex 2, # 3 Exhibit Ex 3, # 4 Exhibit Ex 4) (Marshall, Linda) (Entered: 08/20/2016) |
| | | |

**Exhibit 13**
**19 of 33**

| 08/25/2016 | 147 | **Scheduling Order:** by Magistrate Judge Youlee Yim You. Defendant's Responses to Motion for Protective Order 145 are due by 9/8/2016. Reply, if any, is due by 09/26/2016. Plaintiff's Reply to Amended Motion (Rule 502) 144 is due by 09/08/2016. Defendant's Motion (Rule 502) [139] is STRICKEN due to the filing of Amended Motion (Rule 502) 144 . Motions will be taken under advisement on 10/11/2016. Ordered by Magistrate Judge Youlee Yim You. (pvh) (Entered: 08/25/2016) |
| 09/06/2016 | 148 | Reply to Motion for Protective Order *Pursuant to Fed R Civ P 26(c)(1) and Plaintiff's response to Defendant Rote's Rule 502 Motion and Motion for Leave to Amend* 145 . Filed by Timothy Rote. (Rote, Timothy) (Entered: 09/06/2016) |
| 09/22/2016 | 149 | Motion for Summary Judgment . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 09/22/2016) |
| 09/22/2016 | 150 | Declaration of Timothy Rote . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Timothy C. Rote. (Related document (s): Motion for Summary Judgment 149 .) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit) (Rote, Timothy) (Entered: 09/22/2016) |
| 09/23/2016 | 151 | Motion for Imposition of Sanctions . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 09/23/2016) |
| 09/23/2016 | 152 | Amended Motion for Imposition of Sanctions . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 09/23/2016) |
| 10/12/2016 | 153 | Motion to Withdraw or Substitute an Attorney . Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Northwest Direct of Iowa, Inc., Rote Enterprises, LLC. (Brandsness, Andrew) (Entered: 10/12/2016) |
| 10/14/2016 | 154 | **Scheduling Order:** by Magistrate Judge Youlee Yim You regarding Motion to Withdraw or Substitute an Attorney 153 . ORDER - Setting a Hearing by telephone for Tuesday, 10/18/2016 at 09:30AM before Magistrate Judge Youlee Yim You. (pvh) (Entered: 10/14/2016) |
| 10/17/2016 | 155 | **ORDER:** Defendant Rote's Amended Rule 502 Motion (docket # 144 ) is DENIED. Plaintiff's Motion for a Protective Order (docket # 145 ) is GRANTED. ORDER: To protect the Privileged Memorandum from further disclosure or use, on or before October 24, 2016, Defendant Rote shall take all actions identified in items (a) through (g) of the motion (docket # 145 , pp. 3-4). Ordered by Magistrate Judge Youlee Yim You. (yy1) (Entered: 10/17/2016) |
| 10/17/2016 | 156 | **ORDER:** Striking Motion for Sanctions (docket # 151 ), as the motion was filed with the wrong case number and has been replaced by an amended motion |

| | | |
|---|---|---|
| | | (docket # 152 ). Ordered by Magistrate Judge Youlee Yim You. (yy1) (Entered: 10/17/2016) |
| 10/17/2016 | 157 | Opposed Motion for Extension. Filed by Max Zweizig. (Marshall, Linda) Modified docket event to motion for extension of time on 10/18/2016 (cib). (Entered: 10/17/2016) |
| 10/17/2016 | 158 | Declaration of Linda L. Marshall . Filed by Max Zweizig. (Related document (s): Motion - Miscellaneous 157 .) (Marshall, Linda) Modified docket text to reflect the pdf document on 10/18/2016 (cib). (Entered: 10/17/2016) |
| 10/18/2016 | 159 | **MINUTES of Proceedings:** Record of telephone motion hearing. ORDER: GRANTING Motion to Withdraw or Substitute an Attorney (docket # 153 ), on the condition that current counsel notifies the corporate defendants that they may not appear without counsel and that the failure to appear with counsel may result in adverse action by the court. ORDER: GRANTING the Motion to Extend Time (docket # 157 ) and resetting the briefing schedule on defendant Rote's Motion for Summary Judgment (docket # 149 )and Amended Motion for Sanctions (docket # 152 ): Responses due 10/18/2016; Replies due 11/1/2016. All pending dispositive motions will be taken under advisement on 12/1/2016. Linda L. Marshall present as counsel for plaintiff. Andrew C. Brandsness present as counsel for defendants. Defendant Timothy Rote appearing pro se. Court Reporter: FTR-12B. Magistrate Judge Youlee Yim You presiding. (pvh) (Entered: 10/18/2016) |
| 10/19/2016 | 160 | Response in Opposition to Amended Motion for Imposition of Sanctions 152 , Motion for Summary Judgment 149 . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Marshall, Linda) (Entered: 10/19/2016) |
| 10/19/2016 | 161 | Declaration of Linda L. Marshall . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Related document(s): Response in Opposition to Motion, 160 .) (Marshall, Linda) (Entered: 10/19/2016) |
| 10/19/2016 | 162 | Amended Response in Opposition to Amended Motion for Imposition of Sanctions 152 , Motion for Summary Judgment 149 . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Marshall, Linda) (Entered: 10/19/2016) |
| 10/19/2016 | 163 | Amended Declaration of Linda L. Marshall . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Related document(s): Response in Opposition to Motion, 162 .) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6) (Marshall, Linda) (Entered: 10/19/2016) |
| 10/19/2016 | 164 | Declaration of Chester D Marshall . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Related document(s): Response in Opposition to Motion, 162 .) (Attachments: # 1 Exhibit 7, # 2 Exhibit 8) (Marshall, Linda) (Entered: 10/19/2016) |
| 10/19/2016 | 165 | Exhibits re Response in Opposition to Motion, 162 . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max |

