IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**TIMOTHY C. ROTE,**

    Plaintiff,

v.

**LINDA L. MARSHALL, JOEL CHRISTIANSEN, ANDREW BRANDSNESS, CAROL BERNICK, OREGON STATE BAR PROFESSIONAL LIABILITY FUND, MATT KALMANSON, JANE DOE, JOHN DOES (4-5),** and **PAMELA STENDAHL,**

    Defendants.

No. 3:19-cv-00082-MO

OPINION AND ORDER

**MOSMAN, J.,**

    This matter comes before me on Defendant Andrew Brandsness's Motion to Dismiss [4], Defendants Bernick, Stendahl, and the Oregon State Bar Professional Liability Fund's (PLF) Motion to Dismiss [12], and the United States' Motion to Dismiss [29]. For the following reasons, these motions are granted, Claims Two, Three, and Four are dismissed with prejudice

1 – OPINION AND ORDER

against all defendants, and Claims Five, Six, and Seven are dismissed against the United States with prejudice and against all remaining defendants with leave to amend.

## BACKGROUND

Plaintiff Timothy Rote brought suit in Clackamas County Circuit Court against the listed defendants. Because Defendant Jane Doe has been identified as Nancy Walker, a federal employee who was acting within the scope of her employment as a court reporter at all times in question, the United States substituted itself in her place automatically according to the Federal Tort Claims Act (FTCA) and removed the action to this court. Removal was proper under 28 U.S.C. § 2679(d)(2). Rote's First Amended Complaint contains seven claims, each against different defendants. Because not all defendants have moved to dismiss on all claims, I address each claim in turn.

## DISCUSSION

### Claim One – Defamation

Rote's first claim is for defamation against Defendants Linda Marshall and Joel Christiansen. Neither defendant named in this claim has moved to dismiss, therefore Claim One stands.

### Claim Two – Malpractice

Rote's second claim is for malpractice against Brandsness. Rote alleges that Brandsness committed malpractice when he acted as defense attorney to corporate entities in two federal civil cases in which Rote was also a defendant acting pro se. In a claim for professional negligence, a plaintiff must allege and prove "(1) a *duty* that runs from the defendant to the plaintiff; (2) a *breach* of that duty; (3) a resulting *harm* to the plaintiff measurable in damages;

and (4) *causation, i.e.*, a causal link between the breach of duty and the harm." *Stevens v. Bispham*, 316 Or. 221, 227 (1993).

Brandsness moves to dismiss this claim due to a lack of duty owed to Rote. Rote alleges that Brandsness represented corporate entities in the litigation in question and did not represent Rote individually. Therefore, Rote has failed to allege an attorney-client relationship between himself and Brandsness. No amendment to his Complaint can remedy the claim if no relationship existed. Without an attorney-client relationship, Rote cannot demonstrate the element of duty and cannot show malpractice. I therefore GRANT Brandsness's Motion to Dismiss [4] as to Claim Two and dismiss the claim with prejudice.

## Claim Three – Breach of Contract

Rote's third claim is for breach of contract against Defendants Brandsness and the Oregon State Bar PLF (PLF). Rote reiterates his allegations of malpractice against Brandsness and claims that the PLF has refused to redress and cover the malpractice by Brandsness. "To state a claim for breach of contract, [a] plaintiff must allege the existence of a contract, 'its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff.'" *Slover v. Or. State Bd. of Clinical Soc. Workers*, 927 P.2d 1098, 1101 (Or. Ct. App. 1996) (quoting *Fleming v. Kids & Kin Head Start*, 693 P.2d 1363 (Or. Ct. App. 1985)).

Brandsness argues that Rote has failed to plead the formation of a contract because no attorney-client relationship existed between himself and Rote. Without a contract, Rote cannot argue breach. Amendment will not allow Rote to plead a breach where no contract exists. Therefore, I GRANT Brandsness's Motion to Dismiss [4] as to Claim Three and dismiss the claim with prejudice.

3 – OPINION AND ORDER

The PLF has moved to dismiss this claim for similar reasons. While the PLF has contracts with individual attorneys, Rote is not a third-party beneficiary of those contracts and therefore does not have third-party standing. Rote's allegation that the PLF exists to protect the public from malpractice alone is insufficient to confer a contractual benefit to himself.

Rote has not alleged a contract between the PLF and himself, and Rote lacks standing as he has not demonstrated he was a third-party beneficiary. Rote cannot amend his complaint to allege a contract that did not exist, therefore I GRANT the PLF's Motion to Dismiss [12] as to Claim Three and dismiss the claim with prejudice.

### Claim Four – Breach of Implied Covenant of Good Faith

Rote's fourth claim is for breach of implied covenant of good faith against Defendant Brandsness and the PLF. The implied duty of good faith and fair dealing does not create terms that are not part of an existing contract. *Grants Pass Imaging & Diagnostic Ctr., LLC v. Marchini*, 346 P.3d 644, 651 (Or. Ct. App. 2015).

Without the formation of a contract, no implied covenants to that contract can exist. Because Rote has failed to plead the existence of a contract with Brandsness or the PLF, he cannot demonstrate breach of any implied covenants. Therefore, I GRANT Brandsness's Motion to Dismiss [4] and the PLF Defendants' Motion to Dismiss [12] as to Claim Four and dismiss the claim with prejudice.

