IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TIMOTHY C. ROTE,

    Plaintiff,

v.

LINDA L. MARSHALL, JOEL
CHRISTIANSEN, ANDREW
BRANDSNESS, CAROL BERNICK,
OREGON STATE BAR
PROFESSIONAL LIABILITY FUND,
MATT KALMANSON, JANE DOE,
JOHN DOES (4-5), and PAM
STENDAHL,

    Defendants.

No. 3:19-cv-00082-MO

OPINION AND ORDER

**MOSMAN, J.,**

    The named defendants have collectively filed four separate Motions to Dismiss challenging the claims made by Plaintiff in his Second Amended Complaint [47]. The four Motions to Dismiss are those filed by 1) Defendants Linda L. Marshall and Joel Christiansen [52]; 2) Defendant Andrew Brandsness [53]; 3) Defendants Oregon State Bar Professional Liability Fund ("PLF"), Carol Bernick, and Pam Stendahl [54]; and 4) Defendant Matt Kalmanson [55]. For the reasons explained below, all four motions are GRANTED. All claims are dismissed with prejudice against all named defendants.

## BACKGROUND

This action began on October 8, 2018, when Plaintiff Timothy C. Rote filed suit in Clackamas County Circuit Court. *See* Notice of Removal [1] Ex. 2 at 1. In his First Amended Complaint, Rote added Jane Doe as a listed defendant. Because Defendant Jane Doe was identified as Nancy Walker, a federal employee acting within the scope of her employment as a court reporter, the United States substituted itself pursuant to the Federal Torts Claim Act ("FTCA") and removed the action to this Court. *See* Order [38]. Removal was proper under 28 U.S.C. § 2679(d)(2).

Rote's First Amended Complaint asserted seven claims against various combinations of the named defendants: 1) Defamation, 2) Malpractice, 3) Breach of Contract, 4) Breach of Implied Covenant of Good Faith, 5) Racketeering, 6) Intentional Infliction of Emotional Distress ("IIED"), and 7) Fraud. In my Opinion and Order [38] entered on April 25, 2019, ("April Order"), I ruled on Defendants' Motions to Dismiss with respect to Rote's First Amended Complaint. I dismissed with prejudice Claims One, Two, Three, and Four against all defendants, and Claim Six against Defendants Marshall and Christiansen. Order [38], [44]. I also dismissed Claims Five, Six, and Seven against the United States with prejudice and against all remaining defendants with leave to amend. *Id.* at 1-2. As to those claims where I granted leave to amend, I held that there was a total failure to plead with the required level of specificity needed to properly state a claim for relief in each instance. *Id.* at 4-7.

On May 8, 2019, Rote filed a Second Amended Complaint [47] seeking to cure the deficiencies identified in the April Order. Defendants moved anew to dismiss all claims made in the amended complaint. I will address each claim in turn below.

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Nor will "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The court generally must "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1066 (9th Cir. 2013) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)). Legal conclusions in a complaint, however, are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 679.

When reviewing a motion to dismiss against a pro se plaintiff, the court construes the pro se pleadings "liberally," affording the plaintiff the "benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations omitted). This liberal interpretation may not, however, "supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

I. <u>Claims Two, Three, and Four — (Against All Defendants)</u>

As described above, in the April Order I dismissed Claims Two, Three, and Four in Rote's First Amended Complaint against all defendants with prejudice. Order [38] at 1-4. That ruling stands. Any purported amendments to these claims (e.g., paragraphs 25, 28, 29 and 35) will not be considered.