| | | |
|---|---|---|
| | | Zweizig. (Attachments: # 1 Exhibit 9, # 2 Exhibit 10) (Marshall, Linda) (Entered: 10/19/2016) |
| 10/19/2016 | 166 | Exhibits re Response in Opposition to Motion, 162 . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Attachments: # 1 Exhibit 11) (Marshall, Linda) (Entered: 10/19/2016) |
| 10/19/2016 | 167 | Exhibits re Response in Opposition to Motion, 162 . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Attachments: # 1 Exhibit 12, # 2 Exhibit 13, # 3 Exhibit 14) (Marshall, Linda) (Entered: 10/19/2016) |
| 10/20/2016 | 168 | **ORDER:** ORDER: Defendant Rote's Motion to Compel (part of docket # 130 ) is GRANTED IN PART AND DENIED IN PART, and all rulings from the prior Order on Corporate Defendants' Motion to Compel Discovery from Plaintiff (docket #143) are incorporated by reference with respect to the same discovery requests set out in defendant Rote's Motion to Compel. Additionally the issue raised in defendant Rote's Motion for Partial Summary Judgment (docket # 130 ) is also raised in his subsequently filed Motion for Summary Judgment (docket # 149 ). The court will consider the issue when it decides the subsequently filed motion and, therefore STRIKES the Motion for Partial Summary Judgment (docket # 130 ) as duplicative. Defendant Rote may restate any arguments raised in (docket # 130 ) not adequately set forth in (docket # 149 ) in his Reply, due on November 1, 2016 (per docket # 159 ). Ordered by Magistrate Judge Youlee Yim You. (yy1) (Entered: 10/20/2016) |
| 11/01/2016 | 169 | **ORDER:.** Pretrial Order deadline stricken and to be reset, if necessary following resolution of the pending motions. Ordered by Magistrate Judge Youlee Yim You. (cib) (Entered: 11/01/2016) |
| 11/01/2016 | 170 | Letter Regarding Motion To Withdraw 153 and Conditions of Granting of Said Motion 153 Filed by Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Marketing, Inc., Northwest Direct Teleservices, Inc., Northwest Direct of Iowa, Inc., Rote Enterprises, LLC (Brandsness, Andrew) Modified docket text to reflect pdf document on 11/4/2016 (cib). (Entered: 11/01/2016) |
| 11/02/2016 | 171 | Reply to Amended Motion for Imposition of Sanctions 152 . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 11/02/2016) |
| 11/02/2016 | 172 | Reply to Motion for Summary Judgment 149 . Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 11/02/2016) |
| 11/16/2016 | 173 | **Scheduling Order:** SETTING Oral Argument for Wednesday, 12/14/2016 at 10:00AM by telephone before Magistrate Judge Youlee Yim You regarding Motion for Summary Judgment 149 and Amended Motion for Imposition of Sanctions 152 . Ordered by Magistrate Judge Youlee Yim You. (pvh) (Entered: 11/16/2016) |
| 11/16/2016 | 174 | |

| | | Clerk's Notice of Mailing Scheduling Order 173 to Northwest Direct Teleservices, Inc. c/o Timothy C. Rote 24790 SW Big Fir Road West Linn, OR 97068. (pvh) (Entered: 11/16/2016) |
|---|---|---|
| 11/30/2016 | 175 | **ORDER:** On October 18, 2016, this court allowed withdrawal of the corporate defendants' attorney only on the condition that the corporate defendants be notified that they were not permitted to appear without counsel and that the failure to appear with counsel may result in adverse action by the court (ECF# 159 ). This is the second time this court has intervened and made clear that the corporate defendants must retain counsel, as required by Local Rule 83-9(b) (ECF # 111 ) (granting Plaintiff's Objection to Timothy Rote appearing on behalf of corporate defendants (ECF # 104 , and # 159 ). ORDER: The court will not consider arguments on any motion on behalf of an unrepresented corporate entity. Instead, at the upcoming hearing on December 14, 2016, the court will entertain motions for default judgment against unrepresented corporate entities. *See Employee Painters Tr. v. Ethan Enters., Inc.,* 480 F.3d 993, 998 (9th Cir 2007), citing *United States v. High Country Broadcasting Co., Inc.,* 3 F.3d 1244, 1245 (9th Cir 1993) *(per curium)*. Ordered by Magistrate Judge Youlee Yim You. (pvh) (Entered: 11/30/2016) |
| 11/30/2016 | 176 | Clerk's Notice of Mailing to Northwest Direct Teleservices, Inc. regarding Order 175 . (pvh) (Entered: 11/30/2016) |
| 12/13/2016 | 177 | **ORDER:** Directing the Clerk of Court to docket the letter received by email on 12/12/2016 from Defendant Timothy Rote to be part of the record. Ordered by Magistrate Judge Youlee Yim You. (pvh) (Entered: 12/13/2016) |
| 12/13/2016 | 178 | Letter to Magistrate Judge Youlee Yim You (sent by email on 12/12/2016). Filed by Timothy C. Rote. (pvh) (Entered: 12/13/2016) |
| 12/13/2016 | 179 | Clerk's Notice of Mailing to Timothy Rote regarding Order 177 . (pvh) (Entered: 12/13/2016) |
| 12/13/2016 | 180 | **Scheduling Order:** STRIKING the 12/14/2016 Oral Argument and RESETTING Oral Argument for **Thursday, 1/12/2017 at 10:00AM by telephone** before Magistrate Judge Youlee Yim You regarding Motion for Summary Judgment 149 and Amended Motion for Imposition of Sanctions 152 . Ordered by Magistrate Judge Youlee Yim You. (pvh) (Entered: 12/13/2016) |
| 12/13/2016 | 181 | Clerk's Notice of Mailing to Northwest Direct Teleservices, Inc. c/o Timothy C. Rote regarding Scheduling Order 180 . (pvh) (Entered: 12/13/2016) |
| 01/11/2017 | 182 | Scheduling Order by Magistrate Judge Youlee Yim You: STRIKING oral argument from Judge You's calendar of Thursday, January 12, 2017. Oral argument on defendant Rote's Motion for Summary Judgment 149 and Amended Motion for Imposition of Sanctions 152 will be reset to a mutually-agreeable date and time. Ordered by Magistrate Judge Youlee Yim You. (yy1) (Entered: 01/11/2017) |
| 01/30/2017 | 183 | **Scheduling Order:** SETTING Oral Argument for Thursday, 2/9/2017 at 10:00AM by telephone before Magistrate Judge Youlee Yim You regarding Motion for Summary Judgment 149 and Amended Motion for Imposition of |