### Claim Five – ORS 166.720(2), (3)

Rote's fifth claim alleges a pattern of racketeering activity in violation of Or. Rev. Stat. 166.720(2) and (3) against all defendants. To sufficiently plead an allegation of a pattern of racketeering activity, a complaint must contain substantially the following:

> (a) A statement of the acts constituting each incident of racketeering activity in ordinary and concise language, and in a

> manner that enables a person of common understanding to know what is intended;
>
> (b) A statement of the relation to each incident of racketeering activity that the conduct was committed on or about a designated date, or during a designated period of time;
>
> (c) A statement, in the language of ORS 166.715 (4) or other ordinary and concise language, designating which distinguishing characteristic or characteristics interrelate the incidents of racketeering activity; and
>
> (d) A statement that the incidents alleged were not isolated.

Or. Rev. Stat. 166.720(6).

All defendants argue that Rote has not met the pleading standards set out in ORS 166.720(6). I agree. Rote has not pleaded facts constituting each incident of racketeering activity, nor the alleged acts or crimes relation to racketeering. Rote has done nothing more than parrot the statutory requirements, which fails to establish any predicate acts by or relation to any specific defendant. I therefore GRANT Brandsness's and the PLF Defendants' Motions to Dismiss [4], [12] as to Claim Five and dismiss the claim against all defendants except the United States with leave to amend.

The United States moves to dismiss Rote's fifth claim under Federal Rule of Civil Procedure 12(b)(1) because it has not waived sovereign immunity for claims under Oregon's RICO Act. The United States is a sovereign entity that cannot be sued without its consent. *See United States v. Lee*, 106 U.S. 196, 207 (1882). No such waiver of sovereign immunity from suit has been identified as to ORS 166.720(2) and (3), which are outside the FTCA's waiver of sovereign immunity. Therefore, I lack jurisdiction over this claim and GRANT the United States' Motion to Dismiss [29] as to Claim Five and dismiss the claim against the United States with prejudice.

5 – OPINION AND ORDER

## Claim Six – Intentional Infliction of Emotional Distress (IIED)

Rote's sixth claim is for Intentional Infliction of Emotional Distress (IIED) against all defendants. He alleges that as a proximate result of Defendants' conduct, he has suffered emotional distress. An IIED claim requires a plaintiff to prove (1) that the defendant "intended to cause plaintiff severe emotional distress or knew with substantial certainty that [his] conduct would cause such distress;" (2) that the defendant "engaged in outrageous conduct, *i.e.* conduct extraordinarily beyond the bounds of socially tolerable behavior;" and (3) that the defendant's "conduct in fact caused the plaintiff severe emotional distress." *House v. Hicks*, 179 P.3d 730, 736 (Or. Ct. App. 2008). "Whether the conduct alleged is sufficiently extreme or outrageous to be actionable is a fact-specific inquiry, one to be made on a case-by-case basis considering the totality of the circumstances." *Delaney v. Clifton*, 41 P.3d 1099, 1106 (Or. Ct. App. 2002).

Brandsness and the PLF Defendants argue that even if the facts Rote alleges are construed in the most favorable light, Rote has not alleged that any defendant acted intentionally or engaged in outrageous or extraordinary conduct.[1] Because Rote has failed to allege facts sufficient to support a claim of IIED, I GRANT Defendant Brandsness's and the PLF Defendants' Motions to Dismiss [4, 12] as to Claim Six and dismiss the claim against all defendants except the United States with leave to amend.

The United States moves to dismiss Rote's sixth claim because IIED is an intentional tort outside of the FTCA's waiver of sovereign immunity and should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(1). The FTCA waives sovereign immunity for negligent or wrongful acts of employees acting within the course and scope of their employment.

---

[1] In his Response [15], Rote alleges that Brandsness was negligent in his actions which directly contradicts the required intent for the tort of IIED.

However, the FTCA excludes claims arising from intentional torts from its limited waiver of sovereign immunity. Because the United States has not waived sovereign immunity, I do not have jurisdiction over this claim and therefore GRANT the United States' Motion to Dismiss [29] on Claim Six and dismiss the claim against the United States with prejudice.

### Claim Seven – Fraud

Rote's seventh claim is for fraud against defendants Marshall, Christiansen, Bernick, Kalmanson, and Jane Doe (Nancy Walker). Federal Rule of Civil Procedure 9(b) requires that in alleging fraud, a complaint must "state with particularity the circumstances constituting fraud." The essential elements for a claim for fraud are: "the defendant made a material misrepresentation that was false; the defendant did so knowing that the representation was false; the defendant intended the plaintiff to rely on the misrepresentation; the plaintiff justifiably relied on the misrepresentation; and the plaintiff was damaged as a result of that reliance." *Strawn v. Farmers Ins. Co. of Or.*, 258 P.3d 1199, 1209 (Or. 2011).

Rote has not pled this claim with the required particularity for any defendants. Due to the failed pleading, I GRANT the PLF Defendants' Motion to Dismiss [12] as to Claim Seven against all defendants except the United States with leave to amend.

The United States moves to dismiss Rote's seventh claim because like Claim Six, fraud is an intentional tort outside of the FTCA's waiver of sovereign immunity. I agree and GRANT the United States' Motion to Dismiss [29] as to Claim Six and dismiss the claim against the United States with prejudice.

### CONCLUSION

For the aforementioned reasons, I GRANT Andrew Brandsness's Motion to Dismiss [4], the PLF Defendants' Motion to Dismiss [12], and the United States' Motion to Dismiss [29].

7 – OPINION AND ORDER

Claims Two, Three, and Four are dismissed with prejudice. Claims Five, Six, and Seven are dismissed with leave to amend against all defendants except the United States, against which they are dismissed with prejudice.

IT IS SO ORDERED.

DATED this 25 day of April, 2019.

                                                MICHAEL W. MOSMAN
                                                Chief United States District Judge