II.     <u>Claim Five: ORS 166.720(2), (3) — (Against All Defendants)</u>

Rote asserts that Defendants have violated the Oregon Racketeer Influenced and Corrupt Organizations Act ("ORICO"). Specifically, Rote cites violations of Or. Rev. Stat. §§ 166.720(2), (3). Compl. [47] at 10, 14. These two provisions of ORICO make it unlawful to engage in a "pattern of racketeering activity" to achieve certain ends.[1] A "pattern of racketeering activity" is defined as "engaging in at least two incidents of racketeering activity that have the same or similar intents, results, accomplices, victims or methods of commission or otherwise are interrelated by distinguishing characteristics . . . ." Or. Rev. Stat. § 166.715(4). What constitutes "racketeering activity" is delineated in Or. Rev. Stat. § 166.715(6). Moreover, ORICO contains its own pleading standard for an allegation of a pattern of racketeering activity, which must contain substantially the following:

> (a) A statement of the acts constituting each incident of racketeering activity in ordinary and concise language, and in a manner that enables a person of common understanding to know what is intended;
>
> (b) A statement of the relation to each incident of racketeering activity that the conduct was committed on or about a designated date, or during a designated period of time;
>
> (c) A statement, in the language of ORS 166.715 (4) or other ordinary and concise language, designating which distinguishing characteristic or characteristics interrelate the incidents of racketeering activity; and
>
> (d) A statement that the incidents alleged were not isolated.

Or. Rev. Stat. § 166.720(6).

---

[1] Section 166.720(2) states: "It is unlawful for any person, through a pattern of racketeering activity or through the collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any real property or enterprise." Section 166.720(3) states: "It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt."

In the April Order, I held that Rote's First Amended Complaint had failed to meet the pleading standard set out in Or. Rev. Stat. § 166.720(6) and, more generally, that Rote had failed to plead with the required specificity to survive a 12(b)(6) motion to dismiss for failure to state a claim. *See* Order [38] at 5. I described that "Rote has not pleaded facts constituting each incident of racketeering activity, nor the alleged acts or crimes relation to racketeering. Rote has done nothing more than parrot the statutory requirements, which fails to establish any predicate acts by or relation to any specific defendant." *Id.*

Rote's Second Amended Complaint suffers the same deficiencies. The principal additions to the new complaint are no more than "naked assertion[s]" without any "further factual enhancement," *Twombly*, 550 U.S. at 557. *See* Compl. [47] ¶¶ 48-58. For example, Rote alleges that "Defendants filed an anti-SLAPP motion to strike through counsel Kalmanson and with endorsement of the PLF that all defendants knew to be false." *Id.* ¶ 53. Rote does not state what was false about the anti-SLAPP motion, nor allege any further facts that would even permit an inference that defendants knew of the falsehood—whatever that might be. More importantly, even Rote's bare assertions do not "state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570. The pleadings culminate with the same conclusory allegations that plagued the First Amended Complaint. *See, e.g.*, Compl. [47] ¶ 59. The pleaded allegations do not plausibly amount to any predicate acts of an ORICO claim, let alone a "pattern of racketeering activity" connected to any of the named defendants.

Because Rote's Second Amended Complaint with respect to Claim Five suffers from the same problems I identified when I dismissed his First Amended Complaint, I believe further leave to amend is not likely to result in corrected pleadings that would enable Rote's claims to

proceed. I therefore GRANT all Defendants' Motions to Dismiss as to Claim Five and dismiss the claim against all defendants with prejudice.

   III.   Claim Six: Intentional Infliction of Emotional Distress — (Against All Defendants)

In the April Order, I dismissed Rote's claims of IIED against all defendants because Rote "failed to allege acts sufficient to support a claim of IIED . . . ." Order [38] at 6. The only change Rote has made to his allegations of IIED in his Second Amended Complaint is to add the phrase "in all causes of action" to the first sentence of paragraph 67. Compl. [47] ¶ 67. It is unclear what this means, but it does not address the flaws identified in the April Order.

As was the case with Claim Five, Rote's Second Amended Complaint did not improve upon the failures of his First Amended Complaint with respect to Claim Six. I therefore GRANT Defendants' Motions to Dismiss with respect to Claim Six against all defendants with prejudice.