**Exhibit 13**

**23 of 33**

| | | Sanctions 152 . Ordered by Magistrate Judge Youlee Yim You. (pvh) (Entered: 01/30/2017) |
|---|---|---|
| 01/30/2017 | 184 | Clerk's Notice of Mailing Scheduling Order 183 to Northwest Direct Teleservices, Inc. c/o Timothy C. Rote 24790 SW Big Fir Road West Linn, OR 97068 regarding. (pvh) Modified on 1/30/2017 (pvh). (Entered: 01/30/2017) |
| 02/09/2017 | 185 | **MINUTES of Proceedings:** Oral Argument held by telephone on 2/9/2017 regarding Motion for Summary Judgment 149 and Motion for Imposition of Sanctions 152 . Motions are taken under advisement as of 2/9/2017. ORDER - Pretrial Order will be due 30 days after the final ruling on dispositive motions. Linda L. Marshall present as counsel for plaintiff. Defendant Timothy C. Rote appearing pro se. Court Reporter: Bonita Shumway. Magistrate Judge Youlee Yim You presiding. (pvh) (Entered: 02/09/2017) |
| 02/09/2017 | 186 | Clerk's Notice of Mailing to Timothy Rote regarding MINUTES of Proceedings 185 . (pvh) (Entered: 02/09/2017) |
| 02/09/2017 | 187 | Motion *TO DEFER DEFAULT*. Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 02/09/2017) |
| 02/10/2017 | 188 | Motion for Entry of Default *of Corporate Defendants*. Filed by Max Zweizig. (Marshall, Linda) (Entered: 02/10/2017) |
| 02/10/2017 | 189 | Declaration of Linda L. Marshall . Filed by Max Zweizig. (Related document (s): Motion for default 188 .) (Marshall, Linda) (Entered: 02/10/2017) |
| 02/13/2017 | 190 | **ORDER:** REFERRING Motion *TO DEFER DEFAULT* 187 and Motion for Entry of Default *of Corporate Defendants* 188 to Judge Marco A. Hernandez for his review and determination. Ordered by Magistrate Judge Youlee Yim You. (pvh) (Entered: 02/13/2017) |
| 02/13/2017 | 191 | Clerk's Notice of Mailing to Timothy Rote regarding ORDER 190 . (pvh) (Entered: 02/13/2017) |
| 02/20/2017 | 192 | Opinion & Order.The Court grants Plaintiffs Motion for Default of Corporate Defendants 188 . In addition, the Court strikes Corporate Defendants Initial Answer and Affirmative Defenses 42 and Corporate Defendants Answer and Affirmative Defenses to the Second Amended Complaint 114 . Defendant Rotes Motion Requesting Deferring Decision to Grant Default Judgment against Corporate Defendants 187 is denied. The Clerk is directed to issue an entryof default against Northwest Direct Teleservices, Inc.; Northwest Direct Marketing of Oregon,Inc.; Northwest Direct Marketing, Inc.; Northwest Direct of Iowa, Inc.; Rote Enterprises, LLC; and Northwest Direct Marketing, Inc., aka Northwest Direct Marketing (Delaware), Inc. Signed on 2/20/17 by Judge Marco A. Hernandez. (cib) (Entered: 02/23/2017) |
| 02/20/2017 | 193 | Clerk's Entry of Default as of 2/20/2017 pursuant to Judge Marco A. Hernandez's Opinion and Order 192 dated 2/20/2017 to Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct Marketing, Inc., aka Northwest Direct Marketing (Delaware), Inc, Northwest Direct Teleservices, Inc., Northwest Direct of Iowa, Inc., Rote Enterprises, |

|            |     | LLC. (pvh) Modified on 4/17/2017 pursuant to Order 194 (pvh). (Entered: 03/23/2017) |
|------------|-----|-----|
| 04/17/2017 | 194 | Order for Administrative Correction of the Record pursuant to Fed. R. Civ. P. 60(a) regarding Clerk's Entry of Default # 193 . The Clerk is directed to make the following administrative corrections to the record; ORDER - Correcting the Clerk's Entry of Default issued on February 20, 2017, to include the alias of one of the defaulted parties and amending that party's name from "Northwest Direct Marketing, Inc." to "Northwest Direct Marketing, Inc., aka Northwest Direct Marketing (Delaware), Inc.". (pvh) (Entered: 04/17/2017) |
| 04/19/2017 | 195 | **Findings & Recommendation**: Rote's Motion for Summary Judgment (ECF # 149 ) and Amended Motion for Sanctions (ECF # 152 ) should be DENIED. The Findings and Recommendations will be referred to a district judge. Objections, if any, are due by 5/3/2017. If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement. Signed on 4/19/2017 by Magistrate Judge Youlee Yim You. (pvh) (Entered: 04/19/2017) |
| 04/19/2017 | 196 | **ORDER**: REFERRING Findings & Recommendation 195 , Motion for Summary Judgment 149 , and Amended Motion for Sanctions 152 to Judge Marco A Hernandez for his review and determination. Ordered by Magistrate Judge Youlee Yim You. (pvh) (Entered: 04/19/2017) |
| 04/19/2017 | 197 | **ORDER**: SEALING the Findings and Recommendation 195 until May 3, 2017. Any REDACTIONS required by the Stipulated Protective Order 47 are due by May 3, 2017, at which time the court will apply those redactions it approves and unseal the Findings and Recommendation. Parties are to submit any redactions by e-mail to Judge You's courtroom deputy at Trish_Hunt@ord.uscourts.gov. Ordered by Magistrate Judge Youlee Yim You. (pvh) (Entered: 04/19/2017) |
| 05/01/2017 | 198 | Objections to Amended Motion for Imposition of Sanctions 152 , Motion for Summary Judgment 149 . Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 05/01/2017) |
| 05/31/2017 | 199 | **ORDER**: Unsealing Findings & Recommendation 195 as the redaction request deadline has passed and no party requested redactions. Ordered by Magistrate Judge Youlee Yim You. (pvh) (Entered: 05/31/2017) |
| 06/13/2017 | 200 | (STRICKEN) Motion to Vacate . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Timothy C. Rote. (Rote, Timothy) Modified pursuant to Order 202 on 6/14/2017 (pvh). (Entered: 06/13/2017) |
| 06/13/2017 | 201 | (STRICKEN) Declaration of Timothy Rote . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Timothy C. Rote. (Related document(s): Motion to Vacate 200 .) (Attachments: # 1 Exhibit 1, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 |

Exhibit 13
25 of 33

| | | |
|---|---|---|
| | | Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit) (Rote, Timothy) Modified on 6/14/2017 pursuant to Order 202 (pvh). (Entered: 06/13/2017) |
| 06/13/2017 | 202 | **ORDER:** Defendants' Motion for Relief From Judgment (ECF # 200 and Declaration filed in support 201 asks this court to vacate the judgment in Northwest Direct Teleservices, Inc. v. Max Zweizig, United States District Court for the District of Oregon Case No. 3:11-CV-00910-PK. As it seeks relief from judgment entered in another case, the motion and declaration are both STRICKEN as improperly filed in this case, without prejudice to filing the motion in the correct case. Ordered by Magistrate Judge Youlee Yim You. (yy1) Modified on 6/14/2017 (pvh). (Entered: 06/13/2017) |
| 06/15/2017 | 203 | **ORDER:** The Court adopts in part and declines to adopt in part Magistrate Judge You's Findings and Recommendations 195 . Accordingly, Defendant Rote's Motion for Summary Judgment 149 and Amended Motion for Sanctions 152 are denied, except to the extent Mr. Rote argues that Plaintiff may not recover damages for expenses incurred in the prior arbitration proceeding. IT IS SO ORDERED. Signed on 6/15/2017 by Judge Marco A. Hernandez. (pvh) (Entered: 06/15/2017) |
| 06/19/2017 | 204 | Notice of Case Reassignment: This case has been reassigned from Magistrate Judge Youlee Yim You to Judge Marco A. Hernandez. (eo) (Entered: 06/19/2017) |
| 06/19/2017 | 205 | **Scheduling Order by Judge Marco A. Hernandez.** The Court will set forth a trial schedule in this case after the Court resolves the parties' dispositive motions in *Zweizig v. NW Direct Teleservices, Inc., et al,* 3:15-cv-02401-HZ. Therefore, the Court sets a Rule 16 in this case for 9/11/2017 at 3:00PM. The Court directs the parties to submit a jointly proposed schedule to the courtroom deputy no later than Noon the day before the hearing. The parties shall call into the court's conference line (the phone number provided via separate email) five minutes prior to the scheduled conference time. Ordered by Judge Marco A. Hernandez. (jp) (Entered: 06/19/2017) |
| 09/11/2017 | 206 | **MINUTES of Proceedings:** Rule 16 Telephone Conference held. The Court set the following schedule: A Pretrial Conference is set for 1/3/2018 at 09:00AM in Portland Courtroom 14B before Judge Marco A. Hernandez. This will also be the date of the pretrial conference in the related case, *Zweizig v. Northwest Direct Teleservices,* 3:15-cv-2401. Counsel shall refer to the Trial Management Order for pretrial submission timelines. The 2-3 day Jury Trial in this case is set for 1/9/2018 at 09:00AM in Portland Courtroom 14B before Judge Marco A. Hernandez. Linda L. Marshall present as counsel for plaintiff (s). Timothy Rote, appeared Pro Se. Court Reporter: Nancy Walker. Judge Marco A. Hernandez presiding. (jp) (Entered: 09/12/2017) |
| 10/04/2017 | 207 | **Jury Trial Management Order.** Signed on 10/4/2017 by Judge Marco A. Hernandez. (jp) (Entered: 10/04/2017) |
| 11/14/2017 | 208 | **Scheduling Order by Judge Marco A. Hernandez.** A Telephone Status Conference is set for 1/17/2017 at 01:30PM before Judge Marco A. Hernandez. The parties shall call into the court's conference line (the phone number |

District of Oregon CM/ECF LIVE Release Version 6.1                    Page 27 of 33

| | | |
|---|---|---|
| | | provided via separate email) five minutes prior to the scheduled conference time. Ordered by Judge Marco A. Hernandez. (jp) (Entered: 11/14/2017) |
| 11/17/2017 | 209 | Individual Party Consent to Jurisdiction by U.S. Magistrate Judge. (Entered: 11/17/2017) |
| 11/17/2017 | 212 | **MINUTES of Proceedings:** Telephonic Status Conference held. Status of case discussed as stated on the record. The Court discussed consenting to a magistrate judge for trial. The Clerk is instructed to email consent forms to the parties. The Court continued the Telephone Status Conference to 11/21/2017 at 09:00AM before Judge Marco A. Hernandez. Linda L. Marshall present as counsel for plaintiff(s). Timothy Rote, Pro Se present as counsel for defendant (s). Court Reporter: Bonita Shumway. Judge Marco A. Hernandez presiding. (jp) (Entered: 11/20/2017) |
| 11/20/2017 | 210 | Individual Party Consent to Jurisdiction by U.S. Magistrate Judge by Defendant. (jp) (Entered: 11/20/2017) |
| 11/20/2017 | 211 | **ORDER:** Counsel for Plaintiff Zweizig and Defendant Rote have filed Consents to Magistrate Jurisdiction 209 and 210 . This case will be transferred to a magistrate judge. The Pretrial Conference scheduled for 1/3/2018 at 9:00AM and the 2-3 day Trial scheduled for 1/9/2018 are CANCELED. Ordered by Judge Marco A. Hernandez. (jp) (Entered: 11/20/2017) |
| 11/20/2017 | 213 | **Scheduling Order by Judge Marco A. Hernandez.** As consents have been filed in this case, the Telephone Status Conference set for 11/21/2017 at 9:00AM is CANCELED. Ordered by Judge Marco A. Hernandez. (jp) (Entered: 11/20/2017) |
| 11/21/2017 | 214 | Notice of Case Reassignment: This case has been reassigned from Judge Marco A. Hernandez to Magistrate Judge Paul Papak. (eo) (Entered: 11/21/2017) |
| 11/21/2017 | 215 | Notice of Case Reassignment: This case has been reassigned from Magistrate Judge Paul Papak to Magistrate Judge Stacie F. Beckerman. (eo) (Entered: 11/21/2017) |
| 11/27/2017 | 217 | **ORDER** striking the "Full Consent" designation (ECF No. 216 ), because the defendants in default have not consented to the jurisdiction of a U.S. Magistrate Judge, and reassigning the case back to Judge Marco A. Hernandez. Ordered by Magistrate Judge Stacie F. Beckerman on 11/27/2017. (gw) (Entered: 11/27/2017) |
| 11/27/2017 | 218 | Clerk's Notice of Mailing to Northwest Direct Teleservices, Inc., Northwest Direct Marketing of Oregon, Inc., Northwest Direct Marketing, Inc., Northwest Direct of Iowa, Inc., Northwest Direct Marketing, Inc. (Delaware), and Rote Enterprises, LLC, c/o Timothy C. Rote, of Order 217 . (gw) (Entered: 11/27/2017) |
| 11/28/2017 | 219 | Notice of Case Reassignment: This case has been reassigned from Magistrate Judge Stacie F. Beckerman to Judge Marco A. Hernandez. (eo) (Entered: 11/28/2017) |
| | | |

**Exhibit 13**
**27 of 33**

| 11/29/2017 | 220 | **Scheduling Order by Judge Marco A. Hernandez.** A Rule 16 Telephone Conference is set for 12/5/2017 at 09:30AM before Judge Marco A. Hernandez. The parties shall call into the court's conference line (the phone number provided via separate email) five minutes prior to the scheduled conference time. The Court directs the parties to file a jointly proposed schedule no later than Noon on 12/4/2017. Ordered by Judge Marco A. Hernandez. (jp) (Entered: 11/29/2017) |
| 12/04/2017 | 221 | Proposed Joint Case Management Schedule . Filed by Max Zweizig. (Marshall, Linda) (Entered: 12/04/2017) |
| 12/05/2017 | 222 | **MINUTES of Proceedings:** Rule 16 Telephone Conference held. The Court set the following case schedule: The Pretrial Conference is set for 4/30/2018 at 1:30PM in Portland Courtroom 14B before Judge Marco A. Hernandez. A 3-day Jury Trial is set for 5/7/2018 at 09:00AM in Portland Courtroom 14B before Judge Marco A. Hernandez. Counsel shall use the Jury Management Order [ECF 207] as a guide to calculate their pretrial submission deadlines given the pretrial conference date. Linda L. Marshall present as counsel for plaintiff(s). Timothy Rote, Pro Se present as counsel for defendant (s). Court Reporter: Nancy Walker. Judge Marco A. Hernandez presiding. (jp) (Entered: 12/05/2017) |
| 03/06/2018 | 223 | **Supplemental Jury Trial Management Order.** To facilitate the use of the Jury Evidence Recording System (JERS) during trial in this action: IT IS HEREBY ORDERED that no later than 4/30/2018 at 01:30PM, the parties shall submit their trial exhibits to the courtroom deputy in electronic form pursuant to the instructions in the Submission Requirements for Electronic Trial Exhibits document attached hereto. The parties shall also submit paper judges copies and originals as previously ordered. Ordered by Judge Marco A. Hernandez. (jp) (Entered: 03/06/2018) |
| 03/07/2018 | 224 | **Scheduling Order by Judge Marco A. Hernandez.** Due to a conflict in the Court's schedule, the Pretrial Conference set for 4/30/2018 at 1:30PM is RESET to 4/20/2018 at 01:30PM in Portland Courtroom 14B before Judge Marco A. Hernandez. Counsel shall refer to the Revised Trial Management Order (to follow) for pretrial submission timelines. The deadline for submitting the exhibits in electronic "JERS" format is rest to 4/20/2018 at 1:30PM. Ordered by Judge Marco A. Hernandez. (jp) (Entered: 03/07/2018) |
| 03/07/2018 | 225 | **Amended Trial Management Order.** This Order supersedes Trial Management Order 207 . Signed on 3/7/2018 by Judge Marco A. Hernandez. (jp) (Entered: 03/07/2018) |
| 03/20/2018 | 226 | Unopposed Motion for Extension of Time *for Submission of Pretrial Materials*. Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/20/2018) |
| 03/20/2018 | 227 | Declaration of Linda L. Marshall *Submitted in Support of Plaintiff's Unopposed Motion for 2-day Extension for Initial Submission of Pretrial Materials*. Filed by Max Zweizig. (Related document(s): Motion for Extension of Time 226 .) (Marshall, Linda) (Entered: 03/20/2018) |
| 03/21/2018 | 228 | |

**Exhibit 13**
**28 of 33**

| | | |
|---|---|---|
| | | **ORDER:** Finding as Moot Motion for Extension of Time 226 . First Wave Pretrial Documents are due by 3/23/2018. Ordered by Judge Marco A. Hernandez. (jp) (Entered: 03/21/2018) |
| 03/23/2018 | 229 | Trial Memorandum . Filed by Max Zweizig. (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) (Marshall, Linda) (Entered: 03/23/2018) |
| 03/23/2018 | 230 | Witness Statement . Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/23/2018) |
| 03/23/2018 | 231 | Exhibit List . Filed by Max Zweizig. (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) (Marshall, Linda) (Entered: 03/23/2018) |
| 03/23/2018 | 232 | Trial Memorandum . Filed by Timothy C. Rote. (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) (Rote, Timothy) (Entered: 03/23/2018) |
| 03/23/2018 | 233 | Exhibit List . Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 03/23/2018) |
| 03/23/2018 | 234 | Witness List . Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 03/23/2018) |
| 03/30/2018 | 235 | Amended Exhibit List . Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/30/2018) |
| 03/30/2018 | 236 | Proposed Jury Verdict Form. Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/30/2018) |
| 03/30/2018 | 237 | Objection to Trial Exhibit *(Motions in Liminie)*. Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/30/2018) |
| 03/30/2018 | 238 | Statement of Damages . Filed by Max Zweizig. (Marshall, Linda) (Entered: 03/30/2018) |
| 04/01/2018 | 239 | Motion *To Take Judicial Notice*. Filed by Timothy C. Rote. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit) (Rote, Timothy) (Entered: 04/01/2018) |
| 04/02/2018 | 240 | **Scheduling Order by Judge Marco A. Hernandez.** A Telephone Conference is set for 4/2/2018 at 10:00AM before Judge Marco A. Hernandez. The parties shall call into the court's conference line (the phone number provided via separate email). Ordered by Judge Marco A. Hernandez. (jp) (Entered: 04/02/2018) |
| 04/02/2018 | 241 | **MINUTES of Proceedings:** Telephone Conference held. The Court discussed Plaintiff's counsel's concerns as discussed on the record. Linda L. Marshall present as counsel for plaintiff(s). Timothy Rote, appearing pro se. Court Reporter: Nancy Walker. Judge Marco A. Hernandez presiding. (jp) (Entered: 04/02/2018) |
| 04/03/2018 | 242 | Proposed Jury Verdict Form. Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 04/03/2018) |

**Exhibit 13**
**29 of 33**

| 04/03/2018 | 243 | Motion for Stay *of Litigation*. Filed by Timothy C. Rote. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit) (Rote, Timothy) (Entered: 04/03/2018) |
| 04/04/2018 | 244 | Memorandum in Opposition *To Plaintiff's Motion in Limine*. Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 04/04/2018) |
| 04/05/2018 | 245 | Motion for Leave *To File Summary Judgment*. Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 04/05/2018) |
| 04/05/2018 | 246 | Objection to Trial Exhibit . Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 04/05/2018) |
| 04/05/2018 | 247 | Motion in limine . Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 04/05/2018) |
| 04/06/2018 | 248 | Response to Motion in limine 247 . Filed by Max Zweizig. (Marshall, Linda) (Entered: 04/06/2018) |
| 04/06/2018 | 249 | STRICKEN PER ORDER 253: ~~Objection to Trial Exhibit . Filed by Max Zweizig. (Marshall, Linda)~~ *Modified on 4/11/2018 to strike* (jp). (Entered: 04/06/2018) |
| 04/06/2018 | 250 | Witness List . Filed by Max Zweizig. (Marshall, Linda) (Entered: 04/06/2018) |
| 04/06/2018 | 251 | Exhibit List *Rebuttal Exhibits*. Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 04/06/2018) |
| 04/06/2018 | 252 | Objection to Trial Exhibit *(Response to Defendant's)*. Filed by Max Zweizig. (Marshall, Linda) (Entered: 04/06/2018) |
| 04/11/2018 | 253 | Order for Administrative Correction of the Record pursuant to Fed. R. Civ. P. 60(a). A Clerical error has been discovered in the case record. The Clerk is directed to make the following administrative corrections to the record and, if necessary, regenerate the Notice of Electronic Filing to all parties: ECF 249 is a duplicate of ECF 250 . The Clerk is directed to instruct Plaintiff to refile the intended document (which is now ECF 252 ) and strike ECF 249 . (jp) (Entered: 04/11/2018) |
| 04/13/2018 | 254 | Objection to Trial Exhibit . Filed by Max Zweizig. (Marshall, Linda) (Entered: 04/13/2018) |
| 04/16/2018 | 255 | Joint Proposed Jury Instructions . Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 04/16/2018) |
| 04/17/2018 | 256 | Supplement *Defendant Jury Instruction*. Filed by Timothy C. Rote. (Related document(s): Jury instructions - Proposed 255 .) (Rote, Timothy) (Entered: 04/17/2018) |
| 04/17/2018 | 257 | **STRICKEN PER ECF #260** ~~Amended Claim *Counterclaim*. Filed by Timothy C. Rote. (Rote, Timothy)~~ Modified on 4/20/2018 to strike (jp). (Entered: 04/17/2018) |
| 04/20/2018 | 258 | Amended Trial Memorandum . Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 04/20/2018) |

**Exhibit 13**
**30 of 33**

| 04/20/2018 | 259 | **STRICKEN PER ECF #260** ~~Second Claim~~ *amended counterclaim*. ~~Filed by Timothy C. Rote. (Rote, Timothy)~~ Modified on 4/20/2018 to strike (jp). (Entered: 04/20/2018) |
| --- | --- | --- |
| 04/20/2018 | 260 | **MINUTES of Proceedings:** Pretrial Conference held. As stated on the record: The Court reserved ruling on motions in limine and objections to exhibits. Because the Court has determined that Plaintiff cannot bring a civil conspiracy claim against Defendant Rote, the Court will conduct a bench trial on Plaintiffs remaining claims, which the parties agree are to be tried to the Court. The parties are instructed to submit Proposed Findings of Fact and Conclusions of Law by the close of trial. ORDER: With trial set to commence on May 7, 2018, the Court strikes Defendant Rotes Amended Counterclaims 259 257 as untimely. Linda L. Marshall present as counsel for plaintiff(s). Timothy Rote, Pro Se present as counsel for defendant(s). Court Reporter: Nancy Walker. Judge Marco A. Hernandez presiding. (jp) (Entered: 04/20/2018) |
| 04/24/2018 | 261 | **ORDER** Defendant Rote's Motion to Take Judicial Notice 239 , Motion for Stay of Litigation 243 , and Motion for Leave to File Summary Judgment 245 are DENIED. Ordered by Judge Marco A. Hernandez. (jp) (Entered: 04/24/2018) |
| 05/01/2018 | 262 | Motion *to Testify Remotely by Video Conference*. Oral Argument requested.Expedited Hearing requested. Filed by Max Zweizig. (Marshall, Linda) (Entered: 05/01/2018) |
| 05/01/2018 | 263 | Declaration of Max Zweizig *in Support of Motion to Testify by Video Conference*. Filed by Max Zweizig. (Related document(s): Motion - Miscellaneous 262 .) (Attachments: # 1 Exhibit 1) (Marshall, Linda) (Entered: 05/01/2018) |
| 05/01/2018 | 264 | Declaration of Linda L. Marshall *in Support of Motion to Testify by Video Conference*. Filed by Max Zweizig. (Related document(s): Motion - Miscellaneous 262 .) (Attachments: # 1 Exhibit 1) (Marshall, Linda) (Entered: 05/01/2018) |
| 05/01/2018 | 265 | STRICKEN - DUPLICATIVE TO 264 ~~Declaration of Linda L. Marshall~~ *in Support of Motion to Testify by Video Conference*. ~~Filed by Max Zweizig. (Related document(s): Motion - Miscellaneous 262 .) (Attachments: # 1 Exhibit 1) (Marshall, Linda)~~ Modified on 5/4/2018 to strike (jp). (Entered: 05/01/2018) |
| 05/01/2018 | 266 | Response in Opposition to Motion *to Testify Remotely by Video Conference* 262 . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 05/01/2018) |
| 05/01/2018 | 267 | Declaration of Timothy Rote . (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Timothy C. Rote. (Related document (s): Response in Opposition to Motion 266 .) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit) (Rote, Timothy) (Entered: 05/01/2018) |
| 05/02/2018 | 268 | **ORDER:** Plaintiff's Motion to Testify Remotely by Video Conference 262 is DENIED. Ordered by Judge Marco A. Hernandez. (jp) (Entered: 05/02/2018) |

**Exhibit 13**
**31 of 33**

| 05/07/2018 | 269 | **MINUTES of Proceedings:** First Day of Court Trial. Plaintiff's opening statement given. Defendants' opening statement given. Witnesses sworn and evidence adduced. Both sides rest. ORDER: Court Trial continued to 5/8/2018 at 09:00AM in Portland Courtroom 14B before Judge Marco A. Hernandez. The parties shall have until close of business 5/8/2018 to submit proposed Findings of Fact and Conclusions of Law. Linda L. Marshall present as counsel for plaintiff. Defendant Timothy Rote appearing Pro Se. Court Reporter: Nancy Walker. Judge Marco A. Hernandez presiding. (jp) (Entered: 05/07/2018) |
| --- | --- | --- |
| 05/08/2018 | 270 | **MINUTES of Proceedings:** Court Trial - Day 2. Closing arguments given. The Court took the matter under advisement. Clerk's list of exhibits and witnesses to follow. Linda L. Marshall present as counsel for plaintiff. Defendant Timothy Rote appearing Pro Se. Court Reporter: Nancy Walker. Judge Marco A. Hernandez presiding. (jp) (Entered: 05/08/2018) |
| 05/08/2018 | 271 | Proposed Findings of Fact . Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 05/08/2018) |
| 05/08/2018 | 272 | Proposed Findings of Fact *and Conclusions of Law*. (DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER) Filed by Max Zweizig. (Marshall, Linda) (Entered: 05/08/2018) |
| 05/14/2018 | 273 | STRICKEN PER ECF #274 ~~Response . Filed by Timothy C. Rote. (Rote, Timothy)~~ Modified on 5/17/2018 to stricke (jp). (Entered: 05/14/2018) |
| 05/17/2018 | 274 | **ORDER:** The Court STRIKES Defendant's Response 273 to Plaintiff's Proposed Findings of Fact and Conclusions of Law as no response is permitted to this filing. Ordered by Judge Marco A. Hernandez. (jp) (Entered: 05/17/2018) |
| 05/17/2018 | 275 | Motion for Leave . Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 05/17/2018) |
| 05/18/2018 | 276 | Motion for Clarification . Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 05/18/2018) |
| 05/25/2018 | 277 | **ORDER:** Defendant's Motion for Leave to Amend Proposed Findings of Fact and Conclusions of Law 275 is GRANTED. Defendant shall file his amended filing within fourteen days of this Order. Ordered by Judge Marco A. Hernandez. (jp) (Entered: 05/25/2018) |
| 06/05/2018 | 278 | Amended Proposed Findings of Fact . Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 06/05/2018) |
| 06/06/2018 | 279 | Memorandum in Opposition to Motion for Clarification 276 . Filed by All Plaintiffs. (Marshall, Linda) (Entered: 06/06/2018) |
| 06/07/2018 | 280 | Reply to Motion for Clarification 276 . Filed by Timothy C. Rote. (Rote, Timothy) (Entered: 06/07/2018) |
| 06/07/2018 | 281 | Declaration of Timothy Rote . Filed by Timothy C. Rote. (Related document (s): Reply to Motion 280 .) (Attachments: # 1 Exhibit McAnn Testimony) (Rote, Timothy) (Entered: 06/07/2018) |
| 07/25/2018 | 282 | |

**Exhibit 13**
**32 of 33**

| | | |
|---|---|---|
| | | **Findings of Fact and Conclusions of Law.** The Court finds in favor of Defendant Rote on all of Plaintiff's claims against him. Because it would be inconsistent to enter a judgment in favor of Plaintiff on the same claims against the remaining defaulted Defendants, the Court declines to do so. Judgment, therefore, shall be entered in favor of Defendants on all claims. Signed on 7/25/2018 by Judge Marco A. Hernandez. (jp) (Entered: 07/25/2018) |
| 07/25/2018 | 283 | **Judgment.** Judgment is entered in favor of all Defendants and Plaintiff's claims are dismissed with prejudice. Signed on 7/25/2018 by Judge Marco A. Hernandez. (jp) (Entered: 07/25/2018) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 12/14/2018 14:25:22 | | | |
| **PACER Login:** | HH035116:2561103:0 | **Client Code:** | 29284 |
| **Description:** | Docket Report | **Search Criteria:** | 3:14-cv-00406-HZ Start date: 1/1/1970 End date: 12/14/2018 |
| **Billable Pages:** | 24 | **Cost:** | 2.40 |

**Exhibit 13**
**33 of 33**