   IV.   Claim Seven: Fraud — (Against All Defendants)

In his Second Amended Complaint, Rote reformulates his general claim of fraud into allegations of 1) "civil conspiracy" to commit fraud; 2) fraudulent concealment; and 3) fraud upon the court. *See* Compl. [47] ¶ 67.

Rote appears to assert a "civil conspiracy" theory as a separate cause of action, alleging an inchoate form of the completed fraud allegation advanced in his First Amended Complaint and again here.[2] He asserts "fraudulent concealment" in "the context of tolling statutes of

---

[2] Under Oregon law, a "civil conspiracy" is "a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means." *Osborne v. Fadden*, 201 P.3d 278, 282 (Or. Ct. App. 2009) (quoting *Bonds v. Landers*, 556 P.2d 513, 516 (Or. 1999)).

6 – OPINION AND ORDER

limitation on the defamation claims"[3] and "as a potential separate cause of action."[4] Compl. [47] ¶ 71. "Fraud on the court" is not a private right of action for damages; rather, it is "an inherent equity power" possessed by courts "to vacate judgments obtained by fraud." *United States v. Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011). It is unclear if, or with respect to what judgment, Rote asks me to invoke this power. In any event, fraud on the court still requires a showing of fraud. And that is where Rote's Second Amended Complaint falters.

The deficiencies identified in the April Order with respect to Rote's fraud claim remain uncorrected in the Second Amended Complaint, regardless of whether the underlying fraud claim is alleged as "civil conspiracy," "fraudulent concealment," or "fraud on the court." Namely, Rote "has not pled this claim with the required particularity" under Federal Rule of Civil Procedure 9(b). Order [38] at 7. As I described in the April Order, the essential elements for a claim for fraud are: "the defendant made a material misrepresentation that was false; the defendant did so knowing that the representation was false; the defendant intended the plaintiff to rely on the misrepresentation; the plaintiff justifiably relied on the misrepresentation; and the plaintiff was damaged as a result of that reliance." *Strawn v. Farmers Ins. Co. of Or.*, 258 P.3d 1199, 1209 (Or. 2011); *see also* Order [38] at 7. Even with the updated allegations, *see* Compl. [47] ¶¶ 69-87, Rote's pleadings still do not make out a claim for fraud or an agreement to commit fraud. While Rote claims that Defendants, in past litigation, made or supported misrepresentations before the courts, Rote does not identify any misrepresentations at all with

---

[3] It is unclear what Rote means by this; as he appears to acknowledge in his Second Amended Complaint, *see* Compl. [47] at 3, his previous defamation claims were dismissed with prejudice. Order [38], [44].

[4] Fraudulent concealment is a doctrine typically relied upon when attempting to toll a limitations period. *See* 32 Am. Jur. 3d *Proof of Facts* § 2 (2019). It is unclear how Rote intends to differentiate it as a cause of action separate from fraud generally.

7 – OPINION AND ORDER

particularity: the substance of Defendants' purportedly false representations is unclear or unstated. Moreover, Rote never alleges Defendants intended for him to rely on any misrepresentation, or that he justifiably so relied to his detriment.

Again, as with Claims Five and Six, Rote's Second Amended Complaint has not addressed the deficiencies I identified in the First Amended Complaint with respect to Claim Seven. Because of this repeated failing, I think it is unlikely that further leave to amend will result in improved pleadings. I therefore GRANT Defendants' Motions to Dismiss with respect to Claim Seven against all defendants with prejudice.

## CONCLUSION

For the aforementioned reasons, I GRANT Linda L. Marshall and Joel Christensen's Motion to Dismiss [52]; Andrew Brandsness's Motion to Dismiss [53]; PLF, Carol Bernick, and Pam Stendahl's Motion to Dismss [54]; and Matt Kalmanson's Motion to Dismiss [55]. Claims Five, Six, and Seven are therefore dismissed with prejudice against all defendants.

IT IS SO ORDERED.

DATED this 6th day of September, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge